

FILED BY_____ D.C.

JUN 09 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA,

v.

DONALD J. TRUMP,

              Defendant.

Case No. 23 CR 80101

## PRESS MOTION TO INTERVENE AND UNSEAL THE
## INDICTMENT OF FORMER PRESIDENT DONALD TRUMP

On the evening of June 8, 2023, Defendant Donald Trump announced that he was indicted in the U.S. District Court for the Southern District of Florida, marking the first time in history that a former U.S. president has faced federal criminal charges.[1] Trump's attorney soon publicly confirmed that Trump faces "seven charges," which "basically break out from an Espionage Act charge," along with "several obstruction-based-type charges, and then false statement charges," clarifying that they arise under 18 U.S.C. §§ 793 (gathering, transmitting, or losing defense information), 1512 (tampering with a witness, victim, or an informant), and 1519 (destruction, alteration, or falsification of records in Federal investigations and bankruptcy).[2]

Because of the unprecedented nature of these events, Cable News Network, Inc., Advance Publications, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Bloomberg L.P., CBS Broadcasting, Inc. o/b/o CBS News, CMG Media Corporation, Cox Enterprises, Inc. d/b/a The Atlanta Journal-Constitution, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gray Media

---

[1] *See* https://truthsocial.com/@realDonaldTrump/posts/110511161240386878.

[2] *See* https://www.cnn.com/2023/06/08/politics/trump-indictment-truth-social-classified-documents/index.html.

Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, POLITICO LLC, Reuters News & Media Inc., TEGNA Inc., and WP Company LLC, d/b/a The Washington Post ("Movants") respectfully move to intervene for the limited purpose of seeking an order promptly unsealing this indictment.  Neither Trump nor the Government will be able to articulate any interest in secrecy sufficient to overcome the right of access to this court record given, *inter alia*, the tremendous public interest in the document and Trump's disclosure of the charges he faces.  Moreover, the compelling interest that the parties and the public share in preserving a fair trial weighs in favor of <u>immediate</u> access to the indictment.  Without an independent source of factual information in the form of this judicial record, Movants cannot verify the very public claims that Trump and his legal team are already making about this action.

<u>**MEMORANDUM OF LAW**</u>

**I.     BACKGROUND**

    **A.     The Search for Classified Materials at Mar-a-Lago**

As the Eleventh Circuit recounted, "in January 2021, movers transferred documents from the White House to [Trump's] personal residence, a South Florida resort and club known as Mar-a-Lago.  Over the course of that year and into the next, and consistent with its responsibilities under the Presidential Records Act, the National Archives and Records Administration sought to obtain missing presidential records that its officials believed were in Plaintiff's possession." *Trump v. United States*, 54 F.4th 689, 694 (11th Cir. 2022) (citation omitted).  "In January 2022, after months of discussions, [Trump] transferred fifteen boxes of documents to the National Archives.  Inside were newspapers, magazines, printed news articles, photos, miscellaneous print-outs, notes, presidential correspondence, personal and post-presidential records, and a lot of classified records." *Id.* (citation and internal marks omitted).  When the FBI reviewed these

records in May 2022, "[i]t found 184 documents marked at varying levels of classification, including twenty-five marked top secret." *Id.* at 694-95.

After having "developed evidence that even more classified information likely remained at [Trump's] residence," the Justice Department "obtained a grand-jury subpoena for all documents or writings bearing classification markings that were in [Trump's] custody or control, and [Trump's] counsel was served with the subpoena in early May." *Id.* at 695. Pursuant to that subpoena, Trump made a production to the Government that "contained thirty-eight classified documents, seventeen of which were marked top secret." *Id.*

Though "[a] declaration accompanying the documents certified that a 'diligent search was conducted' of the boxes moved from the White House and that '[a]ny and all responsive documents' had now been produced," federal investigators "developed more evidence that other classified documents remained at Mar-a-Lago." *Id.* The Justice Department therefore "sought a search warrant" and "presented an FBI agent's sworn affidavit" to United States Magistrate Judge Bruce E. Reinhardt, "who agreed that probable cause existed to believe that evidence of criminal violations would likely be found at Mar-a-Lago." *Id.* Magistrate Judge Reinhardt thus "issued a search warrant for the offices, storage rooms, and potential storage sites at [Trump's] residence, and authorized the seizure of . . . physical documents and records constituting evidence, contraband, fruits of crime, or other items illegally possessed in violation of," *inter alia,* 18 U.S.C. §§ 793 and 1519, two of the statutes under which Trump is now charged. *Id.*

