UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80101-CR-CANNON-REINHART

UNITED STATES OF AMERICA

v.

DONALD J. TRUMP and
WALTINE NAUTA,

        **Defendants.**

_____/

## RULE 16 PROTECTIVE ORDER

Upon consideration of the Government's motion for a protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, and after consideration of the motion and the entirety of the record, it is hereby **ORDERED** as follows:

1.     **Definition of Discovery Materials.** All non-classified discovery produced by the United States to the Defendants in preparation for, or in connection with, any stage of this case (collectively, "the Discovery Materials") are subject to this protective order ("the Order") and may be used by the Defendants and Defense Counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2.     **Storage of Discovery Materials.** Discovery Materials must be maintained in the custody and control of Defense Counsel. Defense counsel shall store the Discovery Materials securely with labels that make it clear that the materials are subject to the Order. Electronic materials or copies of the Discovery Materials shall be stored in the same manner.

1

3.    **Disclosure of Discovery Materials.** Defendants and Defense Counsel shall not disclose the Discovery Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "Authorized Persons"). Before providing materials to an Authorized Person, Defense Counsel must provide the Authorized Person with a copy of this Order, and Defense Counsel shall obtain from each person to whom disclosure will be made a signed Protected Discovery Material Agreement ("Agreement") available as Attachment A to the Order in which the recipient (1) acknowledges the restrictions set forth in this Order, and (2) agrees that he/she will not further disclose or disseminate the Discovery Materials. Defense Counsel shall keep a copy of each signed Agreement to identify the individuals who received the Discovery Materials and the date on which such information was first disclosed. No disclosure is permitted to any individual or entity that has not signed such Agreement, except by further order of the Court. Potential witnesses and counsel for potential witnesses may be shown copies of the Discovery Materials as necessary to prepare the defense, but they may not retain copies without prior permission of the Court.

4.    **Copies of Discovery Materials.** Defendants, Defense Counsel, and Authorized Persons shall not copy or reproduce the Discovery Materials except as necessary to prepare for the defense. Copies and reproductions shall be treated in the same manner as the original Discovery Materials. The Defendants, Defense counsel, and Authorized Persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to Authorized Persons, and all such notes or records are to be treated in the same manner as the original Discovery Materials. The Discovery Materials shall not be copied or reproduced by Defendants or anyone acting on the Defendants' behalf, except Defense Counsel or agents of Defense counsel.

5. **Defendants' Review of Discovery Materials.** Defendants shall only have access to Discovery Materials under the direct supervision of Defense Counsel or a member of Defense Counsel's staff. Defendants shall not retain copies of Discovery Material. Defendants may take notes regarding Discovery Materials, but such notes shall be stored securely by Defense Counsel or a member of Defense Counsel's staff in the same manner as the Discovery Materials.

6. **No Disclosure to the Public.** The Discovery Materials, along with any information derived therefrom, shall not be disclosed to the public or the news media, or disseminated on any news or social media platform, without prior notice to and consent of the United States or approval of the Court.

7. **Use of Discovery Material in Court.** The procedures for use of Discovery Material during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. Defendants shall not disclose Discovery Material in any public filing or in open court without notice to, and agreement from, the United States, or prior approval from the Court.

8. **Return of Discovery Materials**. Within 90 days of the conclusion of all stages of this case, including all related appeals, all Discovery Materials and all copies thereof shall be destroyed by Defense Counsel or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

9. **Violations.** A knowing violation of this Order by Defendants, Defense Counsel, and Authorized Persons may result in contempt of court or other civil or criminal sanctions.

10. **Modification of this Order.** This Order may be modified by the agreement of the parties with permission of the Court or by further Order of the Court. Nothing in this Order shall prevent any party from objecting to discovery that it believes to otherwise be improper.

11. **No Ruling on Discoverability or Admissibility.** This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discovery of any material.

12. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, nor do the restrictions in this Order limit Defense Counsel in the use of the materials in judicial proceedings in this case, except as described above.

**ORDERED** this ___ day of June, 2023.

_____
HON. AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Attachment A to Protective Order**

I _____ have read the Rule 16 Protective Order in *United States v. Donald J. Trump and Waltine Nauta.* I have carefully reviewed each provision. I fully understand the Protective Order, and I voluntarily agree to abide by its restrictions. I am an Authorized Person under the Protective Order, and I will not further disclose or disseminate the Discovery Materials.

_____    _____
Date                             Signature