UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

      Plaintiff,

vs.

**DONALD J. TRUMP,**

      Defendant.[1]

_____/

## OMNIBUS ORDER SETTING TRIAL DATE AND ESTABLISHING PRETRIAL INSTRUCTIONS AND SENTENCING PROCEDURES

This case is hereby set for a Criminal Jury Trial during the two-week period commencing **August 14, 2023**, or as soon thereafter as the case may be called. A Calendar Call will be held at 1:45 p.m. on **August 8, 2023**. All hearings will be held at Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Courtroom 4008, Fort Pierce, Florida 34950, with modifications to be made as necessary as this matter proceeds. Any testing of electronic equipment to be used at trial must take place at the Calendar Call. To that end, the parties are directed to bring to the Calendar Call any equipment intended for use at trial. All pre-trial motions and motions *in limine* must be filed by **July 24, 2023**. Absent leave of Court, each party is limited to filing one motion *in limine*; if there is more than one Defendant, Defendants shall file a combined motion unless a clear conflict of position exists, in which case the parties shall explain that conflict in their individual motions. Motions *in limine* may not, without leave of the Court, exceed the

---

[1] Defendant Waltine Nauta is scheduled to be arraigned on June 27, 2023 [ECF No. 18]. Order setting trial to follow.

page limits allowed by the Rules, and they must state with particularity the evidence at issue and the legal and factual basis relevant to disposition of the motion.

It is further **ORDERED** as follows:

1. All requests for *Writs ad Testificandum* must be filed no later than 14 business days prior to the first day of the scheduled trial period.

2. **In accordance with Local Rule 88.5, the parties shall file speedy trial reports every twenty-one (21) days following entry of this Order until the time of trial or plea**.

3. All responses pursuant to the Standing Discovery Order and/or Local Rule 88.10 shall be provided in a timely fashion in accordance with the dates scheduled by the magistrate judge. Noncompliance with the Standing Discovery Order, the Local Rules, or the Federal Rules of Criminal Procedure may result in sanctions. **Any notice submitted pursuant to Federal Rule of Evidence 404(b) must be filed as a motion—not as a notice—and must identify with particularity the evidence to be introduced and the factual and legal basis supporting admission. Responses to such motions are due in accordance with the standard timing requirements set forth in Local Rule 7.1(c).**

4. To the extent required by Local Rule 88.9(a), all motions shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion.

5. Counsel shall be prepared to conduct limited *voir dire* following the Court's questioning of the panel. Prior to Calendar Call, each party may file no more than 10 proposed *voir dire* questions (including any sub-parts) for the Court to consider asking of the venire. **The Court will not permit the backstriking of jurors**.

6. **Prior to calendar call**, the parties shall submit, in Word format, via e-mail to cannon@flsd.uscourts.gov, proposed jury instructions, including substantive charges and defenses, and a proposed verdict form. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov. **Although the parties need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly, and every instruction must be supported by citation to authority**. Where the parties do not agree on a proposed instruction, the instruction shall be set forth in bold type. Instructions proposed only by the Government shall be underlined. Instructions proposed solely by the defense shall be italicized. Furthermore, the parties should identify, as to each proposed jury instruction, whether the proposed language conforms to the Eleventh Circuit Pattern Jury Instructions. **If a proposed instruction deviates from the Pattern Jury Instructions in any respect, such alteration should be made clear in the filing with a supporting explanation**. To access the latest changes to the Eleventh Circuit's Pattern Jury Instructions, please see https://www.ca11.uscourts.gov/pattern-jury-instructions.

7. **Prior to the Calendar Call**, all counsel shall file lists of proposed witnesses and/or exhibits to be presented at trial. All exhibits to be offered into evidence must be re-labeled in accordance with the proposed exhibit list. (**Government exhibits are to be designated as GX1, GX2, etc.; defense exhibits as DX1, DX2, etc**.). Counsel should take care to ensure that exhibits are not compound—that is, that each document, to the extent practicable, is identified and marked individually.

