UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80101-CR-CANNON-REINHART

UNITED STATES OF AMERICA

       **Plaintiff,**

vs.

DONALD J. TRUMP and
WALTINE NAUTA,

       **Defendants.**
_____/

## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States of America, by and through the Special Counsel's Office, in response to the Standing Discovery Order issued in this case, files this response. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

On June 21, 2023, per the protective order issued in this case (ECF No. 27), the government provided to Defendant Donald J. Trump[1] its first production of unclassified discovery ("Production 1"). The production was made available in three parts. The first part includes, *inter alia*, documents obtained via subpoena; evidence obtained via search warrants; transcripts of grand jury testimony taken before a grand jury in the District of Columbia and transcripts of grand jury testimony taken before a grand jury in the Southern District of Florida; and memorialization of witness interviews conducted through May 12, 2023. As we have informed counsel, it is the

---

[1] Defendant Nauta has not yet been arraigned, and counsel for Defendant Nauta has not yet entered an appearance. The government will provide the discovery production to counsel for Defendant Nauta promptly once an appearance is entered.

government's intent to disclose promptly all witness statements and associated memorialization of those statements, even if they would not be deemed discoverable under 18 U.S.C. § 3500. The second part includes a reproduction of "key" documents and photographs included in Production 1 that are referenced in the Indictment and others determined by the government to be pertinent to the case. The third part consists of complete copies of closed-circuit television (CCTV) footage obtained by the government in its investigation. To facilitate review, the government also identified and separately produced for the defense "key" excerpts from the CCTV footage, including excerpts referenced in the Indictment or otherwise determined by the government to be pertinent to the case. The government responds to the specific items identified in the standard discovery order as set forth below.

    A.    1.    Production 1 includes a copy of any written or recorded statements made by the defendants. These statements include the following:

- Interviews of Defendant Trump conducted by non-government entities, which were recorded with his consent and obtained by the Special Counsel's Office during the investigation of this case, including the July 21, 2021 recorded interview Defendant Trump provided to a publisher and writer quoted in part in the Indictment;

- Public statements made by Defendant Trump, including the public statements quoted in the Indictment;

- The May 26, 2022 FBI interview of Defendant Nauta, which is quoted in the Indictment; and

- The June 21, 2022 grand jury testimony of Defendant Nauta.

               2.    Other than the two statements of Defendant Nauta identified in paragraph A.1, there are no relevant oral statements made by either defendant before or after arrest in response to interrogation by any person then known to the defendants to be a government agent that the government intends to use at trial.

    3.      Defendant Trump has not testified before a grand jury. On June 21, 2022, Defendant Nauta testified before a grand jury sitting in the District of Columbia. Production 1 includes a transcript of his testimony.

    4.      The government provided Defendant Trump's and Defendant Nauta's NCIC records.

    5.      Defense counsel can contact the government to arrange for inspection of unclassified items seized at Mar-a-Lago on August 8, 2022. The government is not currently aware of any other unclassified books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to either defendant, that are not being or will not be provided to the defense. To the extent the government learns of any such items that will not be provided but will instead be made available for inspection, it will inform the defense so that they may be inspected at a mutually convenient time. There will be additional productions of discovery, and Production 1 does not necessarily include copies of all books, papers, documents, and other evidence that the government may intend to introduce at trial.

    6.      There were no physical or mental examinations of the defendants or scientific tests or experiments made in connection with this case.

B.      DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

C.      The government is providing information or material known to the United States that may be favorable to either defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), or *United States v. Agurs*, 427 U.S. 97 (1976).

D.      The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

E.      The government will disclose any prior convictions of any alleged co-conspirator, accomplice, or informant who will testify for the government at trial.

F.      The defendants were not identified in any sort of traditional lineups, show ups, or photo spreads. To the extent that the defendants' photos were shown to witnesses

| | |
|---|---|
| | to confirm a witness's familiarity with the defendant(s), that has been noted in the reports provided, along with the accompanying photos that were shown. |
| G. | The government has advised its agents and officers involved in this case to preserve all rough notes. |
| H. | The government will timely advise the defendants of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence. |
| | You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this case, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| I. | The defendants are not aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518. |
| J. | Production 1 includes the grand jury testimony of witnesses who will testify for the government at the trial of this case. |
| K. | The government did not seize from either defendant any contraband that could be chemically analyzed. |
| L. | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is currently in the government's possession. |
| M. | The government is not aware of any latent fingerprints or palm prints that have been identified by a government expert as those of either defendant. |
| N. | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
| O. | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules

of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense is set forth in the Indictment.

        Respectfully submitted,

        JACK SMITH
        Special Counsel

By:    */s/ Jay I. Bratt*
        Jay I. Bratt
        Counselor to the Special Counsel
        Special Bar ID #A5502946
        950 Pennsylvania Avenue, NW
        Washington, D.C. 20530

        Julie A. Edelstein
        Senior Assistant Special Counsel
        Special Bar ID #A5502949

        David V. Harbach, II
        Assistant Special Counsel
        Special Bar ID #A5503068

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Julie A. Edelstein*
Julie A. Edelstein
Senior Assistant Special Counsel
