UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP and
WALTINE NAUTA**,

    Defendants.
_____/

## GOVERNMENT'S MOTION FOR CONTINUANCE
## AND PROPOSED REVISED SCHEDULING ORDER

The government has received and reviewed the Court's Omnibus Order Setting Trial Date and Establishing Pretrial Instructions and Sentencing Procedures (ECF No. 28). For the reasons discussed below, the government files this motion to continue the trial date to December 11, 2023, and to propose the associated intervening deadlines discussed below. A declaration in support of this motion is being filed herewith as Exhibit A. *See* Local Rule 7.6. Government counsel have conferred with counsel for defendant Trump and defendant Nauta in a good faith effort to resolve the subject matter of this motion by agreement. Defense counsel confirmed they do not oppose an adjournment of the current trial date and request a status hearing with the Court to address the schedule in this action. Defense counsel anticipate filing an opposition to this motion addressing their objections to the government's proposed dates.

**Relevant Procedural History**

1.    A grand jury in this district returned an indictment on June 8, 2023, against the defendants.

1

2. On June 13, 2023, defendant Trump made his initial appearance and entered a not guilty plea at his arraignment before Magistrate Judge Jonathan Goodman. The same day, defendant Nauta made his initial appearance before Judge Goodman, but has not yet been arraigned or entered a plea. Nauta's arraignment is scheduled for June 27, 2023.

3. On June 19, 2023, Magistrate Judge Bruce Reinhart granted the government's Motion for Protective Order (ECF Nos. 23, 27). The next day, this Court issued its Omnibus Order Setting Trial Date and Establishing Pretrial Instructions and Sentencing Procedures (ECF No. 28), which calendared trial for the two-week period commencing August 14, 2023. *Id.* at 1.

## Discussion

4. 18 U.S.C. § 3161(h)(7)(B) contains a non-exhaustive list of factors that the Court should consider in deciding whether to grant a continuance. As an initial matter, this case is not so unusual or complex as to fall within 18 U.S.C. § 3161(h)(7)(B)(ii), because it has only two defendants, involves straightforward theories of liability, and does not present novel questions of fact or law.

5. However, the case does involve classified information and will necessitate defense counsel obtaining the requisite security clearances. As the Court is aware, that process is already underway. According to the Litigation Support Group, decisions on interim clearances for defense counsel can and should be made within 48 hours of submission of the relevant forms. Ex. A ¶ 4. Interim clearances will enable counsel to review the vast majority of classified discovery. *Id.* ¶ 5. The decision on granting the final clearance required to allow counsel's review of the remaining small number of classified documents is estimated to occur within 45 to 60 days of form submission. *Id.*

6. In addition, the associated legal process under the Classified Information Procedures Act, Pub. L. 96–456, 94 Stat. 2025, 18 U.S.C. App. III §§ 1–16 ("CIPA"), will inject additional time into the leadup to trial that otherwise would not be involved. The government has attached as Exhibit B to this Motion a proposed calendar for the CIPA process in this case, assuming a trial date with jury selection beginning on December 11, 2023. The government also filed today a motion under CIPA Section 2 for a pre-trial conference. (ECF No. 32) That motion describes the CIPA proceedings that this case is likely to entail.

7. Following entry of the Protective Order, the government has moved swiftly to produce all unclassified discovery, including Jencks Act material, to the defense, and already provided a significant portion of that production beginning on June 21, 2023. *See* ECF No. 30. The production includes evidence obtained via subpoena, evidence obtained via warrants, transcripts of grand jury testimony, memorialization of witness interviews, a reproduction of key documents that in the government's view are pertinent to the case, and copies of closed-circuit television footage the government has obtained during its investigation. Even with the prompt production the government has arranged, the inclusion of additional time for defense counsel to review and digest the discovery, to make their own decisions about any production to the government, and for the government to review the same, is reasonable and appropriate.

8. As a result, in the government's view, proceeding to trial on August 14, 2023, "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation," 18 U.S.C. § 3161(h)(7)(B)(iv), and the ends of justice served by granting this requested continuance "outweigh the best interests of the public and the defendant[s] in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

9. For all of these reasons, the government respectfully moves the Court for an Order[1]:

   a) continuing trial in this matter until December 11, 2023 (jury selection to begin that date);

   b) excluding the delay resulting from the continuance of trial from the speedy trial calculation in this case under 18 U.S.C. § 3161;

   c) continuing the Calendar Call for trial until December 5, 2023;

   d) setting the deadline for pretrial motions under Federal Rule of Criminal Procedure 12(b)(3) as July 31, 2023; and

   e) continuing the deadline for all other pretrial motions and motions *in limine* until November 20, 2023.

Respectfully submitted,

JACK SMITH
Special Counsel

By:   /s/ *David V. Harbach, II*
      David V. Harbach, II
      Assistant Special Counsel
      Special Bar ID # A5503068
      950 Pennsylvania Avenue, NW
      Washington, D.C. 20530

      Jay I. Bratt
      Counselor to the Special Counsel
      Special Bar ID # A5502946

      Julie A. Edelstein
      Senior Assistant Special Counsel
      Special Bar ID # A5502949

---

[1] A proposed order is attached hereto as Exhibit C.

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 23, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                            /s/ *David V. Harbach, II*
                                            David V. Harbach, II