UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD J. TRUMP and
WALTINE NAUTA,

    Defendants.
_____/

## DECLARATION OF JAY I. BRATT

Pursuant to 28 U.S.C. § 1746, I, Jay I. Bratt, declare as follows:

1. I am employed as a Counselor to the Special Counsel in the Office of Special Counsel Jack Smith. I am one of the prosecutors involved in the above-captioned case and am familiar with it. The statements in this declaration are based on my personal knowledge and my conversations with other prosecutors and staff of the Special Counsel's Office, as well as the Litigation Security Group ("LSG").

2. Among the discovery to be produced by the government in this case are certain materials that are classified (the "classified materials"). The level of classification varies across the classified materials, but a security clearance is required to lawfully view any of them. According to counsel for defendant Trump and defendant Nauta, no defense counsel currently possesses a security clearance. As a result, they will need to obtain one to lawfully view the classified materials.

3. LSG has committed to significantly expediting the issuance of security clearances

in this case.

4. To be granted an interim security clearance, defense counsel must submit a Standard Form 86 – Questionnaire for National Security ("SF-86") and supporting documentation. To date, not all of the defense counsel have submitted their SF-86s. Once an SF-86 and supporting documentation are submitted, absent complicating circumstances, an interim clearance may be granted within a matter of days. In this case, LSG has committed to reaching an eligibility determination within 24-48 hours of the completed submission. Once defense counsel are granted interim security clearances, the government will be able to provide the vast majority of classified discovery, consisting of documents marked CONFIDENTIAL, SECRET, and TOP SECRET, including documents within the following Sensitive Compartmented Information Compartments: SI, SI-G, and TK.

5. However, interim security clearances are not sufficient for the government to provide in classified discovery a small number of documents—including some documents whose unauthorized retention is charged in the indictment—that contain restricted compartments for which a final security clearance and additional read-ins are required. LSG estimates that final clearances may be granted within 45 to 60 days of submission of the SF-86 and related documentation, depending upon the content of the applicant's SF-86. The additional read-ins can be conducted promptly upon access approval.

6. On June 21, 2023, the government began producing unclassified discovery to the defense. The production includes documents obtained via subpoena, evidence obtained via warrants, transcripts of grand jury testimony, memorialization of witness interviews, a reproduction of key documents that in the government's view are pertinent to the case, and copies of closed-circuit television footage the government has obtained during its investigation.

7. I have extensive experience with the Classified Information Procedures Act, Pub. L. 96–456, 94 Stat. 2025, 18 U.S.C. App. 3 §§ 1–16, and from that experience I am aware that the procedures provided for under that statute often lengthen the ordinary trajectory from indictment to trial. The additional procedures that may be required in this case are discussed in the government's Motion for a Pretrial Conference Pursuant to the Classified Information Procedures Act, which is being filed contemporaneously with this motion. These procedures address potential resolution of issues related to classified discovery and the use and admissibility of classified information at trial.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Jay I. Bratt

Dated: June 23, 2023