FILED BY _____ D.C.

JUN 27 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CASE NO. 23-CR-80101 |
| | ) | |
| DONALD J. TRUMP and | ) | UNDER SEAL |
| WALTINE NAUTA, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO FILE DOCUMENTS UNDER SEAL

The government moves the Court to file under seal two documents, a Notice of Request for Hearing Regarding Potential Conflicts in a Related Matter (the "Notice"), and, as an attachment to the Notice, a copy of a Motion for a Conflicts Hearing (the "Conflicts Hearing Motion"), which the government filed today in the United States District Court for the District of Columbia. In support of this motion, the government states:

1. Courts have inherent power to control access to papers filed with the courts. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Courts have traditionally been "highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal." *Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989). Therefore, courts have routinely granted government requests to seal warrant materials where there is a need for secrecy. *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991). Such secrecy is paramount in the context of ongoing grand jury investigations, which are generally protected against public disclosure under Rule 6(e) of the Federal Rules of Criminal Procedure. *See, e.g., United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983); *Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979).

1

2.      Earlier today in the United States District Court for the District of Columbia, the government filed the Conflicts Hearing Motion, which describes a potential conflict that may arise from an attorney's simultaneous representation of a defendant in this case and a target in an ongoing grand jury investigation in the District of Columbia. Consistent with grand jury secrecy requirements under Fed. R. Crim. P. 6(e) and the local rules in the District of Columbia, the government filed the Conflicts Hearing Motion under seal in a grand jury proceeding in the District of Columbia. Having secured permission from the Chief Judge in that District to file in this case a sealed notice that attaches a copy of the Conflicts Hearing Motion, the government requests permission to file the Notice and, as an attachment to the Notice, a copy of the Conflicts Hearing Motion, under seal in this case. Permitting these documents to be filed under seal will preserve the secrecy of the ongoing grand jury investigation in the District of Columbia. The government requests that the documents remain under seal throughout the pendency of the ongoing grand jury investigation in the District of Columbia.

3.      The government has conferred with opposing counsel. Counsel for Nauta takes no position on the motion. Counsel for Donald J. Trump consents to the filing of this motion.

## CONCLUSION

WHEREFORE, for these reasons, the United States of America respectfully requests that the Court issue an Order permitting the government to file under seal the Notice and the Conflicts Hearing Motion.

Dated: June 27, 2023              Respectfully submitted,

JACK SMITH
Special Counsel
N.Y. Bar No. 2678084

By:  /s/ *Jay I. Bratt*
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Julie A. Edelstein
Senior Assistant Special Counsel
Special Bar ID #A5502949

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2023, I filed the foregoing document with the Clerk of the Court using hand delivery. I also certify that the foregoing document is being served this day on all counsel of record via email.

/s/ Julie A. Edelstein
Julie A. Edelstein

3