UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON-REINHART

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP and
WALTINE NAUTA**,

    Defendants.
_____/

### GOVERNMENT'S OPPOSITION TO DEFENDANT NAUTA'S MOTION TO CONTINUE CIPA SECTION 2 PRETRIAL CONFERENCE

Defendant Waltine Nauta has submitted to chambers a motion to continue the pretrial conference the Court has scheduled for July 14, 2023 at 10:00 a.m. He seeks the continuance because one of his attorneys, Stanley Woodward, will be in trial in the District of Columbia that week and unable to attend the hearing in person. Nauta does not indicate when Mr. Woodward would be available to appear at such a conference. Nor does he explain why his other counsel of record, Sasha Dadan, is not capable of handling the proceeding. An indefinite continuance is unnecessary, will inject additional delay in this case, and is contrary to the public interest. The government therefore opposes this motion.[1]

---

[1] In the motion, Nauta claims that, when asked his position on the government's CIPA § 2 motion, Mr. Woodward indicated that he opposed it. Motion at 2. It is possible that there is a word missing in Nauta's filing – "not." On the afternoon of June 16, in compliance with Local Rule 88.9(a), government counsel conferred with Mr. Woodward by phone concerning its planned CIPA Section 2 Motion. Government counsel discussed the motion with Mr. Woodward and the relief it sought. Mr. Woodward stated that he did **not** oppose the motion, and the government so represented in the motion it filed with the Court. *See* ECF No. 32 at 2, n.1.

The indictment charges defendant Donald J. Trump with 31 counts of willfully retaining national defense information in violation of 18 U.S.C. § 793(e). By virtue of those charges, this case will involve the use of classified information, both as part of discovery and at trial through the admission of documents and the testimony of various witnesses. Accordingly, the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, will govern how certain aspects of the case proceed. In order to assist the Court and the parties in understanding how CIPA will affect the proceedings going forward and to assist the Court in setting a trial schedule, the government moved on June 23 for a pretrial conference pursuant to Section 2 of CIPA, 18 U.S.C. App. 3 § 2. The Court granted the motion on June 27 and scheduled the conference as set forth above.

The Section 2 pretrial conference is a crucial step in this prosecution. Aside from elucidating the procedures the Court and the parties will follow in conducting classified discovery, litigating certain pre-trial motions, and using classified information at trial, the Section 2 conference will affect other dates the Court sets. Almost a month has passed since the grand jury returned its indictment. There is a strong public interest in the conference occurring as originally scheduled and the case proceeding as expeditiously as possible.

Neither of Nauta's proffered justifications for his request is persuasive. The first concerns Mr. Woodward's commitments elsewhere. The government acknowledges that Mr. Woodward is scheduled to begin a bench trial in the District of Columbia in *United States v. Frederico Klein, et al.*, Case No. 21-cr-40 (TNM) (D.D.C.) on July 10.[2] However, the government notes that Nauta's Florida counsel, Sasha Dadan, should be able to be present. As this Court has noted, and as Nauta recognizes in his motion (Motion at 3), "Local counsel must be ready to adequately represent the

---

[2] Nauta claims that "the government has long been aware" of Mr. Woodward's conflict. *Id.* To the contrary, Mr. Woodward did not raise the issue during any of his calls with government counsel, and government counsel here first learned of the trial when Mr. Woodward mentioned it during the arraignment hearing for Mr. Nauta held on June 27.

party at any time." ECF No. 54. Moreover, Nauta's motion is silent as to any alternative steps Mr. Woodward might seek to take to participate in the hearing, if he believes his presence is necessary.

Nauta's second justification for a continuance is a claim that Mr. Woodward cannot "meaningfully" participate in a discussion about classified discovery or a CIPA discovery schedule at a Section 2 conference until obtaining a security clearance. Motion at 3. But he cites no case holding that a Section 2 conference is contingent on counsel having clearances, which is unsurprising since such a requirement would be inconsistent with Section 2's language that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App.3 § 2. Perhaps more to the point, as of this writing, Mr. Woodward has yet to complete his Form SF-86, which is necessary for him to receive both an interim clearance and final adjudication, despite having been put in contact with the Litigation Security Group on June 12, some three-and-a-half weeks ago.

Through the CIPA Section 2 pretrial conference and its continuance motion, the government is, *inter alia*, requesting that the Court set firm dates for the efficient movement of this case. Delaying the CIPA Section 2 hearing by at least a number of weeks, without any persuasive justification for doing so, is contrary to that goal and the public interest.

                              Respectfully submitted,

                              JACK SMITH
                              Special Counsel

By:   */s/ Jay I. Bratt*_____
       Jay I. Bratt
       Counselor to the Special Counsel
       Special Bar ID #A5502946

3

950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Julie A. Edelstein
Senior Assistant Special Counsel
Special Bar ID #A5502949

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

## **CERTIFICATE OF SERVICE**

I, Jay I. Bratt, certify that on July 10, 2023 I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

                                         */s/ Jay I. Bratt*_____
                                         Jay I. Bratt