UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP and
WALTINE NAUTA**,

    Defendants.

_____/

## UNITED STATES' RENEWED MOTION FOR PROTECTIVE ORDER PURSUANT TO § 3 OF THE CLASSIFIED INFORMATION PROCEDURES ACT

The United States of America, by and through the Special Counsel's Office, respectfully moves for the entry of the attached Protective Order Pertaining to Classified Information. In support of its motion, the Government states as follows:

1. On June 8, 2023, a grand jury in this district returned an indictment against the Defendants.

2. This case involves classified information. Defendant Trump was charged with, *inter alia*, the willful retention of national defense information in violation of 18 U.S.C. § 793(e). Classified documents and materials, including but not limited to documents Defendant Trump was charged with illegally retaining, were collected as part of the investigation and will be subject to procedures outlined in the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"), as well as other rules, statutes, and case law.

3. Section 3 of CIPA provides that the Court shall issue an order, upon the request of the United States, "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case." In contrast to the discretionary authority in Rule 16(d)(1), Section 3 of CIPA provides that, when classified information is involved, protective orders are to be issued whenever the government discloses classified information to a defendant in connection with a prosecution. *See* H.R. Rep. No. 96-831, part 1, at 26 (1980).

4. On June 26, 2023, the Court appointed a CISO and alternate CISOs for this case. ECF No. 40. This motion and attached Protective Order Pertaining to Classified Information have been reviewed by the CISO.

5. On July 17, 2023, the Government filed a Motion for Protective Order (ECF No. 79). At the July 18, 2023 Pretrial Conference Pursuant to Section 2 of CIPA, the Court found that additional conferral between the parties was required, and denied the Government's Motion for Protective Order without prejudice. *See* ECF No. 82.

6. On July 20, 2023, the parties had a conference call to confer further regarding the proposed protective order. The following day, July 21, the Government sent to the defense a revised version of the proposed protective order, which addressed several concerns raised by the defense. On July 25, the parties had a conference call to discuss the Government's revisions, and on July 26, the defense sent an email to the Government regarding their positions.

7. As a result of these additional conferrals and revisions, the parties have narrowed the points of disagreement. The two issues that remain are the following: (1) Defendant Nauta objects to language that limits his personal access to classified information, as opposed to access by his cleared counsel; and (2) Defendant Trump requests that he be permitted to discuss classified information with his counsel outside SCIFs.

**Defendant Nauta's Access to Classified Information**

8.  The Government's originally filed protective order included language that would restrict defense counsel from providing classified information to the Defendants unless such information was designated by the Government as releasable to the Defendants. *See, e.g.*, ECF No. 79-1 paras. 3.c.vi, 8. Similar provisions appear frequently in CIPA Section 3 protective orders. *See, e.g., United States v. Brown*, No. 8:21-cr-348 (M.D. Fla.), ECF No. 211, para. 6; *United States v. Jonathan & Diana Toebbe*, No. 3:21-cr-49 (S.D. W.Va.), ECF No. 66, paras. 3.b.vi, 8; *United States v. Fuentes*, No. 1:20-cr-20129 (S.D. Fla.), ECF No. 32, para. 6; *United States v. Thompson*, No. 1:20-cr-67 (D.D.C.), ECF No. 18, para. 6; *cf. United States v. Dalke*, No. 1:22-cr-313 (D. Colo.), ECF No. 31, para. 6 (allowing the government to designate information "Attorney's Eyes Only").

9.  During the initial meet-and-confer session, counsel for both Defendants objected to that language. The Government has now modified the language with respect to Defendant Trump so that classified information provided to the defense may be shared with Defendant Trump absent further order of the Court. Defendant Trump's counsel consents to this modified language. Defendant Nauta, however, stands on a different footing with respect to this provision, and the government has not agreed to modify the order to provide him with full access to classified discovery.

10. Classified information may only lawfully be provided to individuals who have a "need to know" the information. *See* Exec. Order 13526 §§ 4.1(a), 6.1(dd); *United States v. Daoud*, 755 F.3d 479, 484 (7th Cir. 2014) ("[I]n addition to having the requisite clearance the seeker must convince the holder of the information of the seeker's need to know it."). While Defendant Trump is charged with violating 18 U.S.C. § 793 by unlawfully retaining documents

3

related to the national defense, Defendant Nauta is not. Defendant Trump's counsel may need to discuss classified documents with Defendant Trump to formulate their defense strategy. On the other hand, Defendant Nauta is charged only with obstruction and false statement offenses related the movement and concealment of Defendant Trump's boxes; the contents of the classified documents contained in the boxes, and the national defense information that they contain, are not material to proving or defending against those charges. Moreover, Defendant Nauta's counsel will have the opportunity to review the classified discovery, and should they see a need to share any particular classified documents with Defendant Nauta, counsel will have an opportunity to raise the issue with the Government and the Court.[1]

