UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80101-CR-CANNON

UNITED STATES OF AMERICA

        **Plaintiff,**

vs.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

        **Defendants.**

_____/

## GOVERNMENT'S SUPPLEMENTAL RESPONSE TO STANDING DISCOVERY ORDER

The United States of America, by and through the Special Counsel's Office, files this pleading to supplement prior responses (ECF Nos. 30, 59, 80) to the Standard Discovery Order, issued on June 13, 2023 (ECF No. 16), and to provide notice of a correction to the record on discovery reported at the July 18, 2023 status hearing. This pleading complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

Per the protective order issued in this case (ECF No. 27), the Government has provided two prior productions of discovery to Defendants Donald J. Trump and Waltine Nauta. *See* ECF Nos. 30, 59, 80. On July 31, 2023, the Government provided a third production of unclassified discovery to counsel for Defendants Trump and Nauta ("Production 3"). Once counsel for Defendant Carlos De Oliveira enters an appearance, the Government will promptly provide the three productions to his counsel. Production 3 includes, *inter alia*, additional CCTV footage; location and other data obtained pursuant to a search warrant; additional memorialization of

witness interviews; and grand jury transcripts. To facilitate review, the Government also identified and separately produced for the defense "key" excerpts from the CCTV footage.

Included in Production 3 is additional CCTV footage from The Mar-a-Lago Club that the Government obtained from the Trump Organization on May 9 and May 12, 2023, in response to a grand jury subpoena served on April 27. On July 27, as part of the preparation for the superseding indictment coming later that day and the discovery production for Defendant De Oliveira, the Government learned that this footage had not been processed and uploaded to the platform established for the defense to view the subpoenaed footage. The Government's representation at the July 18 hearing that all surveillance footage the Government had obtained pre-indictment had been produced was therefore incorrect. *See* 7/18/2023 Tr. at 8. With this production, which also contains CCTV footage obtained after the original indictment was returned that pertains to the new obstruction allegations in the superseding indictment, the Government has produced all the CCTV footage it obtained during its investigation. With the completion of Production 3, the Government has also now disclosed all unclassified memorialization of witness interviews finalized by today's date and all grand jury transcripts in the Government's possession.

The Government responds to the specific items identified in the standing discovery order as set forth below.

    B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

    C.    The Government is providing information or material known to the United States that may be favorable to either defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), or *United States v. Agurs*, 427 U.S. 97 (1976).

    D.    The Government has disclosed and will continue to disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made

  to prospective Government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

J. The Government's discovery productions include the grand jury testimony and recordings of witnesses who may testify for the Government at the trial of this case.

The Government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

       Respectfully submitted,

       JACK SMITH
       Special Counsel

   By: */s/ Jay I. Bratt*
      Jay I. Bratt
      Counselor to the Special Counsel
      Special Bar ID #A5502946
      950 Pennsylvania Avenue, NW
      Washington, D.C. 20530

      Julie A. Edelstein
      Senior Assistant Special Counsel
      Special Bar ID #A5502949

      David V. Harbach, II
      Assistant Special Counsel
      Special Bar ID #A5503068

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on July 31, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

              *s/ Julie A. Edelstein*
              Julie A. Edelstein
              Senior Assistant Special Counsel