UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON/REINHART

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
|  | ) |
| v. | ) |
|  | ) |
| **DONALD J. TRUMP, and** | ) |
| **WALTINE NAUTA,** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

**DEFENDANT WALTINE NAUTA'S MOTION FOR LEAVE TO FILE SUR-REPLY**

In what can only be described as a brazen and overt effort to influence the Court and/or the court of public opinion, the Special Counsel selectively quotes defense counsel's submission in deliberate contravention of a sealing order issued by the United States District Court for the District of Columbia.[1] To be sure, the Special Counsel did not, and still has not, alleged any actual conflict in defense counsel's representation of Mr. Nauta. It has not done so for the obvious fact that no conflict would arise unless and until Trump Employee 4 testified against Mr. Nauta. Thus, even were it true that Trump Employee 4 expressed a desire to no longer be represented by defense counsel, it is an unnecessarily gratuitous (mis)representation given the relief sought by the Special Counsel: a hearing to confirm that Mr. Nauta has been apprised of his rights and his desire to proceed with defense counsel's representation.

---

[1] Defense counsel is not currently aware of any application by the government to unseal defense counsel's submission. To have done so *ex parte* is arguably less professional than deliberately violating the Court's sealing order. The government did not solicit defense counsel's position on the unsealing of defense counsel's own submission, but appears to have deliberately misled both the District Court for the District of Columbia and this Court. Of course, if they did seek such an application *ex parte*, this would be the second time in as many weeks that the government has done so – a particularly ironic approach given the Special Counsel's objection to the Court conducting any *ex parte* inquiry of Mr. Nauta.

Nevertheless, because the Special Counsel only selectively cited the record in a manner that is misleading to the Court, defense counsel seeks leave to file a sur-reply. Though sur-replies are disfavored, this District's local rules allow for additional filings to be filed with leave of Court. *See* Local Rules for the Southern District of Florida 7.1(c)(1). This Circuit, like many others, grants parties the opportunity to seek leave to file sur-replies where the opposing party raised matters for the first time in the reply memorandum filed in support of the initial motion that the opposing party would otherwise be unable to address. *See generally United States v. Vedrine*, 2022 U.S. App. LEXIS 32849, at *6-7 (11th Cir. Nov. 29, 2022) (Court *sua sponte* providing United States sur-reply where Defendant raised arguments for first time in appellate reply brief). *See also Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) ("The district court routinely grants. . . motions [for leave to file sur-reply] when a party is 'unable to contest matters presented to the court for the first time' in the last scheduled pleading." (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)). *See also Clinkscales v. Chevron USA, Inc.*, 831 F.2d 1565, 1568 (11th Cir. 1987) (court has discretion to allow non-movant to file surrebuttal brief); *O'Toole v. Ford Motor Co.*, No. 6:13-cv-849, 2014 U.S. Dist. LEXIS 28917, at *5 (M.D. Fla. March 6, 2014) (granting motion seeking leave to file a sur-reply to respond to new arguments raised in reply); *In re Jolly Roger Cruises & Tours, S.A.*, 10-23257-CIV, 2011 U.S. Dist. LEXIS 44143, at *16 (S.D. Fla. 2011) (granting defendant's motion for leave to file surreply).

As defense counsel must first seek relief from the United States District Court for the District of Columbia to reference sealed proceedings, as well as from this Court to reference discovery produced in this matter, *see* Rule 16 Protective Order (June 19, 2023) (ECF No. 027) (Defendants shall not disclose Discovery Material in any public filing or in open court without

notice to, and agreement from, the United States, or prior approval from the Court."), defense counsel requests one week to submit a sur-reply.  Defense counsel does not make this request for time lightly – during this period media outlets will undoubtedly continue to draw improper and inaccurate inferences from the Special Counsel's selective citation to the record that malign both defense counsel and – more importantly – Trump Employee 4, who has done nothing to warrant the national spotlight that is now needlessly thrust upon them.[2]

## CONCLUSION

For the reasons stated herein, Defendant Waltine Nauta respectfully requests this Court grant him leave to file his sur-reply on or before August 30, 2023, which will allow Defendant to respond to matters raised for the first time in the government's August 22, 2023 filing.

[SIGNATURE ON NEXT PAGE]

---

[2] In the time since the government's submission, defense counsel has received several threatening and/or disparaging emails and phone calls.  This is the result of the Special Counsel's callous disregard for how their unnecessary actions affect and influence the public and the lives of the individuals involved in this matter.  It defies credulity to suggest that it is coincidental that mere minutes after the government's submission, at least one media outlet was reporting previously undisclosed details that were disclosed needlessly by the government.

Dated: August 25, 2023                             Respectfully submitted,

                                               */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (*pro hac vice*)
400 Fifth Street Northwest, Suite 350
Washington, District of Columbia  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
stanley@brandwoodwardlaw.com

                                               */s/ Sasha Dadan*
Sasha Dadan, Esq. (Fl. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida  34950
772-579-2771 (telephone)
772-264-5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

**Certificate of Conferral**

Pursuant to Local Rule 88.9 of the Local Rules for the United States District Court of the Southern District of Florida, defense counsel has conferred with counsel for the government whom advise that they oppose the relief sought in the instant motion because, "Neither the Court's Order nor the local rules provide for a surreply; therefore, we oppose the motion."[3]

Respectfully submitted,

/s/ Sasha Dadan
Sasha Dadan, Esq. (Fl. Bar No. 109069)
DADAN LAW FIRM, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida  34950
772-579-2771 (telephone)
772-264-5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

---

[3] Once again ironically, this is just the opposite of the position the Special Counsel's Office took in a filing *earlier this week*. On Monday, August 21, 2023, the Special Counsel's Office sought leave from the United States District Court for the District of Columbia to file a reply where none was authorized by the Court's applicable Order with respect to briefing. *See* Motion, *United States v. Trump*, No. 23-cr-257 (Aug. 21, 2023) (D.D.C.).

**Certificate of Electronic Service**

I hereby certify that on August 14, 2023, I electronically submitted the foregoing, via electronic mail, to counsel of record.

Respectfully submitted,

  */s/ Sasha Dadan*  
Sasha Dadan, Esq. (Fl. Bar No. 109069)  
DADAN LAW FIRM, PLLC  
201 S. 2nd Street, Suite 202  
Fort Pierce, Florida  34950  
772-579-2771 (telephone)  
772-264-5766 (facsimile)  
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*