UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.23-80101-CR-CANNON

UNITED STATES OF AMERICA

v.

CARLOS DE OLIVEIRA
         Defendant.
_____/

**DEFENDANT CARLOS DE OLIVEIRA'S OPPOSITION
TO THE GOVERNMENT'S MOTION FOR A *GARCIA* HEARING**

**BACKGROUND**

The Government requests that the Court hold a hearing pursuant to *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975) "to conduct an inquiry regarding *potential* conflicts of interest that *may* arise from attorney John Irving's concurrent representation of Defendant Carlos De Oliveira and three individuals the Government *may* call to testify as witnesses at trial." Gov't Mot. at 1 (ECF No. 123) (emphasis added). The Government does not assert that any *actual* conflict of interest exists between Mr. De Oliveira and the three potential witnesses that it might call at a trial that currently is scheduled to proceed nearly nine months from now, nor does it "seek a specific remedy" from the Court. *Id.* at 2, 9. The Government asks the Court to conduct this inquiry not only of Mr. De Oliveira, but also of the

three potential witnesses themselves, and it encourages the Court to appoint new counsel for those witnesses for purposes of the hearing. The Government asks the Court to inquire whether some or all of them will waive any potential conflicts.

As set forth below, counsel for Mr. De Oliveira welcomes any inquiry of Mr. De Oliveira by the Court – even one that seems premature nine months before trial – that would help to ensure the protection of Mr. De Oliveira's constitutional right to counsel. However, any such inquiry should be *ex parte*, and it should be made of Mr. De Oliveira as a charged defendant in this case. It is unclear to undersigned counsel what the purpose of any inquiry would be with respect to the proposed witnesses themselves.

To be clear, undersigned counsel is unaware of any confidential information he obtained from any of those potential witnesses that could be used to cross-examine them, as it appears clear that they provided the same information to the Government. Even if such information existed, any potential prejudice to Mr. De Oliveira can be easily avoided by having Mr. De Oliveira's Florida counsel, Donnie Murrell, cross-examine those witnesses. Further, undersigned counsel no longer represents those three individuals, and new independent counsel is being made available to advise them going forward.

## ARGUMENT

*Garcia* stands for the proposition that a *defendant* has a right to counsel of his choice, even if that attorney might be burdened with potential conflicts of interest through his earlier representation of witnesses called to testify against the defendant. In reversing the district court's disqualification of defense counsel in that case, the Court of Appeals remanded and instructed the district court "to follow a procedure akin to that promulgated in F.R. Crim. P. 11 whereby the defendant's voluntariness and knowledge of the consequences of a guilty plea will be manifest on the face of the record." *Id*. at 278. The court's concern in *Garcia* was with protecting a charged *defendant's* right to counsel. It had nothing to do with any right to counsel on the part of the government's potential *witnesses*, which stands to reason given that the Sixth Amendment's right to counsel does not extend to them. *See, e.g., Michigan v. Harvey*, 494 U.S. 344, 348 (1990); *United States v. Medko*, 2022 U.S. App. :EXIS 32505 (11th Cir. 2022).

Here, the Government seeks a hearing based on only what it believes is a *potential* for a conflict, and not any *actual* conflict. As noted above, undersigned counsel is aware of no confidential information that he learned through his representation of the three witnesses that they did not also provide to the Government, or that could be used to cross-examine those witnesses to Mr. De Oliveira's benefit. In its motion, the Government proffers that "Trump Employee 3"

told defendant Nauta that "Trump wanted to speak with him" after he spoke with his lawyer on June 24, 2022, and that defendant Nauta then changed his travel schedule to fly to Mar-a-Lago, where he [allegedly engaged in conduct that Trump Employee 3 would obviously have no knowledge of]. The Government proffers that "Witness 1" has information that is inconsistent with statements that Mr. De Oliveira made to Government investigators involving, *inter alia*, repairs and the placement of a lock. The Government further proffers, vaguely, that "Witness 2" has information about the movement of boxes and "identified Mr. De Oliveira in Mar-a-Lago security footage" moving boxes with Mr. Nauta – a fact that Mr. De Oliveira would readily confirm and stipulate to.

   Putting aside, for now, the materiality and value of the proffered testimony to the Government's allegation that Mr. De Oliveira engaged in the charged offenses, none of that proposed testimony involves confidential information that counsel for Mr. De Oliveira learned through his representation of the witnesses. The Government obviously obtained that information through its investigation and communications with the witnesses. Undersigned counsel is aware of no additional confidential information that he obtained from any of the three potential witnesses that could hypothetically be used to cross-examine them. In short, not only is there a lack of an actual conflict, which the Government apparently concedes, there is a lack of a potential one, as well.

Even assuming *arguendo* that a potential conflict exists, it can be easily addressed by having Mr. De Oliveira's Florida counsel, Donnie Murrell, cross-examine any of the three witnesses that the Government might call nine months from now. Mr. Murrell's criminal defense attorney *bona fides* are well-established, and he is perfectly capable of cross-examining any or all of the three witnesses referenced by the Government. He has never spoken with any of those individuals, and he has obtained no confidential information from or about them.

Any such hypothetical conflict could also be addressed by a knowing and voluntary waiver by Mr. De Oliveira, as *Garcia* instructs. Counsel for Mr. De Oliveira certainly has no objection to the Court ensuring that Mr. De Oliveira understands the potential ethical and constitutional issues raised by the Government and asking Mr. De Oliveira whether he would like to proceed with his current counsel.

