UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.23-80101-CR-CANNON

UNITED STATES OF AMERICA

v.

CARLOS DE OLIVEIRA
        Defendant.
_____/

# SECOND SPEEDY TRIAL REPORT
# BY DEFENDANT CARLOS DE OLIVEIRA

Pursuant to Local Rule 88.5 and the Court's Omnibus Order Setting Trial Date and Establishing Pretrial Instructions and Sentencing Procedures (ECF No. 28), both of which require the filing of Speedy Trial Reports, Defendant Carlos De Oliveira hereby files this Second Speedy Trial Report regarding the status of his case under the Speedy Trial Act of 1984, 18 U.S.C. §§ 3161 *et seq.* ("Speedy Trial Act").

Mr. De Oliveira agrees that in its July 21, 2023, Order Granting in Part Government's Motion to Continue Trial and Resetting Deadlines (ECF No. 83), the Court excluded all of the time between the date of that Order and the trial date of May 20, 2024, pursuant to 18 U.S.C. § 3161(h)(7)(A); and that by Order dated August 21, 2023 (ECF No. 128), the Court extended its earlier Order to Defendant De Oliveira.

However, the Court's July 21, 2023, Order predated the superseding indictment in this case, which the Government filed on July 27, 2023 (ECF No. 85). Mr. De Oliveira initially appeared on July 31, 2023 (ECF No. 89), and he was arraigned on August 10, 2023 (ECF No. 109).

Mr. De Oliveira does not dispute that the Speedy Trial Act provides for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Nor does Mr. De Oliveira dispute that several cases brought to counsel's attention by the Government essentially track that language. *See United States v. Mejia*, 82 F.3d 1032, 1035 (11th Cir. 1996) (abrogated on other grounds by *Bloate v. United States*, 559 U.S. 196 (2010)); *United States v. Sarro*, 742 F.2d 1286, 1299 (11th Cir. 1984). *See also United States v. Vasquez*, 918 F.2d 329, 337 (2d Cir. 1990) (The Speedy Trial Act "imposes a unitary time clock on all co-defendants joined for trial."). That said, the Court's reasoning as to codefendants Trump and Nauta rely on paragraph (h)(7), understandably where they were made prior to the superseding indictment that included Mr. De Oliveira. As yet, however, there has been no finding as to section (h)(6). An "ends of justice" finding under section (h)(7)(A) cannot be made retroactively. *See Zedner v. United States*,

547 U.S. 489, 507-08 (2006).[1] It follows that such a finding also cannot be retroactively applied absent a finding under paragraph (h)(6).

Mr. De Oliveira's position, respectfully, is that the Speedy Trial Act has not been tolled as to him, and that 70 days of his first appearance on July 31, 2023, would run on October 9, 2023. Even if the Court determines that the Act was tolled by its August 21, 2023, Order, the 22 days between his July 31, 2023, appearance and the August 21, 2023, Order should be subtracted from the Speedy Trial Act clock, leaving 48 days.

Dated: September 12, 2023

                                          Respectfully Submitted

                                          */s Larry Donald Murrell, Jr.*
LARRY DONALD MURRELL, JR.
FLORIDA BAR NO: 326641
400 Executive Center Drive
Suite 201—Executive Center Plaza
West Palm Beach, FL 33401
Telephone: 561.686.2700
Facsimile: 561.686.4567
Email: ldmpa@bellsouth.net

                                        */s John S. Irving, IV*
JOHN S. IRVING, IV
D.C. Bar No 460068 (Admitted Pro Hac Vice)
E&W Law

---

[1] *Zedner* was decided before the provisions of paragraph (h) were reordered in 2008. The "ends of justice" provision is now in paragraph (h)(7)(A), not (h)(8).

1455 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20004
Telephone: 301-807-5670
Email: john.irving@earthandwatergroup.com

Attorneys for Defendant Carlos De Oliveira

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 12, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.