UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**CARLOS DE OLIVEIRA**,

    Defendant.

_____/

### ORDER FOLLOWING *GARCIA* HEARING AND ACCEPTING WAIVER OF CARLOS DE OLIVEIRA

**THIS MATTER** comes before the Court following a *Garcia* hearing held as to Defendant Carlos De Oliveira on October 12, 2023 [ECF No. 181]. *See United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975). The hearing was conducted after full briefing on the Office of the Special Counsel's Motion ("Motion") to address potential conflicts of interest arising from John Irving's former representation of three potential trial witnesses [ECF Nos. 123, 137, 145; *see* ECF No. 161]. Defendant De Oliveira attended the public hearing and answered questions under oath. The Office of the Special Counsel and defense counsel presented argument and answered questions on the potential conflicts raised in the Motion [ECF No. 123 pp. 3–4]. Following a full colloquy, the Court found that Defendant De Oliveira knowingly, intelligently, and voluntarily waived his Sixth Amendment right to conflict-free counsel arising from any actual or potential conflicts of interest caused by Mr. Irving's former representation of the individuals identified in the Motion. Finding no basis not to accept that express and unconditional waiver, the Court hereby **ACCEPTS** Defendant De Oliveira's waiver of his right to conflict-free

representation.[1]

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 15th day of October 2023.

                               **AILEEN M. CANNON**
                               **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

[1] As stated in the Motion and reiterated during the October 12, 2023, hearing, the Office of the Special Counsel does not at this time seek disqualification of Mr. Irving or any other remedy related to the alleged conflicts [ECF No. 123 p. 1]. Mr. Irving indicated that Defendant De Oliveira's local counsel, Donnie Murrell, Jr., is prepared to conduct the cross-examinations of the subject witnesses should any of them be called to testify at trial [ECF No. 123 pp. 3–4], and Defendant De Oliveira fully assented to that arrangement.