**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

UNITED STATES OF AMERICA,

vs.

DONALD J. TRUMP, *et al.*,

　　　　　　Defendants.

**Case No. 23-80101-CR**
**CANNON/REINHART**

**DEFENDANTS' MOTION TO EXTEND DEADLINE FOR**
**DISCOVERY REQUESTS AND MOTIONS TO COMPEL**

President Donald J. Trump hereby moves this Court to stay Defendants' October 20, 2023 deadline to file motions to compel discovery or any discovery-related request and, in support thereof, states as follows:[1]

1.　　　A stay of the October 20, 2023 deadlines is necessary because of the failure of the Special Counsel's Office to produce discovery pursuant to the schedule that it described to the Court and defense counsel in June and July 2023.  Indeed, on October 14, 2023, President Trump's counsel learned that the Office's October 6, 2023 production of approximately 2,400 pages of additional classified discovery is still not available for review in this District.

2.　　　Despite the Office's discovery failures, and despite the fact that there is a pending motion for "an adjusted schedule" of *inter alia*, "defense discovery requests" and "motions to compel," the Special Counsel's Office opposes this straightforward application of the stay order. (*See* Dkt. No. 160 at 1).  Accordingly, for the reasons set forth in President Trump's pending adjournment motions, as well as the reasons set forth below, Defendants respectfully request that

---

[1] Defendants Waltine Nauta and Carlos De Oliveira join President Trump in filing this motion.  While Defendants and the Special Counsel's Office have conferred in good faith, the Office opposes this motion and requests one business day to respond in opposition.

the Court stay the October 20, 2023 deadline and set a new one in connection with the resolution of the pending adjournment motions.

## **BACKGROUND**

3.      In the July 21, 2023 scheduling order, the Court set an October 20, 2023 deadline for any "motion to compel discovery or any discovery-related request." (Dkt. No. 83). The Court observed in the scheduling order that "discovery in this case is exceedingly voluminous and will require substantial time to review and digest in accordance with Defendants' right to a fair trial." (Dkt. No. 83 at 4).

4.      The Court entered the July 21 order and scheduled the corresponding deadlines in light of false representations by the Special Counsel's Office to the Court that "all" discovery would be available on "day one." (7/18/23 Tr. at 62). As detailed in our filings on October 4 and October 11, 2023—Dkt. Nos. 167 and 178, respectively—the Special Counsel's Office continues to produce unclassified and classified discovery. To date, the Special Counsel's Office has produced more than 680,000 unclassified documents and emails (totaling nearly 1.3 million pages), which is considerably more unclassified discovery than the Office estimated to the Court prior to the entry of the July 21, 2023 scheduling order. (*See, e.g.*, Dkt. No. 178 at 2).

5.      On September 22, 2023, President Trump filed a motion "seeking an adjusted schedule for defense discovery requests, motions to compel, and motions pursuant to § 4 of the Classified Information Procedures Act." (Dkt. No. 160). The motion is under consideration, along with President Trump's October 4, 2023 motion for an adjournment of the trial date in light of, *inter alia*, ongoing discovery failures. (Dkt. Nos. 167, 178).

6.      On September 25, 2023, at the direction of the Court, defendants Waltine Nauta and Carlos De Oliveira filed briefs relating to the appropriate scope of the CIPA § 3 protective orders. (Dkt. Nos. 163-64).

7.      On October 6, 2023, the Court entered the stay order, "temporarily staying CIPA § 4 deadlines [Dkt. No. 83] pending consideration and resolution of Defendants' Motion for a Revised Schedule for Motions to Compel and CIPA § 4 Litigation [Dkt. No. 160] and the Supplemental Briefs on CIPA §§ 3 and 4 [Dkt. Nos. 162-64]."  (Dkt. No. 168).

8.      The Special Counsel's Office continues to produce discovery, including productions on October 6, 2023 of both unclassified and classified discovery.  (Dkt. No. 178 at 5). The October 6 classified production nearly doubled the volume of classified discovery in this case, and counsel has not had an opportunity to review that production as of this filing.  (*See* Dkt. No. 167 at 5-7; Dkt. No. 178 at 2-4).  Specifically, as noted above, defense counsel learned on October 14, 2023 that the Office still had not made appropriate arrangements to transport the production to this District.

9.      The Special Counsel's Office has also indicated that additional discovery is forthcoming, including both classified and unclassified Jencks Act materials that the Office previously told the Court it would produce in July 2023.  (Dkt. No. 178 at 3).

## APPLICABLE LAW

10.     When good cause is shown, the Court has broad discretion to manage cases, including trial schedule and discovery deadlines.  *See United States v. Ammar*, 842 F.3d 1203, 1212 (11th Cir. 2016) (noting that "a trial court is ordinarily given 'great discretion to make decisions concerning trial schedules and to respond to abuse and delay where appropriate," while the Speedy Trial Act at times 'confines the exercise of that discretion more narrowly . . . .'") (citing *United States v. Taylor*, 487 U.S. 326, 343 (1988)); *see also United States v. Perraud*, No. 09-60129-CR, 2010 WL 228013, at *11 (S.D. Fla. Jan. 14, 2010) ("Defendants correctly point out

that Rule 16(d)(1), Fed. R. Crim. P., authorizes the court 'for good cause' to 'grant . . . appropriate relief' with respect to the conduct of discovery.").

