UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**WALTINE NAUTA**,

    Defendant.
_____/

## ORDER FOLLOWING HEARING AND RESCHEDULING *GARCIA* HEARING

**THIS MATTER** comes before the Court following a hearing held on October 12, 2023, for purposes of conducting a *Garcia* colloquy as to Defendant Waltine Nauta [ECF No. 185]. In light of the concerns raised by counsel for Defendant Nauta regarding new arguments and legal authorities raised by the Office of the Special Counsel ("OSC") for the first time during the hearing (and not previously included in the OSC's filings [*see* ECF Nos. 97, 129]), the Court adjourned the hearing to consider the matter and to allow time for defense counsel to fully advise Defendant Nauta as to the OSC's new arguments and how they pertain to Defendant Nauta's Sixth Amendment rights.

Following such adjournment, and in light of the aforementioned circumstances, it is **ORDERED AND ADJUDGED** as follows:

1. **On or before October 17, 2023**, the parties shall meaningfully confer to further clarify the nature, scope, and potential manifestations of the conflicts alleged by the OSC regarding Stanley Woodward's former representation of Trump Employee 4 and current

representation of Witness 1.[1]  This conferral should include a comprehensive discussion of the ways in which the OSC believes that Mr. Woodward's former representation of Trump Employee 4 and current representation of Witness 1 could adversely affect Mr. Woodward's performance so as to render his assistance of Defendant Nauta ineffective, in violation of the Sixth Amendment.[2]   The OSC shall disclose to defense counsel all legal authorities in support of its position so that Mr. Woodward may adequately advise Defendant Nauta prior to the continued *Garcia* hearing.

2. **On or before October 18, 2023,** the OSC shall file a Supplement to its *Garcia* Motion [ECF No. 123], not to exceed five double-spaced pages, succinctly setting forth the particular ways in which the potential or actual conflicts could render Mr. Woodward's representation of Defendant Nauta ineffective, along with any supporting legal authority.

3. Defendant Nauta shall file a Response to the OSC's Supplement, not to exceed five pages, **on or before October 19, 2023**.

4. The *Garcia* hearing as to Defendant Nauta is **RESCHEDULED** for **October 20, 2023, at 2:00 P.M.** in the Fort Pierce Division.   Defendant Nauta, associated defense counsel, and attorneys for the OSC must be present.  **No continuances of this date will be**

---

[1]  The Court references potential witnesses using the designations in the OSC's Motion for *Garcia* Hearing [ECF No. 123].   During the October 12, 2023, hearing, the OSC advised that it will not be calling Witness 2 at trial.   Accordingly, the rescheduled *Garcia* hearing will be limited to the potential or actual conflicts presented by Mr. Woodward's former representation of Trump Employee 4 and current representation of Witness 1.

[2]  To date, the OSC has not moved the Court to disqualify Mr. Woodward as counsel or to impose remedial measures on Mr. Woodward's ability to perform as counsel for Defendant Nauta [ECF No. 97 p. 9].   Any consideration of disqualification or imposition of other remedial measures will be addressed following the *Garcia* hearing as part of the Court's decision to accept or decline any proffered waiver.

CASE NO. 23-80101-CR-CANNON

**granted**.  The remaining Defendants and their counsel may, but are not required to, attend.  As before, this rescheduled hearing will be held publicly subject to the same procedure referenced in the Court's initial scheduling order and related orders [ECF Nos. 161, 177, 180].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 16th day of October 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record