**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

UNITED STATES OF AMERICA,

vs.

DONALD J. TRUMP, *et al.*,

        Defendants.

**Case No. 23-80101-CR**
**CANNON/REINHART**

**PRESIDENT TRUMP'S REPLY TO THE OCTOBER 19, 2023**
**"SUPPLEMENTAL RESPONSE" BY THE SPECIAL COUNSEL'S OFFICE**

President Donald J. Trump respectfully submits this reply to the October 19, 2023 "supplemental response" filed by the Special Counsel's Office. (Dkt. No. 190). We provided a classified supplement to this filing to the Classified Information Security Officer for delivery to the Court and counsel of record.

On October 17, 2023, the Special Counsel's Office caused approximately 2,487 pages of documents and four discs to be delivered to President Trump's counsel, for the first time, at a secure facility in this District. As explained in detail in the classified supplement, the Office possessed most of these materials before it brought this case. There is no apparent reason why many of these materials could not have been produced sooner, as the Office agreed to do in filings and hearings before the Court between June and September 2023. Even if we set aside the hours of interview recordings included in these productions, the Office omits from its "supplemental response" that the four discs contained more than three gigabytes of data relating to six facilities, approximately 13,584 additional pages, and approximately 546 photographs. Thus, it is misleading for the Office to contend that its classified productions have consisted of "5,431 pages of classified discovery plus four discs." (Dkt. No. 190 at 4).

On October 18, 2023, the Special Counsel's Office made available additional materials, for the first time, on a read-and-return basis. Some of those materials were the specific documents at issue in certain of the § 793(e) counts. Thus, after four months of delay, we were allowed to review for the first time documents that are critical to some of the serious felony charges the Office has filed against President Trump. And we still lack access to facilities that we can use to write letters or motions about these "special measures" materials.

For the reasons stated in the classified supplement, this week's productions further underscore the inaccuracies of the previous representations by the Special Counsel's Office regarding discovery and the existing deficiencies in the Office's productions to date. Moreover, the Office's recent production of both classified and unclassified materials in response to our October 9, 2023 unclassified discovery requests is yet another illustration of the fact that there is no meaningful or efficient distinction to be drawn between classified and unclassified motions to compel. Through discovery requests and a motion to compel, if necessary, President Trump is seeking the evidence to which he is entitled under Rule 16, *Brady*, *Giglio*, and the Jencks Act— regardless of its classification status. We cannot predict whether and to what extent as-of-yet unproduced discoverable materials are classified. Our review of the recently produced classified discovery will inform our discovery strategy with respect to materials that may be unclassified. Perhaps most importantly, we will rely on classified information in support of any motion to compel. Thus, even if we had been provided with adequate time to review the discovery, which we have not, requiring separate motions relating to unclassified and classified discovery would serve nothing other than the Office's efforts to rush ahead with the case while disregarding the defendants' due process rights and its own obligations.

Finally, although our review of the recently produced materials is ongoing, we submitted classified discovery requests to the Office today in an effort to resolve disputes relating to these deficiencies without the need for judicial intervention. In light of the Office's late productions, and because we plan to continue to work in good faith to address these issues short of motion practice, the application of the Court's stay order to the October 20, 2023 deadlines is appropriate while the Court considers the other pending adjournment requests.

Dated: October 19, 2023

Respectfully submitted,

*/s/ Christopher M. Kise*
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*/s/ Todd Blanche*
Todd Blanche
Admitted Pro Hac Vice
ToddBlanche@blanchelaw.com
Emil Bove
Admitted Pro Hac Vice
Emil.Bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

*Counsel for President Donald J. Trump*

## CERTIFICATE OF SERVICE

I, Christopher M. Kise, certify that on October 19, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise