UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON/REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| WALTINE NAUTA, | ) |
| | ) |
| Defendant. | ) |

**SUPPLEMENTAL BRIEFING RE CLASSIFIED INFORMATION PROTECTION ACT**

"The lady doth protest too much, methinks."

William Shakespeare, Hamlet, act 3, sc.2.

Neither in its Motion for a *Garcia* Hearing (Aug. 2, 2023) (ECF No. 97), its Reply in support thereof (Aug. 22, 2023) (ECF No. 129), nor its Supplement in support of the same (Oct. 18, 2023) (ECF No. 189), does the Special Counsel's Office assert that defense counsel for Defendant Waltine Nauta has any conflict of interest in the continued representation of Mr. Nauta despite defense counsel's prior representation of Trump Employee 4 or continued representation of Witness 1.[1]  Moreover, even were it to do so, the Special Counsel's Office neglects to even cite the recent opinion of the Eleventh Circuit in which the Circuit held that where a defendant is represented by multiple counsel, the fact that one counsel is, "laboring under an actual conflict of interest," does not contravene the defendant's Sixth Amendment right

---

[1] Although not mentioned in its supplement, defense counsel also informed the Special Counsel's Office that should the Office actually make efforts to secure Witness 1's testimony in this trial, defense counsel will ensure that Witness 1 obtain alternate or co-counsel to advise him concerning any such testimony.

to effective assistance of counsel.  *Ochoa v. United States*, 45 F.4th 1293, 1299 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1024 (2023).  Instead, the Special Counsel's Office seeks to micromanage defense counsel's handling of any potential conflict arising from the trial testimony of a witness, which such witness benefited from limited former representation, no ongoing dual representation, no indication of conflict resulting from the representation itself, no indication of attorney-client privileged information at issue, and no occasion for cross-examination by the counsel in question (as co-counsel is available for the same).[2]

At the outset, the Special Counsel's Office improperly asserts that the Eleventh Circuit's opinion in *United States v. Ross*, 33 F.3d 1507 (11th Cir. 1994), stands for the proposition that defense counsel, "suffer[s] insurmountable conflict of interest problems." *Id.* at 1523, *cited in* Suppl., at 2 (Oct. 18, 2023) (ECF No. 189).  In *Ross*, however, the Circuit recognized that each case turns on its facts and that a District Court's scope of discretion in addressing questions of conflict is substantial.  Indeed, a key factor for the District Court in *Ross* was that the representational conflicts in successive representation of *defendants* were "insurmountable" given the nature of the defenses of each defendant to common conspiracy charges and the extent to which defense counsel were involved in crafting and presenting defenses to those charges.

Here, there is no such classic blameshifting at issue in the potential testimony of Trump Employee 4.  The Special Counsel's Office cannot plausibly assert that defense counsel will try to show that any crime was committed or that Trump Employee 4 committed it.  Reliance by the Special Counsel's Office on *United States v. Perez*, 694 F. Supp. 854, 858 (S.D. Fla. 1988), is similarly misplaced.  There, defense counsel *acknowledged* seeking to use privileged information about the original client to show that the original client had committed even more serious crimes

---

[2] A fact that defense counsel acknowledged in its Surreply (Sept. 5, 2023) (ECF No. 144).

than the original client now witness had admitted to. Indeed, none of the limited non-precedential cases cited by the Special Counsel's Office—the handful of cases in which district courts accepted the conflicts arguments of the government[3]—addresses the situation here involving the very limited representation of an individual whom the Special Counsel's Office wished to question in relation to a matter that later developed into a criminal prosecution of another client.

To that end, the Special Counsel's Office also improperly relies on the Eleventh Circuit's opinion in *Freund v. Butterworth*, 165 F.3d 839 (11th Cir. 1999), for the proposition that there is any presumption that defense counsel's cross-examination of Trump Employee 4, or any other zealous representation of Mr. Nauta gives rise to a presumption of the utilization of privileged information. The *Freund* court discussed such a presumption only in the context of prior or simultaneous *criminal defense* representation of criminal defendants accused of the commission of an offense and only when the conflict-of-interest claim is raised by the defendant, not the prior client. For several reasons, the inconsistent positions of the Special Counsel's Office on such a continuing presumption show it does not apply in this very different context. First, the *Freund* presumption of privileged information is applied where, "it is not practical or fair to require a

---

[3] *United States v. Cordoba*, 2013 U.S. Dist. LEXIS 152073 (S.D. Fl. Oct. 17, 2013), is inapposite. There, a magistrate judge concluded that defense counsel should be disqualified, only for the government to reach a favorable resolution to the case – involving no imprisonment – before the magistrate's decision could be challenged. Moreover, the facts are readily distinguishable insofar as defense counsel represented an individual charged by the State of Florida in proceedings substantially similar to those brought against another client of defense counsel in Federal District Court. Not only was the defense counsel's representation of the government witness in State court paid for by the defendant in Federal Court, but the defense counsel continued to represent the witness in expungement proceedings. Because the government proffered that its witness would provide evidence directly inculpatory to the Federal defendant, the court concluded the government witness and the Federal defendant were materially adverse to one another and therefore an actual conflict existed with respect to defense counsel's dual representation of both.

*subsequent* client to prove what specific facts the *former* client disclosed to the lawyer during the prior representation." *Freund*, 165 F.3d at 859 (emphasis added).

Here, the party asserting a conflict—the Special Counsel's Office—has already fully debriefed the former client – Trump Employee 4 – and has been made aware of information previously provided in the limited representation (going so far as to inquire into the matters in grand jury proceedings). Thus, in this case, we do not have a defendant claiming an actual conflict and a disadvantage with respect to the restrictions his counsel faces. Rather, we have a defendant who is waiving any conflict, and more importantly, we have (apparently) all of the attorney-client privileged information already disclosed to the Special Counsel's Office.

Indeed, it is noteworthy that in the United States District Court for the District of Columbia the Special Counsel's Office has taken precisely the opposite position with respect to privileged communications. Specifically, in that District, the Special Counsel's Office took the position that where a witness represented by counsel in a government compliance matter is not forthcoming with their counsel, a crime-fraud exception applies, voiding the attorney-client privilege. While Mr. Nauta vehemently opposes any application of the crime-fraud rulings made in a faraway District to this case, it is nevertheless impermissible for the Special Counsel's Office to tailor the positions it takes before courts and/or grand juries in the various Districts where it seeks an advantage in its prosecution of former President Trump and his coconspirators.

Because it appears that the Special Counsel's Office well knows what was disclosed to defense counsel by Trump Employee 4, the Special Counsel's Office cannot maintain its position that the revelation of the same is barred. Put differently, the assertion of the Special Counsel's Office of a presumption of continuing privilege in this context, where the Special Counsel's Office sought and obtained new counsel for Trump Employee 4 for the purpose of providing a

4

means for Trump Employee 4's testimony to change, and for his prior assertions to be explained by him—all of which was done not in the District where this case is pending, but in a faraway District, raising separate issues of grand jury misconduct—warrants development of the record at a hearing so as to ascertain to what extent any applicable privilege has been waived by Trump Employee 4's disclosures to the Special Counsel's Office. At a minimum, if the Special Counsel's Office persists in asserting that privileged information remains, an evidentiary hearing is warranted as to what the Special Counsel's Office is withholding regarding Trump Employee 4, his claims as to prior representation, and whether there has been any failure to disclose such matters to the Special Counsel's Office.

\* \* \*

Given the unique facets of this case, defense counsel respectfully submits that this Court deny any relief requested by the Special Counsel's Office beyond a request to hold a *Garcia* hearing for the purpose of advising Mr. Nauta of his right to conflict free counsel including the relief to which defense counsel has already assented, including allowing co-counsel to cross-examine any former or current clients that testify in this matter.

Dated: October 19, 2023                              Respectfully submitted,

                                                                    */s/ Stanley E. Woodward, Jr.*
                                                                    Stanley E. Woodward, Jr. (*pro hac vice*)
                                                                    400 Fifth Street Northwest, Suite 350
                                                                    Washington, District of Columbia  20001
                                                                    202-996-7447 (telephone)
                                                                    202-996-0113 (facsimile)
                                                                    stanley@brandwoodwardlaw.com

                                                                    *Counsel for Defendant Waltine Nauta*

**Certificate of Electronic Service**

I hereby certify that on October 19, 2023, I electronically submitted the foregoing, via electronic mail, to counsel of record.

<div style="text-align:right">

Respectfully submitted,

*/s/ Sasha Dadan*
Sasha Dadan, Esq. (Fl. Bar No. 109069)
DADAN LAW FIRM, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida  34950
772-579-2771 (telephone)
772-264-5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

</div>