**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-80101-CR-CANNON**

**UNITED STATES OF AMERICA**,

 Plaintiff,

v.

**WALTINE NAUTA**,

 Defendant.

_____/

**ORDER FOLLOWING *GARCIA* HEARING**
**AND ACCEPTING WAIVER OF WALTINE NAUTA**

**THIS MATTER** comes before the Court following a *Garcia* hearing held as to Defendant

Waltine Nauta on October 20, 2023 [ECF No. 194; *see* ECF Nos. 185, 186].   *See United States v.*

*Garcia*, 517 F.2d 272 (5th Cir. 1975).   The hearing was conducted after full briefing on the Office

of the Special Counsel's Motion ("Motion") to address potential conflicts of interest arising from

Stanley Woodward's current and former representation of two potential trial witnesses

[ECF Nos. 97, 126, 129, 189, 193; *see* ECF No. 161].   Defendant Nauta attended the hearing and

answered questions under oath.   Following a full colloquy, the Court found that Defendant Nauta

knowingly, intelligently, and voluntarily waived his Sixth Amendment right to conflict-free

counsel arising from any actual or potential conflicts of interest arising from Mr. Woodward's

current representation of Witness 1 or former representation of Trump Employee 4 [ECF No. 194].

 "[A] criminal defendant has a presumptive right to counsel of choice, . . . and courts should

hesitate to disqualify defense counsel."   *United States v. Ross*, 33 F.3d 1507, 1522–23 (11th Cir.

1994) (citing *Wheat v. United States*, 486 U.S. 153, 164 (1988)); *In re Paradyne Corp.*, 803 F.2d

604, 611 n.16 (11th Cir. 1986) ("The Constitution grants defendants the prerogative of choosing, knowingly and voluntarily, the right to retain chosen counsel over the right to effective representation free from conflict of interest.").   A defendant's right to chosen counsel is not absolute, however.   The Court has an "independent duty to ensure that criminal defendants receive a trial that is fair and does not contravene the Sixth Amendment." *Wheat*, 486 U.S. at 161.   As such, in deciding whether to accept Defendant Nauta's proffered waiver, the Court must balance two competing Sixth Amendment rights: the right to representation by chosen counsel, and the right to effective representation free of conflicts of interest. *See Ross*, 33 F.3d at 1523.   In making this decision, the Court should independently take care to "ensur[e] that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat*, 486 U.S. at 160.

Applying these principles, and in consideration of the full record, it is the determination of this Court that the identified potential conflicts do not warrant disqualification of Mr. Woodward as trial counsel.[1]   Nevertheless, under the circumstances presented, the Court finds warranted the arrangement agreed to by Defendant Nauta as to the potential cross-examination of Witness 1 and Trump Employee 4.   Should either individual be called as a witness in this matter, Sasha Dadan, local counsel for Defendant Nauta, shall conduct the cross-examination of those witnesses [ECF No. 189 p. 1; ECF No. 193 p. 5].[2]   With this understanding, and satisfied that Mr. Woodward will provide effective and ethical representation to Defendant Nauta in this matter, the

---

[1] Nor has any party moved for such relief.

[2] Consistent with defense counsel's commitment to ensure that Witness 1 is properly advised concerning Witness 1's potential trial testimony, alternate counsel should be obtained for Witness 1 in the event the Office of the Special Counsel indicates with clarity that Witness 1 will be called as a witness at trial [ECF No. 193 p. 1 n.1].

Court **ACCEPTS** Defendant Nauta's waiver of his right to conflict-free representation and authorizes Mr. Woodward to remain as trial counsel.[3]

 **DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 25th day of October 2023.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[3] In a prior filing, Defendant Nauta requested the opportunity to brief the Court on the admissibility of Trump Employee 4's testimony at trial [ECF No. 144 p. 5]. Any such request may be made in the form of a properly raised pre-trial motion in accordance with the Court's operative scheduling order.