## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONALD J. TRUMP,<br><br>*Defendant*. | Case No. 1:23-cr-00257-TSC |

## PRESIDENT TRUMP'S OPPOSED MOTION TO STAY CASE PENDING RESOLUTION OF MOTION TO DISMISS BASED ON PRESIDENTIAL IMMUNITY

President Donald J. Trump respectfully requests that this Court stay all proceedings in this case until the issues raised in his Motion to Dismiss the Indictment Based on Presidential Immunity, Doc. 74, are fully resolved.

The Supreme Court has "repeatedly … stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Davis v. Scherer*, 468 U.S. 183, 195 (1984); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Anderson v. Creighton*, 483 U.S. 635, 646, n. 6 (1987)); *see also Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Bernier v. Allen*, 38 F.4th 1145, 1152 (D.C. Cir. 2022); *Loumiet v. United States*, 315 F. Supp. 3d 349, 351-52 (D.D.C. 2018). Because official immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Pearson*, 555 U.S. at 231 (quoting *Mitchell*, 472 U.S. at 526).

For this reason, substantial claims of immunity should be "resolved prior to discovery." *Id.* (quoting *Anderson*, 483 U.S. at 640, n. 2). "Immunity ordinarily should be decided by the court long before trial." *Hunter*, 502 U.S. at 228. That is because immunity is "an entitlement not to stand trial or face the *other burdens of litigation*." *Mitchell*, 472 U.S. at 526 (emphasis added);

*see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'") (citation omitted). Immunity doctrines such as Presidential, judicial, and legislative immunity are designed to protect public officials "not only from the consequences of litigation's results but also from the burden of defending themselves." *Helstoski v. Meanor*, 442 U.S. 500, 507–08 (1979) (quoting *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967)). An official immunity "defense entitles government officials 'not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery . . . as inquiries of this kind can be particularly disruptive of effective government.'" *Wuterich v. Murtha*, 562 F.3d 375, 382 (D.C. Cir. 2009) (square brackets omitted) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (alterations in original) (internal quotation marks and citations omitted)). "This principle has even stronger force in the present case," since Presidential immunity "confers absolute, not merely qualified, immunity…." *Id.*

Here, President Trump has moved to dismiss based on his absolute immunity from criminal prosecution for acts within the outer perimeter of his Presidential responsibilities. Doc. 74 (the "Immunity Motion"). The prosecution has submitted its response, Doc. 109, and President Trump has replied, Doc. 122. The Court has not set oral argument. The Immunity Motion is therefore fully briefed and ripe for determination; however, the Court has not indicated when it intends to issue an order.

As President Trump should not be required to endure "the burden of defending [himself]," *Helstoski*, 442 U.S. at 507–08, or the "other burdens of litigation," *Mitchell*, 472 U.S. at 526, "[u]ntil this threshold immunity question is resolved," *Harlow*, 457 U.S. at 818, the Court should stay this matter, including all applicable deadlines, pending resolution of the Immunity Motion.

## CONCLUSION

President Trump respectfully requests that the Court stay all proceedings in this case pending resolution of his Immunity Motion.

## CERTIFICATE OF CONFERRAL

Counsel for President Trump conferred with counsel for the prosecution, who advise the government opposes the relief requested herein.

Dated: November 1, 2023                    Respectfully submitted,


                                           */s/John F. Lauro*
                                           John F. Lauro, Esq.
Todd Blanche, Esq. (PHV)                   D.C. Bar No. 392830
toddblanche@blanchelaw.com                 jlauro@laurosinger.com
Emil Bove, Esq. (PHV)                      Gregory M. Singer, Esq. (PHV)
Emil.Bove@blanchelaw.com                   gsinger@laurosinger.com
BLANCHE LAW                                Filzah I. Pavalon, Esq. (PHV)
99 Wall St., Suite 4460                    fpavalon@laurosinger.com
New York, NY 10005                         LAURO & SINGER
(212) 716-1250                             400 N. Tampa St., 15th Floor
                                           Tampa, FL 33602
                                           (813) 222-8990
                                           *Counsel for President Trump*