UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP,
WALTINE NAUTA**, **and
CARLOS DE OLIVEIRA,**

    Defendants.
_____/

## GOVERNMENT'S MOTION FOR NOTICE AND DISCLOSURES REGARDING ADVICE-OF-COUNSEL DEFENSE

The Government moves for pretrial notice of defendant Donald J. Trump's intent to assert an advice-of-counsel defense and disclosure of any discovery related to it.[1] Defendant Trump (hereinafter "defendant") has claimed publicly that he believes that the law allows him to "do what I want"[2] with classified documents and further that he was "told" legal precedent did not require him to return them.[3] The Government is not aware of any valid basis for an advice-of-counsel

---

[1] Defendants Waltine Nauta and Carlos De Oliveira have given no indication that they intend to rely on an advice-of-counsel defense.

[2] 9/14/2023 Interview with Megyn Kelly, available at https://www.youtube.com/watch?v=SA5Z5WTcpIg&list=PLxQKTUDVHEbSTt5cXhMZtWl5tyR7H5ofT&index=31 at 39:47.

[3] 2/10/22 Save America statement, available at https://www.justsecurity.org/wp-content/uploads/2022/11/Statement-by-Donald-J-Trump-Feb-10-2022.pdf and https://web.archive.org/web/20220214191136/https://www.donaldjtrump.com/news/news-hva8saj9kk1538.

1

defense, but, if asserted at trial, it would require inquiry into any attorney communications on which it is based, and, under precedent in this District, would require disclosure of any such attorney-client communications. Accordingly, in order to prevent disruption of the trial, the Government requests an order requiring advance notice of any advice-of-counsel defense and timely production of any associated discovery so that any legal issues can be fully resolved well in advance of trial. In filing this motion, the Government does not concede the appropriateness or viability of an advice-of-counsel defense, or that a jury instruction will be warranted.

The Government has conferred with defendant Trump's counsel. They oppose this motion and will respond within the time permitted under the Local Rules.

**I.      Background**

During periods of time and events set forth in the Superseding Indictment, the defendant was represented by attorneys on the subject matter of this case. *See* Superseding Indictment, ECF No. 85, ¶¶53-73. He has publicly stated he was "told" he had no legal obligation to return classified documents to the Government or presidential records to the National Archives and Records Administration ("NARA"), thereby indicating a possible defense of good faith reliance on advice of counsel. For example, on February 10, 2022, after public reporting that NARA had (a) discovered classified documents in the 15 boxes the defendant had returned in January 2022, and (b) thereafter referred the matter to the Department of Justice,[4] the defendant issued a statement via his Save America political action committee claiming, without specifying whose advice he

---

[4]      https://www.nytimes.com/2022/02/09/us/politics/national-archives-trump-classified-material.html.

purported to rely on, that: "In actuality, I have been told I was under no obligation to give this material based on various legal rulings that have been made over the years."[5]

After the court-authorized search of the Mar-a-Lago Club on August 8, 2022, the defendant invoked the purported cooperation of his attorneys to suggest the search was not justified and posted the following message on Truth Social on August 11: "My attorneys and representatives were cooperating fully, and very good relationships had been established. The government could have had whatever they wanted, if we had it."[6]

The defendant also stated his approval when one of his attorneys claimed on national television, among other things, that the defendant could lawfully keep classified documents in his personal possession post-presidency: "Great job today by highly respected attorney Jim Trusty on "Meet the Fake Press," . . .Trusty took them apart on the Boxes Hoax . . .."[7]

In a June 19, 2023, interview on Fox News, the defendant stated: "I have every right to have those boxes, this is purely a Presidential Records Act; this is not a criminal thing."[8]  As recently as September 2023, the defendant reiterated his assertion that his conduct was legal: "I'm allowed to have these documents, I'm allowed to take these documents, classified or not classified.

---

[5]    2/10/22 Save America statement, available at https://www.justsecurity.org/wp-content/uploads/2022/11/Statement-by-Donald-J-Trump-Feb-10-2022.pdf and https://web.archive.org/web/20220214191136/https://www.donaldjtrump.com/news/news-hva8saj9kk1538.

[6]    https://truthsocial.com/@realDonaldTrump/108805982000044809.

[7]    https://truthsocial.com/@realDonaldTrump/posts/110171325537564653; Meet the Press, April 9, 2023, available at https://www.youtube.com/watch?v=dDZHxKwvuf4, at 25:07 ("[former President Trump] is making the point that it's not illegal for a President to possess documents like this.").

[8]    https://nation.foxnews.com/a-bret-baier-interview-with-donald-trump-nation/, at 4:03.

. . .I'm covered by the Presidential Records Act.  I'm allowed to do what I want to do.  I'm allowed to have documents."[9]

All of these examples raise the possibility that defendant Trump will assert an advice-of-counsel defense at trial, necessitating the notice and discovery the Government seeks here.

## II.    Applicable Legal Principles

In order to assert an advice-of-counsel defense at trial—an "affirmative defense," *United States v. Vernon*, 723 F.3d 1234, 1269 (11th Cir. 2013)—"a defendant must show that (1) he fully disclosed to his attorney all material facts that are relevant to the advice for which he consulted the attorney; and (2) thereafter, he relied in good faith on advice given by his attorney." *United States v. Hill*, 643 F.3d 807, 851 (11th Cir. 2011) (affirming district court's refusal to give advice-of-counsel instruction) (quoting *United States v. Miles*, 920 F.3d 1342, 1354 (11th Cir. 2002)); *see also United States v. Johnson*, 139 F.3d 1359, 1366 (11th Cir. 1998) (approving jury instruction that "good faith reliance upon the advice of counsel requires not only full and complete disclosure of the facts then known but also of material facts or information later acquired").  A district court may properly decline to give an advice-of-counsel instruction "if it lacks evidentiary support or is based upon mere suspicion or speculation." *United States v. Condon*, 132 F.3d 653, 656 (11th Cir. 1998) (holding that district court did not err in denying advice-of-counsel instruction) (internal quotations omitted); *United States v. Petrie*, 302 F.3d 1280, 1287 (11th Cir. 2002) (finding no abuse of discretion in trial court's decision to preclude good faith reliance on advice-of-counsel defense in case where proposed testimony was at best marginally relevant and any probative value would have been outweighed by risk of confusion).

---

[9]    9/14/2023 Interview with Megyn Kelly, available at https://www.youtube.com/watch?v=SA5Z5WTcpIg&list=PLxQKTUDVHEbSTt5cXhMZtWl5tyR7H5ofT&index=31, at 38:30, 39:47.

An advice-of-counsel defense cannot be reasonably relied upon if the advice approves making material misrepresentations to the Government: "[R]eliance on approving advice about such obvious dishonesty 'would clearly be outside of the 'good faith' prong of the expert advice defense.'" *Condon*, 132 F.3d at 657 (quoting *United States v. Johnson*, 730 F.2d 683, 687 n.3 (11th Cir. 1984)). Moreover, the advice must predate the charged conduct in order form a proper basis of a good faith reliance on an advice-of-counsel defense. *See Elso v. United States*, 2012 WL 1890715, at *13 (S.D. Fla. May 24, 2012) ("The clear meaning of a good faith reliance defense on the advice of counsel is that *prior* to committing the offense, the defendant sought the advice of an attorney and, after disclosure of all the relevant facts, counsel advised that the proposed course of action would not violate the law.").

In invoking the advice-of-counsel defense, the defendant waives attorney-client privilege over all communications concerning the defense. *See United States v. Jensen*, 573 F. App'x 863, 870 (11th Cir. 2014) ("By claiming that [he] lacked intent to defraud because attorneys told him that [the disputed] transactions were legal, [defendant] waived the attorney-client privilege with respect to communications with counsel concerning [their] legality."), citing *Cox v. Adm'r United States Steel & Carnegie,* 17 F.3d 1386, 1419 (11th Cir. 1994) ("Having gone beyond mere denial, affirmatively to assert good faith, USX injected the issue of its knowledge of the law into the case and thereby waived the attorney-client privilege."); *Inmuno Vital v. Telemundo*, 203 F.R.D. 561, 564 (S.D. Fla. 2001) ("It is well established that when a party asserts a defense, such as the advice of counsel defense, that makes an attorney's advice an issue in the litigation, that party waives the attorney-client privilege."); *United States v. Dougherty*, No. 22-80022-CR-Cannon, 2023 WL 5620715, at *1 (S.D. Fla. Aug. 31, 2023) ("By choosing to assert an advice-of-counsel defense at trial . . . Defendants must waive privilege over all communications involving the subject matter

5

they intend to use as the basis for their defense, regardless of whether the communications come from the attorneys Defendants explicitly listed in their Notices or wish to select as witnesses.").

Even when a defendant does not explicitly claim reliance on attorney advice, a defendant's "testimony that he thought his actions were legal . . . put[s] his knowledge of the law and the basis for his understanding of what the law required in issue." *Cox*, 17 F.3d at 1419 (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)). Making such a claim thus "waive[s] attorney client privilege with respect to those communications with his counsel regarding the legality of his actions." *Cox*, 17 F.3d at 1419.

Once the advice-of-counsel defense is raised, the defendant "must permit discovery of any and all legal advice rendered on the disputed issue." *Inmuno Vital*, 203 F.R.D. at 564. Blocking access to such discovery requires the "exclusion of any evidence" of the defense. *Id*. Accordingly, waiting until the eve of trial—or, worse, until after jeopardy attaches—to raise an advice-of-counsel defense risks causing substantial disruption and delay, particularly in this case given the number of attorneys to whom the defendant might point in raising the defense. To avoid such disruption, courts around the country have concluded that, although the Federal Rules of Criminal Procedure do not address this defense specifically,[10] judges retain inherent authority to order defendants to provide formal notice of an advice-of-counsel defense before trial. *See United States v. Shapiro*, No. 19-20178-CR-Altonaga, [ECF No. 108] at p. 2 (S.D. Fla. July 8, 2019) ("[C]ourts have broad discretion to impose disclosure and notice requirements outside the [Federal Rules of Criminal Procedure]") (quoting *United States v. Crowder*, 325 F. Supp. 3d 131,

---

[10] *Cf.* Fed. R. Crim. P. 12.1 (Notice of an Alibi Defense), 12.2 (Notice of an Insanity Defense).

138 (D.D.C. 2018)); *United States v. Dallmann*, 433 F. Supp. 3d 804, 812 & n.6 (E.D. Va. 2020) (collecting cases).

Where the Government has sought pretrial notice of and discovery regarding an advice-of-counsel defense, judges of this Court have repeatedly mandated that the defense provide it. *See United States v. Carver et al.*, No. 22-80022-CR-Cannon [ECF No. 579] (S.D. Fla. June 1, 2023); *United States v. Shapiro*, No. 19-20178-CR-Altonaga, [ECF No. 108] (S.D. Fla. July 8, 2019); *United States v. Roussonicolos et al.*, No. 21-CR-60723-Williams [ECF No. 185] (S.D. Fla. Oct. 5, 2022); *United States v. Ramamurthy*, Case No. 18-20710-CR-Altonaga/Goodman, [ECF No. 276] at pp. 4-5 (S.D. Fla. Nov. 27, 2019); *United States v. Pisoni*, No. 15-20339-CR-Gayles [ECF No. 126] (S.D. Fla. December 10, 2015); *United States v. Bachynsky*, No. 04-20250-CR-Jordan/Torres, 2007 WL 1521499 (S.D. Fla. May 22, 2007).

In *United States v. Carver, et al.*, this Court granted the Government's motion to compel pretrial disclosure and discovery of any advice-of-counsel defense. One of the defense attorneys had indicated to the Government that previous defense attorneys were potential witnesses who might testify regarding their discussion of company "operation, policies, and procedures" with one of the defendants, although there was no allegation at the time that any of the defendants would assert that they believed their actions were lawful based on any advice. *See Carver et al.*, [ECF No. 385] at p. 2-3. The defendants objected and cited to two aberrant cases in this district—*United States v. Esformes*, No. 16-CR-20549-Scola [ECF No. 465] (S.D. Fla. July 18, 2017) and *United States v. Elizabeth Young,* 19-cr-60157-RAR, [ECF No. 241] (S.D. Fla. Nov. 20, 2019)—where the district court denied the Government's request for pretrial disclosure of an advice-of-counsel defense. *See Carver et al.* [ECF No. 370, 431, 484]. This Court appropriately rejected the defense's objections and ordered the defense to provide notice of whether they intended to rely on

7

an advice-of-counsel defense approximately four weeks before the trial was scheduled to commence. *Carver et al.* [ECF No. 579].

## III. Discussion

The defendant has made public statements suggesting a possible advice-of-counsel defense, but he has not provided formal notice of the defense to the Government or the Court—notice that would trigger discovery obligations. To promote fairness and efficiency, the Government requests a deadline of sixty days before trial to notice his intent to rely on the defense and produce the concomitant required discovery. By that time, the defendant will be in a position to inform the Court and the Government of his intent regarding this potential defense.

### A. Requiring Notice Promotes Fairness

Fairness dictates that the Government should be provided notice and discovery regarding the defense sufficiently before trial. *See Dougherty*, 2023 WL 5620715, at *1 (noting "the principle of fairness that necessarily follows from the assertion of an advice-of-counsel defense"). The advice-of-counsel defense is fact-intensive: it rests on the specific facts of what the defendant disclosed to his counsel, what advice the lawyer provided to the defendant on the legality of his actions, and what actions the defendant took based on that advice. Discovery about these matters is uniquely within the possession of the defendant and much of it would otherwise very likely be privileged. For these reasons, the defendant asserting the defense is **required** to produce discovery to the Government. *See Inmuno Vital*, 203 F.R.D. at 564. In other words, a primary reason for the defendant's obligation to provide discovery concerning the defense is that the Government might not otherwise be entitled to receive it. The defendant should not be permitted to withhold or delay notice to the Government of the defense to avoid producing discovery relating to it, and then

8

ambush the Government with the defense during trial. *See Cox*, 17 F.3d at 1418 ("[T]he attorney-client privilege was intended as a shield, not a sword.") (citation omitted).

Compelling defendant Trump to provide notice and discovery would also comport with his reciprocal discovery obligations under the Federal Rules of Criminal Procedure. "If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies," then the defendant is required to provide reciprocal discovery to the government of items if "(i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1).

Finally, while fairness warrants pretrial notice of the advice-of-counsel defense in this case, requiring it imposes no unfairness on the defense. In light of his extensive public statements, Trump cannot complain that formal notice will prematurely or unfairly reveal a hidden trial strategy. And since he must, in any event, produce exhibits in advance of trial, he will suffer no prejudice in also formally noticing his intent to rely on the defense.

### B. Requiring Notice Promotes Efficiency

Requiring pretrial notice and disclosure will also prevent disruption of the Court's schedule and further judicial efficiency. Trump retained multiple lawyers during the relevant period, and the process of disclosure, review, and further investigation by the Government, followed by potential litigation as to the applicability of the defense in this case, may be time-consuming, and—if not done in advance of trial—"risks unnecessary interruption and delay." *Crowder*, 325 F. Supp. 3d at 138.

Consequently, "if Defendant does not provide notice and discovery of his communications with attorneys which form the basis of his anticipated advice-of-counsel defense, the Government will be forced, in the middle of trial, to request the Court halt the trial in order for the Government

9

to review a large quantity of new information....” *Shapiro*, No. 19-20178-CR-Altonaga, [ECF No. 108] at p. 2 (S.D. Fla. July 8, 2019). Such an approach would force the court to "rush[] headlong into [] delay and inefficiency." *Id*. *See also Bachynsky*, 2007 WL 1521499, at *2 ("If the documents are not produced before the trial, the trial might be delayed as it is likely that the government will need time to undertake further investigation suggested by information contained in the documents.")

Moreover, the discovery and investigation process surrounding the advice-of-counsel defense "may raise issues requiring additional briefing before trial" in connection with the discovery process and the scope of the defense itself. *Shapiro*, [ECF No. 108] at p. 2 (quoting and "adopt[ing] the sound reasoning of" *Crowder*, 325 F. Supp. 3d at 138, in granting a similar pre-trial motion seeking notice and disclosure of the defendant's advice-of-counsel defense). Notably, producing and identifying an otherwise-privileged document will operate as a subject-matter waiver for all related communications. *Dougherty*, 2023 WL 5620715, at *1. If the defendant fails to provide timely notice and discovery, the Court is within its discretion to preclude him from asserting an advice-of-counsel defense during trial. *Crowder*, 325 F. Supp. at 139.

Based on the foregoing principles, Government requests that the Court establish sixty days before trial as the date by which the defense must provide notice of intent to rely on an advice-of-counsel defense and any discovery related to it. This deadline will provide the parties and the Court sufficient time to resolve any issues related to the defense, including requests of any additional defense disclosures that may be required.

**IV. Conclusion**

The Court, the parties, and the public have an interest in a fair, orderly, and efficient trial. The Court should build an appropriate interval into the pretrial schedule to ensure that all

disclosure, investigation, and litigation resulting from notice of any advice-of-counsel defense can be addressed and resolved in an orderly fashion. For that reason, the Court should enter an order requiring defendant Trump to provide notice of his intent to rely on such a defense and all associated discovery no later than sixty days before trial begins.

        Respectfully submitted,

        JACK SMITH
        Special Counsel
        N.Y. Bar No. 2678084

By:   /s/ *Jay I. Bratt*
        Jay I. Bratt
        Counselor to the Special Counsel
        Special Bar ID #A5502946
        950 Pennsylvania Avenue, NW
        Washington, D.C. 20530

        David V. Harbach, II
        Assistant Special Counsel
        Special Bar ID #A5503068

        Michael E. Thakur
        Assistant Special Counsel
        Florida Bar No. 1011456

November 3, 2023

## CERTIFICATE OF SERVICE

      I hereby certify that on November 3, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

                                                /s/ *David V. Harbach, II*
                                                David V. Harbach, II