```
1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
2                       FORT PIERCE DIVISION
                     CASE NO. 23-CR-80101-CANNON
3

4       UNITED STATES OF AMERICA,

5                       Plaintiff,            October 12, 2023

6            vs.                         Fort Pierce, Florida

7       DONALD J. TRUMP,
        WALTINE NAUTA,
8       CARLOS DE OLIVEIRA,

9       Defendants.

10      _____/

11

12
                     GARCIA HEARING DEFENDANT NAUTA
13               BEFORE THE HONORABLE AILEEN M. CANNON
                     UNITED STATES DISTRICT JUDGE
14

15

16      APPEARANCES:

17      FOR THE GOVERNMENT:      DAVID HARBACH
                                 JOHN M. PELLETTIERI
18                               JAY I. BRATT
                                 U.S. Department of Justice
19                               Office of Special Counsel
                                 950 Pennsylvania Avenue
20                               Washington, D.C. 20530

21                               MICHAEL THAKUR
                                 United States Attorney's Office
22                               99 NE 4th Street
                                 Miami, FL 33132
23

24

25
```

Pauline A. Stipes, Official Federal Reporter

```
 1        FOR DEFENDANT              STANLEY E. WOODWARD, ESQ.
          NAUTA:                     Brand Woodward Law, LP
 2                                   400 Fifth Street NW
                                     Suite 300
 3                                   Washington, D.C. 20001
                                     202-996-7447
 4
                                     SASHA DADAN, ESQ.
 5                                   Dadan Law Firm PLLC
                                     201 S. 2nd Street
 6                                   Suite 202
                                     Fort Pierce, FL 34950
 7                                   772-579-0347

 8

 9        Official Court Reporter:   Pauline A. Stipes

10                                   West Palm Beach/Ft. Pierce
                                     561-803-3434
11                                   HON. ROBIN L. ROSENBERG

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          *THE COURT:*  Thank you, please be seated.  All right.

2    Welcome back, everybody.  We will now proceed to conduct a

3    Garcia Hearing with Mr. Nauta.

4          We have already had appearances, so we will not do

5    that again.  Importantly, all the preliminary remarks I made at

6    the outset of the earlier hearing apply with equal force, in

7    other words, no recording, no electronic equipment.  This is an

8    open hearing.  As I indicated, unless and until there is a

9    compelling reason based on attorney/client privilege to close a

10   portion of it, at which point I will hear from the press

11   coalition and the parties on that subject.

12         Let's proceed.  I want to start off in this case with

13   a clarification from Mr. Woodward.  Having read all of the

14   papers, I am not entirely clear, sir, whether you still

15   represent any of the witnesses subject to this motion.  I am

16   referring to Trump Employee 4 as identified in the reports,

17   Witness 1 and Witness 2.

18         *MR. WOODWARD, JR.:*  Thank you, your Honor.  I am happy

19   to answer the Court's question and then I also wanted to flag a

20   concern of ours regarding today's proceedings.

21         To answer the Court's question first, neither myself

22   nor my law firm continue to represent Trump Employee 4.  At

23   this time we do, however, continue to represent Witness 1 and

24   2.

25         *THE COURT:*  What is your concern?

 1              MR. WOODWARD, JR.:  Your Honor, we take issue with the

 2    Special Counsel's Office, with their position with respect to

 3    what the scope of any waiver by Mr. Nauta would mean.  In

 4    particular, I am referring to the three cases that the

 5    Government has come in and cited today for the first time,

 6    ostensibly arguing that we would be -- I or my law firm would

 7    be precluded from arguing in summation anything that would

 8    challenge the credibility of either a former client or even a

 9    current client.

10              We have taken a look at those three cases.  We

11    disagree that they stand for that proposition, but we are, of

12    course, concerned that is the position they are taking today,

13    and thus, obviously we think that they are likely to take that

14    position in the future.

15              I would just flag two hypotheticals for the Court in

16    that regard.

17              First, our concern with the position of the Special

18    Counsel's Office is that it can't be, frankly, your Honor, it

19    can't be the fact that we formerly represented Employee 4 would

20    preclude us from questioning the credibility of Trump Employee

21    4 as to any basis.  Right?

22              So, consider hypothetically if Trump Employee 4 were

23    to, God forbid, have a stroke between now and trial, nothing to

24    do with our prior representation of him, the Government's

25    position would be that we can't question his credibility or his

Pauline A. Stipes, Official Federal Reporter

1   capability of truthfulness in summation based on that medical

2   condition, which again has little or nothing to do with our

3   prior representation of Trump Employee 4.

4          Taken to its core, in fact the case cited by the

5   Special Counsel's Office, United States v Rahman, suggests it

6   is not just summation, it is broader than summation.  So, we in

7   theory would be precluded from filing a motion to compel

8   additional discovery based on our belief that there is

9   information out there.

10          We, I think -- our position is going to be that that

11   is not what the law requires, that is not what the Professional

12   Rules of Responsibility require, but in fact, our continuing

13   obligation to a former client is limited to confidences that we

14   obtained through that representation, and that those -- we

15   would be precluded from using those confidences in future

16   proceedings, but we don't see how Mr. Nauta could make a

17   knowing and voluntary waiver.

18          Obviously we have never discussed this possibility

19   with Mr. Nauta because it is being raised for the first time

20   today in these proceedings.  So, we are concerned about Mr.

21   Nauta making a knowing and voluntary waiver about,

22   hypothetically, this Court ruling that I would be precluded

23   from challenging the credibility of current and former clients

24   who may take the stand, may or may not be cross-examined by me,

25   and based on information that has nothing to do with

1    confidences that I may or may not have garnered through that

2    representation.

3              So, respectfully, your Honor, we think that this issue

4    needs to be resolved, or else the Special Counsel's Office can

5    tell the Court that I am wrong about the way I am summarizing

6    their position and they are not going to be asking at any time

7    between now and trial to preclude me from arguing in summation

8    that Trump Employee 4 is not credible.

9              THE COURT:  I don't think they were indicating that

10   they would move to preclude you from making that argument.  I

11   think their argument was that you, just by virtue of your prior

12   representation, and what I have heard now is current

13   representation, would independently be unable to vigorously

14   challenge the credibility of those individuals just by virtue

15   of your prior or current representation.

16             I think that is what they are saying, unless I

17   misheard.

18             MR. WOODWARD, JR.:  That is what I am saying also, is

19   that their position would be that I, Stanley Woodward, could

20   not challenge the credibility of Trump Employee 4 or Witness 1

21   and 2 in summation in this trial, and that is -- our position

22   is that that is not what the law provides, and we think -- if

23   that is the Special Counsel's position, we think the Court

24   needs to resolve that legal question before we can ask Mr.

25   Nauta to make a knowing and voluntary waiver.

```
 1              THE COURT:  All right.  Are you aware of any Eleventh
 2    Circuit authority to support that principle, assuming it is
 3    correctly represented in those cases?
 4              MR. WOODWARD, JR.:  No, your Honor.  They cite three
 5    cases, 20 years senior, from a District Judge in the far away
 6    District of New York.  So no.
 7              Again, we don't think this is the law, but our concern
 8    is they have come before us today, they have made this
 9    representation for the first time, obviously they were prepared
10    to make it, and we don't want to be in a position where we ask
11    Mr. Nauta to waive his right to conflict-free counsel and then
12    he comes to learn six months down the road that his lawyer of
13    choice can't give summation at trial.
14              THE COURT:  All right.  Let me turn to the Government.
15              Thank you, Mr. Woodward.
16              Mr. Harbach, having looked at these cases, I am not
17    quite sure they support the broad principle you indicated
18    earlier.  First question:  Are you aware of any Eleventh
19    Circuit authority to support these ideas?
20              MR. HARBACH:  Insofar as we did not find an Eleventh
21    Circuit case putting it quite as starkly as those opinions --
22              THE COURT:  Or any case putting it less starkly?
23              MR. HARBACH:  Our view is that this is not some arcane
24    proposition that we teased out of thin air.  There is a reason
25    that a lawyer has twin duties to clients, a duty of
```

1   confidentiality, and a duty of loyalty.

2           THE COURT:  I understand, but your point is that,

3   setting aside any confidence and any breach of any confidences,

4   that independently there is a free-standing limitation on an

5   attorney -- on an attorney's ability to question the

6   credibility of a former client in summation to the jury.

7           What I am wondering is if you have any Eleventh

8   Circuit law supporting that notion, setting aside the

9   cross-examination issue and setting aside the client

10  confidences issue.

11          MR. HARBACH:  As phrased, no, your Honor.

12          There are a few additional points I would like to

13  make.

14          THE COURT:  Factually, running through these cases,

15  starting with Rahman, am I correct that in that case one of the

16  attorneys asked to be relieved from further representation?

17          MR. HARBACH:  We could go through a factual discussion

18  of those cases, but I would caution that the reason that we are

19  offering them for the Court's consideration is not because of a

20  factual resemblance to our case; it is for what in our view is

21  an unremarkable proposition.

22          THE COURT:  Well, if it is so unremarkable, then it is

23  striking to me that you wouldn't have made this apparently

24  obvious point in your papers, and it is concerning that you are

25  here raising these new cases, out of district obviously,

 1  without any Eleventh Circuit authority on the subject, and then
 2  you are asking for a waiver discussion that is broader than
 3  envisioned in the paper seeking this hearing.
 4        So this is coming to the Court in a new way,
 5  certainly, and there are some clear factual distinctions at
 6  least with respect to Rahman that I can see given how that
 7  transpired with the attorney's request to be relieved from
 8  representation.
 9        I think in Spataro, I am not even sure that case
10  concerned arguments to the jury, it seemed focused on
11  cross-examination, which then leaves us with Yannotti, and
12  there it is unclear to what extent the Court applied that legal
13  principle to the facts presented.
14        Again, this goes back to the earlier point, of course,
15  failure to raise these arguments makes it difficult for the
16  Court and the parties on the fly to sort through these issues.
17        So, what do you propose?
18        MR. HARBACH:  Well, I have a few suggestions.  One is
19  that the Court bear in mind that, unlike the situation with Mr.
20  Irving, we need not dwell in theoretical land in order to
21  resolve some of these things.  We can talk very specifically
22  about the reasons why Mr. Woodward should be prohibited from
23  cross-examining his former client, and in the Government's
24  view, if nothing else, even if the Court is not willing to
25  accept the broad proposition that a duty of loyalty comprehends

1   both cross-examining a former client and impugning that

2   client's credibility to the jury, even that --

3            THE COURT:  One moment before you continue.  I did not

4   understand your papers to seek a prohibition on Mr. Woodward's

5   ability to cross-examine.  My understanding was this is

6   ultimately something to be fleshed out and discussed at a

7   Garcia Hearing with full openness.

8            If Mr. Nauta is comfortable proceeding with Mr.

9   Woodward conducting cross-examination despite that baggage, so

10  to speak, then it would be his choice to make and it wouldn't

11  be a question of prohibiting Mr. Woodward from doing that.

12           MR. HARBACH:  Well, I can hopefully clarify our

13  position on that point now for at least a couple of reasons.

14           Number one is, these are two other ways in which this

15  fact pattern is distinguishable from the one earlier today.

16           Number one, the Government will be calling Trump

17  Employee 4 at trial.  There is no question about that, and it

18  should be unsurprising in light of the allegations that he

19  supports in the superseding indictment.  That's the first

20  thing.

21           The second thing is that, unlike the other three

22  witnesses from earlier this morning, this is one of the reasons

23  I bothered to put it on the record, Trump Employee 4 has not

24  waived his client confidences with Mr. Woodward in the way the

25  other three clients have.

1          Those are two very important distinctions that should

2    inform not only the Court's views of what Mr. Woodward should

3    or should not do, but what his client, Mr. Nauta, should be

4    advised of today.

5          So, the Government's position is that in light of the

6    circumstances, and I can could elaborate on them if your Honor

7    would like me to, that without question Mr. Woodward should be

8    foreclosed from cross-examining Trump Employee 4 at trial.

9          *THE COURT:*  So this is a different argument that was

10   not made in the papers, this blatant request on a prohibition?

11         *MR. HARBACH:*  No, because --

12         *THE COURT:*  Where in the papers did you make this

13   request?

14         *MR. HARBACH:*  Our position is that Mr. Nauta should be

15   so advised.

16         *THE COURT:*  Okay.  So advised of the risks associated

17   with his attorney conducting cross-examination of a witness

18   that he previously represented, but that is different from a

19   Government request that I ban the attorney from conducting the

20   cross-examination to begin with.

21         *MR. HARBACH:*  I suppose that is true, and so as

22   framed, perhaps the best way to advise Mr. Nauta, the most

23   responsible way to advise Mr. Nauta, would be to tell him that

24   there is a possibility that the Court could conclude that Mr.

25   Woodward, A, cannot cross-examine Trump Employee 4, and to the

1    extent it is accurate, a possibility that the Court might

2    preclude Mr. Woodward from arguing to the jury that Trump

3    Employee 4 was not credible.

4         With the Court's indulgence, I want to mention one

5    more thing that makes this an unusual situation and I will try

6    and encapsulate it this way.

7         As the Court is aware, Trump Employee 4, while

8    represented by Mr. Woodward, testified one way in the Grand

9    Jury and then he later, after ceasing to be represented by Mr.

10   Woodward, changed his testimony.

11        THE COURT:  And there were a few things that happened

12   also in between.

13        MR. HARBACH:  That's right and I am happy to discuss

14   that chronology if the Court pleases.

15        For present purposes, my point is that when Mr. --

16   Trump Employee 4 takes the stand at trial, not only is it

17   foreseeable, it seems inevitable that he should -- will be and

18   probably should be cross-examined at length by Mr. Nauta's

19   lawyer about his changed testimony, and there will be jury

20   argument back and forth about what inferences the jury should

21   draw from that and so forth.

22        I am not going to argue any of that today, except to

23   point out that as concerns the Court's decision today about how

24   to advise Mr. Nauta, another wrinkle is that, in the

25   Government's view, it is foreseeable today that the fact of Mr.

 1    Woodward's prior representation of Trump Employee 4 could well

 2    be before the jury in answer to questions that the witness may

 3    have occasion to make either on cross-examination or on

 4    redirect examination.

 5          Can't predict for certainty whether that is going to

 6    happen, but it seems to us that that is a real possibility and

 7    it is something else that Mr. Nauta, fast forwarding to that

 8    eventuality, at trial might not be comfortable with.  And so

 9    for those reasons, we suggest that the Court apprise Mr. Nauta

10    of that possibility as well.

11          And that is just a -- that is a, in the Government's

12    view, a foreseeable potential factual occurrence that is worth

13    raising with Mr. Nauta today.

14          THE COURT:  So you are talking about the fact of the

15    prior representation might be elicited.  Okay.

16          MR. HARBACH:  In particular, it could come out that,

17    yes, that Mr. Woodward previously represented Trump Employee 4.

18          THE COURT:  The new flavor that you are spinning on

19    this right now about a prohibition on Mr. Woodward making even

20    any argument to the jury about the credibility of this former

21    client, that is much broader than what was framed, and I think

22    it does come out for the first time in your argument today

23    without any supporting Eleventh Circuit case law, and it does

24    impact the contours of the questioning.

25          Are there any other -- you obviously focus your

```
 1    attention on Trump Employee 4.  Do you have any similar
 2    arguments with respect to the two other individuals?
 3              MR. HARBACH:  Thank you, your Honor, for raising that.
 4              With respect to Witness 2, it is no longer the
 5    Government's intention to call that witness at trial, so that
 6    witness is effectively off the table for today's discussion.
 7    That's Witness 2.
 8              Then Witness 1, the only factual distinction that we
 9    think is of potential relevance to the Court today is that it
10    is a current client, unlike the former client situation we had
11    earlier today.
12              THE COURT:  Okay.  So, do you take the same position
13    that Mr. Woodward would be prohibited from arguing to the jury
14    that Witness 1 is not credible?
15              MR. HARBACH:  Yes.
16              THE COURT:  Again, you have no authority for that from
17    the Eleventh Circuit or any other Court of Appeals.
18              MR. HARBACH:  Not in the way that your Honor means,
19    no.
20              THE COURT:  I am simply trying to better understand
21    the scope of your authority.  You are introducing and injecting
22    a much broader principle than previously raised, and I want to
23    ensure that I have a complete understanding of the appellate
24    case law if it exists on this subject, because it is broader
25    than how you represented it previously.  What I am hearing is
```

```
 1    that you don't have any such additional authority.
 2          MR. HARBACH:  Yes, and the reason I said "as phrased"
 3    is because I understand what your Honor is asking.  We don't
 4    have an Eleventh Circuit case that says what those New York
 5    cases say.  However, again, our view is that it is really the
 6    same -- the origin is identical to the origin of the issues
 7    with --
 8          THE COURT:  But it is not identical.  One concerns
 9    revealing confidential communications, and one is sort of this
10    amorphous notion that because you previously represented
11    somebody, or because you currently do, you would just feel
12    intrinsically unable to attack that person's credibility, and
13    that is very different.
14          MR. HARBACH:  Our view is that the prohibition on --
15    if I didn't, I meant to allude to this earlier this morning --
16    or earlier this afternoon, that the prohibition on -- the
17    ethical problems with cross-examining one's prior client flow
18    from both duties potentially, the duty of confidentiality and
19    the duty of loyalty.  And I think your Honor hit on both of
20    those when you were engaged in your colloquy with Mr. De
21    Oliveira earlier this morning.
22          In other words, it is of course the case that a lawyer
23    representing a former client may indeed have client confidences
24    that, were it not for his ethical obligations to that former
25    client, would enable him to vigorously cross-examine that
```

1   client for sure, but all tied up in that is the same duty of

2   loyalty that we have been talking about.  It is not just

3   mechanical.

4           So, anyway, what I meant by the same origin a moment

5   ago, acknowledging your Honor's point that there are two

6   different branches of this tree, that the branch of the tree

7   that concerns a lawyer's duty of loyalty is what I meant to say

8   is the origin for both of these, the same ethical dilemma that

9   your Honor described earlier that Mr. Irving might have.

10          THE COURT:  There was no objection to that line of

11   inquiry vis-a-vis Mr. De Oliveira and, of course, now there is.

12          MR. HARBACH:  No, I am not objecting to that.

13          THE COURT:  No, not from you.  I am saying on the part

14   of Mr. Irving or Mr. Murrell, and so there was really no

15   difficulty on the part of the Defense with that line of inquiry

16   in conducting the Garcia Hearing, but the circumstances

17   vis-a-vis Mr. Nauta are not the same evidently given the

18   objection raised by Mr. Woodward.

19          MR. HARBACH:  Yes, and agree.

20          The circumstances are also vastly different, vastly

21   different for the reasons I mentioned a moment ago.

22          For example, in the Government's view, it would be

23   unnecessary and borderline silly to entertain the possibility

24   that Mr. Woodward is not in possession of confidential client

25   communications that might be valuable to him in cross-examining

1    Trump Employee 4.

2         It can't be that he —— that shouldn't even be up for

3    discussion on these facts where Mr. Woodward represented him

4    when he testified in the Grand Jury and he says X, and when Mr.

5    Woodward no longer represents him he says Y.  At a bear

6    minimum, at a bear minimum he has to be privy to client

7    confidences that would inform a cross-examination of that

8    client at trial.

9         So, that is one way in which the situations are very

10   different, very different.

11        So, that is why we think in this case it is crystal

12   clear that Mr. Nauta should be advised and should be well aware

13   of the possibility, likelihood, eventuality, however your Honor

14   would like to put it, that his lawyer would not be able to

15   cross-examine Trump Employee 4 at trial.

16        That much seems clear, and we don't, frankly,

17   understand how Mr. Woodward could think that he could

18   cross-examine Mr. —— Trump Employee 4 under these

19   circumstances.  We are at a loss.

20        *THE COURT:*  All right.  I will hear briefly from Mr.

21   Woodward, and we are going to take a brief recess.

22        *MR. WOODWARD, JR.:*  Your Honor, I don't know why they

23   have any opinion about my representation of Trump Employee 4 at

24   all.  They haven't asked me, I don't know if they have asked

25   him.  We are filling the sky with hypotheticals insofar as ——

1    maybe my answer is that I actually didn't talk to him before he

2    went to the Grand Jury.

3              To presume that I am incapable of cross-examining him

4    is a presumption that is unnecessary because, contrary to the

5    Government's position, we don't know that he will testify in

6    this trial.  There is the potential that the Court could

7    preclude him from testifying.  There is the potential that he

8    becomes unavailable.

9              *THE COURT:*  Assuming he testifies, and we are hearing

10   that he is going to be a witness, then that could very likely

11   present a conflict and the exercise here is to determine

12   whether Mr. Nauta is comfortable continuing to proceed with you

13   as counsel should Mr. -- should Trump Employee 4 testify, and

14   should you wish to cross-examine him, assuming the Court

15   permits that.

16             I know there are some unpredictabilities here, but

17   operating in this hypothetical universe, it is still

18   my obligation to conduct a Garcia Hearing.  The question is the

19   scope of that hearing, so what are your thoughts on the

20   particulars raised most recently by the Government, that simply

21   permitting you to argue to the jury on the credibility of Trump

22   Employee 4 would be prohibited?

23             *MR. WOODWARD, JR.:*  Well, we are not prepared,

24   candidly, to have that colloquy because the first time that

25   that possibility has ever been raised was at this afternoon's

1    colloquy with Mr. De Oliveira.

2             We read the Court's order as requiring us to be

3    present, we may have been wrong about that, but in an abundance

4    of caution, we were here for your Honor.  But what if we hadn't

5    been here?  Then the first time we would be hearing about it is

6    when we came for the hearing that the Court had scheduled for

7    3:00 o'clock.

8             I am not certainly prepared to advise Mr. Nauta if he

9    is prepared to proceed with a trial in which he doesn't know

10   what role his principal choice of counsel can play because,

11   again, in the case law cited by the Government this isn't

12   limited to summation.  The Government used summation as an

13   example, but would I also be precluded from filing a motion to

14   strike Trump Employee 4's testimony because that potentially

15   implicates his credibility, or my hypothetical duty of loyalty

16   to a former client, which again we dispute that that duty

17   actually exists.

18            So, I think we need from the Special Counsel's Office

19   a clear understanding of what it is they are asking this Court

20   to inquire of Mr. Nauta, and then we deserve the opportunity to

21   brief whether those are realistic possibilities at all.  And if

22   they are, and the Court rules that they are, then we can ask

23   Mr. Nauta if he is comfortable proceeding.

24            It seems intrinsically unfair to ask Mr. Nauta in this

25   hypothetical world that we have created whether he is

1    comfortable proceeding when I certainly don't know, I don't

2    think the Court knows, what role it is that I would be playing

3    in the trial given the way the Special Counsel's Office has now

4    framed my apparent obligations to a former client.

5          I do want to -- in an effort not to be completely

6    argumentative, the Garcia precedent makes clear that we are

7    here to talk about a hypothetical conflict that may arise.  I

8    am not objecting to that.

9          What I am objecting to is the way that the Special

10    Counsel's Office has now framed -- even just the idea that they

11    are going to seek an absolute bar, as the Court phrased it, on

12    my cross-examining Trump Employee 4.

13          They may do that, but that is not the way that they

14    phrased it in the papers.  So, that is really putting us at a

15    disadvantage in preparing for these proceedings and making sure

16    that -- I am shocked that they would do it because this is all

17    about ensuring that on appeal there are no issues.  This is all

18    about ensuring that when we impanel a jury Mr. Nauta doesn't

19    stand up and say, wait a second, how did we get here?  My

20    lawyer cannot give opening statements?

21          *THE COURT:*  The focus so far of this hearing does seem

22    to be more about discussing limitations on your ability as

23    counsel versus adequately advising Mr. Nauta.

24          In any case, I think it has become clear that, given

25    the Government's last-minute introduction of an issue that was

1    not briefed, without binding authority, that we cannot proceed

2    with the Garcia Hearing as to Mr. Nauta.  So, regrettably, we

3    will have to postpone this.  Stay tuned for future orders

4    related to scheduling of any such hearing.  I may also require

5    briefing to further clarify these issues.

6           I do want to admonish the Government for, frankly,

7    wasting the Court's time because, had you brought up these

8    issues in an appropriate way, we could have done this without

9    circling the wagons and creating confusion that was

10   unnecessary.  So, I am disappointed in that.

11          In any case, we will proceed.  There is also the

12   matter of scheduling and the pending motion there.  I will set

13   a hearing for that purpose.

14          Thank you.  The Court is in recess.

15          (Thereupon, the hearing concluded.)

16                           *  *  *

17     I certify that the foregoing is a correct transcript

18   from the record of proceedings in the above matter.

19

20     Date:

21                 /s/ Pauline A. Stipes, Official Federal

22                 Reporter

23

24

25

**MR. HARBACH: [18]**   7/19 7/22
8/10 8/16 9/17 10/11 11/10
11/13 11/20 12/12 13/15 14/2
14/14 14/17 15/1 15/13 16/11
16/18
**MR. WOODWARD, JR.: [6]**   3/17
3/25 6/17 7/3 17/21 18/22
**THE COURT: [25]**

**/**

**/s [1]**   21/21

**0**

**0347 [1]**   2/7

**1**

**12 [1]**   1/5

**2**

**20 [1]**   7/5
**20001 [1]**   2/3
**201 [1]**   2/5
**202 [1]**   2/5
**202-996-7447 [1]**   2/3
**2023 [1]**   1/5
**20530 [1]**   1/20
**23-CR-80101-CANNON [1]**   1/2
**2nd [1]**   2/5

**3**

**300 [1]**   2/2
**33132 [1]**   1/22
**3434 [1]**   2/10
**34950 [1]**   2/6
**3:00 o'clock [1]**   19/7

**4**

**4's [1]**   19/14
**400 [1]**   2/2
**4th [1]**   1/22

**5**

**561-803-3434 [1]**   2/10

**7**

**7447 [1]**   2/3
**772-579-0347 [1]**   2/7

**9**

**950 [1]**   1/19
**99 [1]**   1/22

**A**

**ability [3]**   8/5 10/5 20/22
**able [1]**   17/14
**about [19]**   5/20 5/21 6/5
9/22 10/17 12/19 12/20 12/23
13/14 13/19 13/20 16/2 17/23
19/3 19/5 20/7 20/17 20/18
20/22
**above [1]**   21/18
**absolute [1]**   20/11
**abundance [1]**   19/3
**accept [1]**   9/25
**accurate [1]**   12/1
**acknowledging [1]**   16/5

**actually [2]**   18/1 19/17
**additional [3]**   5/8 8/12 15/1
**adequately [1]**   20/23
**admonish [1]**   21/6
**advise [4]**   11/22 11/23 12/24
19/8
**advised [4]**   11/4 11/15 11/16
17/12
**advising [1]**   20/23
**after [1]**   12/9
**afternoon [1]**   15/16
**afternoon's [1]**   18/25
**again [8]**   3/5 5/2 7/7 9/14
14/16 15/5 19/11 19/16
**ago [2]**   16/5 16/21
**agree [1]**   16/19
**AILEEN [1]**   1/13
**air [1]**   7/24
**all [11]**   3/1 3/5 3/13 7/1
7/14 16/1 17/20 17/24 19/21
20/16 20/17
**allegations [1]**   10/18
**allude [1]**   15/15
**already [1]**   3/4
**also [7]**   3/19 6/18 12/12
16/20 19/13 21/4 21/11
**am [23]**
**AMERICA [1]**   1/4
**amorphous [1]**   15/10
**another [1]**   12/24
**answer [4]**   3/19 3/21 13/2
18/1
**any [23]**
**anything [1]**   4/7
**anyway [1]**   16/4
**apparent [1]**   20/4
**apparently [1]**   8/23
**appeal [1]**   20/17
**Appeals [1]**   14/17
**appearances [2]**   1/16 3/4
**appellate [1]**   14/23
**applied [1]**   9/12
**apply [1]**   3/6
**apprise [1]**   13/9
**appropriate [1]**   21/8
**arcane [1]**   7/23
**are [37]**
**are introducing [1]**   14/21
**argue [2]**   12/22 18/21
**arguing [5]**   4/6 4/7 6/7 12/2
14/13
**argument [6]**   6/10 6/11 11/9
12/20 13/20 13/22
**argumentative [1]**   20/6
**arguments [3]**   9/10 9/15 14/2
**arise [1]**   20/7
**as [19]**   3/8 3/16 4/21 7/20
7/21 7/21 8/11 11/21 12/7
12/23 13/10 15/2 17/25 18/13
19/2 19/12 20/11 20/22 21/2
**aside [3]**   8/3 8/8 8/9
**ask [4]**   6/24 7/10 19/22
19/24
**asked [3]**   8/16 17/24 17/24
**asking [4]**   6/6 9/2 15/3
19/19
**associated [1]**   11/16
**assuming [3]**   7/2 18/9 18/14

**attack [1]**   15/12
**attention [1]**   14/1
**attorney [4]**   3/9 8/5 11/17
11/19
**attorney's [3]**   1/21 8/5 9/7
**attorney/client [1]**   3/9
**attorneys [1]**   8/16
**authority [7]**   7/2 7/19 9/1
14/16 14/21 15/1 21/1
**Avenue [1]**   1/19
**aware [4]**   7/1 7/18 12/7
17/12
**away [1]**   7/5

**B**

**back [3]**   3/2 9/14 12/20
**baggage [1]**   10/9
**ban [1]**   11/19
**bar [1]**   20/11
**based [4]**   3/9 5/1 5/8 5/25
**basis [1]**   4/21
**be [52]**
**Beach [1]**   2/10
**Beach/Ft [1]**   2/10
**bear [3]**   9/19 17/5 17/6
**because [13]**   5/19 8/19 11/11
14/24 15/3 15/10 15/11 18/4
18/24 19/10 19/14 20/16 21/7
**become [1]**   20/24
**becomes [1]**   18/8
**been [6]**   16/2 18/25 19/3
19/5
**before [6]**   1/13 6/24 7/8
10/3 13/2 18/1
**begin [1]**   11/20
**being [1]**   5/19
**belief [1]**   5/8
**best [1]**   11/22
**better [1]**   14/20
**between [3]**   4/23 6/7 12/12
**binding [1]**   21/1
**blatant [1]**   11/10
**borderline [1]**   16/23
**both [4]**   10/1 15/18 15/19
16/8
**both cross-examining [1]**
10/1
**bothered [1]**   10/23
**branch [1]**   16/6
**branches [1]**   16/6
**Brand [1]**   2/1
**BRATT [1]**   1/18
**breach [1]**   8/3
**brief [2]**   17/21 19/21
**briefed [1]**   21/1
**briefing [1]**   21/5
**briefly [1]**   17/20
**broad [2]**   7/17 9/25
**broader [5]**   5/6 9/2 13/21
14/22 14/24
**brought [1]**   21/7

**C**

**call [1]**   14/5
**calling [1]**   10/16
**came [1]**   19/6
**can [8]**   6/4 6/24 9/6 9/21
10/12 11/6 19/10 19/22

## C

**can't [6]** 4/18 4/19 4/25 7/13 13/5 17/2
**candidly [1]** 18/24
**CANNON [2]** 1/2 1/13
**cannot [3]** 11/25 20/20 21/1
**capability [1]** 5/1
**CARLOS [1]** 1/8
**case [16]** 1/2 3/12 5/4 7/21 7/22 8/15 8/20 9/8 9/9 13/23 14/24 15/4 15/22 17/11 19/11 20/24 21/11
**cases [9]** 4/4 4/10 7/3 7/5 7/16 8/14 8/18 8/25 15/5
**caution [2]** 8/18 19/4
**ceasing [1]** 12/9
**certainly [3]** 9/5 19/8 20/1
**certainty [1]** 13/5
**certify [1]** 21/17
**challenge [3]** 4/8 6/14 6/20
**challenging [1]** 5/23
**changed [2]** 12/10 12/19
**choice [3]** 7/13 10/10 19/10
**chronology [1]** 12/14
**circling [1]** 21/9
**Circuit [8]** 7/2 7/19 7/21 8/8 9/1 13/23 14/17 15/4
**circumstances [4]** 11/6 16/16 16/20 17/19
**cite [1]** 7/4
**cited [3]** 4/5 5/4 19/11
**clarification [1]** 3/13
**clarify [2]** 10/12 21/5
**clear [7]** 3/14 9/5 17/12 17/16 19/19 20/6 20/24
**client [23]**
**client's [1]** 10/2
**clients [3]** 5/23 7/25 10/25
**close [1]** 3/9
**coalition [1]** 3/11
**colloquy [3]** 15/20 18/24 19/1
**come [4]** 4/5 7/8 13/16 13/22
**comes [1]** 7/12
**comfortable [5]** 10/8 13/8 18/12 19/23 20/1
**comfortable proceeding [1]** 10/8
**coming [1]** 9/4
**communications [2]** 15/9 16/25
**compel [1]** 5/7
**compelling [1]** 3/9
**complete [1]** 14/23
**completely [1]** 20/5
**comprehends [1]** 9/25
**concern [4]** 3/20 3/25 4/17 7/7
**concerned [3]** 4/12 5/20 9/10
**concerning [1]** 8/24
**concerns [3]** 12/23 15/8 16/7
**conclude [1]** 11/24
**concluded [1]** 21/15
**condition [1]** 5/2
**conduct [2]** 3/2 18/18
**conducting [4]** 10/9 11/17 11/19 16/16

**confidence [1]** 8/3
**confidences [8]** 5/13 5/15 6/1 8/3 8/10 10/24 15/23 17/7
**confidential [2]** 15/9 16/24
**confidentiality [2]** 8/1 15/18
**conflict [3]** 7/11 18/11 20/7
**conflict-free [1]** 7/11
**confusion [1]** 21/9
**consider [1]** 4/22
**consideration [1]** 8/19
**continue [3]** 3/22 3/23 10/3
**continuing [2]** 5/12 18/12
**contours [1]** 13/24
**contrary [1]** 18/4
**core [1]** 5/4
**correct [2]** 8/15 21/17
**correctly [1]** 7/3
**could [12]** 5/16 6/19 8/17 11/6 11/24 13/1 13/16 17/17 17/17 18/6 18/10 21/8
**counsel [5]** 1/19 7/11 18/13 19/10 20/23
**Counsel's [8]** 4/2 4/18 5/5 6/4 6/23 19/18 20/3 20/10
**couple [1]** 10/13
**course [4]** 4/12 9/14 15/22 16/11
**COURT [26]**
**Court's [8]** 3/19 3/21 8/19 11/2 12/4 12/23 19/2 21/7
**CR [1]** 1/2
**created [1]** 19/25
**creating [1]** 21/9
**credibility [12]** 4/8 4/20 4/25 5/23 6/14 6/20 8/6 10/2 13/20 15/12 18/21 19/15
**credible [3]** 6/8 12/3 14/14
**cross [22]**
**cross-examination [7]** 8/9 9/11 10/9 11/17 11/20 13/3 17/7
**cross-examine [6]** 10/5 11/25 15/25 17/15 17/18 18/14
**cross-examined [2]** 5/24 12/18
**cross-examining [6]** 9/23 11/8 15/17 16/25 18/3 20/12
**crystal [1]** 17/11
**current [5]** 4/9 5/23 6/12 6/15 14/10
**currently [1]** 15/11

## D

**D.C [2]** 1/20 2/3
**DADAN [2]** 2/4 2/5
**Date [1]** 21/20
**DAVID [1]** 1/17
**DE [4]** 1/8 15/20 16/11 19/1
**decision [1]** 12/23
**DEFENDANT [2]** 1/12 2/1
**Defendants [1]** 1/9
**Defense [1]** 16/15
**Department [1]** 1/18
**described [1]** 16/9
**deserve [1]** 19/20
**despite [1]** 10/9

**determine [1]** 18/11
**did [4]** 7/20 10/3 11/12 20/19
**didn't [2]** 15/15 18/1
**different [8]** 11/9 11/18 15/13 16/6 16/20 16/21 17/10 17/10
**difficult [1]** 9/15
**difficulty [1]** 16/15
**dilemma [1]** 16/8
**disadvantage [1]** 20/15
**disagree [1]** 4/11
**disappointed [1]** 21/10
**discovery [1]** 5/8
**discuss [1]** 12/13
**discussed [2]** 5/18 10/6
**discussing [1]** 20/22
**discussion [4]** 8/17 9/2 14/6 17/3
**dispute [1]** 19/16
**distinction [1]** 14/8
**distinctions [2]** 9/5 11/1
**distinguishable [1]** 10/15
**district [6]** 1/1 1/1 1/13 7/5 7/6 8/25
**DIVISION [1]** 1/2
**do [14]** 3/4 3/23 4/24 5/2 5/25 9/17 11/3 14/1 14/12 15/11 20/5 20/23 20/16 21/6
**does [3]** 13/22 13/23 20/21
**doesn't [2]** 19/9 20/18
**doing [1]** 10/11
**don't [12]** 5/16 6/9 7/7 7/10 15/1 15/3 17/16 17/22 17/24 18/5 20/1 20/1
**DONALD [1]** 1/7
**done [1]** 21/8
**down [1]** 7/12
**draw [1]** 12/21
**duties [2]** 7/25 15/18
**duty [9]** 7/25 8/1 9/25 15/18 15/19 16/1 16/7 19/15 19/16
**dwell [1]** 9/20

## E

**earlier [10]** 3/6 7/18 9/14 10/15 10/22 14/11 15/15 15/16 15/21 16/9
**effectively [1]** 14/6
**effort [1]** 20/5
**either [2]** 4/8 13/3
**elaborate [1]** 11/6
**electronic [1]** 3/7
**Eleventh [8]** 7/1 7/18 7/20 8/7 9/1 13/23 14/17 15/4
**elicited [1]** 13/15
**else [3]** 6/4 9/24 13/7
**Employee [26]**
**enable [1]** 15/25
**encapsulate [1]** 12/6
**engaged [1]** 15/20
**ensure [1]** 14/23
**ensuring [2]** 20/17 20/18
**entertain [1]** 16/23
**entirely [1]** 3/14
**envisioned [1]** 9/3
**equal [1]** 3/6
**equipment [1]** 3/7

**E**

**ESQ [2]**   2/1 2/4
**ethical [3]**   15/17 15/24 16/8
**even [7]**   4/8 9/9 9/24 10/2
 13/19 17/2 20/10
**eventuality [2]**   13/8 17/13
**ever [1]**   18/25
**everybody [1]**   3/2
**evidently [1]**   16/17
**examination [8]**   8/9 9/11
 10/9 11/17 11/20 13/3 13/4
 17/7
**examine [6]**   10/5 11/25 15/25
 17/15 17/18 18/14
**examined [2]**   5/24 12/18
**examining [7]**   9/23 10/1 11/8
 15/17 16/25 18/3 20/12
**example [2]**   16/22 19/13
**except [1]**   12/22
**exercise [1]**   18/11
**exists [2]**   14/24 19/17
**extent [2]**   9/12 12/1

**F**

**fact [6]**   4/19 5/4 5/12 10/15
 12/25 13/14
**facts [2]**   9/13 17/3
**factual [5]**   8/17 8/20 9/5
 13/12 14/8
**Factually [1]**   8/14
**failure [1]**   9/15
**far [2]**   7/5 20/21
**fast [1]**   13/7
**Federal [1]**   21/21
**feel [1]**   15/11
**few [3]**   8/12 9/18 12/11
**Fifth [1]**   2/2
**filing [2]**   5/7 19/13
**filling [1]**   17/25
**find [1]**   7/20
**firm [3]**   2/5 3/22 4/6
**first [10]**   3/21 4/5 4/17
 5/19 7/9 7/18 10/19 13/22
 18/24 19/5
**FL [2]**   1/22 2/6
**flag [2]**   3/19 4/15
**flavor [1]**   13/18
**fleshed [1]**   10/6
**FLORIDA [2]**   1/1 1/6
**flow [1]**   15/17
**fly [1]**   9/16
**focus [2]**   13/25 20/21
**focused [1]**   9/10
**forbid [1]**   4/23
**force [1]**   3/6
**foreclosed [1]**   11/8
**foregoing [1]**   21/17
**foreseeable [3]**   12/17 12/25
 13/12
**former [12]**   4/8 5/13 5/23
 8/6 9/23 10/1 13/20 14/10
 15/23 15/24 19/16 20/4
**formerly [1]**   4/19
**FORT [3]**   1/2 1/6 2/6
**forth [2]**   12/20 12/21
**forwarding [1]**   13/7
**framed [4]**   11/22 13/21 20/4

20/10
**frankly [3]**   4/18 17/16 21/6
**free [2]**   7/11 8/4
**free-standing [1]**   8/4
**Ft [1]**   2/10
**full [1]**   10/7
**further [2]**   8/16 21/5
**future [3]**   4/14 5/15 21/3

**G**

**GARCIA [7]**   1/12 3/3 10/7
 16/16 18/18 20/6 21/2
**garnered [1]**   6/1
**get [1]**   20/19
**give [2]**   7/13 20/20
**given [4]**   9/6 16/17 20/3
 20/24
**go [1]**   8/17
**God [1]**   4/23
**goes [1]**   9/14
**going [7]**   5/10 6/6 12/22
 13/5 17/21 18/10 20/11
**GOVERNMENT [9]**   1/17 4/5 7/14
 10/16 11/19 18/20 19/11
 19/12 21/6
**Government's [9]**   4/24 9/23
 11/5 12/25 13/11 14/5 16/22
 18/5 20/25
**Grand [3]**   12/8 17/4 18/2

**H**

**had [4]**   3/4 14/10 19/6 21/7
**hadn't [1]**   19/4
**happen [1]**   13/6
**happened [1]**   12/11
**happy [2]**   3/18 12/13
**HARBACH [2]**   1/17 7/16
**has [10]**   4/5 5/2 5/25 7/25
 10/23 17/6 18/25 20/3 20/10
 20/24
**have [28]**
**haven't [1]**   17/24
**having [2]**   3/13 7/16
**he [20]**   7/12 10/18 11/18
 12/9 12/17 17/2 17/4 17/4
 17/5 17/6 17/17 18/1 18/5
 18/7 18/9 18/10 19/8 19/9
 19/23 19/25
**hear [2]**   3/10 17/20
**heard [1]**   6/12
**hearing [18]**   1/12 3/3 3/6
 3/8 9/3 10/7 14/25 16/16
 18/9 18/18 18/19 19/5 19/6
 20/21 21/2 21/4 21/13 21/15
**here [7]**   8/25 18/11 18/16
 19/4 19/5 20/7 20/19
**him [11]**   4/24 11/23 15/25
 16/25 17/3 17/5 17/25 18/1
 18/3 18/7 18/14
**his [15]**   4/25 4/25 7/11 7/12
 9/23 10/10 10/24 11/3 11/17
 12/10 12/19 15/24 17/14
 19/10 19/15
**hit [1]**   15/19
**HON [1]**   2/11
**Honor [15]**   3/18 4/1 4/18 6/3
 7/4 8/11 11/6 14/3 14/18
 15/3 15/19 16/9 17/13 17/22

19/4
**Honor's [1]**   16/5
**HONORABLE [1]**   1/13
**hopefully [1]**   10/12
**how [6]**   5/16 9/6 12/23 14/25
 17/17 20/19
**however [3]**   3/23 15/5 17/13
**hypothetical [4]**   18/17 19/15
 19/25 20/7
**hypothetically [2]**   4/22 5/22
**hypotheticals [2]**   4/15 17/25

**I**

**idea [1]**   20/10
**ideas [1]**   7/19
**identical [2]**   15/6 15/8
**identified [1]**   3/16
**impact [1]**   13/24
**impanel [2]**   20/18
**implicates [1]**   19/15
**important [1]**   11/1
**Importantly [1]**   3/5
**impugning [1]**   10/1
**incapable [1]**   18/3
**indeed [1]**   15/23
**independently [2]**   6/13 8/4
**indicated [2]**   3/8 7/17
**indicating [1]**   6/9
**indictment [1]**   10/19
**individuals [2]**   6/14 14/2
**indulgence [1]**   12/4
**inevitable [1]**   12/17
**inferences [1]**   12/20
**inform [2]**   11/2 17/7
**information [2]**   5/9 5/25
**injecting [1]**   14/21
**inquire [1]**   19/20
**inquiry [2]**   16/11 16/15
**insofar [2]**   7/20 17/25
**intention [1]**   14/5
**intrinsically [2]**   15/12
 19/24
**introducing [1]**   14/21
**introduction [1]**   20/25
**Irving [3]**   9/20 16/9 16/14
**is [119]**
**isn't [1]**   19/11
**issue [5]**   4/1 6/3 8/9 8/10
 20/25
**issues [5]**   9/16 15/6 20/17
 21/5 21/8
**it [54]**
**its [1]**   5/4

**J**

**JAY [1]**   1/18
**JOHN [1]**   1/17
**JUDGE [2]**   1/13 7/5
**jury [14]**   8/6 9/10 10/2 12/2
 12/9 12/19 12/20 13/2 13/20
 14/13 17/4 18/2 18/21 20/18
**just [8]**   4/15 5/6 6/11 6/14
 13/11 15/11 16/2 20/10
**just a [1]**   13/11
**Justice [1]**   1/18

**K**

**know [6]**   17/22 17/24 18/5

**K**

**know... [3]**   18/16 19/9 20/1
**knowing [3]**   5/17 5/21 6/25
**knows [1]**   20/2

**L**

**land [1]**   9/20
**last [1]**   20/25
**last-minute [1]**   20/25
**later [4]**   12/9
**law [11]**   2/1 2/5 3/22 4/6
 5/11 6/22 7/7 8/8 13/23
 14/24 19/11
**lawyer [6]**   7/12 7/25 12/19
 15/22 17/14 20/20
**lawyer's [1]**   16/7
**learn [1]**   7/12
**least [2]**   9/6 10/13
**leaves [1]**   9/11
**legal [2]**   6/24 9/12
**length [1]**   12/18
**less [1]**   7/22
**Let [1]**   7/14
**Let's [1]**   3/12
**light [2]**   10/18 11/5
**like [3]**   8/12 11/7 17/14
**likelihood [1]**   17/13
**likely [2]**   4/13 18/10
**limitation [1]**   8/4
**limitations [1]**   20/22
**limited [2]**   5/13 19/12
**line [2]**   16/10 16/15
**little [1]**   5/2
**longer [2]**   14/4 17/5
**look [1]**   4/10
**looked [1]**   7/16
**loss [1]**   17/19
**loyalty [6]**   8/1 9/25 15/19
 16/2 16/7 19/15
**LP [1]**   2/1

**M**

**made [4]**   3/5 7/8 8/23 11/10
**make [7]**   5/16 6/25 7/10 8/13
 10/10 11/12 13/3
**makes [3]**   9/15 12/5 20/6
**making [4]**   5/21 6/10 13/19
 20/15
**matter [2]**   21/12 21/18
**may [11]**   5/24 5/24 5/24 6/1
 6/1 13/2 15/23 19/3 20/7
 20/13 21/4
**maybe [1]**   18/1
**me [6]**   5/24 6/7 7/14 8/23
 11/7 17/24
**mean [1]**   4/3
**means [1]**   14/18
**meant [3]**   15/15 16/4 16/7
**mechanical [1]**   16/3
**medical [1]**   5/1
**mention [1]**   12/4
**mentioned [1]**   16/21
**Miami [1]**   1/22
**MICHAEL [1]**   1/21
**might [5]**   12/1 13/8 13/15
 16/9 16/25
**mind [1]**   9/19

**minimum [2]**   17/6 17/6
**minute [1]**   20/25
**misheard [1]**   6/17
**moment [3]**   10/3 16/4 16/21
**months [1]**   7/12
**more [2]**   12/5 20/22
**morning [3]**   10/22 15/15
 15/21
**most [2]**   11/22 18/20
**motion [4]**   3/15 5/7 19/13
 21/12
**move [1]**   6/10
**Mr [61]**
**much [3]**   13/21 14/22 17/16
**Murrell [1]**   16/14
**my [11]**   3/22 4/6 10/5 12/15
 17/23 18/1 18/18 19/15 20/4
 20/12 20/19
**my obligation [1]**   18/18
**myself [1]**   3/21

**N**

**NAUTA [29]**
**Nauta's [1]**   12/18
**NE [1]**   1/22
**need [2]**   9/20 19/18
**needs [2]**   6/4 6/24
**neither [1]**   3/21
**never [1]**   5/18
**new [5]**   7/6 8/25 9/4 13/18
 15/4
**no [17]**   1/2 3/7 3/7 7/4 7/6
 8/11 10/17 11/11 14/4 14/16
 14/19 16/10 16/12 16/13
 16/14 17/5 20/17
**no question [1]**   10/17
**not [43]**
**nothing [4]**   4/23 5/2 5/25
 9/24
**notion [2]**   8/8 15/10
**now [9]**   3/2 4/23 6/7 6/12
 10/13 13/19 16/11 20/3 20/10
**Number [2]**   10/14 10/16
**NW [1]**   2/2

**O**

**o'clock [1]**   19/7
**objecting [3]**   16/12 20/8
 20/9
**objection [2]**   16/10 16/18
**obligation [2]**   5/13 18/18
**obligations [2]**   15/24 20/4
**obtained [1]**   5/14
**obvious [1]**   8/24
**obviously [5]**   4/13 5/18 7/9
 8/25 13/25
**occasion [1]**   13/3
**occurrence [1]**   13/12
**October [1]**   1/5
**of Trump [1]**   4/20
**off [2]**   3/12 14/6
**offering [1]**   8/19
**Office [9]**   1/19 1/21 4/2
 4/18 5/5 6/4 19/18 20/3
 20/10
**Official [2]**   2/9 21/21
**Okay [3]**   11/16 13/15 14/12
**OLIVEIRA [4]**   1/8 15/21 16/11

 19/1
**one [12]**   8/15 9/18 10/3
 10/14 10/15 10/16 10/22 12/4
 12/8 15/8 15/9 17/9
**one's [1]**   15/17
**only [3]**   11/2 12/16 14/8
**open [1]**   3/8
**opening [1]**   20/20
**openness [1]**   10/7
**operating [1]**   18/17
**opinion [1]**   17/23
**opinions [1]**   7/21
**opportunity [1]**   19/20
**order [2]**   9/20 19/2
**orders [1]**   21/3
**origin [4]**   15/6 15/6 16/4
 16/8
**ostensibly [1]**   4/6
**other [8]**   3/7 10/14 10/21
 10/25 13/25 14/2 14/17 15/22
**our [15]**   4/17 4/24 5/2 5/8
 5/10 5/12 6/21 7/7 7/23 8/20
 8/20 10/12 11/14 15/5 15/14
**ours [1]**   3/20
**out [7]**   5/9 7/24 8/25 10/6
 12/23 13/16 13/22
**out that [1]**   13/16
**outset [1]**   3/6

**P**

**Palm [1]**   2/10
**paper [1]**   9/3
**papers [6]**   3/14 8/24 10/4
 11/10 11/12 20/14
**part [2]**   16/13 16/15
**particular [2]**   4/4 13/16
**particulars [1]**   18/20
**parties [2]**   3/11 9/16
**pattern [1]**   10/15
**Pauline [2]**   2/9 21/21
**PELLETTIERI [1]**   1/17
**pending [1]**   21/12
**Pennsylvania [1]**   1/19
**perhaps [1]**   11/22
**permits [1]**   18/15
**permitting [1]**   18/21
**person's [1]**   15/12
**phrased [4]**   8/11 15/2 20/11
 20/14
**PIERCE [4]**   1/2 1/6 2/6 2/10
**Plaintiff [1]**   1/5
**play [1]**   19/10
**playing [1]**   20/2
**please [1]**   3/1
**pleases [1]**   12/14
**PLLC [1]**   2/5
**point [8]**   3/10 8/2 8/24 9/14
 10/13 12/15 12/23 16/5
**points [1]**   8/12
**portion [1]**   3/10
**position [16]**   4/2 4/12 4/14
 4/17 4/25 5/10 6/6 6/19 6/21
 6/23 7/10 10/13 11/5 11/14
 14/12 18/5
**possession [1]**   16/24
**possibilities [1]**   19/21
**possibility [8]**   5/18 11/24
 12/1 13/6 13/10 16/23 17/13

**P**

possibility... [1]   18/25
postpone [1]   21/3
potential [4]   13/12 14/9
18/6 18/7
potentially [2]   15/18 19/14
precedent [1]   20/6
preclude [5]   4/20 6/7 6/10
12/2 18/7
precluded [5]   4/7 5/7 5/15
5/22 19/13
predict [1]   13/5
preliminary [1]   3/5
prepared [4]   7/9 18/23 19/8
19/9
preparing [1]   20/15
present [3]   12/15 18/11 19/3
presented [1]   9/13
press [1]   3/10
presume [1]   18/3
presumption [1]   18/4
previously [5]   11/18 13/17
14/22 14/25 15/10
principal [1]   19/10
principle [4]   7/2 7/17 9/13
14/22
prior [7]   4/24 5/3 6/11 6/15
13/1 13/15 15/17
privilege [1]   3/9
privy [1]   17/6
probably [1]   12/18
problems [1]   15/17
proceed [6]   3/2 3/12 18/12
19/9 21/1 21/11
proceeding [3]   10/8 19/23
20/1
proceedings [5]   3/20 5/16
5/20 20/15 21/18
Professional [1]   5/11
prohibited [3]   9/22 14/13
18/22
prohibiting [1]   10/11
prohibition [5]   10/4 11/10
13/19 15/14 15/16
prohibition on [1]   15/14
propose [1]   9/17
proposition [4]   4/11 7/24
8/21 9/25
provides [1]   6/22
purpose [1]   21/13
purposes [1]   12/15
put [2]   10/23 17/14
putting [3]   7/21 7/22 20/14

**Q**

question [10]   3/19 3/21 4/25
6/24 7/18 8/5 10/11 10/17
11/7 18/18
questioning [2]   4/20 13/24
questions [1]   13/2
quite [2]   7/17 7/21

**R**

Rahman [3]   5/5 8/15 9/6
raise [1]   9/15
raised [5]   5/19 14/22 16/18
18/20 18/25

raising [3]   8/25 13/13 14/3
read [2]   3/13 19/2
real [1]   13/6
realistic [1]   19/21
really [3]   15/5 16/14 20/14
reason [4]   3/9 7/24 8/18
15/2
reasons [5]   9/22 10/13 10/22
13/9 16/21
recently [1]   18/20
recess [2]   17/21 21/14
record [2]   10/23 21/18
recording [1]   3/7
redirect [1]   13/4
referring [2]   3/16 4/4
regard [1]   4/16
regarding [1]   3/20
regrettably [1]   21/2
related [1]   21/4
relevance [1]   14/9
relieved [2]   8/16 9/7
remarks [1]   3/5
Reporter [2]   2/9 21/22
reports [1]   3/16
represent [3]   3/15 3/22 3/23
representation [13]   4/24 5/3
5/14 6/2 6/12 6/13 6/15 7/9
8/16 9/8 13/1 13/15 17/23
represented [9]   4/19 7/3
11/18 12/8 12/9 13/17 14/25
15/10 17/3
representing [1]   15/23
represents [1]   17/5
request [4]   9/7 11/10 11/13
11/19
require [2]   5/12 21/4
requires [1]   5/11
requiring [1]   19/2
resemblance [1]   8/20
resolve [2]   6/24 9/21
resolved [1]   6/4
respect [4]   4/2 9/6 14/2
14/4
respectfully [1]   6/3
Responsibility [1]   5/12
responsible [1]   11/23
revealing [1]   15/9
right [8]   3/1 4/21 7/1 7/11
7/14 12/13 13/19 17/20
risks [1]   11/16
road [1]   7/12
ROBIN [1]   2/11
role [2]   19/10 20/2
ROSENBERG [1]   2/11
rules [2]   5/12 19/22
ruling [1]   5/22
running [1]   8/14

**S**

said [1]   15/2
same [6]   14/12 15/6 16/1
16/4 16/8 16/17
SASHA [1]   2/4
say [3]   15/5 16/7 20/19
saying [3]   6/16 6/18 16/13
says [3]   15/4 17/4 17/5
scheduled [1]   19/6
scheduling [2]   21/4 21/12

scope [3]   4/3 14/21 18/19
seated [1]   3/1
second [2]   10/21 20/19
see [2]   5/16 9/6
seek [2]   10/4 20/11
seeking [1]   9/3
seem [1]   20/21
seemed [1]   9/10
seems [4]   12/17 13/6 17/16
19/24
senior [1]   7/5
set [1]   21/12
setting [3]   8/3 8/8 8/9
shocked [1]   20/16
should [16]   9/22 10/18 11/1
11/2 11/3 11/3 11/7 11/14
12/17 12/18 12/20 17/12
17/12 18/13 18/13 18/14
shouldn't [1]   17/2
silly [1]   16/23
similar [1]   14/1
simply [2]   14/20 18/20
sir [1]   3/14
situation [3]   9/19 12/5
14/10
situations [1]   17/9
six [1]   7/12
sky [1]   17/25
so [30]
some [4]   7/23 9/5 9/21 18/16
somebody [1]   15/11
something [2]   10/6 13/7
sort [2]   9/16 15/9
SOUTHERN [1]   1/1
Spataro [1]   9/9
speak [1]   10/10
Special [9]   1/19 4/2 4/17
5/5 6/4 6/23 19/18 20/3 20/9
specifically [1]   9/21
spinning [1]   13/18
stand [4]   4/11 5/24 12/16
20/19
standing [1]   8/4
STANLEY [2]   2/1 6/19
starkly [2]   7/21 7/22
start [1]   3/12
starting [1]   8/15
statements [1]   20/20
STATES [5]   1/1 1/4 1/13 1/21
5/5
Stay [1]   21/3
still [2]   3/14 18/17
Stipes [2]   2/9 21/21
Street [3]   1/22 2/2 2/5
strike [1]   19/14
striking [1]   8/23
stroke [1]   4/23
subject [4]   3/11 3/15 9/1
14/24
such [2]   15/1 21/4
suggest [1]   13/9
suggestions [1]   9/18
suggests [1]   5/5
Suite [2]   2/2 2/6
summarizing [1]   6/5
summation [10]   4/7 5/1 5/6
5/6 6/7 6/21 7/13 8/6 19/12
19/12

**S**

superseding [1]  10/19
support [3]  7/2 7/17 7/19
supporting [2]  8/8 13/23
supports [1]  10/19
suppose [1]  11/21
sure [4]  7/17 9/9 16/1 20/15

**T**

table [1]  14/6
take [5]  4/1 4/13 5/24 14/12
 17/21
taken [2]  4/10 5/4
takes [1]  12/16
taking [1]  4/12
talk [3]  9/21 18/1 20/7
talking [2]  13/14 16/2
teased [1]  7/24
tell [2]  6/5 11/23
testified [2]  12/8 17/4
testifies [1]  18/9
testify [2]  18/5 18/13
testifying [1]  18/7
testimony [3]  12/10 12/19
 19/14
THAKUR [1]  1/21
than [5]  5/6 9/2 13/21 14/22
 14/25
Thank [5]  3/1 3/18 7/15 14/3
 21/14
that [196]
That's [3]  10/19 12/13 14/7
their [4]  4/2 6/6 6/11 6/19
them [2]  8/19 11/6
then [12]  3/19 7/11 8/22 9/1
 9/11 10/10 12/9 14/8 18/10
 19/5 19/20 19/22
theoretical [1]  9/20
theory [1]  5/7
there [23]
Thereupon [1]  21/15
these [15]  5/20 7/16 7/19
 8/14 8/25 9/15 9/16 9/21
 10/14 16/8 17/3 17/18 20/15
 21/5 21/7
they [22]
thin [1]  7/24
thing [3]  10/20 10/21 12/5
things [2]  9/21 12/11
think [18]  4/13 5/10 6/3 6/9
 6/11 6/16 6/22 6/23 7/7 9/9
 13/21 14/9 15/19 17/11 17/17
 19/18 20/2 20/24
this [45]
those [12]  4/10 5/14 5/15
 6/14 7/3 7/21 8/18 11/1 13/9
 15/4 15/20 19/21
thoughts [1]  18/19
three [5]  4/4 4/10 7/4 10/21
 10/25
through [5]  5/14 6/1 8/14
 8/17 9/16
thus [1]  4/13
tied [1]  16/1
time [9]  3/23 4/5 5/19 6/6
 7/9 13/22 18/24 19/5 21/7
today [13]  4/5 4/12 5/20 7/8

 10/15 11/4 12/22 12/23 12/25
 13/13 13/22 14/9 14/11
today's [2]  3/20 14/6
transcript [1]  21/17
transpired [1]  9/7
tree [2]  16/6 16/6
trial [14]  4/23 6/7 6/21
 7/13 10/17 11/8 12/16 13/8
 14/5 17/8 17/15 18/6 19/9
 20/3
true [1]  11/21
TRUMP [26]
truthfulness [1]  5/1
try [1]  12/5
trying [1]  14/20
tuned [1]  21/3
turn [1]  7/14
twin [1]  7/25
two [5]  4/15 10/14 11/1 14/2
 16/5

**U**

U.S [1]  1/18
ultimately [1]  10/6
unable [2]  6/13 15/12
unavailable [1]  18/8
unclear [1]  9/12
under [1]  17/18
understand [5]  8/2 10/4
 14/20 15/3 17/17
understanding [3]  10/5 14/23
 19/19
unfair [1]  19/24
UNITED [5]  1/1 1/4 1/13 1/21
 5/5
universe [1]  18/17
unless [2]  3/8 6/16
unlike [3]  9/19 10/21 14/10
unnecessary [3]  16/23 18/4
 21/10
unpredictabilities [1]  18/16
unremarkable [2]  8/21 8/22
unsurprising [1]  10/18
until [1]  3/8
unusual [1]  12/5
up [4]  16/1 17/2 20/19 21/7
us [6]  4/20 7/8 9/11 13/6
 19/2 20/14
used [1]  19/12
using [1]  5/15

**V**

valuable [1]  16/25
vastly [2]  16/20 16/20
versus [1]  20/23
very [6]  9/21 11/1 15/13
 17/9 17/10 18/10
view [8]  7/23 8/20 9/24
 12/25 13/12 15/5 15/14 16/22
views [1]  11/2
vigorously [2]  6/13 15/25
virtue [2]  6/11 6/14
vis [4]  16/11 16/11 16/17
 16/17
vis-a-vis [2]  16/11 16/17
voluntary [3]  5/17 5/21 6/25

**W**

wagons [1]  21/9
wait [1]  20/19
waive [1]  7/11
waived [1]  10/24
waiver [5]  4/3 5/17 5/21
 6/25 9/2
WALTINE [1]  1/7
want [6]  3/12 7/10 12/4
 14/22 20/5 21/6
wanted [1]  3/19
was [10]  6/11 10/5 11/9 12/3
 13/21 16/10 16/14 18/25
 20/25 21/9
Washington [2]  1/20 2/3
wasting [1]  21/7
way [13]  6/5 9/4 10/24 11/22
 11/23 12/6 12/8 14/18 17/9
 20/3 20/9 20/13 21/8
ways [1]  10/14
we [63]
Welcome [1]  3/2
well [7]  8/22 9/18 10/12
 13/1 13/10 17/12 18/23
went [1]  18/2
were [7]  4/22 6/9 7/9 12/11
 15/20 15/24 19/4
West [1]  2/10
what [27]
when [7]  12/15 15/20 17/4
 17/4 19/6 20/1 20/18
where [3]  7/10 11/12 17/3
whether [5]  3/14 13/5 18/12
 19/21 19/25
which [7]  3/10 5/2 9/11
 10/14 17/9 19/9 19/16
while [1]  12/7
who [1]  5/24
why [3]  9/22 17/11 17/22
will [12]  3/2 3/4 3/10 10/16
 12/5 12/17 12/19 17/20 18/5
 21/3 21/11 21/12
willing [1]  9/24
wish [1]  18/14
without [5]  9/1 11/7 13/23
 21/1 21/8
witness [13]  3/17 3/17 3/23
 6/20 11/17 13/2 14/4 14/5
 14/6 14/7 14/8 14/14 18/10
witnesses [2]  3/15 10/22
wondering [1]  8/7
WOODWARD [24]
Woodward's [2]  10/4 13/1
words [2]  3/7 15/22
world [1]  19/25
worth [1]  13/12
would [30]
wouldn't [2]  8/23 10/10
wrinkle [1]  12/24
wrong [2]  6/5 19/3

**Y**

Yannotti [1]  9/11
years [1]  7/5
yes [4]  13/17 14/15 15/2
 16/19
York [2]  7/6 15/4

**Y**

you [36]
your [28]