UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

      Plaintiff,

vs.

**DONALD J. TRUMP, WALTINE NAUTA,**
and **CARLOS DE OLIVEIRA,**

      Defendants.
_____/

## SEALED *EX PARTE* ORDER

**THIS CAUSE** comes before the Court upon the following two procedural motions filed by the Special Counsel on November 22, 2023: (1) *Ex Parte* Motion to File Page-Limit Motion Under Seal and *Ex Parte* [ECF No. 222], and (2) *Ex Parte* Motion to Exceed Page Limits for CIPA Section 4 Motion [ECF No. 223]. Docket entry 222 requests permission to file docket entry 223 *ex parte* and under seal [ECF No. 222]. Neither Motion contains or reveals classified information.

The Court has reviewed the Motions and is otherwise fully advised in the premises. For the reasons provided below, the *Ex Parte* Motions [ECF Nos. 222–223] are **DENIED** as to the *ex parte* nature of the requests but otherwise **DENIED WITHOUT PREJUDICE**.

\*\*\*

"*Ex parte* communications generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires 'a reasonable opportunity to know the claims of the opposing party and to meet them.'" *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986) (quoting *Morgan v. United States*, 304 U.S. 1, 18 (1938)). Accordingly, absent a strong justification, courts generally do not authorize *ex parte* submissions. *Id.*

CASE NO. 23-80101-CR-CANNON

The Special Counsel has not provided a sufficient justification to warrant filing either Motion on an *ex parte* basis. Although CIPA Section 4 gives a court discretion to permit a Section 4 filing on an *ex parte* basis, *see* 18 U.S.C. App. III § 4, the instant procedural motions seeking additional pages are not Section 4 motions; nor do they contain or otherwise reveal classified information. Moreover, although the Special Counsel suggests that the mere filing of its motion for additional pages might "reveal the contours and extent of the Government's CIPA Section 4 motion," because it indicates that "four categories of especially sensitive classified information" will be addressed in the Section 4 motion [ECF No. 222 p. 2; ECF No. 223 p. 1], that bare reference, without more, is not a basis to deviate from the presumption against *ex parte* filings in our adversarial system of justice.

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. The Special Counsel's *Ex Parte* Motions [ECF Nos. 222, 223] are **DENIED** as to the *ex parte* nature of the procedural motions but otherwise **DENIED WITHOUT PREJUDICE**.

2. On or before **November 29, 2023**, the Special Counsel may refile a sealed motion to exceed page limits but must do so on a non-*ex parte* basis and in conformity with the Local Rules.

3. Nothing in this Order shall be construed to undermine the discretion afforded by CIPA Section 4 to conduct Section 4 proceedings *ex parte*. 18 U.S.C. App. III § 4.

4. **This Order shall be filed *ex parte* and under seal**.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this 27th day of November 2023.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:     counsel of record