**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

UNITED STATES OF AMERICA,

vs.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

        Defendants.

**Case No. 23-80101-CR**
**CANNON/REINHART**

_____

**PRESIDENT DONALD J. TRUMP'S OPPOSITION TO MOTION FOR**
**PREMATURE JURY QUESTIONNAIRE**

President Donald J. Trump respectfully submits this opposition to the motion by the Special Counsel's Office to "set a deadline of February 2 for the parties to submit a joint proposed jury questionnaire." ECF No. 240 at 2.[1] The Court should deny this most recent effort to set deadlines outside of the Court's November 10, 2023 schedule. *See* ECF No. 215. Moreover, in addition to wasting the Court's resources, this type of litigation detracts from the defendants' efforts to review voluminous discovery and prepare motions that are crucial to the defense. Therefore, President Trump respectfully requests that the Court order the prosecution to refrain from further motion practice outside the existing schedule absent truly and actually compelling circumstances.

To be clear, in the event that the Court does not dismiss this politically motivated election-interference mission by the Special Counsel's Office and the Biden Administration[2]—and the

---

[1] Defendants Waltine Nauta and Carlos De Oliveira join in the requests for relief set forth herein.

[2] *See, e.g.*, Opinion, *Jack Smith and the Supreme Court*, Wall Street Journal (Dec. 15, 2023, 6:40 pm), https://www.wsj.com/articles/jack-smith-and-the-supreme-court-57d78846 ("If that trial date [in the District of Columbia] holds, Mr. Smith will . . . then become a de facto campaign voice for the Democrats in the general election. This is one of the reasons that trying to disqualify Mr. Trump by prosecution was such a mistake."); Jason Willick, *Politics are now clearly shaping Jack Smith's Trump prosecution*, Washington Post (Dec. 12, 2023, 1:33 pm),

- 1 -

defendants will submit multiple compelling bases for doing so in connection with, *inter alia*, pretrial motions due on February 22, 2024—President Trump does not dispute that a questionnaire may be appropriate to facilitate jury selection in connection with a trial where the defendants will exonerate themselves. But that is manifestly not what this motion is about. Apparently believing that the case is governed by baseball rules, the Office has taken another swing at maintaining a trial date that was set based on the Office's misrepresentations regarding the timing and nature of discovery. *See, e.g.*, ECF No. 237 at 2-3. The Court rejected the Office's first attempt. *See* ECF No. 221 ("To the extent the Special Counsel's motion seeks reconsideration in part of the Court's November 10, 2023, Order 215, that request is denied. CIPA Section 5 deadlines, and *all other pre-trial deadlines not included in the first batch of pre-trial deadlines* contained in the Court's revised schedule 215, will be set following the March 1, 2024, scheduling conference." (emphasis added)). In this motion, based on its claimed "experience and research" and ignoring the Court's prior use of the phrase "all other pre-trial deadlines," the Office arrogantly purports to educate the Court about the logistics of jury selection in Your Honor's District as a pretext for rushing toward an unjust trial. This motion is every bit as much a whiff, and therefore strike two. ECF No. 240 at 6.

      The prosecution's purported concern about "insufficient time to implement" jury selection measures is entirely illusory and based exclusively on the partisan talismanic significance they have assigned to May 20, 2024. ECF No. 240 at 2. If there could be any doubt about the true motivation behind the motion, it is obvious, though largely omitted from the motion, that such a

---

https://www.washingtonpost.com/opinions/2023/12/12/special-counsel-jack-smith-politicized-prosecution ("Smith is probably less concerned now with whether a Trump conviction will survive appeal than with whether Trump can be convicted ahead of the November 2024 election.").

questionnaire would need to give potential jurors a sense of when the trial will occur.  The Court has made clear that the trial date will be addressed at the March 1, 2024 conference.

Any jury questionnaire would also have to estimate the length of the trial so that potential jurors can inform that Court whether service in this case would be feasible.  One necessary component of that estimate is the length of the defense case, which will turn in part on the success of President Trump and the other defendants in forcing the Special Counsel's Office to cease its ongoing suppression of discoverable material that supports our defenses and is necessary for the cross-examination of prosecution witnesses.  As the Court has correctly noted:

> [I]t is evident that the parties are at odds on significant issues related to the scope of discoverable information in this case, and that such disagreements will require substantial judicial intervention.  This too adds complexity to this case, both as a matter of briefing, Court review, and future rounds of CIPA Section 4 litigation.

ECF No. 215 at 7.  The Court's rulings on the defendants' forthcoming motions to compel discovery, due January 16, 2024, will be integral to scheduling estimates that are an important part of the type of questionnaire the Special Counsel's Office proposes.

The Court's pretrial rulings will also be critical to additional key features of any proper jury questionnaire: a summary of the nature of the case and the defenses, and questions regarding aspects of the case that could reveal improper biases.  Although we are still preparing our defense as we review and seek voluminous discovery—including, as noted, important as-of-yet unproduced materials—the defendants' pretrial motions will attack central aspects of the Special Counsel's case.  For example, we will bring to light important issues regarding the timing of President Trump's security clearances, the FBI's illegal raid at Mar-a-Lago, unlawful disregard of President Trump's attorney-client privilege, and other grand jury abuses, not to mention prosecutorial misconduct, selective prosecution, witness-advocate problems, improper and unconstitutional involvement in the investigation by the Biden Administration and the National

Archives, related abuses of the Presidential Records Act, the lack of sensitivity of certain documents, and flagrant overclassification of other materials. That is to say nothing of the extensive CIPA litigation that will be necessary, and time consuming, before a fair trial can be conducted if one is necessary. If any of the pending charges survive these and other motions— and they should not—it will be incumbent on the Court and the remaining parties to administer jury selection procedures that are attentive to the particulars of the case and any remaining issues that may challenge potential jurors' ability to be impartial. Any "joint" questionnaire proposed by February 2, 2024 could not possibly account for those details in an appropriate way, and would therefore be a waste of time.

Because the Special Counsel's Office is demonstrably not committed to a just outcome in these proceedings, the Office views the amount of work to be accomplished by the Court and the defendants in litigating and resolving pretrial litigation as, at most, a minor speed bump on the Office's desired path of using Your Honor's courtroom for political advocacy attacking the leading candidate in the 2024 presidential election in a key State and beyond. The prosecution has unapologetically misled the Court from the start. For the second time in just over a month, they have ignored the Court's scheduling order in an effort to impose deadlines with no reasonable basis. President Trump respectfully submits that the Court should put an end to these improper filings and admonish the Special Counsel that future abuses that interrupt the defendants' discovery review and defense preparation will not be tolerated.

## **CONCLUSION**

For the foregoing reasons, President Trump respectfully submits that the Court should deny the motion to "set a deadline of February 2 for the parties to submit a joint proposed jury questionnaire," ECF No. 240 at 2, and that the Special Counsel's Office should be ordered to refrain from further motion practice outside the existing schedule absent truly compelling circumstances.

Dated: December 20, 2023

Respectfully submitted,

*/s/ Todd Blanche*
Todd Blanche (PHV)
toddblanche@blanchelaw.com
Emil Bove (PHV)
emil.bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

*/s/ Christopher M. Kise*
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

**CERTIFICATE OF SERVICE**

I, Christopher M. Kise, certify that on December 20, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise