UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP,
WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA,**

    Defendants.
_____/

## GOVERNMENT'S REPLY IN SUPPORT OF MOTION FOR WRITTEN JURY QUESTIONNAIRE

Defendants have filed an opposition to the Government's Motion for Written Jury Questionnaire (ECF No. 240) that is long on rhetoric and baseless accusations that do not merit a response. The Government files this short reply to reiterate its reasons for filing the motion.

The Court denied the defendants' motion for an adjournment of the trial date (ECF No. 167) and maintained the May 20, 2024 trial date, subject to reconsideration at the March 1 scheduling conference. ECF No. 215 at 1. Accordingly, the Government has been working to ensure that it will be ready on May 20. Among the pretrial events that even defendants appear to agree (ECF No. 242 at 2) should occur in this high-publicity case is the preparation and distribution of a jury questionnaire. When the Government learned of the time necessary to send a questionnaire to prospective jurors, the Government felt it prudent to bring the issue to the Court's and defendants' attention through the only appropriate channel available: a motion.

Defendants argue that the questionnaires could change depending on how the Court rules on several motions they plan to file. ECF No. 242 at 2-4. But some of those variables (*e.g.*, the anticipated length of trial, the trial date) are simple to amend, and other subjects the defendants suggest should impact the questionnaire are not even the proper subject of questions to a venire, and in any event would form but a fraction of the questions the questionnaire would contain. More to the point, defendants' breathless castigation of the Government for suggesting the parties engage on jury questionnaires before resolution of pretrial motions ignores that the same was true in cases the Government cited in its motion. In *Mentor*, the Court ordered the parties to submit a joint proposed questionnaire before pretrial motions (including for severance, disclosure, and suppression) were even filed, much less resolved. *See United States v. Mentor*, No. 11-cr-20351-Graham [ECF Nos. 123, 127, 130, 131, 134] (S.D. Fla.). In *Guruceaga*, the Court similarly ordered the parties to submit joint proposed jury questionnaires before the pretrial motions deadline. *United States v. Guruceaga, et al.*, No. 18-cr-20685-Williams [ECF No. 118] (S.D. Fla. June 18, 2019). It is economical and a good use of time to begin the process of drafting a questionnaire now.

For the foregoing reasons and those in the Government's motion, the Court should grant the requested relief.

Respectfully submitted,

JACK SMITH
Special Counsel

By:    */s/ Jay I. Bratt*
       Jay I. Bratt
       Counselor to the Special Counsel
       Special Bar ID #A5502946
       950 Pennsylvania Avenue, N.W.
       Washington, D.C.  20530

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

Michael E. Thakur
Assistant Special Counsel
Florida Bar No. 1011456

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

/s/ *Jay I. Bratt*
Jay I. Bratt