UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON/REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| WALTINE NAUTA, and | ) |
| | ) |
| CARLOS DE OLIVIERA | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS WALTINE NAUTA AND CARLOS DE OLIVIERA'S REPLY IN SUPPORT OF THEIR MOTION
<u>RELATED TO THE EX PARTE NATURE OF CIPA SECTION 4</u>**

Tellingly, in asking this Court to preclude the defendants in this action from challenging their *ex parte* submission, the Special Counsel's Office ("SCO") cites not once – not one time – the text of the Classified Information Protection Act, 18 U.S.C. App. 1, *et seq.* ("CIPA"), or its legislative history. The SCO does so in an effort to avoid the uncomfortable reality that nothing in CIPA was intended either to, "infringe on a defendant's right to a fair trial [n]or to change the existing rules of evidence and criminal procedure." H.R. 4736 [Report No. 96-831, Parts I and II], 96th Cong., 2d Sess. (Sept. 17, 1980), *reprinted in* 1980 U.S. Code Cong. & Admin. News 4294. Accordingly, CIPA § 4's reference to *ex parte* submissions is permissive: "The court *may* permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone." *Id.* (emphasis added). Importantly, this authority is derived from that already bestowed upon District Courts by Rule 16 of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause,

deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect *ex parte*.). Put simply, neither CIPA's text itself nor its legislative history bestow upon the government the broad authority to submit entirely *ex parte* the bases for withholding otherwise discoverable material from defendants.

  To that end, the SCO's misconstrues the position of Messrs. Nauta and De Oliviera. Here, the Court *may* permit the SCO to submit *ex parte* and/or in *camera* the *classified material* it seeks to withhold from the defendants and/or their counsel. This is because what is discoverable to a defendant is, unsurprisingly, often the subject of dispute as between the prosecution and defense. And, as Messrs. Nauta and De Oliviera acknowledge, neither they, nor their counsel, are entitled to what is not discoverable *in this case*. Thus, this Circuit has recognized, when the discovery of material is debatable, "the prosecutor should mark the material as a court exhibit and submit it to the court for in *camera* inspection." *United States v. Jordan*, 316 F.3d 1215, 1252 (11th Cir. 2003). But an *ex parte* and/or in *camera* submission is limited to just those materials the government seeks to withhold from a defendant, *see United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978) ("In response to [the defendant's] motion for the discovery of these materials, the trial judge ordered the F.B.I. to submit these files to the prosecution for review and to the court for an in camera inspection. Both the prosecution and the trial court concluded that the files contained no exculpatory materials within the meaning of *Brady*."), as opposed to any briefing, argument, or other support for withholding the materials in question. Thus, as former President Trump submits, defense counsel for Messrs. Nauta and De Oliviera should have access to the SCO's CIPA § 4 submission so as to refute the SCO's purported bases for withholding any discoverable material from the defendants and/or their

2

counsel *in this case.*

However, it's not clear from the SCO's prior representations to this Court that it intends to share with the Court the material it seeks to withhold from the defendants and/or their counsel. The SCO advised that its CIPA § 4 motion, "*will relate to* classified information both that the Government seeks to delete from discovery with respect to cleared counsel," that the motion will, "invoke the classified information privilege," and, "will attach sworn declarations from representatives of agencies holding equities in the classified information that attest to the sensitive nature of the classified information and the risks posed by disclosure." Mot. at 1-2 (Nov. 29, 2023) (ECF No. 225) (emphasis added). And in its opposition to the defendants' request to respond to the SCO's CIPA § 4 submission, the SCO *claims*, "it is not seeking to . . . withhold exculpatory material from the defense." Opp. at 3 (Dec. 20, 2023) (ECF No. 241). It's therefore unclear what discoverable material the SCO seeks to withhold from the defense and/or whether it's provided that material to the Court *ex parte* and/or in *camera*. 2 David Kris & J. Douglas Wilson, National Security Investigations and Prosecutions § 26:7, at 159 (3d ed. 2019, rev. 2023) ("In practice, the government usually submits *ex parte* and in *camera* both its request that the court proceed under Section 4 and the classified documents that it wishes to protect.").

To reiterate, it is only non-discoverable materials to which Messrs. Nauta and De Oliviera acknowledge they are not entitled. *See Buckley*, 586 F.2d at 506 ("Having examined these files, sealed by the district court for possible review on appeal, we agree. Requiring materials sought for discovery to be submitted to the court for in camera inspection is a practice which is both reasonable and protective of the defendant's rights, and, we might add, one which has received a measure of approval from the Supreme Court." (citing *United States v. Agurs*, 427 U.S. 97, 106 (1976)). Assuming the SCO has *not* submitted to the Court the materials it seeks to

3

withhold from the defendants and/or their defense counsel *ex parte* and/or in *camera*, the unique facts and circumstances of this case warrant defense counsel having access to the bases the SCO submits justify withholding the materials to begin with.

*Second*, even where the SCO has submitted to the Court the materials it seeks to withhold from the defendants and/or their defense counsel, the SCO may not use the fact that the materials in question potentially are not discoverable to avoid disclosing the bases upon which the SCO claims the same.  *See United States v. Rezaq*, 156 F.R.D. 514, 527 (D.D.C. 1994) ("The government asks too much, however, when it expects this court to exclude defendant's counsel from reviewing the CIPA statements.  Defense counsel have received security clearances, and there is every reason to think that [the defendant's] counsel can be trusted with the sensitive information.").  "In our adversary system, *ex parte* motions are disfavored . . . ."  *Ayestas v. Davis*, 138 S. Ct. 1080, 1091 (2018) (citing examples of appropriate *ex parte* applications).  "Although *ex parte* conferences are not *per se* unconstitutional, they 'should occur but rarely, especially in criminal cases.'"  *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986) (quoting *United States v. Adams*, 785 F.2d 917, 920 (11th Cir. 1986).  "*Ex parte* communications generally are disfavored because they conflict with a fundamental precept of our system of justice:  a fair hearing requires 'a reasonable opportunity to know the claims of the opposing party and to meet them.'"  *Id.* (quoting *Morgan v. United States*, 304 U.S. 1, 18 (1938)).

Once the Court concludes that the materials the government seeks to withhold are discoverable and that they are, in fact, classified,[1] any privilege of the government applicable to

---

[1] To the extent the SCO's submission contains classified information that would not otherwise be discoverable, there is arguably a basis for it to be redacted from the submission accessible to defense counsel.  *See* Kris & Wilson, § 26:7, at 160 (The government's materials in support of its application to proceed under Section 4 usually take the form of a classified

4

the materials must give way to a defendant's rights to a fair trial. A defendant's right to a "fair trial," in turn involves the intersection of the Constitutional prohibition against, "withhold[ing] [from a defendant] evidence that is favorable to the defense and material to the defendant's guilt or punishment," *Smith v. Cain*, 565 U.S. 73 (2012) (citing *United States v. Brady*, 373 U.S. 83 (1963)), and the right of a defendant to, "meaningfully assist in [a] defense." *Castro v. United States*, 2022 U.S. App. LEXIS 29765, at *2 (11th Cir. Oct. 25, 2022) (quoting *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006)). And both Congress and the Supreme Court have recognized that the government's state-secrets privilege does not overcome these rights. *See* H.R. 4736 [Report No. 96-831, Parts I at 15 n.12], 96th Cong., 2d Sess. (Sept. 17, 1980), reprinted in 1980 U.S. Code Cong. & Admin. News 4294 ("[T]he common law state secrets privilege is not applicable in the criminal area."); *Reynolds v. United States*, 345 U.S. 1, 12 (1953) ("Respondents have cited us to those cases in the criminal field, where it has been held that the Government can invoke its evidentiary privileges only at the price of letting the defendant go free. The rationale of the criminal cases is that, since the Government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense.").

*Third*, with respect to the material the SCO seeks to withhold from Messrs. Nauta and De Oliviera individually, and not their cleared defense counsel, there is no bases to preclude said counsel from accessing the SCO's purported justification for limiting such disclosure. Again, *ex parte* communications, "create an obvious potential for abuse," *In re Colony Square*, 819 F.2d

---

submission explaining the sensitivity of the documents that it seeks to withhold or redact."). To the extent the materials in question are discoverable, however, the bases for their classification also becomes discoverable and these ancillary materials must also be disclosed to the defense.

5

272, 276 (11th Cir. 1987), which arises from the, "general concern that the Government's information will be less reliable than if it is disclosed to the Defendant." *United States v. Belfast*, 2007 U.S. Dist. LEXIS 105594, at *6 (S.D. FL. April 26, 2007). There simply is no reason defense counsel should not have access to the purported justification for the SCO's assertion that Messrs. Nauta and De Oliviera are not entitled to view the discovery in their case.[2]

## CONCLUSION

For the foregoing reasons, Messrs. Nauta and De Oliviera respectfully request this Court order the SCO's CIPA § 4 submission be disclosed to defense counsel.

[SIGNATURE ON NEXT PAGE]

---

[2] To the extent the SCO submits, "none of the information the Government seeks to withhold is discoverable *as to them*," Opp. at 15 (Dec. 20, 2023) (ECF No. 241), it is beyond dispute that defendants charged with conspiracy are entitled to discovery pertaining to, "the acts of others for which they may be liable." *United States v. Hazelwood*, No. 10-cr-50, 2011 U.S. Dist. LEXIS 21399, at *4 (S.D. Fl. Feb. 16, 2011).

Dated: December 27, 2023                    Respectfully submitted,

   /s/ *Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (*pro hac vice*)
BRAND WOODWARD LAW, LP
400 Fifth Street Northwest, Suite 350
Washington, District of Columbia  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
stanley@brandwoodwardlaw.com

   /s/ *Sasha Dadan*
Sasha Dadan, Esq. (Fl. Bar No. 109069)
DADAN LAW FIRM, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida  34950
772-579-2771 (telephone)
772-264-5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

  /s Larry Donald Murrell, Jr.
Larry Donald Murrell, Jr. (Fl. Bar No. 326641)
400 Executive Center Drive
Suite 201—Executive Center Plaza
West Palm Beach, FL 33401
Telephone: 561.686.2700
Facsimile: 561.686.4567
Email: ldmpa@bellsouth.net

  /s John S. Irving, IV
John S. Irving, IV
D.C. Bar No. 460068 (*pro hac vice*)
E&W Law
1455 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20004
Telephone: 301-807-5670
Email: john.irving@earthandwatergroup.com

*Counsel for Defendant Carlos De Oliveira*

7

**Certificate of Electronic Service**

I hereby certify that on December 27, 2023, I electronically submitted the foregoing, via electronic mail, to counsel of record.

Respectfully submitted,

 /s/ Sasha Dadan
Sasha Dadan, Esq. (Fl. Bar No. 109069)
DADAN LAW FIRM, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida  34950
772-579-2771 (telephone)
772-264-5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*
