# ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-80101-CR-CANNON(s)**

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.

**DONALD J. TRUMP,**
**WALTINE NAUTA**, **and**
**CARLOS DE OLIVEIRA,**

      Defendants.

                                  /

## GOVERNMENT'S NOTICE OF EXPERT TESTIMONY OF GABRIELA MANCINI

The Government hereby files under Federal Rule of Criminal Procedure 16(a)(1)(G), Local Rule 88.10(o)(3), and this Court's Order (ECF No. 215) its notice of intent to use the following expert testimony in its case-in-chief at trial.

**Gabriela Mancini, Information Technology Specialist / Digital Forensic Examiner, Computer Analysis Response Team, Federal Bureau of Investigation**

**a. Training and Qualifications**

The United States intends to call Digital Forensic Examiner Gabriela Mancini as an expert in forensic extraction and examination of digital devices. Ms. Mancini has worked for the Federal Bureau of Investigation ("FBI") Computer Analysis Response Team ("CART") Washington Field Office since June 2018.

Ms. Mancini has extensive professional training regarding the forensic analysis of electronic information, including cell phone data. She has completed dozens of professional training courses relating to forensics and the analysis of electronic information, to include courses

1

that specifically focused on the analysis of smartphone data.  Ms. Mancini has also obtained numerous professional certifications related to digital forensic exams, including the Global Information Assurance Certification in Advanced Smartphone Forensics (August 2023), GrayShift GrayKey Operator Certification (August 2023), and FBI CART Senior Examiner Certification (November 2022).  During her time at CART, Ms. Mancini has performed search and seizure operations, and conducted numerous forensic examinations of digital devices, including processing more than one hundred cellular phones.

Ms. Mancini's qualifications to extract, process, and analyze data from digital devices are based on her knowledge, skill, expertise, training, and education, as further described in her curriculum vitae, which has been provided to the defense (USA-01286146 – USA-01286147).

**b.  Publications and Prior Testimony as an Expert**

Ms. Mancini has not authored any publications in the last ten years, nor has she testified as an expert at trial or by deposition in the last four years.

**c.  Report Provided under Federal Rule of Criminal Procedure 16(a)(1)(F)**

The Government produced to the defense Ms. Mancini's digital forensic extraction report (USA-01287076 – USA-01287083).

**d.  Complete Statement of Testimony/Opinion and Basis**

The Government anticipates that Ms. Mancini will testify that she forensically extracted and processed content and data from two digital devices: (1) an Apple iPhone 12 Pro Max (IMEI 354506122270257, designated FBI evidence item 1B2, associated with a phone number ending in -6091) and (2) an Apple iPhone 13 Pro Max (IMEI 350879907498888, designated FBI evidence item 1B3, associated with a phone number ending in -8611).  Both devices were used by defendant

Waltine Nauta and searched after the Government obtained a court-authorized search warrant for those devices.[1]

The Government expects that Ms. Mancini will testify as to the manner in which she handled the two digital devices, the forensic extraction and processing tools she used, and the reports generated as a result of the forensic examinations.  Ms. Mancini will testify that she used forensic tools such as GrayKey to extract data from both devices, and tools such as Axiom and Cellebrite to process data from the two devices used by defendant Nauta.  She will also explain the purpose of verification procedures, such as hash matching, that she used to ensure that the forensic extraction and processing yielded reliable and accurate copies of the data found on each digital device.   Additionally, Ms. Mancini will testify about the reliability of the programs she used throughout the process.

Ms. Mancini will also testify about certain types of data obtained from each digital device, including, *inter alia*, any account names, iCloud accounts, phone numbers, and email addresses associated with the respective device.  Likewise, she will testify about data and metadata relating to certain messaging platforms found on the devices, to include Signal and WhatsApp, as well as other data associated with certain images, videos, messages, and applications.

The Government anticipates that Ms. Mancini will testify that on Nauta's Apple iPhone 12 Pro Max device she located three thumbnail photos containing classification markings and tagged them as such using the Cellebrite program.  She will testify that the three images include two unique thumbnail images and one duplicate thumbnail image, on Nauta's Apple iPhone 12 Pro

---

[1] The contents of those devices, after a filter review was conducted for attorney-client privilege and scoping within the parameters of the search warrant, were provided to the defense in discovery. *See* USA-00792879 – USA-00798834; USA-01125897 – USA-01208507; USA-00798835 – USA-00798834; and USA-01208508 – USA-01260871.

Max device associated with a phone number ending in -6091.  Ms. Mancini will also describe where within the device these photos were located.

Ms. Mancini's opinions are based upon her knowledge, skill, education, training, and experience working in law enforcement and as a digital device examiner.

### e.  Approval of Disclosure

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(v), I have reviewed this disclosure and approve of its contents.

Date: January 9 , 2024

Gabriela Mancini
Digital Forensic Examiner
Information Technology Specialist
FBI