UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,   Case No. 23-80101-CR
                            CANNON/REINHART
vs.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

        Defendants.

**PRESIDENT DONALD J. TRUMP'S RESPONSE TO THE
SEALING APPLICATION BY THE SPECIAL COUNSEL'S OFFICE**

President Donald J. Trump respectfully submits this response to the January 18, 2024 submission by the Special Counsel's Office, ECF No. 267, requesting sealing with respect to certain portions of President Trump's January 16, 2024 motions to compel, ECF No. 262.[1]

President Trump takes no position on any particular request for a redaction by the Special Counsel's Office. However, the Office made no effort to substantiate its vague claims concerning "witness safety" and "national security" as they relate to the requested redactions. *See* ECF No. 267 at 1. Many of the "potential witnesses" referenced in President Trump's motions to compel have been disclosed in public reports relating to the case, in some instances based on apparent leaks by prosecutors, and in the FOIA releases discussed in President Trump's motions, which reveal some of the witnesses' government email addresses.[2]

---

[1] Defendants Waltine Nauta and Carlos De Oliveira join in this submission.

[2] NARA released additional records on the day after President Trump filed the motions to compel. *See* "Records Released January 17, 2024," National Archives, *available at* https://www.archives.gov/foia/15-boxes. Like prior releases, NARA's January 17, 2024 release included the names of many of the "potential witnesses" as well as their email addresses.

The Special Counsel's Office did not even cite the First Amendment and common law frameworks that govern whether the sealing of "judicial records"—such as President Trump's motions—is appropriate. *See, e.g.*, *Bennett v. United States*, 2013 WL 3821625, at *2-3 (S.D. Fla. 2013). Nor has the Office cited any case supporting their position that materials subject to the Jencks Act are categorically subject to sealing as well. That is not the law. Moreover, there is notable dissonance between the breadth of the prosecutors' views about what constitutes Jencks Act material for purposes of their sealing argument, when compared to the exceedingly narrow scope they have attributed to 18 U.S.C. § 3500 and *Giglio* in connection with witness disclosures they told the Court they would make "promptly" last summer. *E.g.*, ECF No. 30 at 2; *see also* 11/1/23 Tr. at 52 (prosecutors conceding that "one subset" of "Jencks" that "we have not produced" is "substantive agent communications on text messages or emails").

The Special Counsel's Office chose to bring this case and has taken unprecedented steps to fuel biased press coverage and public interest in the proceedings in order to interfere with President Trump's leading campaign for the presidency. These steps have included seeking the unsealing of the warrant used to raid Mar-a-Lago in August 2022 and numerous public statements about the Office's politically motivated prosecutions of President Trump—including conspicuously timed and tellingly defensive public statements by the Attorney General, released by CNN on January 19, 2024, in which he inappropriately sought to place DOJ's imprimatur behind the Office's untenable demand for a "speedy trial" in this case and on the lawless charges filed in the District of Columbia.[3] Although the Office seeks to strike a different tone in its January 18 filing, it is difficult to understand how the substantive litigation that is necessary to vindicate

---

[3] Evan Perez, Holmes Lybrand and Hannah Rabinowitz, *Exclusive: Attorney General Merrick Garland says there should be 'speedy trial' of Trump as 2024 election looms*, CNN (Jan. 19, 2024, 8:25 AM), https://www.cnn.com/2024/01/19/politics/merrick-garland-trump-speedy-trial/index.html.

President Trump's defenses to the pending charges can proceed in public, as required, if the Office's general arguments regarding sealing are credited in full as the case proceeds.

Dated: January 22, 2024

Respectfully submitted,

*/s/ Todd Blanche*
Todd Blanche (PHV)
toddblanche@blanchelaw.com
Emil Bove (PHV)
emil.bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

*/s/ Christopher M. Kise*
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

## CERTIFICATE OF SERVICE

I, Christopher M. Kise, certify that on January 22, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise
