UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP,
WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA**,

    Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR TEMPORARY LEAVE TO FILE REDACTED MOTIONS**

    **THIS CAUSE** comes before the Court upon Defendants' Motion for Temporary Leave to File Redacted Motions to Compel Discovery (the "Motion") [ECF No. 261].[1] The Court has reviewed the Motion [ECF No. 261], the Special Counsel's Response and Proposed Redactions [ECF Nos. 267, 268], Defendants' Reply [ECF No. 270], the unredacted versions of the filings and associated submissions filed under seal [ECF Nos. 261-1, 262-2], and the full record, including the Press Coalition's Motion to Intervene and Unseal [ECF No. 269] and the Special Counsel's Opposition [ECF No. 282]. Upon examination of the foregoing—and following an independent review of the proposed redactions against the backdrop of the First Amendment's qualified right of access to criminal proceedings—Defendants' Motion is **GRANTED IN PART** as indicated below.

---

[1] Defendant Trump filed the Motion; Defendants Nauta and De Oliveira join in it [ECF Nos. 261 p. 1 n.1].

CASE NO. 23-80101-CR-CANNON

## BACKGROUND

On January 16, 2024, Defendants filed multiple Motions to Compel Discovery in consolidated form, pursuant to Rule 16 of the Federal Rules of Civil Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972) [ECF No. 262].[2] Defendants attached various exhibits in support of their Motions, some of which consist of documents, or portions of documents, produced by the Special Counsel in discovery in this case, and other materials obtained by Defendants pursuant to the Freedom of Information Act [ECF No. 262-1 (redacted); ECF No. 262-2 pp. 69–386 (sealed)].

Consistent with the Protective Order entered on June 19, 2023 [ECF No. 27 ¶ 7], Defendants filed their Motions to Compel in partially redacted form on the public docket [ECF Nos. 262, 262-1] and then contemporaneously moved for leave to file substantially unredacted versions of their Motions to Compel, with limited exceptions [ECF No. 261 pp. 2–3]. Defendants note that public and court filings are "matters of public record" as indicated in the Local Rules, *see* S.D. Fla. L.R. 5.4(a), and argue that the Special Counsel has not carried its burden to seal presumptively public records filed on the court docket, with the exception of limited redactions consistent with privacy protections in Rule 49.1 of the Federal Rule of Criminal Procedure and the Court's CM/ECF Administrative Procedures [ECF No. 261 pp. 1–2].

The Special Counsel opposes unsealing the Motions to Compel to the extent that the information therein "(a) reveals the identity of any potential Government witness; (b) reveals personal identifying information for any potential Government witness; or (c) constitutes Jencks

---

[2] Defendants also filed a Classified Supplement to their Motions to Compel [ECF No. 263]. Neither Defendants nor the Press Coalition seek to unseal the Classified Supplement [ECF No. 261; ECF No. 269 p. 2 n.3].

Act material for any potential Government witness" [ECF No. 267 p. 2]. The Special Counsel also identifies "certain additional discrete sensitive information" that he argues should be redacted or sealed, and he proposes redactions for the Motions and attached exhibits [ECF No. 267 pp. 1–3; ECF No. 268].

Following the parties' submissions, the Press Coalition filed a Motion to Intervene and Unseal Defendants' Motions to Compel Discovery and the exhibits thereto [ECF No. 269]. The Press Coalition argues that Defendants' Motions to Compel, in unclassified form, are presumptively public court records as to which the Special Counsel carries a heavy burden to restrict from public view [ECF No. 269 pp. 2–6]. The Press Coalition requests that the Court conduct an independent review of the Special Counsel's proposed redactions to ensure that any redactions are rooted in a compelling governmental interest, are narrowly tailored, and are supported by the record [ECF No. 269 p. 4]. In the alternative, the Press Coalition requests that its brief be accepted as an *amicus curiae* filing "in support of neither party and in favor of unsealing" [ECF No. 269 p. 1 n.2]. The Special Counsel opposes the Press Coalition's effort to intervene in this litigation over proposed redactions [ECF No. 282].

## **LEGAL STANDARDS**

"The press and the public enjoy a qualified First Amendment right of access to criminal trial proceedings." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005).[3] Although the contours of that right as applied to court records in criminal cases remains a

---

[3] *See also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 556 (1980); *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 605–606 (1982); *Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.*, 478 U.S. 1, 11–14 (1986); *see Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001).

developing area of the law, several courts (with limited exceptions not relevant here[4]) have applied the First Amendment right to judicial documents and records, including documents filed on a court docket during the pretrial phase of a criminal proceeding [ECF No. 269 pp. 6–7]. *See, e.g.*, *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999) (applying the First Amendment right of access to exhibits filed in support of a defendant's pretrial motions, including a motion to compel discovery); *Associated Press v. U.S. Dist. Ct. for Cent. Dist. of California*, 705 F.2d 1143, 1145 (9th Cir. 1983) (holding that "the public and press have a first amendment right of access to pretrial documents in general," and further noting that "[t]here is no reason to distinguish between pretrial proceedings and the documents filed in regard to them").[5] In this case, neither party argues that the First Amendment does not apply to Defendants' Motions to Compel or to the materials attached thereto [ECF Nos. 261, 267, 268, 282].

In light of these First Amendment principles, a party seeking to seal or redact court filings, including pretrial motions, carries a heavy burden. *See Globe Newspaper Co.,* 457 U.S. at 607. The party requesting closure must demonstrate that such action is "necessitated by a compelling governmental interest and is narrowly tailored to serve that interest." *Id.*; *Chicago Trib. Co.*, 263 F.3d at 1311; *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (stating a court's sealing determination must be "guided by the presumption of public access to judicial

---

[4] *In re Subpoena to Testify Before Grand Jury Directed to Custodian of Recs*., 864 F.2d 1559, 1561 (11th Cir. 1989) (finding no First Amendment right of access to grand jury proceedings); *Bennett v. United States*, No. 12-61499-CIV, 2013 WL 3821625, at *3–4 (S.D. Fla. July 23, 2013) (noting circuit split as to whether First Amendment right applies to search warrant affidavits).

[5] There is no general right of access under the First Amendment or the common law to discovery materials not attached to a public court filing. *See United States v. Nickens*, 809 F. App'x 584, 591 (11th Cir. 2020) ("Discovery materials . . . do not fall within the scope of either the First Amendment or the common law right of access.") (citing *Chicago Trib. Co.*, 263 F.3d at 1310, 1312, and *Romero v. Drummond Co*., 480 F.3d 1234, 1245 (11th Cir. 2007)).

documents"). Further, in ordering that documents be sealed from public view, a district court must set forth the specific legal and factual basis for such an order. *See Ochoa-Vasquez*, 428 F.3d at 1030 ("When sealing proceedings or documents, a court must articulate the overriding interest along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." (internal quotation marks omitted)).

This strong presumption of openness is reflected in this District's Local Rules. *See* S.D. Fla. L.R. 5.4(a) (establishing that, unless otherwise provided, "proceedings in the United States District Court are public and Court filings are matters of public record"). Any party seeking to seal judicial records thus must "set[] forth the factual and legal basis for departing from the policy that Court filings be public." S.D. Fla. L.R. 5.4(c)(1); *see also id.* (requiring the party to "specify the proposed duration of the requested sealing"). The Court has emphasized these principles to the parties throughout this case [*See* ECF Nos. 41, 228, 231].

## DISCUSSION

Following an independent review of the Motion and the full record, the Court determines, with limited exceptions as detailed below, that the Special Counsel has not set forth a sufficient factual or legal basis warranting deviation from the strong presumption in favor of public access to the records at issue.

Most of the Special Counsel's proposed redactions concern sealing the identity of potential Government witnesses and their statements as referenced in Defendants' Motions and in certain attachments [ECF No. 267 pp. 1–2]. In support of that request, the Special Counsel refers in general terms to witness safety and intimidation, citing to the Jencks Act [ECF No. 267 p. 1].[6]

---

[6] 18 U.S.C. § 3500(a) ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena,

5

Although substantiated witness safety and intimidation concerns can form a valid basis for overriding the strong presumption in favor of public access, the Special Counsel's sparse and undifferentiated Response fails to provide the Court with the necessary factual basis to justify sealing. *See Ochoa-Vasquez*, 428 F.3d at 1030 (reversing a district court's sealing order for failing to articulate "the reason for the closure or the evidence that supported the need for closure"); *United States v. Maurival*, 795 F. App'x 725, 727 (11th Cir. 2019) (affirming district court's denial of motion to seal, where movant's "cursory references to broad categories of protected classes of information did not provide the court with a specific factual basis justifying the motion to seal"); *United States v. Sajous*, 749 F. App'x 943, 945 (11th Cir. 2018) (affirming denial of motion to seal where movant's unsubstantiated safety concerns lacked any support in the record). Nor is such a factual basis provided in the Special Counsel's related sealed filing in support of its requests [ECF No. 268].

The Special Counsel also alludes, again in general terms, to the concern that "public disclosure of witness identities or their statements in advance of trial also risks infecting the testimony of other witnesses or unnecessarily influencing the jury pool" [ECF No. 267 p. 2]. Even accepting those rationales for sealing, the Special Counsel's submission offers nothing in the form of concrete factual support for those rationales or otherwise identifies any supporting evidence in the record to justify granting the Special Counsel's broad and unspecified requests on those bases. *Ochoa-Vasquez*, 428 F.3d at 1030 ("When sealing proceedings or documents, a court must articulate the overriding interest 'along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'").

---

discovery, or inspection until said witness has testified on direct examination in the trial of the case.").

This leaves four categories for resolution in the Special Counsel's seal request: personal identifying information for potential Government witnesses, such as dates of birth, email addresses, and telephone numbers; references to signals intelligence sub-compartments; references to an FBI code name of a separate investigation; and "uncharged conduct as to one or more individuals" [ECF No. 267 pp. 2–3]. The Court takes these issues in turn, following a careful review of the subject attachments in light of the Special Counsel's exhibit-by-exhibit seal/redaction requests.

First, as to personal identifying information (dates of birth, social security numbers, email addresses, and phone numbers), the Court agrees with the Special Counsel and Defendants that sealing of this information is narrowly tailored and consistent with the privacy protections rooted in Federal Rule of Criminal Procedure 49.1 and this District's CM/ECF Administrative Procedures [ECF No. 267 p. 2; ECF No. 261 p. 3]. *See* Fed. R. Crim. P. 49.1(a)(1)–(5) (permitting redaction of certain personal identifying information, including dates of birth, social security numbers, and home addresses). Defendants are therefore directed to comb the materials carefully and redact email addresses,[7] phone numbers, dates of birth, social security numbers, and any home addresses.

Second, the Court determines at this stage that the Special Counsel's national security concerns are sufficient and specific to warrant sealing of the "signals intelligence sub-compartments" as redacted in the Superseding Indictment [ECF No. 267 p. 2; *see* ECF No. 85 pp. 32–37]. *See Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (finding a "compelling interest in protecting both the secrecy of information important to our national security and the

---

[7] In redacting the email addresses of potential Special Counsel witnesses, Defendants shall follow the convention employed by the Special Counsel in the proposed redactions [ECF No. 268]. For example, if the document contains the following reference—"John Smith <john.smith1@sample.com>"—the document should read as follows: "John Smith <███████@sample.gov>."

appearance of confidentiality so essential to the effective operation of our foreign intelligence service").

Third, with respect to the Special Counsel's desire to shield "the FBI code name of a separate investigation" [ECF No. 267 pp. 2–3], neither the Special Counsel's publicly filed Response nor the accompanying sealed filing identifies the information it seeks to redact. Although "protection of a continuing law enforcement investigation" can constitute a compelling governmental interest, *United States v. Valenti*, 987 F.2d 708, 714 (11th Cir. 1993), the Special Counsel fails to identify the information at issue, provide any explanation about the nature of the investigation, or explain how disclosure of the code name would prejudice or jeopardize the integrity of the separate investigation (assuming it remains ongoing). The Special Counsel's request on this point is accordingly denied.

And fourth, turning to the "exhibit discuss[ing] uncharged conduct as to one or more individuals" [ECF No. 267 p. 3], Defendants do not present any opposition to the public filing of that information, and the Special Counsel has failed to articulate any specific factual or legal basis for the redaction request. *See Maurival*, 795 F. App'x at 727 (finding district court did not abuse its discretion in denying motion to seal where movant "provided only superficial, non-specific references to potentially private or protected information").[8] An insufficient basis has been provided to seal this information.

---

[8] To the extent Defendants quote from prior sealed orders in this case, Defendants shall take care to redact those quotations from their proposed public version of the Motions.

CASE NO. 23-80101-CR-CANNON

# CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion [ECF No. 261] is **GRANTED IN PART**.

2. The Press Coalition's Motion to Intervene [ECF No. 269] is **DENIED AS MOOT**.[9]

3. On or before **February 9, 2024**, Defendants shall file under seal a proposed public version consistent with this Order for the Court's review.  Upon finding that the redactions are consistent with this Order and no greater than necessary, the Court shall direct the Clerk to unseal that filing.

4. **The parties are reminded of the strong presumption of public access in criminal proceedings and are directed as follows**.  Notwithstanding the conventional filing procedure outlined in Local Rule 5.4(c), there shall be no filing under seal of any unclassified material in this case unless the party seeking to make a filing under full or partial seal first has sought and obtained permission from the Court through a motion for leave to file under seal.  **The motion for leave shall be filed publicly except in clear and supported cases of risk to personal safety or national security**.  The motion for leave shall specify the particularized basis for sealing the proposed unclassified material (including any relevant provisions of protective orders filed in this case), the proposed duration of the seal request, and the reasons why means other than sealing are unavailable or unsatisfactory.  **The**

---

[9] Because this Order achieves the objective of the Press Coalition in its Motion to Intervene, the Court need not resolve the dispute over the Press Coalition's legal authority to intervene to unseal the subject records [ECF Nos. 269, 282].

CASE NO. 23-80101-CR-CANNON

**party seeking authorization to seal material shall not file or otherwise attach the subject material until the Court has ruled on the motion for leave**. Any impending deadline connected to the seal request shall be denoted in the motion for leave. And any motion for leave to file unclassified records under seal as part of a court filing shall be made following conferral and sufficiently in advance of the related filing deadline to permit adequate Court consideration.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 6th day of February 2024.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record