UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

vs.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

        Defendants.

Case No. 23-80101-CR
CANNON/REINHART

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ADJOURNMENT OF CERTAIN PRETRIAL MOTION DEADLINES**

President Donald J. Trump respectfully submits this reply on behalf of all Defendants in further support of the Defendants' motion, ECF No. 285, seeking an adjournment of the February 22, 2024 deadline for certain pretrial motions—to the extent it applies—to motions to suppress evidence and/or dismiss the Superseding Indictment based on evidentiary issues relating to Fourth Amendment violations, prosecutorial misconduct, other due process violations, and unlawful disregard of President Trump's attorney-client privilege (collectively, "Evidentiary Motions"). The requested relief is consistent with the operative scheduling order, ECF No. 215, and necessary in light of the status of discovery and pending motions pursuant to CIPA § 4 and to compel.

The current posture of this case has resulted from (1) misrepresentations to the Court this summer by the Special Counsel's Office concerning the timing and scope of pretrial discovery;[1] and (2) the Office's failure to take steps to timely establish adequate secure facilities for review of

---

[1] The Special Counsel's Office represented as early as June 23, 2023, that it had "moved swiftly to produce all unclassified discovery, including Jencks Act material, to the defense." ECF No. 34 at 3 ¶ 7. That was not true. Further, at a conference on July 18, 2023, the Office represented to the Court that, "essentially from day one, we've had *all the discovery* and been able to produce it and to have the case ready from our perspective to go to trial." 7/18/23 Tr. 62-63 (emphasis added). That was not true, either.

classified discovery, CIPA litigation, and classified motions to compel. In the scheduling order, as details regarding the Office's non-compliance started to emerge, the Court instructed the Defendants to advise the Court of "overlap between anticipated pretrial motions and motions *in limine*," and noted that "*in limine* motions" were "not covered in this initial set of deadlines." ECF No. 215 at 9 n.4. The Evidentiary Motions are motions *in limine*, which is a term used in the scheduling order that includes motions to suppress evidence based on the Fourth Amendment and other constitutional provisions, such as the Due Process Clause. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) ("'*In limine*' has been defined as '[o]n or at the threshold; at the very beginning; preliminarily.' Black's Law Dictionary 708 (5th ed. 1979). We use the term in a broad sense to refer to any motion . . . to exclude anticipated prejudicial evidence before the evidence is actually offered."); *United States v. Fernetus*, 838 F. App'x 426, 432 (11th Cir. 2020) (reasoning that "[t]he district court reasonably interpreted" the term "motions *in limine*" to include "all pretrial motions to exclude evidence, including motions to suppress evidence on constitutional grounds"). Therefore, the Defendants filed the current motion to bring the potential overlap to the Court's attention, as directed in the scheduling order.

Even if the term "motions *in limine*" is interpreted to exclude the anticipated Evidentiary Motions, the relief sought is still appropriate under the current circumstances. This week's hearings demonstrated that the pending discovery disputes present significant obstacles to an efficient and orderly adjudication of the Defendants' pretrial defenses, including but not limited to complex legal and factual disputes relating to what is only the "initial" CIPA § 4 motion by the Special Counsel's Office. 7/18/23 Tr. 13; *compare id.* at 14 (prosecutor conceding that "there could be sort of follow on Section 4 litigation . . ."), *with* ECF No. 215 at 7 (reasoning that the

CIPA § 4 process "is not simple, and it must be done carefully and in a manner attuned to . . . the competing legal theories of the case as presented by all sides").

The Court already observed that "one would have to review the relevant classified discovery in order to formulate a meaningful response" to the first CIPA § 4 motion by the Special Counsel's Office. 11/1/2023 Tr. 55. Similar logic supported the Court's rejection of the Office's request to require premature CIPA § 5 notice prior to resolving discovery disputes that the Court previewed in the scheduling order. *See* ECF No. 219; ECF No. 215 at 7 ("[I]t is evident that the parties are at odds on significant issues related to the scope of discoverable information in this case, and that such disagreements will require substantial judicial intervention."). Specifically, the Defendants cannot be required to provide notice of classified information they intend to disclose at trial pursuant to CIPA § 5 before being provided with a fair opportunity to formulate trial strategies following a review all discoverable material.

The same logic applies to the Defendants' need to review all appropriate discovery—which has not yet been produced and is the subject of pending motions to compel—prior to filing the Evidentiary Motions. In contrast, the approach demanded by the Special Counsel's Office would in effect require two rounds of briefing on the same motions: the Defendants would file Evidentiary Motions on February 22 based on an incomplete record, and then supplement those motions based on additional disclosures following resolution of the motions to compel (as well as the CIPA § 4 motion, to the extent it is not resolved by February 22). It is already evident that proceeding on a track that anticipates piecemeal CIPA § 4 litigation has imposed significant burdens on the Court,

defense counsel, and the Defendants, and there is no good reason to exacerbate the issue by requiring that the Evidentiary Motions be litigated in a similar way.[2]

The Defendants' request is further supported by the recent untimely productions from the Special Counsel's Office, which serve as an independent basis for allowing the defense more time to prepare the Evidentiary Motions. Although the Office claims that "[n]othing has changed since the Court entered its scheduling order on November 10," the Office has made three classified productions and four unclassified productions since that date. ECF No. 292 at 4. For example, on the same day the Office filed its opposition to the current motion, they produced approximately 750 pages of materials in classified and unclassified discovery. President Trump had been requesting those materials for months, and there was no valid basis for delaying the disclosures. Nevertheless, the Office suppressed the discovery for as long as possible, and then collected and turned it over at the last minute in order to avoid having to defend the indefensible in briefing on the motions to compel.

With respect to the 2,100 pages produced on January 26, 2024, defense counsel should not have been required to make a specific request for documents relating to litigation over President Trump's attorney-client privilege and the abuse of the crime-fraud exception. President Trump disclosed this aspect of his defense in July. *See* 7/18/23 Tr. 33. Even if he had not done so, the obligation of the Special Counsel's Office to turn the materials over was immediate and automatic.

---

[2] In this regard, it appears that the Special Counsel's Office misapprehended the purpose of our citation to *United States v. Accardo*, 749 F.2d 1477 (11th Cir. 1985). *See* ECF No. 292 at 6. We cited *Accardo* for the proposition that "[b]oth parties should be given an opportunity to present evidence touching upon the conduct of the officers" in connection with suppression motions. 749 F.2d at 1481. The point is that we should not be required to file suppression motions, which require advocacy regarding the appropriateness of the suppression remedy and the inapplicability of the *Leon* good-faith exception, without the discovery that is relevant to these issues and being sought in the pending motions to compel.

The late-disclosed documents are obviously "material" under Rule 16(a)(1)(E) because they support potential defense motions. This is the same traditional rationale that led the Office to turn over materials, in the absence of specific requests, relating to the warrants used to raid Mar-a-Lago and search electronic data. Thus, the suggestion that the Office was within their rights to withhold discoverable materials until confronted with such a demand is troubling. *See United States v. Griggs*, 713 F.2d 672, 674 (11th Cir. 1983) ("[T]here is some merit to the contention that, if the arguably exculpatory statements of witnesses . . . were in the prosecutor's file and not produced, failure to disclose indicates the 'tip of an iceberg' of evidence that should have been revealed under *Brady*."). And there is no merit to the Office's suggestion that they are in compliance with their obligations by virtue of having allegedly produced *some* of the materials to different former counsel for President Trump outside the context of this case. The Office has gone to great lengths to re-produce in discovery the Defendants' public filings *in this case*, but failed to produce these materials until we demanded them. The Office deserves no credit for its self-proclaimed conservative approach to discovery when it is simultaneously suppressing the materials that matter most to the defense and that are plainly discoverable. In any event, there is no dispute that the Office did not disclose to any of President Trump's counsel the core documents in the challenged litigation—its *ex parte* filings relating to the crime-fraud exception—until late last month. President Trump requires additional time to review those materials before filing the anticipated motion to suppress.

Finally, contrary to the suggestion of the Special Counsel's Office, the current motion does not address the trial date, *see, e.g.*, ECF No. 292 at 4, and the Court's scheduling order does not suggest that the current trial date is firm. *See* ECF No. 215 at 6 ("[D]eny[ing] without prejudice Defendants' premature Motion to adjourn the trial date."). The defense is not seeking to

"indefinitely postpone" the February 22 deadline, or asking for an "open-ended extension." ECF No. 292 at 1, 3. Rather, the 30-day period we are seeking following the Court's rulings on motions to compel would provide time for the Office to supplement its productions as necessary and for defense counsel to review the newly produced materials and incorporate the Court's rulings into our motion practice. Accordingly, the Defendants respectfully request that the Court modify the scheduling order, to the extent necessary, to permit the filing of the Evidentiary Motions within one month of the Court's resolution of the pending motions to compel.

Dated: February 14, 2024

Respectfully submitted,

*/s/ Todd Blanche*
Todd Blanche (PHV)
ToddBlanche@blanchelaw.com
Emil Bove (PHV)
Emil.Bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

*/s/ Christopher M. Kise*
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

## CERTIFICATE OF SERVICE

I, Christopher M. Kise, certify that on February 14, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise