UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,**

        Defendants.
_____/

## GOVERNMENT'S SUPPLEMENTAL RESPONSE
## TO STANDING DISCOVERY ORDER

The United States of America, by and through the Special Counsel's Office, files this pleading to supplement prior responses (ECF Nos. 30, 59, 80, 92, 113, 122, 143, 172, 184, 190, 199, 204, 235, 253, 273, 291) to the Standard Discovery Order, issued on June 13, 2023 (ECF No. 16). This pleading complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

Per the protective order issued in this case (ECF No. 27), the Government has provided eleven prior productions of unclassified discovery to Defendants Donald J. Trump, Waltine Nauta, and Carlos De Oliveira. *See* ECF Nos. 30, 59, 80, 92, 113, 122, 143, 172, 184, 235, 253, 273, 291. On February 23, 2024, the Government provided a twelfth production of unclassified discovery to counsel for Defendants ("Production 12"). Production 12 consists of approximately 1,380 pages and includes, *inter alia*, material previously produced in classified discovery that is unclassified, as well as redacted versions of the logs produced to the defense in classified discovery

on February 8, 2024, and redacted classified transcripts. The Government has now produced in unclassified discovery redacted or excerpted versions of all classified transcripts.

Prior to this production, the Government conducted an additional review of its classified discovery productions and identified material that is either marked as unclassified and/or for official use only ("FOUO"), or unmarked, within classified packages in its classified discovery. The Government also identified documents that indicated they were unclassified if separated from attachments, as well as handwritten notes that appeared on the back of classified documents. Following this review, the Government asked the equity holders that asserted the classified information privilege over packages of information that included the identified documents to conduct an additional review to determine whether the identified documents within the package could be released in unclassified discovery, pursuant to the protective order (ECF No. 27), consistent with their equities. The equity holders determined that all the identified documents could be so released under these restrictions.

As a result of this review, Production 12 includes 155 pages of documents that had previously been produced only in classified discovery: classified Bates numbers 0068, 0248, 0292, 0356, 0357, 0362-0363, 398, 438-439, 0466, 0490, 0505, 0508, 0520-0521, 0561, 0568-0570, 0593-0597, 0599-0612, 0614-0618, 0622, 0633-0634, 0638, 0643-0646, 0665-0669, 0673, 0681-0683, 0686, 0691-0694, 0789, 0794-0795, 0798, 0801, 1452, 1915-1917, 1941-1974, 2197, 2208-2210, 2239-2248, 2254-2257, 2300, 2309-2314, 2324, 2333-2338, 2344-2345, 2362, 2365, 2371, 2375, 2402, 2518-2520, 3080, 3127, and 3411-3412. The Government also produced in unclassified discovery the 418 pages of the logs produced at Classified Bates 5570-5987; 38 of these 418 pages required redactions for production in unclassified discovery. Out of the documents that have been produced exclusively in classified discovery, about 123 pages are

documents seized at Mar-a-Lago on August 8, 2022.   Twenty-six of these 123 pages constitute charged documents, for which the Government has stated that it will permit all defendants to review—in the form they will be presented at trial—following the conclusion of the CIPA Section 6 proceedings.   The Government attaches to this filing a chart identifying for each of the nine categories of classified discovery which Bates numbers have also been produced in unclassified discovery.   The Government also confirms that the documents remaining in classified discovery are appropriately treated as such.

The Government responds to the specific items identified in the standing discovery order as set forth below.

  B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

  C. The Government is providing information or material known to the United States that may be favorable to either defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), or *United States v. Agurs*, 427 U.S. 97 (1976).

  D. The Government has disclosed and will continue to disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective Government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

  J. The Government's discovery productions include the grand jury testimony and recordings of witnesses who may testify for the Government at the trial of this case.

The Government is aware of its continuing duty to disclose newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

        Respectfully submitted,

        JACK SMITH
        Special Counsel

By:    */s/ Jay I. Bratt*
        Jay I. Bratt
        Counselor to the Special Counsel
        Special Bar ID #A5502946
        950 Pennsylvania Avenue, NW
        Washington, D.C. 20530

        Julie A. Edelstein
        Senior Assistant Special Counsel
        Special Bar ID #A5502949

        David V. Harbach, II
        Assistant Special Counsel
        Special Bar ID #A5503068

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Julie A. Edelstein*
Julie A. Edelstein
Senior Assistant Special Counsel