UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

vs.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

       Defendants.

Case No. 23-80101-CR
CANNON/REINHART

### PRESIDENT TRUMP'S RESPONSE TO MOTION FOR RECONSIDERATION

President Donald J. Trump respectfully submits this response to the February 8, 2024 motion for reconsideration filed by the Special Counsel's Office, ECF No. 294, seeking reconsideration of the Court's recent rulings relating to sealing of the Defendants' motions to compel discovery and attached exhibits, ECF Nos. 283, 286.[1]

The Special Counsel's Office has repeatedly demonstrated that they believe themselves to be entitled to disclose selective details of this case to try to support President Biden's campaign efforts, while relegating to SCIFs, *ex parte* proceedings, and sealed filings the defense arguments that reveal unconstitutional, illegal, and unethical behavior by participants in the investigation and prosecution. The motion for reconsideration is more of the same. For the reasons set forth below, the motion is procedurally defective and fails on the merits. Accordingly, the motion should be denied.

**I. Reconsideration Is Not Appropriate**

Reconsideration is only appropriate if there is "newly discovered evidence," or a court committed "manifest errors of law or fact." *United States v. Williams*, 2024 WL 455201, at *1

---

[1] Defendants Waltine Nauta and Carlos De Oliveira join in this submission.

(S.D. Fla. Feb. 6, 2024). None of that happened here. The Special Counsel's Office essentially concedes as much, referring instead to "manifest injustice." ECF No. 294 at 2 (quoting *United States v. Grobman*, 548 F. Supp. 3d 1344, 1347 (S.D. Fla. 2021)). That term has no content beyond the specific bases for which reconsideration is authorized in this District's caselaw: new evidence, "manifest" legal errors, and "manifest" factual errors. For the Office, "manifest injustice" is shorthand for a situation where the prosecution feels their unlawful demands should have been treated with deference by the Court, but instead the Court properly rejected conclusory submissions lacking adequate legal and factual detail to justify hiding the Defendants' filings from the public and the media. The Office's disappointment in the outcome is not a basis for relief.

First, suggesting legal error, the Special Counsel's Office places substantial reliance on *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001). The Office did not cite that case in its first submission concerning sealing. *See* ECF No. 267. Nor did the Office address the Press Coalition's citation to *Chicago Tribune* when they opposed that motion. *Compare* ECF No. 269 at 6, 8, 9, *with* ECF No. 282. However, the Court cited *Chicago Tribune* when addressing these issues. *See, e.g.*, ECF No. 283 at 3 n.3, 4 & n.5. Thus, in the end, the Office simply disagrees with the way the Court applied a case that they did not cite in connection with an argument they did not make. That is not a basis for seeking reconsideration.

Second, suggesting factual error, the Special Counsel's Office referred to a "well-documented pattern in which judges, agents, prosecutors, and witnesses involved in cases involving Trump have been subject to threats, harassment, and intimidation." ECF No. 294 at 16. That is false, and the Office has certainly not identified "newly discovered evidence." Incredibly, the Office sought to improperly hide from President Trump and the other Defendants the only supposed piece of evidence they submitted in support of this argument. Consistent with a pattern

that started early in this case—in a motion concerning rules about access and sealing—the Office yet again blatantly violated rules about access and sealing. *See, e.g.*, ECF Nos. 224, 227, 228, 237 at 4.[2]

The Court swiftly rejected that approach, and it is now clear to the defense, as we are sure it was clear to the Court upon initial receipt of the exhibit, that the document lends virtually no support to the broad sealing demands by the Special Counsel's Office. Rather, the exhibit suggests that a civilian witness was harassed months ago—within weeks of the decision by the Special Counsel's Office to disclose information from that witness in a gratuitous speaking indictment, which the Office used to try to prejudice the Defendants and to promote themselves and President Biden. We find it hard to believe that Jack Smith could credibly swear under penalty of perjury, based on conversations with his staff, that no member of the Office has uttered that witness's name to a member of the media. *See Trump v. United States*, 625 F. Supp. 3d 1257, 1266 n.11 (S.D. Fla. 2022) ("When asked about the dissemination to the media of information relative to the contents of the seized records, Government's counsel stated that he had no knowledge of any leaks stemming from his team but candidly acknowledged the unfortunate existence of leaks to the press.").

To be clear, we agree that the circumstances identified in the exhibit are unfortunate. However, the information was available to the Special Counsel's Office long before the reconsideration motion, and the exhibit would not have justified the broad sealing sought by the Office even if it had been timely filed.

---

[2] *Accord* ECF No. 55 at 2 n.1, *United States v. Trump*, No. 23 Cr. 257 (D.D.C. Sept. 15, 2023) (Judge Chutkan explaining that, "[i]n its initial request for leave to file, the government addressed the *Hubbard* factors in only conclusory terms, and did not provide specific arguments in support of its redactions until its Reply brief for that request").

## II. The Court Applied The Correct Standard

Contrary to the position of the Special Counsel's Office, the Court correctly applied *Chicago Tribune* and the standards from related authorities concerning the "First Amendment's qualified right of access to criminal proceedings." ECF No. 283 at 1. The new arguments by the Special Counsel's Office focus on the separate common law framework, and the Court committed no error there, either.

### A. The Common Law Framework

For the first time, the Special Counsel's Office argues that the "common-law right of access is . . . inapplicable." ECF No. 294 at 7. In this regard, in the motion for reconsideration only, the Office seized on language from *Chicago Tribune* suggesting a "more refined approach" with respect to *civil* "motions to compel discovery." 263 F.3d at 1312.

Unlike here, in *Chicago Tribune*, the court had already found a sufficient basis to maintain the motion papers under seal before the media sought access. The Eleventh Circuit held that the documents attached to those sealed motions "[we]re not subject to the common-law right of access." *Id.* at 1313. *But see League of Women Voters v. Newby*, 963 F.3d 130, 136 (D.C. Cir. 2020) ("[E]very part of every brief filed to influence a judicial decision qualifies as a 'judicial record.'" (cleaned up)). Discovery motions pursuant to the civil rules bear no resemblance to the Defendants' motions to compel in this criminal case, in which the Defendants seek to vindicate important constitutional rights through court filings in this public forum. No case the Office has cited suggests otherwise, and the Office did not establish "good cause" for sealing.

### B.  The Constitutional Right of Access

Even if the Special Counsel's Office had established good cause, which it did not, the Office did not meet the more stringent standards under the constitutional right of access.  Once again, for the first time in the reconsideration motion, the Office claims that the First Amendment right of access does not apply.  *Compare* ECF No. 294 at 6-7, *with* ECF No. 283 at 4 ("[N]either party argues that the First Amendment does not apply to Defendants' Motions to Compel or to the materials attached thereto.").

Here, too, the Office relies on *Chicago Tribune*.  But the Eleventh Circuit specifically distinguished between (1) the "*civil* context" at issue in that case, and (2) the fact that "[t]he media and general public's First Amendment right of access to *criminal trial proceedings* has been firmly established since the Supreme Court's opinion in *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980)." 263 F.3d at 1310 (emphasis added).  In the "civil context," the "constitutional right of access has a more limited application." *Id.*  Thus, the Eleventh Circuit was comfortable applying the "good cause" standard from Rule 26 of the Federal Rules of Civil Procedure—which is irrelevant in this case.

Because we are not in the "civil context," the Court properly applied *Chicago Tribune* and *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999), where the Fourth Circuit was explicit that the "First Amendment right of access" applies in a criminal case to "several pretrial motions, including motions . . . to compel discovery." *See* ECF No. 283 at 4.  Under those authorities, in a criminal case, "[f]or a court to exclude the press and public from a criminal proceeding, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Chicago Tribune*, 263 F.3d at 1310 (cleaned up).  The Special Counsel's Office failed to do so.

The other arguments concerning the constitutional right of access by the Special Counsel's Office are weak.  *See* ECF No. 294 at 6-7.  The Office cites *United States v. Anderson*, where the Eleventh Circuit addressed a Rule 404(b) Notice that the prosecution had "in effect, . . . voluntarily agreed to provide the information on the condition that the defendants not reveal the notice's contents to the public or to the press."  799 F.2d 1438, 1440 (11th Cir. 1986).  The court found no basis for differentiating between the Notice and "voluntary discovery" exchanged privately between the parties.  *Id.*  The Court has already properly addressed this issue: "There is no general right of access under the First Amendment or the common law to discovery materials not attached to a public court filing."  ECF No. 283 at 4 n.5.  But documents turned over during private exchanges in discovery are a far cry from pretrial motion papers and exhibits in this criminal case.

In fact, the *Anderson* court distinguished the Notice at issue from a situation where a criminal defendant files "a Fed.R.Crim.P. 12 motion requesting discovery under Fed.R.Crim.P. 16."  799 F.2d at 1441 n.2.  The Defendants' motions to compel are similar to the hypothetical motion referenced in footnote 2 of *Anderson*, and therefore subject to the constitutional right of access.  *See United States v. Faridl*, 2023 WL 5349291, at *3 (S.D.N.Y. Aug. 21, 2023) ("Documents filed in relation to a motion are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment." (cleaned up)).

Therefore, for purposes of the constitutional sealing framework in a criminal case, the "good cause" standard from *Chicago Tribune*, based on civil procedure rules, is inapposite.  Instead, as the Court properly noted, for the Special Counsel's Office to justify sealing under the First Amendment, the Office bears a "heavy burden" and must establish a "compelling governmental interest" and seek sealing that is "narrowly tailored to serve that interest."  ECF No.

283 at 4. The Office's conclusory sealing applications, based in part on the lawless suggestion that all materials subject to the Jencks Act must be filed under seal automatically, fell far short of that standard. They are seeking to redact the names and email addresses of government employees whose names and emails addresses have been disclosed in FOIA releases relating to the underlying investigation, and have offered no evidence that harassment resulted. *See, e.g.*, ECF No. 262 at 8 & n.5 (citing FOIA releases). Accordingly, the Court did not err on the merits, and reconsideration is not appropriate.

Dated: February 23, 2024

Respectfully submitted,

*/s/ Todd Blanche*
Todd Blanche (PHV)
ToddBlanche@blanchelaw.com
Emil Bove (PHV)
Emil.Bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

*/s/ Christopher M. Kise*
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

## CERTIFICATE OF SERVICE

I, Christopher M. Kise, certify that on February 23, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise
