UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

**UNITED STATES OF AMERICA**,

 Plaintiff,

v.

**DONALD J. TRUMP,
WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA,**

 Defendants.
_____/

## GOVERNMENT'S REPLY IN SUPPORT OF
## MOTION FOR RECONSIDERATION

Under the Federal Rules of Criminal Procedure, a court may restrict a party's use of discovery material upon a showing of "good cause." Fed. R. Crim. P. 16(d). The Court did so here by entering a protective order prohibiting the defendants from "disclos[ing] Discovery Material in any public filing or in open court without notice to, and agreement from, the United States, or prior approval from the Court." ECF No. 27 at 3, ¶ 7. The Government relied on that provision when producing to the defendants comprehensive, early discovery, which included not only the names of its expected trial witnesses but also the substance of their expected testimony, which was sometimes provided to the grand jury under the secrecy requirements of Rule 6(e). Until recently, the protective order in this case operated as intended: it facilitated "the smooth functioning of the discovery process" and the defendants' trial preparation, *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986), while also shielding witnesses from the

1

unnecessary risk of harassment and retaliation that would likely follow from the public dissemination of their names and testimony—a risk that is acutely palpable in this case.

That all changed when the defendants filed their motion to compel discovery. ECF No. 262. Rather than seeking agreement from the Government or prior approval from the Court, the defendants simply attached to their motion voluminous materials—including complete FBI reports of interviews, excerpts of grand jury transcripts, and witness statements—that they had received subject to the protective order. In doing so, they made no attempt to explain, for example, why witness names needed to be disclosed to the public, even when those names had no bearing whatsoever on the resolution of the discovery-related motion to which they were attached.[1] Instead, the defendants merely asserted that "[n]o compelling interest in sealing the motions exists." ECF No. 261 at 2.

That was wrong both procedurally and substantively. Procedurally, given the protective order's prohibition on public disclosure absent Government agreement or Court approval, it was incumbent on the defendants to explain why public disclosure was necessary. Substantively, the defendants were wrong to contend that discovery material subject to a protective order cannot be shielded from public disclosure absent a heightened First Amendment showing of a compelling interest and narrow tailoring. To the contrary, the "good cause" standard that has governed both civil and criminal discovery for decades fully satisfies the applicable legal standard. *See Seattle Times Co v. Rhinehart*, 467 U.S. 20, 37 (1984); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-13 (11th Cir. 2001) (per curiam); *United States v. Nickens*, 809 F. App'x 584, 591-92 (11th Cir. 2020).

---

[1] The defendants also made no such attempt in the required conferral process before filing their motion for temporary leave. *See* ECF No. 261 at n.1.

Those procedural and substantive missteps contributed to the Court's conclusion that the Government was required, but failed, to satisfy a heightened First Amendment standard to safeguard from public disclosure materials under a protective order. Regardless of how the Court arrived here, that conclusion was clear error, and nothing in the defendants' response (ECF No. 333) demonstrates otherwise.

Concerns about witness safety and intimidation more than satisfy the "good cause" standard, and would satisfy even the heightened standard that the Court applied. Disclosing witness names and testimony at this juncture in this case would therefore be a manifest injustice. And that is particularly true given that the names and other information the Government seeks to redact have no bearing on the Court's resolution of the motion to compel, such that the public would still have ready access to the motion itself and to the relevant portions of the protected materials on which the defendants rely.

## DISCUSSION

The defendants begin by opposing the motion for reconsideration on procedural grounds. ECF No. 333 at 1-2. No procedural bar to reconsideration exists here. Although the defendants are correct that the Government did not cite or discuss *Chicago Tribune Co.*—as the Government has acknowledged—that was because the Government relied on the protective order's procedures and the substantive good-cause standard that the Court had already applied when placing the materials in question under seal. ECF No. 294 at 10. That reliance has proven mistaken, but the Government's reliance on the protective order is no reason to jeopardize the safety of potential witnesses or the integrity of these proceedings, and in any event, the defendants cite no authority for the proposition that proceeding from a mistaken assumption bars a party from later seeking to

"correct clear error" and "prevent manifest injustice," *United States v. Grobman*, 548 F. Supp. 3d 1344, 1347 (S.D. Fla. 2021), both of which would result here if the Court adheres to its prior ruling.

Moreover, the defendants fail to acknowledge their own procedural improprieties that contributed to the ruling that requires reconsideration. The protective order in this case expressly prohibits them from "disclos[ing] Discovery Material in any public filing or in open court without notice to, and agreement from, the United States, or prior approval from the Court." ECF No. 27 at 3, ¶ 7. It would "defeat the purpose of" the protective order, and render its protections "largely meaningless," if "a defendant could merely append any document subject to such an agreement that he wishes to publicize—no matter how irrelevant—to any dispositive motion, and then bring a motion to unseal." *United States v. Al Malik Alshahhi*, No. 21-cr-371, 2022 WL 2239624, at *18 (E.D.N.Y. June 22, 2022); *see Chicago Tribune Co.*, 263 F.3d at 1315 n.15; *id.* at 1316 n.3 (Black, J., concurring) ("[T]he free flow of information will cease if parties resist entering umbrella orders because they fear such orders could be subject to document-by-document, post-judgment attacks."); *City of Greenville, Ill. v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697-98 (7th Cir. 2014) ("District court judges need not release every document that has crept into the record. That would eviscerate *Seattle Times*." (quotation marks and citation omitted)). That is precisely what the defendants have done here, and they have made no effort to justify the propriety of that conduct.

The defendants next contend that the Court's reliance on *Chicago Tribune Co.* was not clearly erroneous. ECF No. 333 at 5-7. In *Chicago Tribune Co.*, the Eleventh Circuit held that when discovery materials are appended to a discovery motion, it is reversible error for the district court to require the objecting party "to meet a compelling interest standard," rather than the appropriate "good cause" standard. 263 F.3d at 1310. The defendants insist that this holding is

4

irrelevant because it is confined to the civil context.  ECF No. 333 at 4, 5.  But Eleventh Circuit criminal cases both before and after *Chicago Tribune Co.* make clear that the same principle—distinguishing discovery materials appended to a discovery motion from other types of judicial filings—applies equally in both contexts.  *See Anderson*, 799 F.2d at 1441 ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation.  That is why parties regularly agree, and courts often order, that discovery information will remain private."); *Nickens*, 809 F. App'x at 591 ("Discovery materials, however, do not fall within the scope of either the First Amendment or the common law right of access," and "a party seeking to shield discovery material from disclosure to a third party need only show good cause for the sealing"); *accord United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013) ("Materials submitted to a court for its consideration of a discovery motion are actually one step further removed in public concern from the trial process than the discovery materials themselves."); *United States v. Sleugh*, 896 F.3d 1007, 1014-15 (9th Cir. 2018) (same).

       This equivalence in standards is unsurprising: the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure have long applied the same "good cause" standard to discovery-related protective orders, and the First Amendment "tests of experience and logic" apply in the same way in both contexts.  *See Anderson*, 799 F.2d at 1441.  Beyond observing that the civil and criminal contexts are different, the defendants offer no sound reason to apply a heightened standard to discovery materials attached to a discovery motion in criminal cases only.

       Indeed, Magistrate Judge Reinhart has confirmed the applicability of this standard in litigation arising from this very case.  *See In re Sealed Search Warrant*, No. 22-mj-8332, ECF No. 174 (S.D. Fla. Aug. 15, 2023).  There, he explained that "[t]he public and the media have a

qualified right of access to judicial proceedings that can be overcome by a showing of good cause." *Id.* at 2 (citing *Chicago Tribune Co.*, 163 F.3d at 1310-12). This standard follows from the fact that, "[i]n a criminal case, materials the prosecution provides to the defense are not subject to the public right of access." *See id.* at 2 (citing *Nickens*, 809 F. App'x at 591-92). And "[e]ven if they were, the Court has entered a protective order in [this case] under Federal Rule of Criminal Procedure 16(d)(1) that prohibits either side from publicly disclosing discovery materials without prior approval," which carries with it an implicit finding "that good cause existed for this limitation." *Id.*

To reach a contrary conclusion, the defendants rely in part on *United States v. Faridi* for the proposition that "'[d]ocuments filed in relation to a motion are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment.'" (ECF No. 333 at 6 (quoting No. 20-cr-441, 2023 WL 5349291 (S.D.N.Y. Aug. 21, 2023)). But that reliance is problematic to say the least. First, the language the defendants quote is not from a judicial opinion, but rather from an application by an assistant federal defender for public access to a sealed case. *See Faridi*, 2023 WL 5349291, at *1. Second, the court in *Faridi* ultimately denied the applicant's request for unsealing, stating that "[u]nsealing would compromise sensitive national-security interests, ongoing investigations and the safety of individuals." *See United States v. Faridi*, 20-cr-441, ECF No. 49 (S.D.N.Y. Aug. 21, 2023). Third, the language that the defendants quoted from the application itself misquotes a Second Circuit opinion. *See Faridi*, 2023 WL 5349291, at *3, citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). The accurate quotation from *Lugosch* reads, "We hold that documents submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents to which a presumption of immediate public access attaches under the

6

common law and the First Amendment." *Id.* In other words, not only do the defendants incorrectly attribute language they quote to a United States District Court, they obscure the application's underlying mis-citation of the source case, and omit that the court ultimately rejected the request for unsealing based on concerns similar to the ones the Government has invoked here.

In their response (ECF No. 333 at 7), as they have done elsewhere (ECF No. 270 at 2), the defendants attack the Government's invocation of the Jencks Act as justification for why materials should be redacted or sealed. *See* ECF No. 333 at 7 (describing Government's position as "all materials subject to the Jencks Act must be filed under seal automatically"); ECF No. 270 at 2 (describing Government's position as "materials subject to the Jencks Act are categorically subject to sealing"). But these attacks are meritless. First, they ignore the protective order, to which the defendants consented. Second, it is worth remembering that although the Jencks Act is frequently cited as requiring disclosure of witness statements, it is in the first instance a prohibition: "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness ... shall be the subject of subp[o]ena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). As the Government has observed from the beginning of this controversy, it cannot be that the early production the Government has undertaken here—under the auspices of a protective order, no less—vitiates the rationale underlying the Jencks Act. *See* ECF No. 267 at 2 (explaining that the rationale of the Jencks Act includes "preventing defendants from rummaging through confidential information containing matters of public interest, safety, welfare, and national security," and citing *Goldberg v. United States*, 425 U.S. 94, 105 (1976)).

The defendants urge (ECF No. 333 at 2-3) the Court to disregard the pattern of harassment of witnesses and court staff in cases in which defendant Trump is involved. That pattern is

7

described at some length in the Government's motion, *see* ECF No. 294 at 13-14, and the supporting references for many of the incidents are judicial opinions. The defendants' argument (ECF No. 333 at 2) that this evidence is not "newly discovered" misses the mark, by conflating two permissible avenues for relief via reconsideration. The Government offered this record in support of its claims of clear error and manifest injustice, neither of which requires that supporting evidence be newly discovered. The defendants also summarily pronounce the history of intimidation and reprisals found in factfinding by at least three federal judges as "false." *Id.* That unsupported pronouncement deserves no weight. Indeed, the record substantiating that history grows by the week. *See* Notice of Motion for an Order Restricting Extrajudicial Statements, *New York v. Trump*, No. 71543-23, filed Feb. 22, 2024, available at https://www.justsecurity.org/wp-content/uploads/2024/02/just-security-clearinghouse-dany-people-motion-for-order-restricting-extrajudicial-statements-bragg-trump-gag-order-februayr-26-2024.pdf.

The defendants also attack the Government for, in their view, attempting to "improperly hide" from them the evidence that is contained in what is now a sealed exhibit, *id.* at 2-3, and argue that the exhibit "lends virtually no support" to the Government's arguments for sealing. *Id.* at 3. The defendants' attempt to minimize the seriousness of the conduct described in the sealed exhibit as merely "suggest[ing]" that a witness was "harass[ed]," *id.*, is disingenuous. The Government stands by its request and its rationale for the exhibit to be *ex parte*.

Ultimately, the defendants do not, and cannot, dispute that "witness protection is a proper rationale for a protective order," even when "there is no direct evidence that the [defendant] was responsible for" the threats against the witnesses. *United States v. Padilla-Galarza*, 990 F.3d 60, 77-78 (1st Cir. 2021). And even when a heightened First Amendment standard applies, it is entirely appropriate to redact the names of witnesses and third parties, and their statements, from

a court filing—as the Government has proposed to do here—in light of a court's "compelling interest in making sure its own process was not utilized to unnecessarily jeopardize the privacy and reputational interests of the named individuals." *United States v. Smith*, 776 F.2d 1104, 1114 (3d Cir. 1985). As the Government has shown, there are numerous witnesses, agents, and third parties whose names and statements (either to investigative agents or a grand jury) have been included in attachments to the defendants' filings. The public disclosure of that information at this juncture would needlessly expose the individuals to the very real risk of threats, harassment, and intimidation. Neither the First Amendment nor the common law requires such an outcome.

## CONCLUSION

The Government respectfully requests that the Court grant the motion for reconsideration and permit the Government's proposed redactions and sealing. In the alternative, the Government respectfully requests that if the Court denies the motion and requires the parties to file minimally redacted materials consistent with its Orders at ECF No. 283 and ECF No. 286, the Court stay the public docketing of such materials for at least three business days to allow the Government an opportunity to consider seeking relief from the Court of Appeals.

Respectfully submitted,

JACK SMITH
Special Counsel
N.Y. Bar No. 2678084

By: /s/ *David V. Harbach, II*
David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

### CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

/s/ *David V. Harbach, II*
David V. Harbach, II