UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

       Defendants.

_____/

GOVERNMENT'S OPPOSITION TO WALTINE NAUTA'S
MOTION FOR A BILL OF PARTICULARS

**TABLE OF CONTENTS**

I.     Background ................................................................................................................... 1

II.    Discussion ................................................................................................................... 1

     A.    Legal Standards.................................................................................................. 1

     B.    A Bill of Particulars Is Not Warranted Here ................................................... 2

III.    Conclusion ................................................................................................................... 6

Defendant Waltine Nauta moves the Court to compel the Government to provide a bill of particulars.  Motion For a Bill of Particulars ("Mot.").[1]  The Superseding Indictment sets forth the factual allegations and charges against Nauta in great detail, and those allegations along with the discovery provided in this case—including video, photographs, text messages, witness interviews, and grand jury transcripts—fully apprise Nauta of the charges against him.  Nauta's motion asks *how* the Government will prove facts at trial and is therefore a thinly veiled attempt to get the Government to disclose its trial strategy and detail the evidence that it intends to present.  But because a bill of particulars "cannot be used as a weapon to force the government into divulging its prosecution strategy" or to "'compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial,'" no bill of particulars is warranted here.  *United States v. Maurya*, 25 F.4th 829, 837-38 (11th Cir. 2022) (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)).  The motion should be denied without a hearing.

## I.      Background

The Government has detailed (ECF No. 378 at 1-7) the charges against Nauta, with extensive citation to the Superseding Indictment, in its response to Nauta's motion to dismiss the Superseding Indictment.  To avoid unnecessary repetition, the Government respectfully incorporates that background here by reference.

## II.     Discussion

### A.      Legal Standards

Rule 7(f) of the Federal Rules of Criminal Procedure permits a court to direct the prosecution to file a bill of particulars.  As the Eleventh Circuit has explained, the "purpose of a bill of particulars is threefold: 'to inform the defendant of the charge against him with sufficient

---

[1] Nauta's motion has not yet been docketed publicly or received an ECF number.

1

precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" *Maurya*, 25 F.4th at 837 (11th Cir. 2022) (quoting *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985)).  But a bill of particulars "cannot be used as a weapon to force the government into divulging its prosecution strategy; we do not allow defendants to 'compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial' in that manner." *Id.* at 837-38 (quoting *Burgin*, 621 F.2d at 1359).  "A bill of particulars may not be used 'to obtain a detailed disclosure of the government's evidence prior to trial.'" *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017) (quoting *United States v. Perez*, 489 F.2d 51, 71 (5th Cir. 1973)).  And, "[i]mportantly, a defendant is not entitled to a bill of particulars where the information sought has already been provided by other sources, such as the indictment and discovery." *Id.* (citing *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990)).  The Eleventh Circuit has also "explicitly forbidden" the use of a bill of particulars to "'compel the government to provide the essential facts regarding the existence and formation of a conspiracy.'" *Mayura*, 25 F.4th at 838 (quoting *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986), *modified*, 801 F.2d 378 (11th Cir. 1986)).[2]

## B.   A Bill of Particulars Is Not Warranted Here

Nauta does not provide a particularized list of details that he contends a bill of particulars should have to answer, so the Government and the Court are left to guess at precisely what additional details he thinks are necessary.  *Compare* ECF No. 323 at 15 (request for specific list of particulars by co-defendant Carlos De Oliveira).  Given the detailed and thorough Superseding

---

[2] Nauta's legal citations include *Dennis v. United States*, 384 U.S. 855 (1966).  *See* Mot. at 4.  But *Dennis* did not concern bills of particulars at all: the portion that Nauta cites concerned the disclosure of grand jury transcripts.  *See id.* (citing *Dennis*, 384 U.S. at 870).

Indictment, no further information is, in fact, required.  And it is clear from Nauta's argument that he ultimately seeks what is forbidden: to "force the government into divulging its prosecution strategy," "compel the government to detailed exposition of its evidence," "to explain the legal theories upon which it intends to rely at trial," and to "compel the government to provide the essential facts regarding the existence and formation of a conspiracy."  *Mayura*, 25 F.4th at 838 (internal quotation marks and citations omitted).

This is evident from Nauta's emphasis on what the Government supposedly *failed* to do in the Superseding Indictment.  Time and again, Nauta emphasizes that the Superseding Indictment "fails to allege," "does not specify," "fails to explain," Mot. at 5, "fails to allege with particularity," "does [not] allege," *id.* at 6-7, "does not allege," and "fails to allege," *id.* at 7, various facts.  In each instance, though, these are improper efforts to use a request for a bill of particulars to preview the Government's evidence and strategy in advance of trial.  Tellingly, Nauta concedes as much, complaining that the Superseding Indictment "fails to explain *how the [Government] would prove*" at trial that boxes at Mar-a-Lago on August 8, 2022 were among those moved by Nauta.  *Id.* at 5-6.  *How* the Government will prove allegations from the Superseding Indictment at trial is precisely what binding precedent does not permit.  *See Mayura*, 25 F.4th at 837-38.

Other instances in which Nauta alleges that the Superseding Indictment "fails" to specify a relevant fact fare no better.  With respect to the Section 1512(k) conspiracy charged in Count 33, for instance, Nauta seeks to require the Government to declare, in a bill of particulars, "which of the approximately 34 boxes, if any" that he had concealed from Trump's attorney in June 2022 were later searched by the FBI on August 8, 2022.  Mot. at 6; *see also id.* ("indictment does [not] allege, however, whether any of the boxes searched by the FBI on August 8, 2022, are alleged to have been among the 34 that were allegedly concealed by Mr. Nauta").  But the Eleventh Circuit

has "explicitly forbidden" the use of a bill of particulars to "compel the government to provide the essential facts regarding the existence and formation of a conspiracy." *Mayura*, 25 F.4th at 838 (internal quotation marks and citation omitted). And these requests boil down to an attempt to have the Government detail for Nauta precisely how it intends to prove the charges at trial. The Superseding Indictment makes clear that Nauta is alleged to have conspired to obstruct the grand jury investigation by, among other things, moving boxes out of the storage room so that they would not be reviewed by Trump's attorney. No further details are required at this stage of the proceedings.

The same is true of Nauta's request related to his substantive obstruction and false statement counts (Counts 34-37 and 39-41), in which he seeks information about Nauta's "conversations with anyone" about the deletion of surveillance footage, and information "that the specific boxes provided to NARA had come from the [basement storage room] (as opposed to another area of Mar-a-Lago)." Mot. at 7. The Superseding Indictment, in fact, provides a detailed recitation of precisely how Nauta and his codefendants attempted to secure the deletion of surveillance video footage, as charged in Counts 40 and 41. *See* ECF No. 85 ¶¶ 74-87. And that recitation includes Nauta's words and actions. To the extent that Nauta demands further details, he "simply want[s] the government to explain ahead of time which . . . details would be most significant at trial; essentially, he ask[s] about the government's specific legal 'theory.'" *Mayura*, 25 F.4th at 838.[3] This Court should conclude as the Eleventh Circuit did: such a request is "inappropriate" and must be rejected. *Id.*

---

[3] With respect to false statement charges, precedent from this District makes clear that "[w]here the bulk of the government's evidence consists of testimony regarding conversations the defendant personally participated in, the defendant cannot argue surprise. Therefore, a bill of particulars is not warranted." *United States v. Ramamurthy*, No. 18-20710-CR, 2019 WL 633328,

In addition to the detailed factual recitation in the Superseding Indictment, the Government has provided Nauta with extensive discovery, including all of the surveillance video footage the Government obtained from Mar-a-Lago (including, for instance, the footage that shows him moving boxes out of and into the storage room), communications taken from electronic devices searched pursuant to search warrants, the photographs taken of the basement storage room and other locations at Mar-a-Lago on August 8, 2022, grand jury transcripts, interview transcripts, FBI reports of investigation, and the recording of the FBI interview in which he made false statements. Where, as here, the information that the defendant seeks through a bill of particulars is in the discovery that he has been provided, a bill of particulars is inappropriate. *See, e.g., Rosenthal*, 793 F.2d at 1227 ("Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection."); *Martell*, 906 F.2d at 558 ("Furthermore, a defendant is not entitled to a bill of particulars with respect to information which is already available through other sources.") (quotation marks omitted); *see also Davis*, 854 F.3d at 1293–94; *United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006).

The detailed Superseding Indictment and extensive discovery materials provide Nauta with all of the details to which he is entitled. There is no basis for a bill of particulars to provide additional information regarding how the Government intends to prove its case at trial. *See United States v. Cole*, 755 F.2d, 760, 760-61 (11th Cir. 1985). Nauta's request should be denied.

---

at \*4 (S.D. Fla. Feb. 13, 2019). Here, the Superseding Indictment quotes the recorded conversation in which Nauta made the allegedly false statements, the transcript and recording of which have also been produced in discovery. *See* ECF No. 85 ¶¶ 111-12.

## III.    Conclusion

For the foregoing reasons, Nauta's request for a bill of particulars should be denied, as should his request for an evidentiary hearing.

<div style="margin-left: 40%;">

Respectfully submitted,

JACK SMITH
Special Counsel
N.Y. Bar No. 2678084

By:    /s/ *Jay I. Bratt*
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

Brett C. Reynolds
Assistant Special Counsel
Special Bar ID #A5503067

</div>

March 7, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2024, I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of

Notices of Electronic Filing.

/s/ *Jay I. Bratt*
Jay I. Bratt