UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

    Defendants.
_____/

**GOVERNMENT'S OPPOSITION TO DONALD J. TRUMP'S
AND WALTINE NAUTA'S HEARING REQUESTS**

On February 22, 2024, defendant Donald. J. Trump filed seven pretrial motions and defendant Waltine Nauta filed five. In connection with those motions, Trump (ECF No. 328) and Nauta (ECF No. 359) separately filed requests for evidentiary hearings on ten of their motions. They request hearings on five of the motions filed by Trump and on all five motions filed by Nauta. For the reasons given below, no evidentiary hearing is warranted on any of Trump's or Nauta's motions, though the Government defers to the Court's determination on whether to hold a hearing for legal argument.[1]

---

[1] Defendant Carlos De Oliveira filed one pretrial motion (ECF No. 323) and he "requests a hearing on this motion but does not anticipate the need for any witness testimony." ECF No. 323 at 1.

### I. Trump's Motions

#### A. Motion to Dismiss Based on Presidential Immunity

No evidentiary hearing is appropriate on Trump's motion to dismiss based on Presidential Immunity (ECF No. 324). Trump claims (ECF No. 328 at 2) that "factfinding" and "witness testimony" is needed to ascertain whether he, while still President, designated certain documents as "personal" under the Presidential Records Act ("PRA"). But as explained in the Government's response, even if that factual assertion were true, it would lend no support to an immunity claim based on the criminal charges in this case. *See* ECF No. 376 at 5-6. Moreover, Trump's sole authority for his contention that he is entitled to an evidentiary hearing is a civil immunity case, *see* ECF No. 328 at 2-3 (citing *Blassingame v. Trump*, 87 F.4th 1 (D.C. Cir. 2023)), but there is no analogous mechanism in criminal cases by which to conduct the type of pretrial evidentiary hearing that Trump seeks. *See* ECF No. 376 at 23 n.12 (noting "[t]here is no summary judgment procedure in criminal cases," and the rules do not "provide for a pre-trial determination of sufficiency of the evidence") (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)).

#### B. Motion to Dismiss Based on Selective and Vindictive Prosecution

The Government has set forth in detail (ECF No. 337 at 3-6) the requirements for discovery or a hearing on a motion for selective or vindictive prosecution. Trump must meet a rigorous standard that requires credible evidence in support of each essential element of those claims. As explained in the Government's response to Trump's motion to dismiss based on selective and vindictive prosecution (ECF No. 375) and the Government's surreply in opposition to the defendants' motion to compel discovery (ECF No. 337), Trump fails to satisfy those requirements. A hearing on that motion is unwarranted and should be denied.

### C.     Motion to Dismiss Count 19

Trump seeks a hearing on one narrow component of his motion to dismiss on vagueness grounds—his claim that Count 19 should be dismissed because he possessed a Q clearance. As explained in the Government's opposition to Trump's motion to dismiss Count 19 (ECF No. 377 at 24-25), Trump's conduct as alleged in the Superseding Indictment falls within the ambit of 18 U.S.C. § 793(e) regardless of whether Trump may have held a Q clearance throughout the period alleged in the Superseding Indictment. Any factual defense Trump may hope to present related to that Q clearance will have to be decided by a jury at trial and not through a pretrial dismissal motion. *See, e.g.*, *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004); *Critzer*, 951 F.2d at 307. A hearing is unwarranted.

### D.     Motion to Dismiss Based on Alleged Prosecutorial Misconduct

Trump has filed a motion for dismissal of the Superseding Indictment or suppression of evidence based on prosecutorial misconduct. Trump alleges three types of misconduct—bad-faith collusion between civil and criminal authorities, pre-indictment delay, and abuse of the grand jury—and he contends that a hearing is warranted on each of the three. That contention lacks merit.

#### 1.     Bad-Faith Collusion

Trump must satisfy a substantial threshold requirement to receive a hearing on his claim of bad-faith collusion between civil and criminal authorities. To sustain that claim, Trump must establish that civil and criminal investigative authorities "collude[d] in bad faith to deprive [him] of his constitutional rights." *United States v. Goldstein*, 989 F.3d 1178, 1202 (11th Cir. 2021). Such "bad faith collusion generally involves 'affirmative misrepresentations' or 'trickery or deceit' by the investigating authority to get the defendant to voluntarily turn over documentary or physical

3

evidence relevant to the criminal investigation." *Id.* (quoting *United States v. Stringer*, 535 F.3d 929, 940 (9th Cir. 2008)). In the Second Circuit, a defendant seeking a hearing on a claim of bad-faith collusion between civil and criminal authorities must "'make a substantial preliminary showing of bad faith.'" *United States v. Rhodes*, No. 18-CR-887, 2019 WL 3162221, at *4 (S.D.N.Y. July 16, 2019) (quoting *United States v. Gel Spice Co.*, 773 F.2d 427, 434 (2d Cir. 1985)). The Eleventh Circuit has not addressed the requirements to obtain a hearing on a claim of bad-faith collusion between civil and criminal authorities, but in other circumstances in which a defendant must establish bad faith by government officials, the court of appeals requires defendants to make a "substantial threshold showing" before obtaining a hearing. *See, e.g.*, *United States v. Davis*, 759 F. App'x 810, 815 (11th Cir. 2018) (claim of improper refusal to file a motion for a reduction of sentence under Federal Rule of Criminal Procedure 35(b)); *see also Wade v. United States*, 504 U.S. 181, 186 (1992) ("[A] defendant has no right to discovery or an evidentiary hearing" on a claim that the failure to file a substantial-assistance motion was based on an improper motive, "unless he makes a substantial threshold showing.") (quotation marks omitted). A standard that requires a substantial threshold showing is further supported by *United States v. Clarke*, 573 U.S. 248 (2014). In that civil tax case, the Supreme Court held that "bare assertion or conjecture is not enough" to obtain fact-finding on a claim that an Internal Revenue Service summons was issued for an improper purpose; rather the party challenging the summons must "point to specific facts or circumstances plausibly raising an inference of bad faith" and "must offer some credible evidence supporting his charge." *Id.* at 254.

Whatever formulation is used, Trump fails to make a sufficient threshold showing of bad-faith collusion that would justify a hearing. As explained in detail in the Government's substantive response, Trump's reliance on a single, mischaracterized sentence in an email did not raise a

4

plausible inference of misconduct, even had his characterization not been refuted. But even assuming the facts and inferences urged by Trump, his motion fails on legal grounds. He points to no facts or circumstances that plausibly raise an inference of bad faith and therefore falls well short of the substantial showing required to obtain an evidentiary hearing.

### 2. Pre-Indictment Delay

Relying on *United States v. Horton*, 270 F. App'x 783 (11th Cir. 2008), Trump seeks (ECF No. 328 at 2-3) additional discovery and an evidentiary hearing on his due process pre-indictment delay claim. That reliance is misplaced, and no additional discovery or an evidentiary hearing is warranted where, as here, the "Court is capable of putting together its own timeline" based on the parties' pleadings. *United States v. Holland*, No. 17-cr-234, 2018 WL 8838858, at *10 (N.D. Ga. July 27, 2018). In any event, *Horton* did not involve any additional discovery, and the only hearing referred to was the defendant's hearing on his motion to dismiss, not a distinct evidentiary hearing on his claim of pre-indictment delay. *See* 270 F. App'x at 785.

### 3. Grand Jury Abuse

Trump seeks an evidentiary hearing (ECF No. 328 at 3) on two of his grand-jury abuse claims: the alleged improper use of a grand jury in the District of Columbia and an alleged improper grand-jury subpoena to NARA in 2023. Trump does not identify what facts he would seek to develop at a hearing or why those facts would be relevant to his claims. As explained in the Government's response, Trump identifies no shortcoming in the presentation to the grand jury in this District, and even taking as true his inaccurate factual assertions about events in the District of Columbia, he entirely fails to explain (as the law requires) how those events caused him prejudice. No evidentiary hearing is appropriate.

### E.  Motion to Suppress Evidence and Dismiss Indictment

Trump has filed a motion to suppress evidence seized during the execution of the search warrant at Mar-a-Lago on August 8, 2022. In the same motion, he seeks to exclude evidence obtained through the crime-fraud exception to the attorney-client and work-product privileges or, alternatively, dismissal of the indictment based on the Government's receipt of that crime-fraud evidence. Trump seeks a hearing on three discrete components of that motion.

#### 1.  *Franks*

Trump seeks suppression under *Franks v. Delaware*, 438 U.S. 154 (1978), based on allegations that the affidavit submitted in support of the warrant to search Mar-a-Lago contains intentionally or recklessly misleading omissions. The Government has set forth in detail in its response to Trump's motion the demanding standard a defendant must satisfy to obtain a *Franks* hearing. And as explained in the Government's response, Trump falls well short of meeting those requirements. He has not made a substantial preliminary showing that the affiant intentionally or recklessly omitted information from the warrant in order to mislead the magistrate. Nor does he show that inclusion of the omitted information would have defeated probable cause. Trump is not entitled to a *Franks* hearing.

#### 2.  Good Faith

In his motion, Trump argues that evidence obtained through execution of the warrant to search Mar-a-Lago should be suppressed because the warrant failed to meet the Fourth Amendment's particularity requirements, and he contends that a hearing is necessary to determine whether the good-faith exception to the exclusionary rule applies. Trump suggests (ECF No. 328 at 3-4) that a hearing is needed because application of the good-faith exception will depend on evidence about the manner in which agents executed the warrant and the subjective motives of the

6

agents who executed the search and other government officials. But the good-faith exception applies when reliance on the warrant is objectively reasonable. And when the claimed deficiency is inadequate particularity in the warrant, application of the good-faith exception depends on whether the warrant is so facially deficient that no reasonable officer could presume it to be valid. *See, e.g.*, *United States v. McCall*, 84 F.4th 1317, 1328 (11th Cir. 2023). To apply that objective standard and evaluate the adequacy of the warrant on its face, no evidentiary hearing is needed or appropriate. Trump's request for an evidentiary hearing should be denied.

### 3. Crime-Fraud Litigation

In his motion, Trump contends in passing that dismissal of the Superseding Indictment is warranted because the Government engaged in prejudicial misconduct by obtaining evidence that he claims is privileged through crime-fraud litigation in the District of Columbia. Trump is not entitled to an evidentiary hearing on his dismissal request. Even a "deliberate" violation of the attorney-client relationship that contravenes the Sixth Amendment does not typically warrant dismissal of an indictment. *United States v. Morrison*, 449 U.S. 361, 365-66 (1981); *see United States v. Rogers*, 751 F.2d 1074, 1078 (9th Cir. 1985) ("When the action of Government agents involves a violation of the defendant's constitutional rights and yet does not require dismissal of the indictment, it would follow, *a fortiori*, that merely inducing a witness to violate an ethical obligation of confidentiality to a client would not require the dismissal of the indictment."). And Trump provides no support for his contention that prosecutors engage in prejudicial misconduct that warrants dismissal of an indictment by filing a motion to compel evidence before a grand jury under the crime-fraud exception and then obtaining the evidence pursuant to a court order.

## II.     Nauta's Motions

Nauta argues that evidentiary hearings for each of his pretrial motions are warranted because he has "allege[d] facts that, if true, would entitle him to relief." ECF No. 359 at 2 (citing *United States v. Yadigarov*, 840 F. App'x 487, 490 (11th Cir. 2021)). That argument misstates the standard and, in any event, lacks merit. In *Yadirgarov*, the Eleventh Circuit considered whether the district court erred by denying relief and an evidentiary hearing to a criminal defendant seeking to assert an ineffective assistance of counsel claim through a petition for a writ of error *coram nobis*. 840 F. App'x at 491. In addressing the propriety of an evidentiary hearing in that context, the court of appeals set out the standard that Nauta quotes, but also made clear that a district court "is not required to hold an evidentiary hearing where the petitioner's allegations are 'affirmatively contradicted by the record, or the claims are patently frivolous.'" *Id.* at 490 (citing *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)). Thus, even if the standard for an evidentiary hearing on a *coram nobis* petition applied here—and Nauta provides no authority to support that contention—he would not be entitled to such a hearing on any of his pretrial motions. Indeed, rather than explain why he needs an evidentiary hearing for each pretrial motion, Nauta largely restates the discovery requests that he (and other defendants) made in their motions to compel.

### A.     Motion for a Bill of Particulars

In his motion for a bill of particulars, Nauta seeks additional information and evidence to support the allegations in the Superseding Indictment. But he nowhere describes why he needs an evidentiary hearing to support that request. Nor does he identify any case or other authority for the proposition that such a hearing would be appropriate, let alone necessary.

### B. Motion to Dismiss Based on Vagueness

Nauta's sole basis for seeking an evidentiary hearing in support of his vagueness claim—which contends that the extensive allegations in the Superseding Indictment failed to provide him with fair notice that he is charged with acting "corruptly" for purposes of three subsections of 18 U.S.C. § 1512—is that Trump may have had a security clearance. Nauta does not explain in any manner how these two things are related. That is because they are not. Moreover, as noted above, whatever merit such a claim regarding when Trump's Q clearance expired may have for Trump, it would be relevant only to his factual defense at trial and provides no basis for dismissal or a pretrial evidentiary hearing. And whatever factual defense Trump may wish to present at trial regarding a charge under Section 793(e), it would have no bearing on the obstruction counts under Section 1512 with which Nauta is charged.

### C. Motion to Dismiss for Selective and Vindictive Prosecution

As noted above and elsewhere, *see* ECF No. 337 at 3-6, the showing required to establish selective or vindictive prosecution, as well as for discovery or an evidentiary hearing on such a claim, is demanding. And as explained in the Government's response to Nauta's selective and vindictive prosecution motion (filed by email today), Nauta comes nowhere close to satisfying it. No evidentiary hearing is therefore warranted.

### D. Motion to Dismiss for Failure to State an Offense

With respect to his motion to dismiss for failure to state an offense, Nauta offers (ECF No. 359 at 6) only the vague supposition that certain information about claimed improper coordination between NARA and prosecutors that the defendants have requested in their motions to compel "will likely impact" his "ability to prepare his defense." But Nauta fails to explain why such information bears any relevance to the legal claim in his dismissal motion that the Superseding

9

Indictment's allegations are insufficient to state the offenses with which he is charged—a claim that is limited solely to the face of the Superseding Indictment.  *See Critzer*, 951 F.2d at 307.

### E. Motion to Suppress

Finally, Nauta seeks suppression and an evidentiary hearing under *Franks v. Delaware*, *supra*.  But as explained in the Government's response to Nauta's suppression motion (ECF No. 381), Nauta must satisfy a demanding standard to obtain a *Franks* hearing, and he falls well short of the mark.  He makes neither a substantial preliminary showing that the affiant intentionally or recklessly omitted information from the warrant in order to mislead the magistrate nor that inclusion of the omitted information would have defeated probable cause.  The Court should deny his request for an evidentiary hearing.

                              Respectfully submitted,

                              JACK SMITH
                              Special Counsel
                              N.Y. Bar No. 2678084

By:    /s/ *Jay I. Bratt*
        Jay I. Bratt
        Counselor to the Special Counsel
        Special Bar ID #A5502946
        950 Pennsylvania Avenue, N.W.
        Washington, D.C. 20530

        David V. Harbach, II
        Assistant Special Counsel
        Special Bar ID #A5503068

        James I. Pearce
        Assistant Special Counsel
        Special Bar ID #A5503077

March 7, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

/s/ *Jay I. Bratt*
Jay I. Bratt