UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-801010-CR-CANNON/REINHART

UNITED STATES OF AMERICA,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVIERA,

        **Defendants.**
_____/

## NOTICE OF DEFENDANT WALTINE NAUTA JOINING AND ADOPTING

Defendant Waltine Nauta, by and through the undersigned counsel and pursuant to Rule 2 of the Federal Rules of Criminal Procedure, hereby respectfully requests this Court take notice of his joining and adopting former President Trump's Motion to Dismiss the Superseding Indictment pursuant to the Presidential Records Act ("PRA") (Feb. 22, 2024) (ECF No. 327).

Defendant Waltine Nauta is charged in eight counts of the July 27, 2023, Superseding Indictment, (ECF No. 85), to include: conspiracy to obstruct justice in violation of 18 U.S.C. § 1512(k) (Count 33); withholding a document or record in violation of 18 U.S.C. § 1512(b)(2)(A) (Count 34); corruptly concealing a document or record in violation of 18 U.S.C. § 1512(c)(1) (Count 35); concealing a document in a federal investigation in violation of 18 U.S.C. § 1519 (Count 36); engaging in a scheme to conceal in violation of 18 U.S.C. § 1001(a)(1) (Count 37); making false statements and representations in violation of 18 U.S.C. § 1001(a)(2) (Count 39); altering, destroying mutilating, or concealing an object in violation of 18 U.S.C. § 1512(b)(2)(B) (Count 40); and corruptly altering, destroying, mutilating, or concealing a document, record or other object in violation of 18 U.S.C. § 1512(c)(1) (Count 41).

1

On November 10, 2023, this Court Ordered that defendants submit pretrial motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure on or before February 22, 2024. Order (Nov. 10, 2023) (ECF No. 215). Following protracted briefing on the necessity of sealing references to certain discovery materials, *see* Order at 1 n.1 (Feb. 27, 2024) (ECF No. 338) (delineating the, "various sealing/redacting issues before the Court"), the Court Ordered that the defendants submit their pretrial motions *in camera* to the extent any motions, "discuss[] or attach[] discovery materials." Paperless Order (Feb. 20, 2024) (ECF No. 320). Accordingly, on February 22, 2024, several motions to dismiss were filed on the public docket, while additional motions were submitted *in camera* to the Court and the Special Counsel's Office ("SCO"). *See* Mot. to Dismiss (Feb. 22, 2024) (ECF No. 323) (Mr. De Oliveira's motion to dismiss); Notice (Feb. 22, 2024) (ECF No. 328) (summarizing former President Trump's seven (7) pretrial motions to dismiss); Notice (March 1, 2024) (ECF No. 359) (summarizing Mr. Nauta's five (5) pretrial motions to dismiss). Pursuant to Local Rule 7.1(c) of the Local Rules for the Southern District of Florida and this Court's March 5, 2024, Paperless Order (ECF No. 365), on March 7, 2024, the SCO submitted its oppositions to these thirteen (13) motions. *See* Notice (March 7, 2024) (ECF No. 385). Pursuant to this Court's March 7, 2024, Notice (ECF No. 383), former President Trump submitted a reply memorandum in support of his Motion to Dismiss the Superseding Indictment pursuant to the Presidential Records Act (Feb. 22, 2024) (ECF No. 327), on March 13, 2024. (ECF No. 399).

Also relevant to the instant notice, on March 1, 2024, America First Legal Foundation ("AFLF") moved this Court for leave to submit a brief of amicus curiae in support of former President Trump's Motion to Dismiss the Superseding Indictment pursuant to the Presidential Records Act, (ECF No. 360), which this Court granted by Paperless Order on March 6, 2024 (ECF

No. 367). On March 13, 2024, the SCO filed a memorandum in opposition to the amicus curiae brief. (ECF No. 400).

Absent certain exceptions, the law-of-the-case doctrine generally provides that, "courts are 'bound by findings of fact and conclusions of law' previously made in the same case . . . .'" *Rodriguez v. United States*, No. 17-CR-157, 2020 U.S. Dist. LEXIS 73450, at *11-12 (N.D. Ga. Feb. 28, 2020) (citations omitted); *see also United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) ("[B]oth the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." (citing *United States v. Robinson,* 690 F.2d 869 (11th Cir.1982)). Accordingly, as a general matter, the "'law of the case' doctrine generally refer to it as applying to decisions made by a court of appeals in a prior appeal of the same case." *United States v. Williams*, 728 F.2d 1402, 1406 (11th Cir. 1984) (citing *Robinson*, 690 F.2d at 872.). Although, "[t]here is some question as to whether the law of the case doctrine applies to conclusions of the trial court," *Stinson*, 97 F.3d at 469, but this Circuit has previously noted that, "the doctrine is flexible . . . as long as the case remains within the jurisdiction of the district court." *Williams*, 728 F.2d at 1406.

Both former President Trump's Motion to Dismiss (Feb. 22, 2024) (ECF No. 327) and AFLF's amicus curiae brief in support thereof (March 1, 2024) (ECF No. 360), argue, *inter alia*, that the documents with classification markings that gave rise to the investigation which resulted in the prosecution of former President Trump and Messrs. Nauta and De Oliveira were designated by President Trump as "personal" under the PRA when they were taken from the White House to

3

Mar-a-Lago. *See* Mot. at 4-5 (Feb. 22, 2024) (ECF No. 327); AFLF Amicus Curiae at 6 (Mar. 1 2024) (ECF No. 360). As a consequence, former President Trump had "authority" to possess the records and therefore could neither be investigated nor prosecuted for willfully retaining documents relating to the national defense in violation of 18 U.S.C. § 793(e). *See* Mot. at 10-13 (Feb. 22, 2024) (ECF No. 327) ("NARA's purported referral to DOJ prosecutors was improper and not foreseeable to President Trump given NARA's historical practices. Because the referral was improper, there was no basis for the FBI to "predicate" an investigation."); Mot. at 8 (Feb. 22, 2024) (ECF No. 325) ("[P]residential discretion to designate records as personal under the PRA adds additional ambiguity [to the meaning of 'unauthorized possession' under § 793(e).").

Should the Court agree with former President Trump that it is precluded from reviewing then President Trump's designation of the materials transferred from the White House to Mar-a-Lago as "personal" under the PRA, *see Judicial Watch, Inc. v. NARA*, 845 F. Supp. 2d 288, 300-301 (D.D.C. 2012) ("The only reference in the entire [PRA] to the designation of records as personal versus Presidential also calls for the decision to be made by the executive . . . ."), quoted in Mot. at 5 (Feb. 22, 2024) (ECF No. 327), then the Superseding Indictment on its face fails to plead an element of the offense under § 793(e) insofar as the indictment fails to plead that the possession of the documents in question was not "unauthorized." *United States v. Resendiz-Ponce*, 127 S. Ct. 782, 788 (2007) ("[There are] two constitutional requirements for an indictment: first, that it contains the elements of an offense charged and fairly informs a defendant of the charge against which he must defend, and, second, that it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." (cleaned up)). *Accord United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998) (*en banc*) ("An indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended

4

against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." (cleaned up)).

Not only does the indictment fail to properly plead an offense under § 793(e), but any such prosecution was foreclosed by virtue of the fact that judicial review of then President Trump's designation of the records as "personal" under the PRA is precluded. *See Armstrong v. Bush*, 924 F.2d 282, 291 (D.C. Cir. 1991) ("We therefore hold that the PRA precludes judicial review of the President's recordkeeping practices and decisions."). Because a prosecution under § 793(e) is foreclosed, it was improper for the Department to initiate an investigation, *see* Mot. at 11 (Feb. 22, 2024) (ECF No. 327), and thus the investigation giving rise to the instant prosecution was not an "official proceeding" and/or "within the jurisdiction of the executive branch" for former President Trump, as well as Messrs. Nauta and De Oliveira to obstruct.[1] That an "official proceeding" was obstructed is again an element of the offenses with which President Trump as well as Messrs. Nauta and De Oliveira were charged and thus, again, these offenses must be dismissed. *See Resendiz-Ponce*, 127 S. Ct. at 788; *Steele*, 147 F.3d at 1320.

\* \* \*

Because any decision by this Court as to former President Trump would be binding as to Mr. Nauta, Mr. Nauta respectfully asks the Court to take notice of his joining former President Trmp's Motion to Dismiss the Superseding Indictment pursuant to the Presidential Records Act ("PRA") (Feb. 22, 2024) (ECF No. 327).

---

[1] Former President Trump as well as Messrs. Nauta and De Oliveira, are also charged with making false statements in violation of 18 U.S.C. § 1001 (Counts 38, 39, and 42). These charges similarly require that the allegedly "false" statement be material to the investigation at issue, which they could not be if no lawful investigation was being pursued. See United States v. Boffil-Rivera, 607 F.3d 736, 741 (11th Cir. 2010) ("It is uncontested that conviction under § 1001 requires that the statement be 'material' to *the government inquiry*." (emphasis added)).

Dated: March 15, 2024

Respectfully submitted,

 *s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (*pro hac vice*)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, DC 20010
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

 *s/ Sasha Dadan*
Sasha Dadan, Esq. (Fla. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 (telephone)
772.264.5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2024, I electronically submitted the foregoing, via electronic mail, to counsel of record.

Respectfully submitted,

  *s/ Sasha Dadan*
Sasha Dadan, Esq. (Fl. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 (telephone)
772.264.5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*
