# EXHIBIT 1



Supreme Court
of the
State of New York

JUAN M. MERCHAN
JUDGE OF THE COURT OF CLAIMS
SUPREME COURT, CRIMINAL TERM
FIRST JUDICIAL DISTRICT

CHAMBERS
100 CENTRE STREET
NEW YORK, N.Y. 10013

<u>Via Email</u>

March 15, 2024

Todd Blanche, Esq.
Blanche Law
99 Wall Street
Suite 4460
New York NY, 10005

A.D.A. Matthew Colangelo
New York County District Attorney's Office
One Hogan Place
New York, NY 10013

Re: *People v. Trump*, Ind. No. 71543-2023

Dear Counsel:

On March 8, 2024, Defendant electronically filed a premotion letter seeking permission to file a motion for discovery sanctions based on the People's alleged violations of Criminal Procedure Law ("CPL") Article 245. As a remedy, defendant seeks dismissal of the indictment, or in the alternative, (1) preclusion of testimony from Michael Cohen, Stephanie Clifford and Adav Noti, and (2) an adjournment of the trial date of at least 90 days. A notice of motion, affirmation and motion were attached to the premotion letter.

By letter dated March 11, 2024, the People asked this Court to deny Defendant leave to file the motion for discovery sanctions and adjournment on the grounds that the motion is "factually and legally meritless, procedurally time-barred, and intended to cause delay."

On March 12, 2024, this Court informed Counsel that it had accepted Defendant's motion for discovery sanctions. The People requested a deadline of March 15, 2024, to oppose the motion. Later the same day, the People filed a premotion letter seeking leave of the Court to file a motion for an extension of the deadline to finalize trial exhibit designations from March 15, 2024, to March

25, 2024. The People asked the Court to treat the premotion letter as the motion itself. Defendant opposed the People's motion for an extension on various grounds, including that granting the motion would result in prejudice to the Defendant.

On March 14, 2024, the People filed notice regarding the production of records by the U.S. Attorney's Office for the Southern District of New York ("USAO-SDNY"). In substance, the People informed the Court that the USAO-SDNY produced 73,000 pages of records on March 4, 2024; 31,000 pages of records on March 13, 2024; and that it expected to make an additional production next week.[1] Notably, while maintaining that they are ready for trial and that they remain in full compliance with Article 245, the People consent to an adjournment of up to 30 days for Defendant to review the documents produced by the USAO-SDNY. Lastly, the People requested an extension from March 15, 2024, to March 18, 2024, to file a full response to Defendant's discovery motion. People's notice of March 14, 2024.

Last night, Defendant filed his response to the People's notice. In the response, Defendant requests an "immediate adjournment" of more than 30 days. Defendant also asks this Court to reject the People's arguments regarding the pending motion to dismiss the Indictment "until (1) the People collect and produce all discovery to which" Defendant is entitled, and (2) the Court resolves the factual disputes "relating to the nature and scope of the [alleged] discovery violations." Defendant requests that this "Court schedule a hearing on the pending discovery motion and the scheduling of a trial date, should one be necessary, at a time convenient to [the Court] during the week of March 25." Defendant notes that a "30 day adjournment would move the start of the trial from March 25, 2024, which would conflict with Passover, which this year is from April 22 to April 30. The Court cannot schedule the trial in a timeframe that would prevent or inhibit the ability of the observant Jews to participate as jurors." Defendant's letter of March 14, 2024, at FN 1.

As evidenced by Defendant's most recent letter filed this afternoon, there are significant questions of fact which this Court must resolve before it may rule on Defendant's motion. Therefore, the Court agrees with Defendant that a prompt hearing is required on the pending discovery motion, the circumstances surrounding the document production by the USAO-SDNY and the scheduling of a trial date, if one is necessary.

The hearing will be conducted on March 25, 2024, at 10:00 a.m. in Part 59. Trial on this matter is adjourned for 30 days from the date of this letter on consent of the People. The Court will set the new trial date, if necessary, when it rules on Defendant's motion following the hearing. This

---

[1] The People notified the Court this morning that the production originally scheduled for next week was made today. The production consisted of 15,000 records. People's letter of March 15, 2024.

Court's directive that the parties, including the Defendant, not engage or otherwise enter into any commitment pending completion of this trial remains in effect.

The parties are directed to separately furnish this Court, not later than Thursday, March 21, 2024, a detailed timeline of the events surrounding the requests and ultimate production of documents by the USAO-SDNY that serve as the basis of the People's March 14, 2024 letter. The timeline should be accompanied by all correspondence between and among DANY, Defendant and USAO-SDNY that goes to the subject of Defendant's motion and which is covered by the People's notice of March 14, 2024. The correspondence must include but not be limited to letters, subpoenas, e-mails, notes, messages, etc. The requested documents are necessary for this Court to properly assess who, if anyone, is at fault for the late production of the documents, what prejudice, if any, was suffered by either party and what sanction(s) if any, are appropriate.

In light of these recent developments and the delays occasioned thereby, there is no prejudice to Defendant in granting the People's request to extend their deadline to respond to Defendant's motion from March 15, 2024, to March 18, 2024. Likewise, there is no prejudice to Defendant in granting the People's motion to extend the deadline to finalize trial exhibit designations from March 15, 2024, to March 25, 2024.

This Court stresses that the hearing will be limited to the specific issue of Defendant's motion to dismiss on the grounds of the People's alleged discovery violations *related to the production of records by USAO-SDNY* – only. Likewise, the timeline and accompanying documents produced to this Court shall not include documents or records constituting discovery unless, a particular record is necessary to resolve a factual dispute.

This Court's Order of March 8, 2024, regarding the filing of premotion letters remains in effect until further notice of the Court.

Very truly yours,

Juan M. Merchan
Judge Court of Claims
Acting Justice Supreme Court

cc:     Counsel of record
        Assistant District Attorneys of record
        Court file