UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101(s)-CR-CANNON

UNITED STATES OF AMERICA

v.

DONALD J. TRUMP,
WALTINE NAUTA, and,
CARLOS DE OLIVEIRA,

    Defendants.
_____/

## MOTION FOR LEAVE TO FILE BRIEF OF PROFESSOR SETH BARRETT TILLMAN AND LANDMARK LEGAL FOUNDATION AS *AMICI CURIAE* IN SUPPORT OF DEFENDANT TRUMP'S MOTION TO DISMISS THE INDICTMENT [ECF NO. 326]

Michael J. O'Neill*
Landmark Legal Foundation
19415 Deerfield Ave., Ste. 312
Leesburg, VA 20176
(703) 554-6100
mike@landmarklegal.org

Josh Blackman*
Josh Blackman LLC
1303 San Jacinto Street
Houston, TX 77002
(202) 294-9003
josh@joshblackman.com

Michael A. Sasso
Florida Bar No. 93814
Sasso & Sasso, P.A.
1031 West Morse Boulevard, Ste. 120
Winter Park, Florida 32789
(407) 644-7161
masasso@sasso-law.com
notice@sasso-law.com
Counsel for Amici, Professor Seth Barrett Tillman and the Landmark Legal Foundation

*Pro Hac vice forthcoming

Professor Seth Barrett Tillman and the Landmark Legal Foundation (*Amici*) respectfully submit this motion for leave to file a brief as *Amici Curiae* in support of President Trump's Motion to Dismiss the Indictment [ECF No. 326].

1. Professor Seth Barrett Tillman, an American national, is a member of the regular full-time faculty in the Maynooth University School of Law and Criminology, Ireland/Scoil an Dlí agus na Coireolaíochta Ollscoil Mhá Nuad. Professor Tillman is one of the few academics who has written extensively on the Constitution's "office"- and "officer"-language. Moreover, Tillman's publications have extensively discussed the original public meaning of the Appointments Clause and the caselaw expounding on that clause. And his publications have discussed the application of that caselaw to prosecutions involving special counsels.

2. Landmark Legal Foundation is a national public interest legal organization dedicated to preserving the principles of limited government, separation of powers, federalism, advancing an originalist approach to the Constitution, and defending individual rights. Landmark has filed numerous briefs advocating for the separation of powers in courts at all levels. These cases include, *Loper Bright Enterprises v. Raimondo* (U.S. Supreme Court), *Trump v. Anderson* (U.S. Supreme Court), *Moore v. United States* (U.S. Supreme Court), *West Virginia v. EPA* (U.S. Supreme Court) and *Louisiana v. Biden* (5th Circuit).

3. On February 22, 2024, Defendant Trump filed a motion to dismiss the indictment based on the unlawful appointment and funding of Special Counsel Jack Smith. [ECF No. 326]. That motion argued that "Jack Smith is not an 'Officer' under the statutes cited by Attorney General Garland. At best, he is an *employee*." *Id.* at 3 (emphasis added).

4. On March 5, 2024, an amicus brief was filed by Former Attorney General Meese, et al. [ECF No. 364-1]. The Meese brief expanded on the argument in the Defendant's Motion to Dismiss: "In short, the position supposedly held by Smith was not 'established by Law.' The authority exercised by him as a so-called 'Special Counsel' far exceeds the power exercisable by a mere *employee*." (citing *Lucia v. SEC*, 585 U.S. 237, 245–47 (2018) (emphasis added)).

5. On March 6, 2024, this Court issued an order, stating that the "proposed amici bring to the Court's attention relevant matter that may be of considerable help to the Court in resolving

2

the cited pretrial motions." [ECF No. 367]. The order further stated, "Should the Special Counsel or Defendants wish to file a separate response to either amicus brief, they may do so on or before March 15, 2024."

6. *Amici* became aware of [ECF No. 367] on March 7, 2024. Almost immediately, *Amici* began to prepare an amicus brief to address a potentially dispositive point: if Special Counsel *Smith* is an "employee of the United States," rather than an "Officer of the United States," then he cannot exercise the "significant authority" of a United States Attorney.

7. In 2018, Professor Tillman co-authored an essay with Professor Blackman (who is co-counsel in this case) contending that that the Special Counsel is not an "Officer of the United States," but is an "employee of the United States." Seth Barrett Tillman & Josh Blackman, *Is Robert Mueller an "Officer of the United States" or an "Employee of the United States"?*, Lawfare (July 23, 2018, 2:50 PM), https://tinyurl.com/y9kmvn46, http://ssrn.com/abstract=3214158. This essay discussed a long line of Supreme Court precedents dating back to 1868—precedents that have not yet been developed in this prosecution.

8. *Amici* diligently finalized the proposed brief in approximately four days, and promptly sought consent from the parties.

9. *Amici* are filing this brief on March 13, 2024, two days before the Court's deadline of March 15, 2024. As a result, the Special Counsel and Defendants have a fair opportunity to review this motion and brief and respond as they deem warranted. Moreover, on Monday, March 11, 2024, undersigned counsel provided the Special Counsel with a link to Professor Tillman's 2018 *Lawfare* article, so the Special Counsel would know the basis for the proposed amicus brief. *See* Exhibit A. No party will be prejudiced by filing this brief.

10. The arguments presented in this brief have not been discussed in these proceedings to date and provide a dispositive approach in which the entire prosecution may be resolved (and, thereby, dismissed). *Amici* submit that that this brief, like the Meese brief, will be "of considerable help to the Court in resolving the cited pretrial motions." [ECF No. 367]

11. This Court's rules are silent on filing deadlines for *amicus* briefs. District Courts have broad discretion over whether to accept potentially out-of-time briefs. *See, e.g., Chavez v. Credit Nation Auto Sales, Inc.*, No. 1:13-CV-00312-WSD-JCF, 2014 WL 12780146, at *3 (N.D. Ga. June 5, 2014) (accepting out-of-time amicus brief because "the Federal Rules of

3

Appellate Procedure [deadlines] do not apply in district court"); *see also Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991) ("While Federal Rule of Appellate Procedure 29 and Supreme Court Rule 37 provide for the filing of *amicus curiae briefs*, the Federal Rules of Civil Procedure lack a parallel provision regulating amicus appearances at the trial level."); *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 31 (S.D. Fla. 1988) (noting that "'it is solely within the discretion of the court to determine the fact, extent, and *manner* of participation by the *amicus*.'" (quoting *Linker v. Custom–Bilt Machinery, Inc.*, 594 F. Supp. 894, 897 (E.D. Pa. 1984)) (emphasis added)).

For these reasons, *Amici Curiae* Professor Seth Barrett Tillman and Landmark Legal Foundation respectfully ask leave of this Court for the attached brief to be entered onto the docket of this case.

## Certification of Good-Faith Conference

Pursuant to S.D. Fla. L.R. 88.9(a), undersigned counsel certifies that they conferred with the Special Counsel and counsel for Defendant Trump regarding the relief requested in this motion. Counsel for President Donald J. Trump consents to the filing of the brief. Counsel for the Special Counsel "takes no position" on this request. Counsel for Carlos De Oliveira has no opposition to the filing of this motion. Undersigned counsel certifies that they made a reasonable effort to confer with counsel for Waltine Nauta.

Dated: March 13, 2024.

Respectfully submitted,

/s/ **Michael A. Sasso**
Michael A. Sasso (Florida Bar No.: 93814)
masasso@sasso-law.com
SASSO & SASSO, P.A.
1031 West Morse Blvd, Ste. 120
Winter Park, FL 32789
(407) 644-7161
Counsel for Amici, Professor Seth Barrett Tillman and the Landmark Legal Foundation

Michael J. O'Neill*
Landmark Legal Foundation
19415 Deerfield Ave., Ste. 312
Leeesburg, VA 20176
(703) 554-6100
mike@landmarklegal.org

Josh Blackman*
Josh Blackman LLC

1303 San Jacinto Street
Houston, TX 77002
(202) 294-9003
Josh@joshblackman.com

*pro hac vice

## Certificate of Service

I hereby certify that on this 13th day of March, 2024, I caused a true and correct copy of the foregoing to be served via ECF on all parties and counsel of record in this matter.

/s/ Michael A. Sasso
Michael A. Sasso