UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 23-801010-CR-CANNON

UNITED STATES OF AMERICA,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

         Defendants.
_____/

## DEFENDANT WALTINE NAUTA'S NOTICE OF REPLIES FILED IN SUPPORT OF HIS PRETRIAL MOTIONS

Defendant Waltine Nauta, by and through the undersigned counsel, hereby provides notice of his submission of reply memoranda to the Court pursuant to Rule 12(c) of the Federal Rules of Criminal Procedure and this Court's February 20, 2024 Order (ECF No. 320). Mr. Nauta's memoranda were submitted via email to the Court and counsel of the Special Counsel's Office pursuant to the Court's sealing orders. *See* Paperless Order (Feb. 6, 2024) (ECF No. 283); Paperless Order (Feb. 20, 2024) (ECF No. 320); Paperless Order (Mar. 5, 2024) (ECF No. 365). The memoranda include:

1. Reply In Support of Mr. Nauta's Motion for a Bill of Particulars;

2. Reply In Support of Mr. Nauta's Motion to Dismiss Counts 33, 34, 35, 40, and 41 of the Superseding Indictment as Unconstitutionally Vague;

3. Reply In Support of Mr. Nauta's Motion to Dismiss the Superseding Indictment for Selective and Vindictive Prosecution;

4. Reply In Support of Defendants' Motion to Dismiss the Superseding Indictment Under Federal Rule of Criminal Procedure 12(b)(3)(B) (Feb. 22, 2024) (docketed Feb. 28, 2024) (ECF No. 352); and

5. Reply In Support of Mr. Nauta's Motion to Suppress Evidence and for Return of Property and Request for Evidentiary Hearing and *Franks* Hearing.

Mr. Nauta notes his continued objection to the SCO's self-serving utilization of the Protective Order. Order (June 19, 2023) (ECF No. 27). Not only has the SCO insisted upon the disclosure of filings or referenced exhibits in advance of deadlines, thus availing itself of an opportunity to preview defense arguments and strategy, *see* Mot. (Aug. 30, 2023) (ECF No. 138) (Under Seal), but now has utilized the Protective Order to manipulate the court of public opinion in the matter. Thus, for example, although former President Trump and Mr. Nauta were required to keep certain of their motions, the SCO filed their oppositions on the public docket. *See*, *e.g.*, Opp'n (Mar. 7, 2024) (ECF No. 375); Opp'n (Mar. 7, 2024) (ECF No. 379); Opp'n (Mar. 7, 2024) (ECF No. 380); Opp'n (Mar. 7, 2024) (ECF No. 381). Yet, the Court had clearly instructed the SCO that the public filing deadline for any motions filed under seal *was stayed*. *See* Paperless Order (Feb. 20, 2024) (ECF No. 320) ("With respect to forthcoming pre-trial *motions* that reference or attach discovery materials, the public filing deadline of February 22, 2024 (*and all associated response/reply deadlines*) is hereby stayed . . . ." (emphasis added)). Despite the Court staying the public filing of the SCO's oppositions to Mr. Nauta's motions, the SCO filed the same on the public docket denying Mr. Nauta of the opportunity for the public to consider his position. *Accord* Charlie Savage and Alan Feuer, Prosecutors Say Trump's Secret Files Case 'Starkly Different' from Biden's, *The New York Times* (Mar. 7, 2024), *available at* https://www.nytimes.com/2024/03/07/us/politics/prosecutors-trump-secret-files.html.

The SCO's self-serving application of the Protective Order is especially evident in their opposition to Mr. Nauta's motion to suppress the search warrants for Mr. Nauta's electronic data. Despite requiring Mr. Nauta's motion to be kept from the public docket, the SCO quotes from Mr. Nauta's voluntary interview with the FBI and grand jury testimony, the transcripts of which were

2

designated by the SCO under the Protective Order and thus cannot be referenced (let alone quoted) publicly. Opp'n at 17 nn. 6, 7 (Mar. 7, 2024) (ECF No. 381).

Of course, Mr. Nauta does not now seek any relief from the Court, but respectfully notes his continuing objection to the Protective Order and the SCO's self-serving utilization thereof.

Date: March 25, 2024                                    Respectfully submitted,

                                                         *s/ Stanley E. Woodward, Jr.*
                                                         Stanley E. Woodward, Jr. (*pro hac vice*)
                                                         Brand Woodward Law, LP
                                                         400 Fifth Street NW, Suite 350
                                                         Washington, D.C. 20010
                                                         202.996.7447 (telephone)
                                                         202.996.0113 (facsimile)
                                                         stanley@brandwoodwardlaw.com

                                                         *s/ Sasha Dadan*
                                                         Sasha Dadan, Esq. (Fla. Bar No. 109069)
                                                         Dadan Law Firm, PLLC
                                                         201 S. 2nd Street, Suite 202
                                                         Fort Pierce, Florida 34950
                                                         772.579.2771 (telephone)
                                                         772.264.5766 (facsimile)
                                                         sasha@dadanlawfirm.com

                                                         *Counsel for Defendant Waltine Nauta*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2024, I electronically submitted the foregoing via electronic mail, to counsel of record.

*s/ Sasha Dadan*