UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

    Defendants.
_____/

**GOVERNMENT'S CONDITIONAL MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT NAUTA'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS BASED ON SELECTIVE AND VINDICTIVE PROSECUTION**

On March 24, 2024, defendant Waltine Nauta filed a reply in support of his motion to dismiss the Superseding Indictment for selective and vindictive prosecution.[1] In his reply, Nauta for the first time made numerous false factual assertions and meritless arguments that could have been raised in his motion. That was no less procedurally improper than it was a month ago, when the Government sought and obtained the same relief it seeks here—that the Court either disregard defense assertions and arguments improperly raised in a reply, or grant the Government permission to file a surreply. *See* ECF Nos. 305, 319. Arguments and factual assertions not presented in an opening motion and raised for the first time in a reply brief are not properly before the Court. These repeated attempts by the defendants to reserve arguments until their reply briefs in order to prevent the Government from responding serve neither the Court nor efficient process, and they

---

[1] None of Nauta's Motion ("Mot."), the Government's response ("Resp."), or Nauta's Reply ("Reply") has yet been docketed publicly or received an ECF number.

should stop. The Government requests that the Court disregard the false factual assertions and arguments in Nauta's reply, or alternatively grant the Government leave to file a surreply to address them. *See* S.D. Fla. L. R. 7.1(c)(1).[2] If the Court grants leave, the Government respectfully requests permission to file its surreply within one week of the Court's order.

## I.     Background

In his motion to dismiss, Nauta advanced claims under theories of vindictive prosecution and selective prosecution. Mot. at 7-13. In his reply, he has sought to make new and meritless arguments under both theories, and the Court should disregard them.

### A.     Vindictive prosecution

In order to make out a vindictive prosecution claim, Nauta must show "genuine animus toward the defendant" and that he "would not have been prosecuted but for that animus." *United States v. Wilson*, 262 F.3d 305, 314 (11th Cir. 2001). In his motion, Nauta's animus argument was based entirely on allegations about (a) his attorney's conversation over coffee with a prosecutor, during which the prosecutor allegedly said the Government would not "accept anything less than Mr. Nauta's full cooperation," and later sent Nauta a target letter; and (b) Nauta's declining to testify in the grand jury after receiving the target letter. Mot. at 9-10.

In its response, the Government explained that Nauta's arguments were meritless because, among other things, his decision not to testify before the grand jury was not an invocation of his Fifth Amendment rights, and the Government's decision to charge him after he declined to cooperate did not amount to vindictiveness as a matter of law. Resp. at 11-12.

---

[2] Defendant Trump and defendant De Oliveira take no position on this motion. Defendant Nauta requests an opportunity to respond to this motion in accordance with the Local Rules.

Nauta spent over half of his reply laying out new factual allegations and theories of animus that he failed to mention, much less argue, in his opening motion. Reply at 2-6. Many of the factual allegations are flat-out false, and the associated theories of animus are deeply flawed. But for present purposes, it is beyond question that at the time Nauta filed his motion, he and his counsel were fully aware of all of the facts and arguments they improperly saved for their reply. Nauta has no excuse for not including them in his opening motion, and the Court should disregard them entirely in deciding that motion.

**B.     Selective prosecution**

In order to make out a selective prosecution claim, the first thing a defendant must show is that "similarly situated individuals were not prosecuted," which requires identification of a "comparator [who] committed the same basic crime in substantially the same manner as the defendant," and "against whom the evidence was as strong or stronger than that against the defendant." *United States v. Smith*, 231 F.3d 800, 809-10 (11th Cir. 2000). In his opening brief, Nauta identified two alleged comparators. Mot. at 12-13. In its response, the Government explained why neither comparator remotely qualified as a similarly-situated comparator of the type required by *Smith*. Resp. at 7-9.

In his reply, Nauta chastised the Government for "focusing its response on these two individuals," but they were the only ones he argued in his motion. Reply at 7, Mot. at 12-13. He further claimed that he "only offered those [two] individuals as examples" in his opening brief—despite the word "example" appearing nowhere in that brief—and alleged a "universe of other comparators who, unlike Mr. Nauta, were likewise never prosecuted." Reply at 7. But instead of naming anyone else in that "universe," Nauta resorted to his adoption of defendant Trump's motion to dismiss for selective and vindictive prosecution, and attempted to rely on the comparators that

3

Trump named in his motion, in an apparent effort to argue—for the first time—that President Biden's staff members are similarly-situated comparators as to him. We say "apparent" only because Nauta provided no elaboration on his theory beyond mentioning these individuals and conclusorily dubbing them "similarly situated." Reply at 7-8.

**II.     Discussion**

Arguments and facts presented for the first time in a reply brief "come too late" and should not be considered. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014); *see In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009); *Amargos v. Verified Nutrition, LLC*, 666 F. Supp. 3d 1249, 1250 (S.D. Fla. 2022) (disregarding arguments in lieu of allowing a surreply); *Willis v. DHL Global Customer Solutions (USA), Inc.*, No. 10-62464-CIV, 2011 WL 4737909, at *3 (S.D. Fla. Oct. 7, 2011) ("Judges in this district ... have repeatedly rejected attempts by parties to raise new arguments in reply memoranda.") (collecting cases); S.D. Fla. L.R. 7.1(c). And moving parties cannot evade this well-established rule by contending that they were merely responding to arguments raised in the non-moving party's opposition. As this Court has observed in a similar context, no authority supports the proposition that a defendant who fails to raise an argument in an opening motion "nevertheless can insist on Court review of arguments not raised in the Motion simply because the opposing party chooses to raise new issues in opposing the motion." *Silva v. Fancydressme Inc.*, No. 22-cv-80920, 2022 WL 15179957, at *2 (S.D. Fla. Oct. 27, 2022).

As the Eleventh Circuit has explained, "[w]hen faced with a reply brief that offers new evidence, . . . the district court has two permissible courses of action. It can either (1) permit the nonmoving party to file a surreply or (2) refrain from relying on any new material contained in the reply brief." *Atlantic Specialty Ins. Co. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 901-02 (11th Cir. 2019). Local Rule 7.1(c)(1), in turn, provides that any surreply may not "be filed and served

4

without prior leave of Court," and "[a] district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when a valid reason for such briefing exists, such as where the movant raises new arguments in its reply brief." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (citation and internal quotation marks omitted). *See also Hammett v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 n.1 (S.D. Fla. 2001) ("Because Plaintiff presented new arguments and a new theory . . . in her Reply the Court will grant Defendants' Motion for Leave to File a Sur-Reply. . . ."); *Trigeant Ltd. v. Petroleos De Venezuela, S.A.*, No. 08-80584-CIV, 2009 WL 10668636, at *3 (S.D. Fla. Feb. 10, 2009) (allowing surreply to allow plaintiffs to "address new issues raised by Defendant" and to "correct mischaracterizations of [Plaintiffs'] position and the law").

In his reply brief, Nauta presented both argument and evidence that he did not offer in his opening brief. The Court should decline to consider those belated claims. *Sapuppo*, 739 F.3d at 683; S.D. Fla. L.R. 7.1(c). This is especially so where, as here, Nauta had months to prepare his motion and the evidence was available to him all along. *See Baltzer v. Midland Credit Mgmt., Inc.*, No.14-20140-CIV, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) ("A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence.").

Nauta is of course entitled to attempt to satisfy the relevant standards. But he may not do so by introducing in a reply brief evidence and arguments that he could have offered at the outset. Whether that was by design or neglect, the result is the same: the Court should disregard the arguments and evidence. Moreover, as noted above, no defendant could claim lack of warning about the consequences of these tactics. Barely a month ago, the Government sought the same

5

relief, on the same basis, in response to a collective attempt by the defendants to introduce new argument and evidence in a reply brief, and the Court granted the Government's requested relief in part—permitting it to file a surreply. In other words, even if Nauta's counsel weren't already on notice of basic pleading requirements, he certainly was after the Court's order granting the Government relief. Declining to consider the arguments and evidence Nauta raised for the first time in his reply brief would not unfairly prejudice him.

In the alternative, if the Court is inclined to consider the flawed evidence and arguments presented for the first time in Nauta's reply, the Government should be allowed to file a surreply to answer them. *Atlantic Specialty Ins. Co*, 793 F. App'x at 901-02. Nauta's contentions are rife with both factual and legal errors, and the Court should not consider them (much less rely on them) without affording the Government the opportunity to respond. If the Court declines the Government's suggestion that it disregard Nauta's evidence and arguments entirely as improperly raised, the Government respectfully requests the opportunity to file a surreply.

## III. Conclusion

The Court should not consider facts and argument raised for the first time in Nauta's reply in support of his motion to dismiss based on selective and vindictive prosecution. In the alternative, the Court should permit the Government to file a surreply within one week of the Court's order.

Respectfully submitted,

JACK SMITH
Special Counsel
N.Y. Bar No. 2678084

By: /s/ *David V. Harbach, II*
David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

/s/ *David V. Harbach, II*
David V. Harbach, II