UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101(s)-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP,
WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA,**

    Defendants.
_____/

### GOVERNMENT'S THIRD MOTION FOR CERTAIN REDACTIONS

In accordance with the Court's paperless Orders at ECF Nos. 320 and 365, the Government files this consolidated Motion to respectfully request the redaction of certain portions of two of the reply briefs defendant Nauta submitted to the Court on March 24, 2024.[1] The Government believes that the remaining reply briefs Nauta and defendant Trump submitted to the Court on March 24

---

[1] The Nauta reply briefs for which the Government is requesting redactions are the Reply in Support of His Motion to Dismiss the Superseding Indictment for Selective and Vindictive Prosecution ("Selective/Vindictive Reply") and the Reply in Support of Defendants' Motion to Suppress Evidence and for Return of Property and Request for Evidentiary Hearing ("Motion to Suppress Reply"). The Government has conferred with counsel for all three defendants concerning this Motion, and they maintain that the Government has not met its burden to support restricting public access to the two reply briefs. Although ECF No. 320 does not set a deadline for filing this Motion, the Government is following the five-day timetable the Court set for such a motion in the Order. Under the Order, any defense opposition would be due in two days. The Government has advised defense counsel that, in order to relieve them of another Sunday filing deadline (particularly a Sunday that is a holiday), it does not oppose their having an additional day to file an opposition.

can be publicly filed and have so advised their counsel.[2] The Government is filing this Motion publicly but is emailing to Chambers and defense counsel "red box" versions of the two reply briefs showing the Government's proposed redactions. Set forth below are the Government's justifications in support of those redactions.

**Nauta's Selective/Vindictive Reply**

There are three portions of Nauta's Selective/Vindictive Reply that require extensive redactions. First, beginning on page two of the Reply and continuing through page four, Nauta references, summarizes, and quotes from filings that this Court has ordered sealed.[3] These are ECF Nos. 101, 115, 116, and 118. The Government does not object to the Court unsealing these docket entries, but until it does so, these portions of the Reply must be redacted.

Second, on pages four and five of the Reply, Nauta references a sealed grand jury proceeding in the District of Columbia that occurred as part of this investigation and that involved another client of his counsel. In addition to being sealed, that matter remains subject to Rule 6(e).

Third, on pages five and six of the Reply, Nauta references a sealed grand jury proceeding in the District of Columbia that involved a third client of his counsel, but that was unrelated to this case. Notably, the events Nauta described occurred before the appointment of the Special Counsel.

---

[2] The following are Trump's reply briefs that the Government believes can be filed publicly: Reply Brief in Further Support of Motion to Dismiss the Indictment Based on Prosecutorial Misconduct and Due Process Violations; Reply Brief in Further Support of Motion for Relief Relating to the Mar-a-Lago Raid and Unlawful Piercing of the Attorney-Client Privilege; and Reply Brief in Further Support of Motion to Dismiss the Indictment Based on Selective and Vindictive Prosecution. The following are Nauta's reply briefs that the Government believes can be filed publicly: Reply in Support of Defendants' Motion to Dismiss Indictment under Fed. R. Crim. P. 12(b)(3)(B); Reply in Support of His Motion for a Bill of Particulars; and Reply in Support of His Motion to Dismiss Counts 33, 34, 35, 40, and 41 of the Indictment as Void for Vagueness. Counsel for the defendants have advised that they agree that these briefs should be publicly filed.

[3] Nauta has similar references to these filings on page six of the Reply.

Neither the undersigned nor any other line prosecutor working on the classified documents investigation had any involvement in that proceeding, nor would they have been aware of it when it occurred.

Last, page seven of the Reply contains the names of potential Government witnesses. The Government seeks to redact their names. As the Government has argued in its prior motions for redactions and/or sealing (ECF Nos. 348 and 384), witness safety and privacy are paramount pre-trial. The limited redactions of the names satisfy the good cause standard established in *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312-13 (11th Cir. 2001), as well as the higher standard requiring a compelling interest for the redactions and the redactions being narrowly tailored. *See* ECF No. 283 at 4.

### Nauta's Motion to Suppress Reply

Throughout Nauta's Motion to Suppress Reply, he includes the names of Government witnesses. The Government is seeking to redact their names and any pronouns revealing their gender. For the reasons stated above, the Government has satisfied its burden for these limited redactions.

### Conclusion

For the foregoing reasons, the Court should grant the Government's Motion.

Respectfully submitted,

JACK SMITH
Special Counsel

By: */s/ Jay I. Bratt*
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

4

## **CERTIFICATE OF SERVICE**

      I, Jay I. Bratt, certify that on March 29, 2024, I served the foregoing document on all parties via CM/ECF.

                                                            */s/ Jay I. Bratt*_____
                                                             Jay I. Bratt