Case 9:23-cv-80101-AMC Document 427-4 Entered on FLSD Docket 04/02/2024 Page 1 of 5
Case 1:17-cr-00548-JMF Document 915 Filed 03/01/23 Page 1201 of 1554

M785sch1

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4            v.                          17 Cr. 548 (JMF)

 5   JOSHUA ADAM SCHULTE,

 6                 Defendant.
                                          Trial
 7   ------------------------------x

 8                                        New York, N.Y.
                                          July 8, 2022
 9                                        9:00 a.m.

10   Before:

11
                       HON. JESSE M. FURMAN,
12
                                          District Judge
13                                        -and a Jury-

14                          APPEARANCES

15   DAMIAN WILLIAMS
          United States Attorney for the
16        Southern District of New York
     BY:  DAVID W. DENTON JR.
17        MICHAEL D. LOCKARD
          Assistant United States Attorneys
18

19   JOSHUA A. SCHULTE, Defendant Pro Se

20
     SABRINA P. SHROFF
21   DEBORAH A. COLSON
          Standby Attorneys for Defendant
22
     Also Present:  Charlotte Cooper, Paralegal Specialist
23

24

25
```

Case 9:23-cr-80101-AMC Document 546-1 Entered on FLSD Docket 03/20/2024 Page 2 of 5
Case 1:23-mc-00048-JMF Document 15 Filed 08/01/22 Page 23 of 32 Page 22 of 55
M785sch1

        If you find that the government has proved beyond a reasonable doubt that the defendant copied the backup files, you should next consider the second element.

        The second element that the government must prove beyond a reasonable doubt for the purpose of Count One is that the material the defendant is accused of taking is national defense information, or "NDI," which is to say that it is directly and reasonably connected with the national defense.

        The term "national defense" is a broad term that refers to United States military establishments, intelligence, and to all related activities of national preparedness.

        To qualify as NDI, the government must prove that the material is closely held by the United States government. In determining whether material is closely held, you may consider whether the material at issue was already in the public domain; information typically cannot qualify as NDI if it is already in the public domain. But where information is in the public domain, the fact that the information comes from the United States government, or the fact that the United States government considers the information to be accurate or inaccurate may, itself, be NDI.

        Thus, where information has been made public by the United States government itself, it is not closely held and cannot be NDI. Similarly, where information has been made public by someone other than the United States government, and

M785sch1

1   the United States government confirms that the information came
2   from the United States government, it is not closely held and
3   cannot be NDI.  But,the United States government's assessment
4   of the reliability or unreliability of publicly available
5   information, as opposed to the information itself, can itself
6   be closely held information relating to the national defense.
7   In such instances, it is the confirmation of the accuracy or
8   inaccuracy of material in the public domain and not the public
9   domain material itself that can qualify as information relating
10  to the national defense.  The distinction between a
11  confirmation of information relating to the national defense
12  already in the public domain that can be NDI and one that
13  cannot depends on whether the confirmation itself could
14  potentially harm the national security.
15           All of that said, if the particular information at
16  issue has been so widely circulated and is so generally
17  believed to be true or to have come from the United States
18  government that confirmation that it came from the United
19  States government would add nothing to its weight, it is not
20  closely held even if there has been no official confirmation by
21  the United States government.
22           In determining whether material is closely held, you
23  may consider whether it has been classified by appropriate
24  authorities and whether it remained classified on the dates
25  pertinent to the indictment.  Although you may consider whether

1    information has been classified in determining whether it has
2    been closely held, I caution or remind you that the mere fact
3    that information is classified does not mean that the
4    information qualifies as NDI.
5         In deciding this issue, you examine the information
6    and also consider the testimony of witnesses who testified as
7    to its content and significance and do describe the purpose and
8    the use to which the information could be put.
9         Whether the information is connected with the national
10   defense is a question of fact that you, the jury, must
11   determine following the instructions that I have just given you
12   about what those terms mean.
13        The third element that the government must prove
14   beyond a reasonable doubt for the purpose of Count One is that
15   the defendant acted for the purpose of obtaining the
16   information respecting the national defense and with the intent
17   or with reason to believe that the information were to be used
18   to the injury of the United States or used to the advantage of
19   a foreign country.
20        In considering whether or not the defendant had the
21   intent or reason to believe that the information would be used
22   to the injury of the United States or to provide an advantage
23   to a foreign country, you may consider the nature of the
24   documents or information involved. I emphasize that to convict
25   the defendant of Count One you must find that the defendant had

1  pertaining to internal computer networks of the CIA including
2  DevLAN.  In particular, Count Three is based on the following
3  passage on page 3 of Government Exhibit 812 and the following
4  passage alone:
5      "In reality, two groups -- EDG and COG -- and at least
6  400 people, have access.  They don't include COG who is
7  connected to our DevLAN through Hickok, an intermediary network
8  that connected both COG and EDG.  There is absolutely no reason
9  they shouldn't have known this connection exists.  Step one is
10  narrowing down the possible suspects and to completely
11  disregard an entire group and half the suspects as reckless.
12  All they needed to do was talk to one person on infrastructure
13  branch or through any technical description/diagram of the
14  network."
15      For purposes of this first element, the word
16  "possession" is a commonly used and commonly understood word.
17  Basically it means the act of having or holding property or the
18  detention of property in one's power or command.  It may mean
19  actual physical possession or constructive possession.  A
20  person has constructive possession of something if he knows
21  where it is and can get it any time he wants or otherwise can
22  exercise control over it.  A person has unauthorized possession
23  of something if he is not entitled to have it.
24      The second element that the government must prove
25  beyond a reasonable doubt for purposes of Counts Two and Three