UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80-1010-CR-CANNON

UNITED STATES OF AMERICA,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVIERA,

        **Defendants.**
_____/

## DEFENDANTS' JOINT SPEEDY TRIAL REPORT

Pursuant to the Court's April 2, 2024, Order (ECF No. 425), as well as Local Rule 88.5 and the Court's Omnibus Order Setting Trial Date and Establishing Pretrial Instructions and Sentencing Procedures (ECF No. 28), Defendants President Donald J. Trump as well as Messrs. Waltine Nauta and Carlos De Oliviera respectfully submit this Speedy Trial Report regarding the status of this case under the Speedy Trial Act of 1984, 18 U.S.C.§ 3161 *et seq.* ("Speedy Trial Act").

In its July 21, 2023, Order Granting in Part Government's Motion to Continue Trial and Resetting Deadlines (ECF No. 83), the Court found that the period from June 23, 2023, to May 20, 2024, is excludable time under the Speedy Trial Act insofar as the ends of justice outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). On July 27, 2023, a grand jury returned a superseding indictment adding Carlos De Oliveira as a defendant in this case. The return of the Superseding Indictment reset the Speedy Trial Act clock to seventy days for all Defendants. By its August 21, 2023, Order (ECF No. 128) the Court extended its July 21, 2023, Order (ECF No. 83) to Mr. De Oliveira. By Order dated September

13, 2023 (ECF No. 154), the Court confirmed that the same Speedy Trial Act clock applies to all Defendants, that the clock has been tolled until May 20, 2024, and that seventy days remain on the clock. Defendants' position is consistent with the Court's confirmation. That is, all time under the Speedy Trial Act is tolled through May 20, 2024; and if for any reason the Speedy Trial Act clock starts to run after May 20, 2024, seventy days remain before a trial must begin.

Time would also continue to be tolled under the Speedy Trial Act while the Court considers the numerous pretrial motions still pending. Section 3161(h)(1)(D) of the Speedy Trial Act provides for the *automatic* exclusion of time for, "[a]ny period of delay resulting from other proceedings concerning the defendant [which includes]. . . delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). In addition, the time period between the filing of a pretrial motion and the "prompt disposition of, such motion" shall include any time within which the Court, "awaits additional filings from the parties that are needed for proper disposition of the motion." *Henderson v. United States*, 476 U.S. 321, 331 (1986). *See also United States v. Hughes*, 840 F.3d 1368, 1378-79 (11th Cir. 2016) ("Excludable pretrial-motion delay for motions that require hearings also encompasses the time after a hearing on a motion but before the district court receives all the submissions by counsel it needs to decide that motion." (cleaned up)). Accordingly, a combined application of §§ 3161(h)(1)(D) and (h)(1)(H) provides that the Court may also take the motion, "under advisement," for a reasonable period up to 30 days following its receipt of posthearing briefs, and that the time between a hearing on the motion, the submission of the posthearing briefs, and the 30 days the motion remains under advisement following the submission of posthearing briefs are all automatically excluded. *Id.* at 328-29.

Notwithstanding the Court's resolution of President Trump's Motion to Dismiss Counts 1-32 of the Superseding Indictment Based on Unconstitutional Vagueness (Feb. 22, 2024) (ECF No. 325) and Motion to Dismiss the Superseding Indictment Based on the Presidential Records Act (ECF No. 327), there are several pending motions before the Court, including, but not limited to, the Defendants' Motion to Compel (Jan. 16, 2024) (ECF No. 262) and the Defendants' remaining pretrial motions (*see* ECF Nos. 323, 324, 326, and 327),[1] filed on February 22, 2024. Accordingly, these pending motions remain under advisement by the Court, and thus, time remains tolled under the Speedy Trial Act while the Court considers the Defendants' motions.

Even were time not automatically tolled under the Speedy Trial Act, Defendants further submit that the ends of justice continue to outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Specifically, and as discussed in more detail in Defendants' Motion to Compel (ECF No. 262) and pretrial motions relating to prosecutorial misconduct, suppression, selective and vindictive prosecution, and the "Q" clearance associated with Count 19, discovery remains far from complete in this case. Defendants have sought countless additional records from the Special Counsel's Office and have requested evidentiary and non-evidentiary hearings (*see* ECF Nos. 328 and 359) that may well result in the production of additional voluminous, and potentially classified, discovery. By way of just one example, counsel for Mr. De Oliveira requested additional CCTV video from the Special Counsel's Office, which still has not been resolved.

---

[1] In addition to the pretrial motions filed on the public docket, President Trump and Defendant Waltine Nauta filed several motions under seal and via email to the Court. *See* President Trump's Notice of Pretrial Mots. and Hr'g Requests (Feb. 22, 2024) (ECF No. 328), Mr. Nauta's Notice of Pretrial Mots. and Hr'g Requests (Mar. 1, 2024) (ECF No. 359).

Even were the Court to deny *every* discovery motion filed by the Defendants, the Special Counsel's Office has now produced more than 682,000 records (excluding CCTV video), or more than 130,000 *additional* records since the Court last set a trial date in this matter. *See* Order (July 21, 2023). Alone, the voluminous discovery in this case renders it, "so complex" such that it is, "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(A).

The gravity of this prosecution cannot be understated. As the stakeholders to this litigation wrestle with both novel and profound legal issues of utmost importance, it should be incumbent upon all to assure that the pursuit of justice remains paramount. Both the resolution of outstanding pretrial motions as well as a fulsome opportunity to digest the ever-increasing volume of discovery require and/or justify the continued tolling of time under the Speedy Trial Act.

[SIGNATURE BLOCK NEXT PAGE]

Dated: April 5, 2024

Respectfully submitted,

  /s/ Todd Blanche
Todd Blanche (*pro hac vice*)
ToddBlanche@blanchelaw.com
Emil Bove (*pro hac vice*)
Emil.Bove@blanchelaw.com
Blanche Law PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

  /s/ Christopher M. Kise
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

  s/ Stanley E. Woodward, Jr.
Stanley E. Woodward, Jr. (*pro hac vice*)
BRAND WOODWARD LAW, LP
400 Fifth Street NW, Suite 350
Washington, DC 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

  s/ Sasha Dadan
Sasha Dadan (Fla. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 (telephone)
772.264.5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

  /s Larry Donald Murrell, Jr.
Larry Donald Murrell, Jr.
Florida Bar No. 326641
400 Executive Center Drive
Suite 201—Executive Center Plaza
West Palm Beach, FL 33401
Telephone: 561.686.2700
Facsimile: 561.686.4567
Email: ldmpa@bellsouth.net

  /s John S. Irving, IV
John S. Irving, IV
D.C. Bar No. 460068 (*pro hac vice*)
E&W Law
1455 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20004
Telephone: 301-807-5670
Email: john.irving@earthandwatergroup.com

*Counsel for Defendant Carlos De Oliveira*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 5, 2024, I electronically submitted the foregoing, via CM/ECF, to counsel of record.

      Respectfully submitted,

      *s/ Sasha Dadan*
Sasha Dadan (Fla. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 (telephone)
772.264.5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*