UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-801010-CR-CANNON

UNITED STATES OF AMERICA,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

        Defendants.
_____/

**DEFENDANT WALTINE NAUTA'S RESPONSE TO
THE SPECIAL COUNSEL'S OFFICE MOTION TO FILE A SUR-REPLY**

Mr. Nauta welcomes robust briefing on the question of whether his prosecution was vindictive and/or selective and does not oppose the Special Counsel's Office filing a surreply in support of the opposition of the Special Counsel's Office ("SCO") to Mr. Nauta's motion to dismiss. Reaching such a conclusion in a case of significant public concern is not one this Court will take lightly. Nearly eight (8) months ago, this Court recognized the probability of Defendant Waltine Nauta filing a motion to dismiss for selective prosecution. Just days after the return of a Superseding Indictment as against Mr. Nauta and his codefendants, briefing was ordered that would serve as a prelude to Mr. Nauta's eventual motion to dismiss.[1] Accordingly, any claim by the SCO that it was unaware of Mr. Nauta's position with respect to its prosecution of him borders on incredulous.

---

[1] Mr. Nauta's Motion, the SCO's Response in Opposition, and Mr. Nauta's Reply in Support thereof were filed directly with this Court via email in accordance with the Court's Sealing Orders. *See* Paperless Order (Feb. 6, 2024) (ECF No. 283); Paperless Order (Feb. 20, 2024) (ECF No. 320); Paperless Order (Mar. 5, 2024) (ECF No. 365). As of the date of this filing, the entirety the Motion's briefing has not yet been publicly docketed.

At bottom, Mr. Nauta's claim of selective prosecution is based on the allegation that he was initially threatened with prosecution for purportedly providing false statements to the grand jury in this district unless he cooperated with the prosecutors' investigation of former President Trump. *See* 18 U.S.C. § 1623. This threat was not illusory, but was explicitly conveyed to defense counsel, and was documented *prior* to the return of an indictment as against Mr. Nauta in another district. *See* Opp. Mot. Disclosure, Ex. A, *In re Grand Jury Subpoena GJ42-17 and GJ42-69*, No. 23-gj-38 (D.D.C. Jun. 8, 2023) (Under Seal) (attaching correspondence from defense counsel dated June 7, 2023, regarding the initial interaction with prosecutors and specifically recounting the prosecutor's admonition that, "one way or the other Mr. Nauta would be giving up a lifestyle of private planes and golf courses"). Ultimately, Mr. Nauta did not agree to cooperate and instead exercised the penultimate right of a presumption of innocence under the Fifth Amendment.

"The government violates a defendant's due process rights when it vindictively seeks to retaliate against him for exercising his legal rights." *United States v. Schneider*, 853 F. App'x 463, 469 (11th Cir. 2021). "A defendant can establish actual prosecutorial vindictiveness if he can show that the government's justification for a retaliatory action was pretextual." *Id.* "To establish prosecutorial vindictiveness, a defendant must show, through objective evidence, that (1) the prosecutor acted genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." *United States v. Banilla*, No. 07-20897-CR, 2010 U.S. Dist. LEXIS 164174, at *5 (S.D. Fla. May 20, 2010) (cleaned up). Upon such a showing, a district court properly exercises its supervisory authority by dismissing an indictment returned in violation of a defendant's due process rights. *See Blackledge v. Perry*, 517 U.S. 21, 31 n.8 (1974) ("Our holding today . . . is . . . that [the defendant] was denied due process . . . by the very institution of the felony indictment against him.").

Relatedly, "[i]n order to establish unconstitutional selective prosecution, the claimant must show that the prosecution has a discriminatory effect and that it was motivated by a discriminatory purpose." *United States v. Emmanuel*, 2007 WL 9705934, at *2 (S.D. Fla. July 3, 2007) (cleaned up). "The first prong, discriminatory effect, is demonstrated by a showing that similarly situated individuals were not prosecuted for the same crime." *Id.* (cleaned up). "[A] 'similarly situated' person for selective prosecution purposes as one who engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant." *United States v. Smith*, 231 F.3d 800, 810 (11th Cir. 2000). "The second prong, discriminatory purpose, is demonstrated by a showing that the decision to prosecute was invidious or in bad faith." *Emmanuel*, 2007 WL 9705934, at *2 (cleaned up).

Each of the issues was presented in Mr. Nauta's Motion and Reply in support thereof, and, in addition to the factual circumstances pertinent thereto, none are new to the Court or the SCO. *See, e.g.*, Defs.' Mot. to Compel at 53 (Jan. 16, 2024) (ECF No. 262) (citing Mem. Op., *In re Press Application for Unsealing of In re Grand Jury Subpoena*, No. 42-gj-67 (Nov. 29, 2023) ("'the classified-documents case against former President Donald J. Trump,' has involved a number of, 'attention-grabbing development[s]. . . involving defense counsel.'")); *see also* Order 1-2 (Aug. 7, 2023) (ECF No. 101). Accordingly, the cases cited by the SCO in support of disregarding Mr. Nauta's claim are inapposite. In *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678 (11th Cir. 2014), the Eleventh Circuit refused to consider an argument on appeal that *had not been raised with the district court. Id.* at 683.

To be sure, although this District's Local Rules permit a surreply, the practice is generally disfavored because unlike in typical motions practice – where a response to a motion and a reply in support thereof can be considered automatic – the filing of a surreply is subject to the discretion

3

of the Court, requiring its permission before it is filed. *See* S.D. Fla. L. R. 7.1(c)(1) ("No further or additional memoranda of law shall be filed and served without prior leave of Court."). It follows, then, that the circumstances under which courts in this Circuit and others permit a party file a surreply are generally particularized, narrow, and at the discretion of a court. *See*, *e.g.*, *United States v. Vedrine*, 2022 U.S. App. LEXIS 32849, at *6-7 (11th Cir. Nov. 29, 2022) (Court *sua sponte* providing United States sur-reply where Defendant raised arguments for first time in appellate reply brief). *See also Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) ("The district court routinely grants. . . motions [for leave to file sur-reply] when a party is 'unable to contest matters presented to the court for the first time' in the last scheduled pleading." (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)). *See also Clinkscales v. Chevron USA, Inc.*, 831 F.2d 1565, 1568 (11th Cir. 1987) (court has discretion to allow non-movant to file surrebuttal brief); *O'Toole v. Ford Motor Co.*, No. 6:13-cv-849, 2014 U.S. Dist. LEXIS 28917, at *5 (M.D. Fla. March 6, 2014) (granting motion seeking leave to file a sur-reply to respond to new arguments raised in reply); *In re Jolly Roger Cruises & Tours, S.A.*, 10-23257-CIV, 2011 U.S. Dist. LEXIS 44143, at *16 (S.D. Fla. 2011) (granting defendant's motion for leave to file sur-reply).

Ultimately, Mr. Nauta does not portend that the SCO's surreply will be the last word on this issue and the Court has already recognized the likelihood of continued briefing on Mr. Nauta's motion. *See* Paperless Order (Feb. 15, 2024) (ECF No. 314) ("[T]o the extent the Court's resolution of the pending Motions to Compel Discovery [262] yields a specified need of any party to supplement previously filed pre-trial motions and/or to file evidentiary motions that could not reasonably have been filed by February 22, 2024, the Court will consider such arguments as appropriate, but only upon a particularized and timely showing that events post-dating February

4

22, 2024, clearly justify additional pre-trial briefing."). Indeed, earlier today, April 10, 2024, Mr. Nauta petitioned the United States District Court for the District of Columbia to transfer *all* the grand jury proceedings associated with the SCO's investigation of former President Trump to this Court. Only upon consideration of *all* the SCO's investigative efforts can it properly consider Mr. Nauta's pending motions, including his motion to dismiss for vindictive and/or selective prosecution.

* * *

The fact that these issues have been and continue to be heavily disputed only highlights the need for additional disclosure regarding these important matters. The gravity of this prosecution cannot be understated. As the stakeholders to this litigation wrestle with both novel and profound legal issues of utmost importance, it should be incumbent upon all to assure that the pursuit of justice remains paramount. To the extent the SCO has more to say about the lack of a pretextual motive for Mr. Nauta's prosecution, history deserves to know the same. Accordingly, Mr. Nauta does not oppose the filing of a surreply in support of the SCO's opposition to this motion to dismiss for vindictive and/or selective prosecution, while reserving the right to supplement his briefing of the same as more evidence of the motivation for Mr. Nauta's prosecution comes to light.

[SIGNATURE BLOCK NEXT PAGE]

Date: April 10, 2024                                    Respectfully submitted,

                                              *s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (*pro hac vice*)
Brand Woodward Law, LP
400 Fifth Street Northwest, Suite 350
Washington, D.C. 20010
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

                                              *s/ Sasha Dadan*
Sasha Dadan, Esq. (Fla. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 (telephone)
772.264.5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2024, I electronically submitted the foregoing via electronic mail, to counsel of record.

*s/ Sasha Dadan*