FILED BY_____ *WCE* ____D.C.

*Apr 12, 2024*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO. 9:23-CR-80101-AMC CANNON-REINHART

UNITED STATES OF AMERICA,

> Plaintiff,

v.

DONALD J. TRUMP,

WALTINE NAUTA, and

CARLOS DE OLIVEIRIA,

> Defendants.

---

## MOTION FOR LEAVE TO FILE BRIEF BY DARRYL B. PHILLIPS AS AMICI CURIAE IN SUPPORT OF DEFENDANTS TRUMP, ET AL. AND BOTH INCLUSION OF THE PRESIDENTIAL RECORDS ACT AND DISMISSAL ON GROUNDS OF FACT AND LAW

Darryl B. Phillips respectfully submits this motion for leave to file a brief as *amici curiae*, attached as Exhibit A, in support of defendants Trump, et al. and in response to multiple recent filings and orders, Including:

ORDER DENYING DEFENDANT TRUMP'S MOTION TO DISMISS SUPERSEDING INDICTMENT BASED ON PRESIDENTIAL RECORDS ACT (Document 431, 4/4/2024)

GOVERNMENT'S RESPONSE TO ORDER REQUIRING PRELIMINARY PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS ON COUNTS 1-32 (Document 428, 4/2/2024)

GOVERNMENT'S OPPOSITION TO DONALD J. TRUMP'S MOTION TO DISMISS COUNTS 1-32 BASED ON UNCONSTITUTIONAL VAGUENESS (Document 377, 3/7/2024)

ORDER REQUIRING PRELIMINARY PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS ON COUNTS 1–32 ONLY (Document 407, 3/18/2024)

PRESIDENT TRUMP'S MOTION TO DISMISS THE INDICTMENT

BASED ON THE PRESIDENTIAL RECORDS ACT (Document 327, 2/22/2024)

The word "response" is used because *Amici Curiae* has criticisms of arguments from both sides despite supporting the defendants in conclusions.

In response, A*mici Curiae* states as follows:

## **Introduction**

*Amici Curiae*, Darryl B. Phillips, is a private citizen and retired Electrical Engineer. He has experience analyzing complex systems, software and semiconductors. He has written many technical reports.

Amici's interest in this case arises from observations as a donor in the 1980s to a charity providing humanitarian aid to brutally repressed minorities in Soviet Russia. Tyrannical repression was implemented through various means that included weaponization of the criminal justice system. Amici is concerned about trends towards similar tyranny in the United States and fears for the future.

This amicus brief is written after accepting a challenge to read the indictment, applying engineering critical thinking skills to analysis of the indictment, finding many serious flaws in it, writing a report on those flaws, and noting no competent discussion of those flaws in the press or public

## Dismissal On the PRA

Regarding the Order Denying Dismissal based on the Presidential Records Act PRA), *Amici Curiae* argues in the amicus brief that the topic needs to be revisited a second time on independent grounds because *both the Plaintiff and Defendant failed in their understanding and presentation of the law* as it relates to the facts of the case.

The relevant statute in the PRA is actually 44 U.S. Code Chapter 22 § 2203 (b), where use of the word "practicable" allows a President discretion to defer work separating Presidential records. And, it is actually 3 U.S. Code § 102 note Former Presidents… (b)-(c) of the Former Presidents Act (FPA) that provides office and staff for completing that work post-term, and waives classification law

for staff in support of that work –a detail that *both sides missed*. This is the statute law that authorizes post-term possession of and work on Presidential records, refuting application of 18 U.S.C. §793(e) for Counts 1-32.

This argument is more productive because the facts in the indictment clearly demonstrate Former President Trump working on Presidential records by May 2021, which is within the 6 month post-term transition period of the Presidential Transitions Act, transferring a first set of 15 boxes of Presidential records to NARA on January 17, 2022, and continuing work –all in compliance with the FPA and the intentions of Congress for the PRA. But, this is not considered by either party, which is a first reason why the amicus brief should be accepted by the Court.

### Relevance of the PRA

The above argument demonstrates that the PRA is relevant to the case when applied alongside the FPA. This is a second reason why the amicus brief should be accepted by the Court.

### Dismissal In General

*Both sides failed* in their representations or study of certain laws or facts of the case. But, after careful reading and study, it is the opinion of *Amici Curiae* that the case should be dismissed.

For example, Paragraph 4 of the Superseding indictment and some subsequent documents allege variations of

> On [12:00PM] January 20, 2021, Trump ceased to be President [and his Article II Sections 1&2 powers expired], and as he departed the White House, he took with him scores of boxes, including many containing classified documents, to the Mar-a-Lago Club in Palm Beach, Florida, where he had a residence.Trump was not authorized to possess or retain those classified documents." –(From Document 377, with a missing time and premise added in brackets)

This root allegation of unauthorized possession is false; It argues a false chronology. President Trump had the boxes moved before 12:00PM on January 20, 2021 while he had Article II Sections 1&2 powers to both authorize possession and waive executive order derived classification regulations regarding the documents. And, because the allegation is contradicted in Paragraph 25, it is a knowing lie. This collapses the Plaintiff's case. *Both sides missed this and it is clearly important.* This is a third reason why the amicus brief should be accepted by the Court.

This and other flaws in the Superseding Indictment are described in as much detail as allowed in the space constraints of the Amicus Brief.

## **Conclusion**

Based on the foregoing three reasons,

1. The combination of 44 U.S. Code Chapter 22 § 2203 (b) from the PRA and 3 U.S. Code § 102 note Former Presidents... (b)-(c) from the FPA authorizing post-term work on Presidential records.

2. Relevance of the PRA to the case because of the above.

3. Identification of flaws in the Superseding Indictment, such as a lie used to establish the root claim of unauthorized document possession in Paragraph 4.

–all details missed by both parties, A*mici Curiae* respectfully asks leave of this Court for the brief attached as Exhibit A to be entered onto the docket of this case.

Patience from the Court is requested regarding deadlines as the ability to file an amicus brief pro se as a private citizen was only learned about on 4/4/2024.

Respectfully submitted,

April 10, 2024

Darryl B. Phillips
Pro se Amici Curiae
5212 Florence Loop,
Dunsmuir, CA 96025
669.247.9074 phone
dbphilli@icloud.com

## LOCAL RULE 7.1 CERTIFICATION OF GOOD-FAITH CONFERRAL

In accordance with Local Rule 7.l(a)(3), S.D. Fla. L.R., Pro Se Amici Curiae, Darryl B. Phillips, hereby certifies that he has conferred, or tried to, with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve issues raised in the motion. Counsel for Defendant Donald J. Trump indicated that they take no position on the motion. Counsel for the government indicated that they take no position on the motion.

Counsel for Co-Defendants Waltine Nauta and Carlos De Oliveira have not indicated their position on the motion. Pro Se Amici Curiae made reasonable efforts to confer by sending e-mail on April 10, 2024 around 11:11PM PST, and calling their counsel on April 11, 2024 around 11:50AM PST. A possible Court deadline and a local FedEx shipment time allow no further time to wait.

Respectfully submitted,

April 11, 2024

Darryl B. Phillips
Pro se Amici Curiae
5212 Florence Loop,
Dunsmuir, CA 96025
669.247.9074 phone
dbphilli@icloud.com

**CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES**

**A.1 PARTIES AND AMICI CURIAE**

The parties in the district court are the appellee-plaintiff United States of America and the appellant-defendants Former President Donald J. Trump, Waltine Nauta and Carlos De Oliveira. Amici does not know of any  intervenors.

This amicus brief supports appellant-defendants Donald Trump, et al.

An amicus brief supporting appellant-defendants has been filed by Professor Seth Barrett Tillman and Landmark Legal Foundation. Another has been filed by Former Attorney General Edwin Meese III, Law Professors Steven Calabresi and Gary Larson, Citizens United and Citizens United Foundation. Another has been filed by America First Legal Foundation.

An amicus brief supporting the government has been filed by Constitutional Lawyers, Former Government Officials, and State Democracy Defenders Action.

**A.2 COUNSEL OF RECORD FOR PARTIES**

As extracted from other filings, these are the Counsel of Records for the parties in the case.

For Former President Donald J. Trump:
Todd Blanche
Emil Bove
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
212.716.1250 phone
toddblanche@blanchelaw.com
emil.bove@blanchelaw.com

Christopher M. Kise
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
305.677.2707 phone
ckise@continentalpllc.com

For Waltine Nauta:
Stanley E. Woodward, Jr.
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, D.C. 20001
202.996.7447 phone
202.996.0113 fax
stanley@brandwoodwardlaw.com

Sasha Dadan, Esq.
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 phone
772.264.5766 fax
sasha@dadanlawfirm.com

For Carlos De Olveira:
John S. Irving, IV
E&W Law
1455 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20004
301-807-5670 phone
john.irving@earthandwatergroup.com

Larry Donald Murrell, Jr.
400 Executive Center Drive
Suite 201—Executive Center Plaza
West Palm Beach, FL 33401
561.686.2700 phone
561.686.4567 fax
ldmpa@bellsouth.net

For United States of America:

Jay I. Bratt                                    David V. Harbach, II
Counselor to the Special Counsel                Assistant Special Counsel
950 Pennsylvania Avenue, N.W.                   DVH@usdoj.gov
Washington, D.C. 20530
JIB@usdoj.gov
202.514.2000

## B. RELEVANT FILINGS ORDERS OR RULINGS

ORDER DENYING DEFENDANT TRUMP'S MOTION TO DISMISS
SUPERSEDING INDICTMENT BASED ON PRESIDENTIAL RECORDS ACT
(Document 431, 4/4/2024)

GOVERNMENT'S RESPONSE TO ORDER REQUIRING PRELIMINARY
PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS ON COUNTS
1-32 (Document 428, 4/2/2024)

GOVERNMENT'S OPPOSITION TO DONALD J. TRUMP'S MOTION TO
DISMISS COUNTS 1-32 BASED ON UNCONSTITUTIONAL VAGUENESS
(Document 377, 3/7/2024)

ORDER REQUIRING PRELIMINARY PROPOSED JURY INSTRUCTIONS
AND VERDICT FORMS ON COUNTS 1–32 ONLY (Document 407, 3/18/2024)

PRESIDENT TRUMP'S MOTION TO DISMISS THE INDICTMENT

BASED ON THE PRESIDENTIAL RECORDS ACT (Document 327, 2/22/2024)

## C. RELATED CASES

United States District Court for the District of Columbia in v. Donald J. Trump. (Hon. Tanya S. Chutkan)

These are the details that Amici is aware of.

Respectfully submitted,

April 10, 2024

_____

Darryl B. Phillips
Pro se Amici Curiae
5212 Florence Loop,
Dunsmuir, CA 96025
669.247.9074 phone
dbphilli@icloud.com

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This pro-se amicus brief is written for compliance with

1.  Type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and D.C. Cir. Rule 32(e)(2), pursuant to Fed. R. App. P. 29(a)(5), excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and D.C. Cir. R. 32(e)(1).2, using less than 30 pages and 13,000 words and 1,300 lines, excluding cover pages, table of contents, etc. not within the body of the brief..

2.  Typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type style requirements of Fed. R. App. P. 32(a)(6) using proportional 14-point Time New Roman font.

Respectfully Submitted

April 10, 2024

_____

Darryl B. Phillips
Pro se Amici Curiae
5212 Florence Loop,
Dunsmuir, CA 96025
669.247.9074 phone
dbphilli@icloud.com

**CERTIFICATE OF WHY SEPARATE BRIEF IS NECESSARY**

This pro-se filer is aware of no other persons, individuals or groups who have filed with this Court an amicus brief with the specific arguments presented. A download and search of 88 documents from the Court for this case also identifies no citations of 3 U.S.C. 102, no use of the phrase "Former Presidents Act", and no relevant discussion of either "January 20, 2021, TRUMP ceased to be president" from Paragraph 4 of the Superseding Indictment or "practicable" from the PRA.

Quick review of several court documents, such as *"GOVERNMENT'S OPPOSITION TO DONALD J. TRUMP'S MOTION TO DISMISS THE INDICTMENT BASED ON THE PRESIDENTIAL RECORDS ACT"* confirms that the arguments presented in this amicus brief are both unique and relevant.

Respectfully Submitted

April 10, 2024

_____

Darryl B. Phillips
Pro se Amici Curiae
5212 Florence Loop,
Dunsmuir, CA 96025
669.247.9074 phone
dbphilli@icloud.com

**CERTIFICATE OF SERVICE**

I hereby certify that the documents above and below are being served on April 11, 2024, via Federal Express with the Clerk of the Court, Alto Lee Adams, Sr. U.S. Courthouse, 101 South U.S. Highway 1, Room #1016, Ft. Pierce, FL 34950, (772) 467-2300 and on Jay I. Bratt, U.S. Department of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530, (202)-514-2000, Counsel for Plaintiff USA, and is being served on the following counsel of record electronically: Todd Blanche (toddblanche@blanchelaw.com), Emil Bove (emil.bove@blachelaw.com) and Christopher Michael Kise (chris@ckise.net) Counsel for Defendant Donald J. Trump; Stanley E. Woodward (stanley@brandwoodwardlaw.com)  and Sasha Dadan (sasha@dadanlawfirm.com) Counsel for Defendant Waltine Nauta; John S. Irving (John.Irving@earthandwatergroup.com) and Larry Donald Murrell, Jr. (ldmpa@bellsouth.net) Counsel for Defendant Carlos De Oliveira.

Respectfully Submitted

April 11, 2024

_____

Darryl B. Phillips
Pro se Amici Curiae
5212 Florence Loop,
Dunsmuir, CA 96025
669.247.9074 phone
dbphilli@icloud.com

