UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 23-801010-CR-CANNON

UNITED STATES OF AMERICA,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

        Defendants.
_____/

## DEFENDANT WALTINE NAUTA'S RESPONSE TO THE MOTION FOR REDACTIONS BY THE SPECIAL COUNSEL'S OFFICE

Prosecutors with the Special Counsel's Office ("SCO") continue to engage in prosecutorial misconduct. In their surreply in response to Mr. Nauta's Motion to Dismiss for Selective and Vindictive Prosecution, which has yet to be docketed,[1] SCO prosecutors quote a previously sealed order entered by the United States District Court for the District of Columbia ("Oct. 11, 2022, D.D.C. Minute Order"). In so doing, SCO prosecutors represent: "The government has obtained permission to disclose the minute order in this surreply." Surreply, at 7 n.5 (April 18, 2024).

Specifically, on Tuesday, April 16, 2024, prosecutors with the Special Counsel's Office moved the D.C. District Court for leave to disclose the Oct. 11, 2022, D.D.C. Minute Order. In so doing, the SCO prosecutors failed to reference Rule 6(e)(3)(G) of the Federal Rules of Criminal Procedure, which provides that the disclosure of grand jury proceedings arising from a judicial proceeding in another district, be "transfer[ed] to the other court unless the petitioned court can

---

[1] Mr. Nauta's Motion to Dismiss, the SCO's Opposition thereto, Mr. Nauta's Reply in support thereof, and the SCO's Sur-Reply have all been filed under seal and directly with the Court via email in an effort to comply with the Court's Sealing Order (ECF No. 283). Accordingly, these filings do not appear on the public docket and thus do not have an ECF number assigned to them. *See* Notices (ECF Nos. 359, 385, 419, and 467).

reasonably determine whether disclosure is proper." Moreover, that Rule further provides that, "[t]he transferee court must afford those persons identified in Rule 6 (e)(3)(F) a reasonable opportunity to appear and be heard." Yet, here the SCO prosecutors failed to provide the grand jury witness, who was the subject of the court order to be disclosed, any opportunity to appear and be heard. Although the SCO's motion was forwarded to defense counsel (and counsel for the witness referenced in the grand jury proceedings), the D.C. District Court granted the SCO's application a mere twenty-four (24) minutes after it was forwarded to defense counsel, thus precluding defense counsel from any meaningful opportunity to respond.

Contrast this process with Mr. Nauta's endeavor to disclose to this Court his motion to disclose all grand jury proceedings related to the investigation of former President Trump. *See* Opp. (April 10, 2024) (ECF No. 441). On Saturday, April 13, 2024, defense counsel sought leave from the District Court for the District of Columbia to disclose Mr. Nauta's Motion to disclose grand jury proceedings involving the investigation of former President Trump. Filed from the plane on the way to defense counsel's vacation, the submission inadvertently neglected to indicate that the SCO and former President Trump's counsel consented to Mr. Nauta's request. Thereafter, the D.C. district court ordered the SCO to respond by April 22, 2024. Unlike other petitions, *see, e.g.*, Opp. (Apr. 14, 2024) (ECF No. 453) (an opposition filed not just the next day, but on a Sunday, to a request for an extension of time), the SCO has yet to indicate its position with respect to informing *this Court* of Mr. Nauta's request that the D.C. district court's grand jury proceedings be transferred to *this Court*. Instead, the SCO sought, and received, leave to reference the grand jury proceedings quoted in its surreply without seeking leave of the witness implicated, nor transfer of the request to this Court.

Neither Mr. Nauta, nor the grand jury witness implicated by the SCO's submission oppose the unsealing of the pertinent Order. Nevertheless, Mr. Nauta again documents the SCO's prosecutorial misconduct associated with its request.

[SIGNATURE BLOCK NEXT PAGE]

Date: April 19, 2024

Respectfully submitted,

*s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (*pro hac vice*)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, D.C. 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

*s/ Sasha Dadan*
Sasha Dadan, Esq. (Fla. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 (telephone)
772.264.5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19 2024, I electronically submitted the foregoing via electronic mail, to counsel of record.

                                                                     *s/ Sasha Dadan*