# EXHIBIT 8



U.S. Department of Justice

Jack Smith
Special Counsel

*950 Pennsylvania Ave. NW*
*Room B-206*
*Washington, DC 20530*

May 23, 2023

**DELIVERY BY EMAIL**
Stanley Woodward
Brand Woodward Law
█████████████████

Washington, D.C. 20010
█████████████████

Email: ████@brandwoodwardlaw.com

Dear Counsel:

    The Special Counsel's Office and a federal grand jury in the Southern District of Florida are investigating possible violations of federal criminal law arising out of the actions of your client, Waltine Nauta. Specifically, the investigation is focused on possible violations of the following federal criminal laws, among others: 18 U.S.C. §§ 1001, 1512, and 1519.

    Your client is a target of this investigation as that term is used in the United States Justice Manual ("Justice Manual"), § 9-11.151; that is, there is substantial evidence linking your client to the commission of the above-listed crimes, and he is a putative defendant.

    Pursuant to Justice Manual § 9-11.153, this letter constitutes notice of your client's status as a target and is intended to afford your client an opportunity to testify before the grand jury. Your client is not required to accept this invitation to testify; the decision whether to do so is voluntary. Should your client choose to appear before the grand jury, he will be subject to questioning by prosecutors from the Special Counsel's Office and the grand jurors themselves, and he will have the same rights and obligations as any grand jury witness. That is:

1. He may refuse to answer any question if a truthful answer to the question would tend to incriminate him.

2. Anything that is said, and any document or record that is produced, may be used against him by the grand jury and during any future criminal proceeding.

3. The grand jury will permit him a reasonable opportunity during the proceeding to step outside the grand jury room to consult with counsel if he wishes. Counsel may not, however, accompany him into the grand jury room.

4. All testimony before the grand jury will be given under oath and recorded and transcribed by a court reporter. If your client lies under oath to the grand jury—that is, if he makes a knowing misstatement of a material fact—he could be charged with perjury, making a false statement, and/or obstruction of justice.

If your client wishes to testify before the grand jury, please contact Deputy Special Counsel J.P. Cooney in writing no later than the close of business on May 30, 2023, so that we can arrange for the specific date and time of your client's appearance. If we have not heard from you by May 30, we will assume that your client does not wish to appear before the grand jury, and the Special Counsel's Office and the grand jury will proceed accordingly.

Sincerely,

*Jack Smith*
JACK SMITH
SPECIAL COUNSEL