# EXHIBIT 2

| | |
|---|---|
| **From:** | Howell Chambers <​███████@dcd.uscourts.gov> |
| **Sent:** | Tuesday, October 11, 2022 6:48 PM |
| **To:** | Reynolds, Brett (NSD); ███@brandwoodwardlaw.com; Howell Chambers; Teresa Gumiel |
| **Cc:** | Edelstein, Julie (NSD); Bratt, Jay (NSD) |
| **Subject:** | RE: Sealed GJ Filing - Government Response to Motion to Quash (In Re GJ Subpoena 63-13) |

Good evening,

Please see the below Minute Order entered in Case No. 22-gj-41.

All best,
The Chambers of Chief Judge Howell

**NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.**

U.S. District Court

District of Columbia

## Notice of Electronic Filing

The following transaction was entered on 10/11/2022 at 6:40 PM and filed on 10/11/2022
**Case Name:**      GRAND JURY NO. 22-03 SUBPOENA 63-13 (SEPTEMBER 16, 2022)
**Case Number:**   1:22-gj-00041-BAH *SEALED*
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**MINUTE ORDER (paperless) DENYING** [Per. 24]**'s [2] Motion to Quash, which was filed after business hours on Friday, October 7, 2022, before a three-day holiday weekend, and DIRECTING Mr.** [Per. 24] **to appear before the scheduled grand jury session on October 13, 2022 in accordance with the two-week extension the government has already granted at his request.** See **[3-1] Gov't's Opp'n at Ex. A. Mr.** [Per. 24] **requests a delay of some unspecified time period in his testimony because his counsel, Stanley Woodward, will be engaged in the** *United States v. Rhodes* **trial, Case No. 22-cr-15, scheduled to last several weeks, with no promises as to when his counsel will have time available. Mr.** [Per. 24] **retained Mr. Woodward on the attorney's first day of jury selection in** *Rhodes* **when such circumstance made fully apparent that counsel would be unavailable during Mr.** [Per. 24]**'s scheduled grand jury testimony. In addition, the government has already demonstrated flexibility in meeting Mr.** [Per. 24]**'s scheduling needs, including granting him a two-week extension of the grand jury subpoena to find counsel and offering to schedule Mr.** [Per. 24]**'s testimony, with his retained counsel, during breaks in the** *Rhodes* **trial, including Friday afternoons or for informal interviews on weekends.** See **Gov't's Oppn at 4. All such alternatives suggested by the government have been rejected.**

Mr. [Per. 24] supports his motion by reference to the First, Fifth, and Sixth Amendments. The First Amendment is of no help to this witness. The motion before the Court is a scheduling dispute: Mr. [Per. 24] merely asks to stay the subpoena "pending the conclusion of his counsel's trial." See [2-1] Proposed Order. Mr. [Per. 24] cites the entirely inapposite case *In re Investigation before April 1975 Grand Jury*, 531 F.2d 600, 604 (D.C. Cir. 1976), where the D.C. Circuit references the First Amendment in a case involving multiple journalists' freedom to associate to retain legal representation by one attorney. See [2] Motion to Quash at 4.

Mr. [Per. 24] also asserts a claim under the Fifth Amendment, arguing that his counsel's presence is necessary to "assur[e] that he properly invoke[s] any applicable Fifth Amendment right against self-incrimination." [2] Motion to Quash at 4. To be sure, a grand jury "may not force a witness to answer questions in violation of [the Fifth Amendment's] constitutional guarantee against self-incrimination," *United States v. Calandra*, 414 U.S. 338, 346 (1974), but Mr. [Per. 24] goes too far in asserting that this right would only be adequately protected if he is represented by the private counsel of his choice, who cannot be available for his scheduled testimony. While the Fifth Amendment right may serve to limit Mr. [Per. 24]'s testimony, as "a grand jury witness... has an absolute duty to answer all questions, subject only to a valid Fifth Amendment claim," *see, e.g., U.S. v. Mandujano*, 425 U.S. 564, 579-81 (1976)--and, indeed, the Government does not contest that Mr. [Per. 24] may invoke that right, *see* Gov't's Opp'n at 7--no authority supports the proposition that the Fifth Amendment also confers an absolute right to counsel for grand jury witnesses. Nor does Mr. [Per. 24] identify any in his motion.

As to Mr. [Per. 24]'s Sixth Amendment right to counsel, this Court does not doubt that Mr. [Per. 24] is entitled to be represented by counsel of his choice in his testimony before the grand jury, even though he is neither a target nor a subject. *See* Gov't's Opp'n at 5. The Sixth Amendment right to counsel of choice, however, is not absolute. In the trial context, the Supreme Court has "recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness," *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52 (2006) (citations omitted), and thus "the right 'cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice,'" *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978) (quoting *Lee v. United States*, 235 F.2d 219, 221 (D.C. Cir. 1956)). The same limitations on the Sixth Amendment right to counsel of choice apply in the grand jury context, assuming that a grand jury witness has the right to counsel under the Sixth Amendment at all. This grand jury proceeding must be given the highest priority as the investigation involves national security, and Mr. [Per. 24] cannot delay the investigation by refusing to engage with the government's proposals to proceed expeditiously. In communications with the government, his current counsel indicated that he expects the *Rhodes* trial to conclude "as soon as possible" because his wife is expected to give birth October 23, 2022--potentially posing yet another reason up Mr. [Per. 24]'s sleeve to delay the proceedings. Testifying before a grand jury is not a game of find-or-seek-a-better-time or catch-me-if-you-can, and a witness cannot indefinitely delay a proceeding based on his counsel's convenience, particularly when that counsel is a member of a law firm with multiple lawyers, who may be made available to provide legal advice when one lawyer in the firm is unavailable.

MR. [Per. 24] is DIRECTED to advise the Court by October 12, 2022 at 8:30 a.m. why no other lawyer at the same firm as his retained counsel or from some other firm is available to assist him during his scheduled testimony before the grand jury. Signed by Chief Judge Beryl A. Howell on October 11, 2022.

Counsel has been notified electronically.(lcbah1)