# Exhibit A



TODD BLANCHE
ToddBlanche@blanchelaw.com
(212) 716-1250

May 4, 2024

<u>Via Email</u>
Jay Bratt
Julie Edelstein
David Harbach
Senior Assistant Special Counsels
950 Pennsylvania Avenue NW
Room B-206
Washington, D.C. 20530

Re:   <u>United States v. Donald J. Trump, No. 23 Cr. 80101 (AMC)</u>

Dear Mr. Bratt, Ms. Edelstein, and Mr. Harbach:

We write on behalf of President Donald J. Trump, pursuant to Rule 16(a)(1)(E), *Brady*, and *Giglio*, to request the documents and information set forth below relating to your May 3, 2024 submission to the Court.  *See* ECF No. 522.

We are troubled by the concession in your May 3 submission that the prosecution team failed to preserve critical evidence relating to the location of documents within boxes obtained from Mar-a-Lago.  The documents' location constituted exculpatory information relating to, *inter alia*, the complete absence of culpable criminal intent by President Trump.  Evidence relating to the mishandling of the boxes and documents is also independently discoverable.  *See Kyles v. Whitley*, 514 U.S. 419, 442 n.13 (1995) ("There was a considerable amount of . . . *Brady* evidence on which the defense could have attacked the investigation as shoddy.").

Your failure to disclose the spoliation of this evidence until this month is an extraordinary breach of your constitutional and ethical obligations.  Since the beginning of this case, our strategy, preparations, and arguments have been based on the basic premise that—biased as Jack Smith is in his futile efforts to help President Biden make up lost ground in the polls—the line prosecutors and agents would employ the minimal levels of professionalism and competence necessary to preserve evidence relating to the documents at the center of the charges.  In addition to all of the legal flaws that we have identified in your efforts through pending pretrial motions, it is now clear that even the most fundamental premise of the criminal justice process does not apply in this case.  Furthermore, your misrepresentations to Judge Cannon regarding this important issue are part of a pattern of inaccurate claims regarding the status and substance of discovery that have plagued this case from the start, as you have repeatedly and unjustly urged the Court to impose unworkable deadlines in connection with your election-interference mission.

May 4, 2024
Page 2

Irrespective of your views regarding whether this issue bears on CIPA practice by co-defendant Waltine Nauta—and we find your contentions to be self-serving and frivolous given your indefensible handling of the evidence at issue—you cannot seriously contend that your recent spoliation concession is irrelevant to President Trump's pending pretrial motions, CIPA practice, and expert notice. As such, in addition to the discovery requests below, please let us know if you consent to the pending motion for an adjournment of the May 9, 2024 deadline. *See* ECF Nos. 452, 458.

We respectfully request a response as soon as possible. We plan to raise these issues with the Court on Monday, May 6, 2024.

I. **Background**

Each of the Requests set forth below calls for production of documents irrespective of their classification level. As used herein, the term "documents" includes (i) all communications, including memoranda, reports, letters, notes, emails, text messages, and other electronic communications; (ii) hard copies and electronically stored information, whether written, printed, or typed; and (iii) all drafts and copies.

The term "Boxes" means any and all boxes and redwelds obtained from Mar-a-Lago, whether pursuant to a subpoena, warrant, or otherwise, including but not limited to the boxes turned over to NARA, the redweld turned over by Evan Corcoran, and boxes seized in connection with the execution of a search warrant at Mar-a-Lago.

The Requests call for specified documents in the possession of the prosecution team, as defined in our October 9, 2023 letter.

II. **Requests**

1. Please provide all documents relating to instructions provided to the "filter team," including instructions regarding evidence handling and preservation. *See* ECF No. 522 at 6 ("The filter team took care to ensure that no documents were moved from one box to another, *but it was not focused on maintaining the sequence of documents within each box*." (emphasis added)).

2. Please provide all documents relating to instructions provided to the "investigative team" that participated in the "on-site review," including instructions regarding evidence handling and preservation. ECF No. 522 at 6.

3. Please provide all documents, including communications between and relating to, the execution of the search by the "filter team" and the "investigative team." ECF No. 522 at 6.

4. Please provide all documents relating to chain of custody and access to the Boxes while they were "stored overnight at the FBI field office in Miami." ECF No. 522 at 6.

May 4, 2024
Page 3

      5.      Please provide all documents relating to chain of custody and access to the Boxes while they were "flown back to Washington, D.C., the next day."  ECF No. 522 at 6.

      6.      Please provide all documents relating to the process by which the FBI "generally replaced the handwritten sheets with classified cover sheets annotated with the index code."  ECF No. 522 at 7.

      7.      Please provide all documents relating to exceptions and/or deviations from the process that the FBI "generally" used to insert the "handwritten sheets."  ECF No. 522 at 7.

      8.      Please provide all documents relating to the factual basis for your assertion that "any handwritten sheets that currently remain in the boxes do not represent additional classified documents—they were just not removed when the classified cover sheets with the index code were added."  ECF No. 522 at 7.

      9.      Please provide all documents relating to the "instances" in which the FBI was *not* "able to determine which document with classification markings corresponded to a particular placeholder sheet."  *See* ECF No. 522 at 7 ("In many *but not all instances*, the FBI was able to determine which document with classification markings corresponded to a particular placeholder sheet." (emphasis added)).

      10.      Please provide all documents relating to the "steps" that the "Government" has taken "to ensure that documents and placeholders remained within the same box as when they were seized, i.e., to prevent any movement of documents from one box to another."  ECF No. 522 at 7.

      11.      Please provide all documents relating to the "personnel" who have "had access to the [B]oxes" and the "several reasons" that such access was granted. ECF No. 522 at 8.

      12.      Please identify the Boxes where you currently concede that "the order of items within that box is not the same as in the associated scans."  ECF No. 522 at 8.

May 4, 2024
Page 4

      13.     Please provide all documents, including but not limited to communications, relating to the inquiries and investigation that led to the disclosures in your May 3, 2024 submission.

                                      Respectfully Submitted,

                                      */s/ Todd Blanche*
                                      Todd Blanche
                                      Emil Bove
                                      Blanche Law PLLC

                                      Christopher M. Kise
                                      Chris Kise & Associates, P.A.

                                      *Attorneys for Donald J. Trump*

Cc:    Stanley Woodword
        Sasha Dadan
        *Counsel for Waltine Nauta*
        (Via Email)

        John Irving
        Larry Murrell
        *Counsel for Carlos De Oliveira*
        (Via Email)