May 31, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

# SASSO & SASSO, P.A.
## ATTORNEYS AT LAW

MICHAEL A. SASSO
MICHAEL C. SASSO *
DAVID F. TEGELER * °
KEVIN T. MCGAVOCK
CHRISTIAN BONTA

B. KATHLEEN DEVORE •
WENDY E. GORY •

• FLORIDA REGISTERED PARALEGAL

* BOARD CERTIFIED IN CONSTRUCTION LAW

1031 WEST MORSE BOULEVARD
SEACOAST BANK BUILDING, SUITE 120
WINTER PARK, FLORIDA 32789

(407) 644-7161 TELEPHONE
(407) 629-6727 FACSIMILE
MSASSO@SASSO-LAW.COM

° REGISTERED ARCHITECT

May 30, 2024

*Via FedEx*
U.S. District Judge Aileen M. Cannon
Alto Lee Adams, Sr. United States Courthouse
101 South U.S. Highway 1, Room 1016
Ft. Pierce, FL 34950

  Re: *United States of America v. Donald J. Trump, et al.*,
    Case No.: 9:23-CR-80101-AMC (S.D. Fla.)
    Motion for Leave of Professor Seth Barrett Tillman and Landmark Legal Foundation to Participate in Oral Argument as Amici Curiae in Support of Defendant Trump's Motion to Dismiss the Indictment (ECF No. 326).

To Whom It May Concern:

  This law firm represents Professor Seth Barrett Tillman and Landmark Legal Foundation with respect to their brief as *amici curiae* in the case styled, *United States of America v. Donald J. Trump, et al.*, Case No.: 9:23-CR-80101-AMC.

  Enclosed for the Court's review is the following document to be added to the docket:

1. Motion for Leave of Professor Seth Barrett Tillman and Landmark Legal Foundation to Participate in Oral Argument as Amici Curiae in Support of Defendant Trump's Motion to Dismiss the Indictment (ECF No. 326), dated May 30, 2024.

              Respectfully submitted,

              *Christian Bonta* on behalf of

              Michael A. Sasso

Enclosures as stated.
cc: All Counsel of Record (*via E-Mail*)

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:23-cr-80101(s)-AMC-BER

UNITED STATES OF AMERICA

v.

DONALD J. TRUMP,
WALTINE NAUTA, and,
CARLOS DE OLIVEIRA,

    Defendants.
_____/

**MOTION FOR LEAVE OF PROFESSOR SETH BARRETT TILLMAN AND LANDMARK LEGAL FOUNDATION TO PARTICIPATE IN ORAL ARGUMENT AS *AMICI CURIAE* IN SUPPORT OF DEFENDANT TRUMP'S MOTION TO DISMISS THE INDICTMENT [ECF NO. 326]**

Michael J. O'Neill*
Landmark Legal Foundation
19415 Deerfield Ave.
Suite 312
Leesburg, VA 20176
(703) 554-6100
mike@landmarklegal.org

Josh Blackman
Josh Blackman LLC
1303 San Jacinto Street
Houston, TX 77002
(202) 294-9003
josh@joshblackman.com
*Admitted Pro Hac vice*

Michael A. Sasso
*Counsel of Record*
Sasso & Sasso, P.A.
3910 Telegraph Road
1031 West Morse Boulevard
Suite 120
(407) 644-7161
masasso@sasso-law.com

*Pro Hac vice forthcoming

Professor Seth Barrett Tillman and the Landmark Legal Foundation (*Amici*) respectfully submit this motion for leave to participate in oral argument as *Amici Curiae* in support of President Trump's Motion to Dismiss the Indictment [ECF No. 326].

1. On February 22, 2024, Defendant Trump filed a motion to dismiss the indictment based on the unlawful appointment and funding of Special Counsel Jack Smith. [ECF No. 326]. That motion argued that "Jack Smith is not an 'Officer' under the statutes cited by Attorney General Garland. At best, he is an *employee*." *Id.* at 3 (emphasis added).

2. On March 5, 2024, an amicus brief was filed by Former Attorney General Meese, et al. [ECF No. 364-1]. The Meese *Amici* Brief argued that the Special Counsel is exercising the powers of a principal Officer of the United States, but was not confirmed by the Senate. The Meese *Amici* Brief also expanded on the argument in the Defendant's Motion to Dismiss: "In short, the position supposedly held by Smith was not 'established by Law.' The authority exercised by him as a so-called 'Special Counsel' far exceeds the power exercisable by a mere *employee*." Meese *Amici* Brief at 12 (citing *Lucia v. SEC*, 585 U.S. 237, 245–47 (2018) (emphasis added)).

3. On March 21, 2024, a proposed amicus brief from Professor Seth Barrett and the Landmark Legal Foundation was docketed in this case. [ECF No. 410[1]]. The brief contended that the Special Counsel's temporary position is properly characterized as a mere "employee." *Buckley v. Valeo*, 424 U.S. 1, 126 n.162 (1976). Special Counsel Smith does not hold an "office," and he is not an "Officer of the United States." Both procedurally and substantively, the prosecutorial actions taken by Special Counsel Smith are ultra vires with respect to the Constitution.

4. On March 21, 2024, the Court granted *Amici*'s motion for leave to file the amicus brief. [ECF No. 411]. The Court further ordered that "Should the Special Counsel or Defendants

---

[1] Brief of Professor Seth Barrett Tillman and Landmark Legal Foundation as *Amici Curiae* in Support of Defendant Trump's Motion to Dismiss the Indictment, United States v. Trump, Case No. 9:23-cr-80101-AMC-BER (S.D. Fla. Mar. 2024) (filed by Professor Josh Blackman & Michael Adam Sasso, Esq.), ECF No. 410, 2024 WL 1214430, https://ssrn.com/abstract=4755563, https://tinyurl.com/3kju33w4.

wish to file a separate response to the amicus brief, they may do so on or before April 4, 2024." *Id.*

5. On April 3, 2024, an amicus brief was filed by a group of constitutional lawyers. [ECF No. 429]. The brief argued that *Amici*'s brief is "inconsistent" with the Meese *Amici* Brief.

6. On April 4, 2024, the Special Counsel filed a response to *Amici*. [ECF No. 432]. The Special Counsel argued that *Amici*'s brief took the "polar opposite view" of the Meese *Amici* Brief.

7. On May 7, 2024, the Court issued an order setting a hearing on the motion to dismiss the indictment based on the unlawful appointing of the Special Counsel. The hearing is scheduled for Friday, June 21, 2024, at 9:30 a.m. [ECF No. 530]. The Court stated, "Any amici wishing to present oral argument during this hearing must seek leave of Court to do so no later than June 3, 2024." *Id.*

8. In accordance with the Court's request, *Amici* file this motion for leave to participate in oral argument. Josh Blackman, who is also a constitutional law professor, would present the argument.

9. *Amici* would be prepared to answer any questions from the Court about *Amici*'s prior submission. *Amici* would also explain how the legal positions of (i) Defendant Donald Trump, (ii) *Amici* Attorney General Ed Meese, et al, and (iii) *Amici* Tillman & Landmark Legal Foundation, are all consistent with another.[2] Whether the Special Counsel is an inferior officer who is exercising the powers of a principal officer (Meese *Amici*'s Brief), or a mere employee exercising those broad powers (Tillman *Amici*'s Brief), Mr. Smith cannot exercise the powers he purports to exercise. Both paths (Meese *Amici*'s Brief and Tillman *Amici*'s Brief) lead to the same conclusion: the Special Counsel cannot exercise the powers he purports to exercise.

10. The Special Counsel responds that he is not a principal officer of the United States, but is an inferior officer of the United States, who can hold his position absent senate confirmation. *Amici* disagree. All officers of the United States, principal and inferior, must hold permanent or continuing positions. Prior to Mr. Smith's "appointment" as Special

---

[2] *See* Josh Blackman & Seth Barrett Tillman, *Special Counsel Jack Smith Responds to Blackman-Tillman*, The Volokh Conspiracy (April 16, 2024), https://reason.com/volokh/2024/04/16/special-counsel-jack-smith-responds-to-blackman-tillman.

3

Counsel, he was not already holding another "officer of the United States" position. Mr. Smith's position as Special Counsel was not a secondment or transfer from some other post in the government. Unlike other United States Attorneys who have been appointed as special counsels, Mr. Smith was not already a senate-confirmed principal "officer of the United States" to which new duties were merely added.

11. More importantly, the Special Counsel's position is not a *permanent* or *continuing* position. It is a *temporary* or *ad hoc* position. When that single "case" is over, the Special Counsel's position ceases—as such, the Special Counsel's position cannot be characterized as a permanent or continuing one. Under *Lucia v. SEC* and other Supreme Court binding precedent, such a *temporary* or *ad hoc* position cannot be characterized either as a principal officer of the United States or as an inferior officer of the United States. Such a *temporary* or *ad hoc* position is, at most, a mere employee of the United States. *See Buckley*, 424 U.S. at 126 n.162. And as, at most, a mere employee of the United States, such a position cannot be endowed with the powers that the Special Counsel exercises. The Special Counsel only argues that his position *is* properly characterized as an inferior officer of the United States. However, post-*Lucia*, the Special Counsel's legal position is a non-starter.

12. Finally, the primary purpose of the Special Counsel regulations, which were modeled on the Independent Counsel statute, was to avoid conflicts of interest when the Executive Branch investigates *itself*. But here, Attorney General Garland appointed Mr. Smith not to investigate someone connected to the United States Department of Justice, the President, or the Biden Administration—as was the case with Hunter Biden—but to investigate the Biden Administration's leading political opponent. Mr. Smith's appointment was not made to eliminate any *internal* conflict of interest. Quite the opposite. Mr. Smith was appointed to shield the Attorney General, the Department of Justice, the President, and the Biden administration, from the political accountability associated with investigating and prosecuting a political rival. These dynamics further demonstrate why Smith's appointment is inconsistent with the separation of powers and political accountability.[3] The

---

[3] *See also* Brief for Edward H. Levi, Griffin B. Bell, and William French Smith as Amici Curiae in Support of Appellees at 25 n.9, Morrison v. Olson, 487 U.S. 654 (1988) (No. 87-1729), 1988 WL 1031601 (focusing on "the constitutional system of checks and balances and democratic accountability").

appointment of a special counsel in the face of *internal* conflicts makes the government *more* accountable to the American people. The appointment of a special counsel to investigate and prosecute a political rival makes the government *less* accountable to the American people.

13. *Amici* would be prepared to answer any other questions the Court may have.

For these reasons, *Amici Curiae* Professor Seth Barrett Tillman and Landmark Legal Foundation respectfully ask leave of this Court to participate in oral argument.

### CERTIFICATION OF GOOD-FAITH CONFERENCE

Pursuant to S.D. Fla. L.R. 88.9(a), undersigned counsel certifies that they conferred with the Special Counsel, counsel for Defendant Trump, counsel for Defendant Nauta, and counsel for Defendant de Oliveira regarding this motion's requested relief: "leave to participate in oral argument" on June 21, 2024. Counsel for President Donald J. Trump did not reply to the request. Counsel for the Special Counsel took no position on the request. Counsel for Carlos De Oliveira took no position on the request. Counsel for Waltine Nauta did not reply to the request.

| | |
|---|---|
| Date: May 30, 2024. | Respectfully submitted, |
| /s/ Josh Blackman | /s/ Michael A. Sasso |
| Josh Blackman LLC | Fla. Bar No. 93814 |
| 1303 San Jacinto Street | SASSO & SASSO, P.A. |
| Houston, TX 77002 | 1031 West Morse Blvd, Ste. 120 |
| (202) 294-9003 | Winter Park, FL 32789 |
| josh@joshblackman.com | (407) 644-7161 |
| *Admitted Pro Hac vice* | masasso@sasso-law.com |
| | |
| | *Counsel for Amici, Professor Seth Barrett Tillman and the Landmark Legal Foundation* |

### CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2024, I caused a true and correct copy of the foregoing to be served via e-mail on all parties and counsel of record in this matter and filed through Fed Ex delivery to the Clerk of Court for docketing.

/s/ Michael A. Sasso

FedEx Express
Package US Airbill

FedEx Tracking Number 8181 3349 6690

1 From
Date
Sender's Name
Phone
Company SASSO AND SASSO PA
Address 1031 W MORSE BLVD STE 120
City WINTER PARK State FL ZIP 32789-3774

2 Your Internal Billing Reference

3 To
Recipient's Name
Phone
Company
Address
City State ZIP

4 Express Package Service
Form ID 0215
[X] FedEx First Overnight
[ ] FedEx Priority Overnight
[ ] FedEx Standard Overnight
[ ] FedEx 2Day A.M.
[ ] FedEx 2Day
[ ] FedEx Express Saver

5 Packaging
[X] FedEx Envelope*
[ ] FedEx Pak*
[ ] FedEx Box
[ ] FedEx Tube
[ ] Other

6 Special Handling and Delivery Signature Options
[ ] Saturday Delivery
[ ] No Signature Required
[ ] Direct Signature
[ ] Indirect Signature
Does this shipment contain dangerous goods?
[ ] Yes [ ] Yes [ ] Dry Ice
[ ] Cargo Aircraft Only

7 Payment Bill to:
[X] Sender
[ ] Recipient
[ ] Third Party

Total Packages Total Weight lbs.

01 4046 3093

FedEx label:
8181 3349 6690
XP FPRA
46603473 30May2024 ORLA 581G4/C458/C988
FRI - 31
PRIORITY OVE

R T 459 F Z
B
6 10:30
6690
05:31

fedex.com 1.800.GoFedEx 1.800.463.3339