On August 8, 2022, FBI agents executed the search warrant at Mar-a-Lago, where they "seized approximately 13,000 documents and a number of other items, totaling more than 22,000 pages of material." *Id.* "[F]ifteen of the thirty-three seized boxes, containers, or groups of papers contained documents with classification markings, including three such documents found

in desks in [Trump's] office. All told, the search uncovered over one hundred documents marked confidential, secret, or top secret." *Id.*

**B.    The Unsealed Search Warrant Affidavit**

On August 10, 2022, the press began filing motions to unseal the Mar-a-Lago search warrant and the application materials the Government submitted to obtain it. *See In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1260 (S.D. Fla. 2022). Over the Government's objections, Magistrate Judge Reinhardt granted those motions to unseal in part, explaining that "[i]t is a foundational principle of American law that judicial proceedings should be open to the public" and noting "the intense public and historical interest in an unprecedented search of a former President's residence." *Id.* at 1260, 1265. The Court unsealed a redacted copy of the warrant application materials on August 26, 2022, and a less redacted version the next month.[3]

Also in August 2022, Trump "filed a new action in the United States District Court for the Southern District of Florida," in which he sought, among other relief, appointment of a "special master." *Trump*, 54 F.4th at 696. As a result of that lawsuit, which was ultimately dismissed, the public learned extensive details about the search of Mar-a-Lago and the underlying investigation into Trump's retention of classified materials after leaving office. *See generally* United States' Resp. to Mot. for Jud. Oversight & Additional Relief, *Trump v. United States*, No. 22-cv-81294-AMC (S.D. Fla. Aug. 30, 2022) (ECF No. 48).

**C.    The Special Counsel Investigation**

In November 2022, U.S. Attorney General Merrick Garland announced the appointment of Jack Smith as Special Counsel to oversee two ongoing criminal investigations into Trump,

---

[3] *See* Marshall Cohen, et al., *Judge unseals less redacted version of affidavit used for Mar-a-Lago search warrant*, CNN (Sept. 13, 2022), https://www.cnn.com/2022/09/13/politics/less-redacted-mar-a-lago-affidavit/index.html.

including one concerning "classified documents and other presidential records, as well as the possible obstruction of that investigation." *See* Order No. 5559-2022, Dep't of Justice (Nov. 18, 2022), https://www.justice.gov/opa/press-release/file/1552896/download.

### D.    The Indictment

On the evening of June 8, 2023, Trump published a series of messages online stating that "[t]he corrupt Biden Administration has informed my attorneys that I have been Indicted, seemingly over the Boxes Hoax," which appears to be Trump's way of referring to the federal investigation into his retention of classified materials after leaving office.[4]  Trump revealed that he has "been summoned to appear at the Federal Courthouse in Miami on Tuesday, [June 13, 2023,] at 3 PM," and he proclaimed that he is "AN INNOCENT MAN!"[5]  Trump later released an official statement as well,[6] which echoed these same points:



---

[4] *See* https://truthsocial.com/@realDonaldTrump/posts/110511161240386878.

[5] *See* https://truthsocial.com/@realDonaldTrump/posts/110511177469281373.

[6] *See* https://twitter.com/cspan/status/1666956604724457475/photo/1.

Trump also posted a four-minute video calling the investigation and indictment "a hoax" and "election interference."[7]  Later that same night, Trump attorney Jim Trusty confirmed publicly that he had "received a summons from the Department of Justice asking us to be at the courthouse Tuesday at 3 o'clock."[8]  Trusty stated that Trump faces a total of seven charges, including charges under 18 U.S.C. §§ 793, 1512, and 1519, and possibly other statutes as well, which Trusty characterized as allegations of obstruction, making false statements, and violating the Espionage Act.[9]  Trusty said that "it would be nice to actually have a copy of the indictment, but we don't have that quite yet," adding that "if they want to continue to play games, they'll give it to us at 3:01 p.m. Tuesday."[10]  Trusty represented, however, that Trump "recognizes the historic nature of this," and he asserted that "everything that the Attorney General should be doing in terms of transparency is not happening."[11]

## II.    ARGUMENT

### A.    The Court Should Permit the Press to Intervene in this Matter.

As the Eleventh Circuit has recognized, "[t]he press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records." *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1170 (11th Cir. 2019).  Movants have been reporting on this investigation for more than a year since many of them successfully moved to intervene to unseal the Mar-a-Lago search warrant

---

[7] *See* https://truthsocial.com/@realDonaldTrump/posts/110511303632102309.

[8] *See* https://www.cnn.com/2023/06/08/politics/trump-indictment-truth-social-classified-documents/index.html.

[9] *Id.  See also, e.g.* Chris Strohm et al., *Donald Trump Charged in Florida Over Secret Documents Case*, Bloomberg (June 8, 2023), https://www.bloomberg.com/news/articles/2023-06-08/trump-says-his-lawyers-have-told-him-that-he-has-been-indicted.

[10] *Id.*

[11] *Id.*

materials. *See In re Sealed Search Warrant*, 622 F. Supp. 3d at 1259. Here, too, the press has

standing to intervene for the limited purpose of seeking access to this historic judicial record, the

first-ever federal indictment of a former U.S. president.

### B.  The Court Should Unseal the Indictment.

#### 1.  The Press and Public Have a Right of Access to the Indictment.

Both the First Amendment and common law protect the right of access to judicial

proceedings and records. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d

1304, 1310-11 (11th Cir. 2001). The Eleventh Circuit "has been resolute" in enforcing the

"presumption of public access" to judicial records because "access to judicial proceedings is

crucial to our tradition and history, as well as to continued public confidence in our system of

justice." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1358-59 (11th Cir.

2021); *In re Sealed Search Warrant*, 622 F. Supp. 3d at 1260 (acknowledging the "foundational

principle of American law that judicial proceedings should be open to the public" and observing

that "[a]n individual's right to access judicial records may arise from the common law, the First

Amendment, or both"). Moreover, the Eleventh Circuit has specifically stated that an indictment

is "a public document." *United States v. Anderson*, 799 F.2d 1438, 1442 n.5 (11th Cir. 1986).

Thus, "public access to indictments and informations . . . is protected by the First Amendment

and the common law." *United States v. Smith*, 776 F.2d 1104, 1112 (3d Cir. 1985).

#### 2.  Neither Party Can Overcome the Right of Access to the Indictment.

Because a presumption of access attaches to indictments under the First Amendment and

common law, any party seeking to keep the indictment sealed must overcome that presumption

with arguments "supported by the record." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir.

1983). The Court's task is then to analyze the document sought to be sealed. *See Chicago

Tribune Co.*, 263 F.3d at 1314-15 (holding that district court failed to make sufficient factual

findings regarding "specific documents" and directing it to consider "the nature and character of the information in question," supporting its decision "by findings of fact").

In evaluating whether there is good cause to overcome the presumption of access, courts consider factors including "whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, whether access is likely to promote public understanding of historically significant events, and whether the press has already been permitted substantial access to the contents of the records." *Comm'r, Ala. Dep't of Corr.*, 918 F.3d at 1169. Courts also consider "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, [and] whether the information concerns public officials or public concerns." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Here, all of the relevant factors weigh heavily in favor of access. Movants seek to unseal the indictment for a legitimate purpose – informing the public about the Government's decision to charge a former president with violating federal law – and obtaining access to the indictment will help the public better understand this historic criminal proceeding. Also, given Trump's disclosures about the charges against him, *supra* at 5-6, unsealing the indictment cannot and would not harm his privacy interests, and it is beyond question that an indictment of a former president "concerns public officials or public concerns." *See Romero*, 480 F.3d at 1246.

### 3.   Redactions Alone Should Satisfy Any Interest in Continued Secrecy.

Even when a party seeking to seal a presumptively-public judicial record can make a threshold showing of potentially compelling interests justifying such secrecy, the court must still examine "whether there are alternative means available" to address them, such as redaction of a document rather than sealing it in its entirety. *In re Search of Office Suites*, 925 F. Supp. at 743;

*see also Romero*, 480 F.3d at 1246 (courts consider "the availability of a less onerous alternative to sealing the documents").

Here, particularly because of Trump's prior litigation over his request for a Special Master following the search of Mar-a-Lago, the public already possesses a wealth of information about the grounds for these criminal charges. *See supra* at 2-4. To the extent either party can articulate a compelling interest in continued secrecy supported by competent proof, that interest can and should therefore be fully satisfied with narrow redactions, not wholesale sealing.

## III. CONCLUSION

In light of the colossal public interest in the indictment of former President Trump, and for the foregoing reasons, Movants respectfully request that the Court grant their motion to intervene and unseal the indictment.

### REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), Movants request that the Court set a hearing on this motion. In light of the Court's task in reviewing any asserted interests in continued sealing, the many facts already known about the investigation of and charges against Trump, and the public interest in this indictment, a public hearing would assist the Court and advance the public's interest in transparency. Movants estimate that one hour would be required for this argument.

### CERTIFICATION OF GOOD-FAITH CONFERENCE

Pursuant to Local Rules 7.1(b)(2) and 88.9(a), undersigned counsel certifies that on June 9, 2023, they made reasonable efforts to confer via email with counsel for the Government and counsel for Trump regarding the relief requested in this motion.

Dated: June 9, 2023

Respectfully submitted,

BALLARD SPAHR LLP

By:  /s/ Charles D. Tobin
    Charles D. Tobin (Florida Bar No. 816345)
    Chad R. Bowman (*pro hac vice forthcoming*)
    Maxwell S. Mishkin (*pro hac vice forthcoming*)
    Lauren Russell (*pro hac vice forthcoming*)
    1909 K Street NW, 12th Floor
    Washington, DC 20006
    Tel: 202.661.2218
    Fax: 202.661.2299
    tobinc@ballarspahr.com
    bowmanchad@ballardspahr.com
    mishkinm@ballardspahr.com
    russelll@ballardspahr.com

    *Counsel for Movants Cable News Network, Inc., Advance*
    *Publications, Inc., American Broadcasting Companies, Inc.*
    *d/b/a ABC News, The Associated Press, Bloomberg L.P.,*
    *CBS Broadcasting, Inc. o/b/o CBS News, Cox Enterprises,*
    *Inc. d/b/a The Atlanta Journal-Constitution, Dow Jones &*
    *Company, Inc., publisher of The Wall Street Journal,*
    *The E.W. Scripps Company, Gray Media Group, Inc.,*
    *Los Angeles Times Communications LLC, publisher of The*
    *Los Angeles Times, National Public Radio, Inc.,*
    *NBCUniversal Media, LLC d/b/a NBC News, The New York*
    *Times Company, POLITICO LLC, Reuters News & Media*
    *Inc., TEGNA Inc., and WP Company LLC d/b/a*
    *The Washington Post*

SHULLMAN FUGATE PLLC

By:  /s/ Rachel E. Fugate
    Rachel E. Fugate (FBN 144029)
    Amber Couzo (FBN 1031514)
    2101 Vista Parkway, Suite 4006
    West Palm Beach, Florida 33411
    Tel: (813) 935-5098
    rfugate@shullmanfugate.com
    acouzo@shullmanfugate.com

    *Counsel for Movant CMG Media Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June 2023, I caused true and correct copies of the

foregoing to be served by email and U.S. Mail First Class on the following:

Lindsey Halligan
511 SE 5th Avenue, Suite 1008
Fort Lauderdale, FL 33301
lindseyhalligan@outlook.com

Todd Blanche
Blanche Law
99 Wall Street, Suite 4460
New York, NY 10005
info@blanchelaw.com

*Attorneys for Donald J. Trump*

Jay I. Bratt
Julie A. Edelstein
Brett C. Reynolds
Department of Justice
Counterintelligence & Export Control Section
950 Pennsylvania Avenue NW
Washington, DC 20530
jay.bratt2@usdoj.gov
julie.edelstein@usdoj.gov
brett.reynolds@usdoj.gov

Markenzy Lapointe
United States Attorney for the
Southern District of Florida
99 NE 4th Street, 8th Floor
Miami, FL 33132
Markenzy.Lapointe@usdoj.gov

*Attorneys for the United States of America*

/s/ *Charles D. Tobin*
Charles D. Tobin