8. Additionally, no later than the first day of trial, the Government shall provide the Court with a tabbed binder containing copies of all proposed Government exhibits corresponding to the Government's filed exhibit list.

9. **Any change of plea must be taken prior to 5:00 p.m. on the last business day before trial is scheduled to begin**. *See, e.g.*, *United States v. Gamboa*, 166 F.3d 1327, 1331 (11th Cir. 1999).

10. Any motion for a continuance of trial shall (1) set forth in detail which factors constitute grounds for a continuance pursuant to 18 U.S.C. § 3161(h)(7)(B), including the complexity of the case, 18 U.S.C. § 3161(h)(7)(B)(ii), the security clearance process, and any anticipated impact of the Classified Information Procedures Act, Pub. L. 96–456, 94 Stat. 2025, 18 U.S.C. App. III §§ 1–16; and (2) indicate whether the reasons served by granting the continuance outweigh the defendant's constitutional and statutory rights to a speedy trial.

11. The filing by counsel of a "Notice of Unavailability" by motion or otherwise is not provided for under the local rules and shall not be presumed to modify or alter the Court's scheduling order.

12. If any party seeks to introduce transcript(s) at the trial, that party shall exchange those transcripts with all counsel **prior to Calendar Call**. If a transcript cannot be agreed upon, each party shall be prepared to produce its own version for the trier of fact.

13. All anticipated *Jencks Act*[2] material shall be turned over to defense counsel no later than the morning of the first day of trial. The material shall include a face sheet for defense counsel to sign and date, acknowledging receipt. For purposes of the record, the signed

---

[2] 18 U.S.C. § 3500.

face sheet must be filed by the government on CM/ECF no later than seven (7) days after the conclusion of the trial.

14. Upon receipt of this Order, defense counsel shall certify with the Court's courtroom deputy whether the Defendant requires the aid of an interpreter. The parties are further instructed to notify the Court, **at least 24 hours prior to any hearings or trial**, if an interpreter is required.

15. Local Rule 7.1(a)(2) requires that certain motions be accompanied by proposed orders; such proposed orders must be filed as attachments to the motions. Furthermore, pursuant to the CM/ECF Administrative Procedures, proposed orders shall be submitted to the Court by e-mail in Word format at cannon@flsd.uscourts.gov.

16. Pursuant to Local Rule 5.3, and consistent with the Eleventh Circuit's Local Rules and Internal Operating Procedures, *see* 11th Cir. R. 11-3, within ten (10) days of the conclusion of a trial or other proceeding, the parties must file via CM/ECF electronic versions of documentary exhibits that the party offered or introduced into evidence, including properly labeled photographs of non-documentary physical exhibits. The parties are reminded to review each of the requirements set forth in Local Rule 5.3, including the requirement to redact certain information and to certify compliance with Local Rule 5.3.

17. Should this matter proceed to sentencing, the parties are advised to adhere to the following procedures:

    a. If more than thirty (30) minutes is needed for the hearing, counsel shall file a notice estimating the amount of time needed for their presentation and the number of witnesses to be called no later than seven (7) calendar days prior to the sentencing hearing.

b. **The Court further orders, consistent with Rule 32 of the Federal Rules of Criminal Procedure, that counsel shall file their Objections, if any, to the DRAFT PSR within fourteen (14) days after disclosure of the DRAFT PSR. Responses shall be filed seven (7) days thereafter**.

c. **The Court has discretion not to consider the merits of untimely objections.** *See, e.g.*, *United States v. Edouard*, 485 F.3d 1324, 1351 (11th Cir. 2007); Fed. R. Crim. P. 32(b)(2) and (i)(1)(D); *United States v. Smith*, 522 F. App'x 564, 565 (11th Cir. 2013); *United States v. Remaley*, 646 F. App'x 719, 721 (11th Cir. 2016); *United States v. Dossou*, 569 F. App'x 902, 905 (11th Cir. 2014).

d. The Court further orders that all motions for upward or downward departure and/or variance shall be **in writing** and filed at least ten (10) calendar days before the sentencing hearing. Responses shall be filed three (3) before the sentencing hearing.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this 20th day of June 2023.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record