11. The procedure set forth in the proposed protective order with respect to providing classified information to Defendant Nauta is consistent with the law. It is well established that "CIPA authorizes district courts to limit access to classified information to persons with a security clearance as long as the application of this requirement does not deprive the defense of evidence that would be useful to counter the government's case or to bolster a defense." *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 122 (2d Cir. 2008) (citations and internal quotation marks omitted); *see also United States v. Moussaoui*, 591 F.3d 263, 289-90 (4th Cir. 2010); *United States v. Hausa*, 232 F. Supp. 3d 257, 264 (E.D.N.Y 2017) (rejecting defendant's argument that his due process rights were violated because he was personally denied access to evidence that only he could explain to counsel). In deciding whether to restrict a criminal defendant's access to discovery that the Government has provided to defense counsel, a court "must determine whether the criminal defendant's interest in the information at issue outweighs

---

[1] The Government intends to provide to Defendant Nauta's counsel all classified discovery identified to date.

the government's interest in withholding it." *In re Terrorist Bombings*, 552 F.3d at 124; *see United States v. Rezaq*, 156 F.R.D. 514, 525 (D.D.C. 1994) ("[T]he need to protect sensitive information clearly outweighs defendant's need to know all of that information personally when his knowledge of it will not contribute to his effective defense.  Under such circumstances, limiting disclosure to defendant's counsel is warranted under Rule 16 and Section 3 of CIPA, and it does not violate defendant's constitutional rights.").[2]  As explained, Defendant Nauta has no need to review the contents of the classified information.  His cleared counsel will have full access to the documents in preparing his defense, and the protective order will allow Nauta to seek permission to review classified information personally if he establishes a need to know.  The procedure set forth in the Government's proposed protective order appropriately balances the need to protect classified information while allowing Defendant Nauta's counsel the ability to assess the documents.

### Locations for Classified Discussions

12.    The Government's proposed protective order limits the areas in which classified information may be handled and discussed.    For example, pursuant to the Government's proposed protective order, "[a]ny classified information the defense discusses with the Defendants in any way shall be handled in accordance with this Order and the attached Memorandum of Understanding, including such requirements as confining all discussions, documents, and materials to an accredited SCIF" (para. 8).

---

[2] *See also United States v. Truong Dinh Hung*, 667 F.2d 1105, 1108 (4th Cir. 1981) (finding no prejudice to espionage defendants who did not receive access to *Jencks* Act material during post-conviction motion to vacate); *cf. Untied States v. Abu Ali*, 528 F.3d 210, 254 (4th Cir. 2008) ("A defendant and his counsel, if lacking in the requisite security clearance, must be excluded from hearings that determine what classified information is material and whether substitutions crafted by the government suffice to provide the defendant adequate means of presenting a defense and obtaining a fair trial.").

13. Defendant Trump's counsel objects to the provisions in the proposed protective order that require them to discuss classified information with their client only within a SCIF. They expressed concerns regarding the inconvenience posed by this limitation and requested that Defendant Trump be permitted to discuss classified information with his counsel in his office at Mar-a-Lago, and possibly Bedminster. The government is not aware of any case in which a defendant has been permitted to discuss classified information in a private residence, and such exceptional treatment would not be consistent with the law. Pursuant to Intelligence Community Directive (ICD) 705, which relies in part on the National Security Act of 1947 (as amended), Executive Order 12333 (as amended), and Executive Order 13526, all sensitive compartmented information (SCI) must be processed, stored, used, or discussed in an accredited sensitive compartmented information facility (SCIF).[3] A significant portion of the classified discovery in this case, including the majority of the charged documents, includes SCI. Moreover, discussing even non-SCI classified information in an unsecure area would be in violation of regulations: all persons who have authorized access to classified information are "responsible for" "[e]nsuring that classified information is not communicated over unsecured voice or data circuits, in public conveyances or places, or in any other manner that permits interception by unauthorized persons." 32 C.F.R. § 2001.41.

14. Defendant Trump's personal residences and offices are not lawful locations for the discussion of classified information, any more than they would be for any private citizen. Since the conclusion of Defendant Trump's presidency, neither the Mar-a-Lago Club nor the Bedminster Club has been an authorized location for the storage, possession, review, display, or discussion of classified information. There is no basis for the defendant's request that he be given the

---

[3] ICD 705 is available at https://www.dni.gov/files/documents/ICD/ICD_705_SCIFs.pdf.

extraordinary authority to discuss classified information at his residence, and it is particularly striking that he seeks permission to do so in the very location at which he is charged with willfully retaining the documents charged in this case.

15. In short, the proposed protective order appropriately requires that classified information be handled as the law requires, and affords the CISO, in consultation with the Court, discretion to specify the precise approved locations for its storage and discussion. For example, pursuant to paragraph 26(f), the CISO may authorize the defense to discuss classified information in settings such as a hearing so long as sufficient security measures are in place. Any such determinations by the CISO will be consistent with the law and regulations concerning the storage and discussion of classified information.

WHEREFORE, the United States respectfully requests that the Court enter the attached protective order.

Respectfully submitted,

JACK SMITH
Special Counsel

By:  */s/ Jay I. Bratt*
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Julie A. Edelstein
Senior Assistant Special Counsel
Special Bar ID #A5502949

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Julie A. Edelstein*
Julie A. Edelstein
Senior Assistant Special Counsel