We agree with counsel for Mr. Nauta in two important respects.[1] First, the Court's inquiry should be *ex parte* and under seal between the Court and Mr. De Oliveira. Beyond having an opportunity to articulate its basis for a potential conflict,

---

[1] Undersigned counsel also shares Mr. Nauta's counsel's concern about the Government's use of two grand juries, including one in the District of Columbia after the indictment in this jurisdiction, and he agrees that excluding the testimony of Trump Employee 4's testimony might be an appropriate remedy. Mr. De Oliveira reserves his right to challenge the admissibility of the testimony of that individual. However, because Mr. Irving never represented Trump Employee 4, that individual is not at issue with respect to the Government's request for a *Garcia* hearing with respect to Mr. De Oliveira.

the Government should have no role in the Court's inquiry and should not be privy any communications between the witnesses and Mr. Irving. *See Def. Nauta's Opp. to Motion for Garcia Hearing* (ECF No. 126) at 3. Second, because it is Mr. De Oliveira's Sixth Amendment rights that are at issue, there is no need to parade the witnesses before the press so that the Court can make an inquiry of them, where it is unclear what such an inquiry or its effect would be. *Id*. at 8-9. *Garcia* assumes that the attorney representing the defendant is obligated to maintain the confidences of his other clients who are called as Government witnesses – otherwise there would be no need to ask the defendant if he agrees to waive that aspect of his Sixth Amendment right to counsel. By asking the Court to "inform [all of Mr. Irving's clients] of potential risks and inquire into possible waivers" (Gov't Mot. at 1 (ECF No. 123), the Government apparently argues that *Garcia* requires a waiver by the *witnesses* of their attorney's obligation to maintain their confidences.

*Garcia* stands for no such principle, and the cases cited by the Government involved very different circumstances from those presented here. All of the District Court opinions referenced by the Government involved Government motions to disqualify defense counsel, which is not the posture of the Government's current motion. *United States v. Patel*, No. 19-CR-80181, 2022 WL 2191642, at *2 (S.D. Fla. June 17, 2022) involved a confusing gaggle of lawyers representing both a defendant pending trial and a post-sentence cooperating convict seeking to reduce

his sentence by providing information against the defendant, and whom the Government ultimately decided not to call as a witness. In *United States v. Phillip Braun & Blackstone Labs, LLC*, No. 19-CR-80030, 2019 WL 1893113, at *2 (S.D. Fla. Apr. 29, 2019), the Court did inquire of witnesses who had testified before the grand jury whether they "waived any actual or potential conflicts of interest which may arise," which they did, but the Court also determined that the witnesses provided no confidential information to the attorneys representing the defendants in that matter, and thus were not "materially adverse" to them. *Id*. at 16-17. As in *Patel*, the witness at issue in *United States v. Schneider*, 322 F. Supp. 3d 1294, 1296 (S.D. Fla. 2018), was a post-sentence cooperating convict from a related case who sought to inculpate the defendant in his own or related unlawful conduct, which is nowhere close to the instant situation. That court disqualified the defendant's secondary trial counsel, whose law firm had previously represented the cooperator. *United States v. Oberoi*, 331 F.3d 44 (2d Cir. 2003) is also inapposite (as well as also not controlling). There, the Second Circuit reversed a district court's denial of a public defender's motion to withdraw as counsel for a defendant when he learned that he would need to cross-examine a long term and current client of his office, who entered into a plea agreement with the Government.

It particularly makes little sense to make a waiver inquiry of the witnesses where (a) counsel is aware of no confidential information that the witnesses provided

to counsel that they did not also provide to the government, or that counsel could use to cross-examine them; (b) co-counsel, Mr. Murrell, will cross-examine the witnesses if the need arises, (c) counsel no longer represents those witnesses, and (d) new counsel is being made available to advise the witnesses going forward.

All of that said, however, and without waiving the legal arguments articulated above, undersigned counsel appreciates that the Court might nonetheless wish to discuss this issue with the witnesses themselves.

## CONCLUSION

WHEREFORE, counsel for Mr. De Oliveira respectfully submits that there is no need for a *Garcia* hearing at this time, but they do not oppose any *ex parte* and sealed inquiry of Mr. De Oliveira by the Court that would help to ensure that his Sixth Amendment right to effective defense counsel are protected.

Dated: August 30, 2023

                                              Respectfully Submitted

                                              */s Larry Donald Murrell, Jr.*
                                              LARRY DONALD MURRELL, JR.
                                              FLORIDA BAR NO: 326641
                                              400 Executive Center Drive
                                              Suite 201—Executive Center Plaza
                                              West Palm Beach, FL 33401
                                              Telephone: 561.686.2700
                                              Facsimile: 561.686.4567
                                              Email: ldmpa@bellsouth.net

        */s John S. Irving, IV*
        JOHN S. IRVING, IV
        Admitted Pro Hac Vice
        E&W Law
        1455 Pennsylvania Avenue, N.W.
        Suite 400
        Washington, D.C. 20004
        Telephone: 301-807-5670
        Email: john.irving@earthandwatergroup.com

        Attorneys for Defendant Carlos De Oliveira

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

        */s Larry Donald Murrell, Jr.*
        LARRY DONALD MURRELL, JR.