11.     "In accordance with Fed. R. Crim. P. 16.1(b), to facilitate preparation for trial, one or both parties may ask the court to modify the time, place, manner, or other aspects of disclosure prescribed by this rule or Fed. R. Crim. P. 16, or to determine the time, place, manner or other aspects of disclosure that have not already been determined by this rule or Fed. R. Crim. P. 16." Local Rule 88.10; *see also* Fed. R. Crim. P. 16.1(b) ("After the discovery conference, one or both parties may ask the court to determine or modify the time, place, manner, or other aspects of disclosure to facilitate preparation for trial.").

## DISCUSSION

12.     This motion, necessitated by the unreasonable position of the Special Counsel's Office, is a straightforward application of the Court's stay order.  (Dkt. No. 168).  There are pending motions for adjournments of, *inter alia*, the October 20, 2023 deadline for discovery requests and motions to compel.  Pursuant to the stay order, those deadlines should be stayed until the adjournment motions are resolved.

13.     Notwithstanding the stay order, the Special Counsel's Office opposes this motion. This is odd, to put it mildly, in light of the fact that the Office's untimely productions are the reason that the schedule is no longer viable.  The resolution of the adjournment motions has been greatly complicated by the ongoing failures of the Special Counsel's Office to produce discovery on the timeline that it represented to the Court and counsel this summer.  For example, the Office still has not explained the timing of its October 6, 2023 production of thousands of pages of additional classified discovery, which is greatly in excess of what the Office estimated to the Court as recently as September 12, 2023.

14.     The Special Counsel's Office has not even made the October 6 classified production available to Defendants in this District.  Despite that fact, and despite the pending dispute over the scope of the CIPA § 3 protective orders relating to President Trump's co-defendants, the Office suggested to counsel on the night of October 13, 2023 that defendants should be required to make discovery requests relating to thousands of pages of late classified discovery by the end of the week of October 16, 2023.  In other words, the Office has offered defendants less time to review the production and make requests relating to it than the Office took to get the materials to Florida in the first place.

15.     Also, on the night of October 13, 2023, the Special Counsel's Office took the baseless position that there is a distinction to be drawn between classified and unclassified discovery for purposes of the October 20 deadline.  The distinction does not appear in the scheduling order or the stay order.  Rather, the Office seeks to manufacture this distinction to continue to pressure defense counsel to move ahead on an unreasonable schedule that the Office itself has not met.

16.     Moreover, the proffered distinction between unclassified and classified litigation is entirely illusory for these purposes.  It is simply wrong to suggest that this case can proceed on distinct tracks and schedules for classified and unclassified discovery.  Our review of the classified materials informs our review of the unclassified materials, and vice versa.  Our unclassified motions will implicate some evidence that is classified, and the CIPA litigation will at times impact unclassified aspects of the case.  This is particularly true with respect to discovery requests and motions to compel.  As one example, if the parties have a dispute over whether components of the Intelligence Community are part of the prosecution team—and thus whether the Office's Rule 16, *Brady*, and Jencks Act obligations extend to the disputed components—the Court's resolution of

that motion will have implications for both classified and unclassified materials.  That is why, when the Office was operating in a manner that was slightly more consistent with the reality of a case like this, the prosecutors conceded that discovery requests may require additional CIPA § 4 litigation.  (*See* 7/18/23 Tr. at 13-14).

17.     Finally, to be clear, defendants are not sitting idly while the adjournment motions are pending.  Counsel have made progress on the review of the terabytes of discovery in this case. In that regard, on October 9, 2023, President Trump sent the Special Counsel's Office a letter with initial discovery demands, and defendants will continue to transmit demands to the Office as we complete our ongoing review of discovery.  President Trump's initial set of discovery demands call for the Special Counsel's Office to produce as-of-yet unavailable and/or unproduced discovery, including, *inter alia*, certain documents and communications in the possession of other members of the prosecution team (*e.g.*, certain Department of Justice components and the National Archives and Records Administration ("NARA")); policies and procedures regarding NARA's historical practices for handling classified information and basis for referring or not referring matters relating to the possible mishandling of classified information to other government agencies; and numerous categories of documents and communications referenced in discovery but not yet produced. The initial discovery demands will result in either additional discovery, both classified and unclassified, or motion practice if we are unable to reach agreement with the Special Counsel.  This process is ongoing and, to the extent there is delay in this effort, such delay is because the Office has not completed discovery within the timeframe contemplated by the Court's scheduling order (or as otherwise promised by the Special Counsel's Office), preventing the defense from completing this process by October 20, 2023.  For these reasons, the defense seeks the confirmatory relief requested herein.

## **CONCLUSION**

18.     Consistent with the existing stay order, and for good cause shown, President Trump respectfully requests that the Court explicitly stay the October 20, 2023 deadline in the operative scheduling order until the pending adjournment motions are resolved.


Dated: October 15, 2023                    Respectfully submitted,

                                           */s/ Christopher M. Kise*
                                           Christopher M. Kise
                                           Florida Bar No. 855545
                                           ckise@continentalpllc.com
                                           CONTINENTAL PLLC
                                           255 Alhambra Circle, Suite 640
                                           Coral Gables, Florida 33134
                                           (305) 677-2707

                                           */s/ Todd Blanche*
                                           Todd Blanche
                                           Admitted Pro Hac Vice
                                           ToddBlanche@blanchelaw.com
                                           Emil Bove
                                           Admitted Pro Hac Vice
                                           Emil.Bove@blanchelaw.com
                                           BLANCHE LAW PLLC
                                           99 Wall Street, Suite 4460
                                           New York, New York 10005
                                           (212) 716-1250

                                           *Counsel for President Donald J. Trump*

## CERTIFICATE OF SERVICE

I, Christopher M. Kise, certify that on October 15, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise