UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

UNITED STATES OF AMERICA,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVIERA,

        **Defendants.**
_____/

## DEFENDANTS' JOINT DISCOVERY STATUS REPORT

The Defendants respectfully submit this Joint Discovery Status Report pursuant to the Court's May 7, 2024 Order. *See* ECF No. 530.

The Special Counsel's Office has made 15 productions of unclassified discovery in total, which have included over 682,000 records spanning more than 1.2 million pages, and approximately 80 terabytes of CCTV footage that is the rough equivalent of more than 10 years' worth of video. The Office has also produced at least 6,000 pages of classified discovery. The Office represents, per its discovery status report submitted earlier today: "As the [Office] has previously noted, throughout this case, it has exceeded its discovery obligations both in terms of timing and scope." *See* ECF No. 591.

Yet six of the 15 unclassified productions by the Special Counsel's Office—consisting of approximately 218 records with approximately 4,300 pages—followed the Defendants' January 16, 2024 Motions to Compel. For example, the Office produced approximately 2,088 pages of documents relating to grand jury proceedings, which included materials that were responsive to President Trump's request for materials relating to the pending pretrial motion concerning the

crime-fraud exception. *See* ECF No. 566. The Office has also responded to President Trump's May 4, 2024 discovery requests concerning the handling of evidence from Mar-a-Lago. *See* ECF No. 525. President Trump is reviewing that response, and respectfully requests until June 10, 2024 to file any new or supplemental pretrial motions regarding that issue.

The productions by the Special Counsel's Office that followed the Defendants' Motions to Compel included materials from the Department of Energy and additional "after-action reports." *See* ECF No. 469 at 41-45 (discussing DOE materials); *see also* 1/16/24 Classified Supplement (discussing "after-action reports"). However, those productions did not resolve the existing disputes set forth in the Motions to Compel and subsequent correspondence, of which this Court is aware. Specifically, Defendants flag the following issues:

*First*, it appears that the Office is withholding materials that are responsive to certain pending Motions to Compel on the basis of unspecified privileges, including materials from the Department of Energy. *See* ECF No. 300 at 27-30 (discussing the need for privilege logs).

*Second*, as discussed in the Classified Supplements, it does not appear that the Office has done a complete electronic collection of all "after-action reports" transmitted via email during the relevant timeframe.

*Third*, if the Court grants President Trump's motion regarding the scope of the prosecution team, in whole or in part, the Office will have an independent obligation to review records at agencies such as the Department of Energy and produce additional materials that are responsive to pending discovery requests and/or otherwise discoverable. *See* ECF No. 469 at 31-33 (citing authorities for the proposition that the "Office has an affirmative obligation to collect and produce discoverable evidence in the possession of the entire prosecution team").

*Fourth*, the Office has yet to provide complete forensic images of the electronic devices it obtained through the course of its investigation.

*Fifth*, the Office has declined to provide certain grand jury materials, including records from United States District Court for the District of Columbia.

Finally, although the Special Counsel's Office and defense counsel have conferred regarding access to the CCTV footage, Defendants still do not have a complete set of decompressed and operational video. As a result, we do not believe that the Special Counsel's Office has produced the video "in a manner that is readily accessible to defense counsel," as sought in the Motions to Compel. *See* ECF No. 469 at 66.

[SIGNATURE BLOCK NEXT PAGE]

Dated: May 31, 2024

Respectfully submitted,

  /s/ Todd Blanche
Todd Blanche (*pro hac vice*)
ToddBlanche@blanchelaw.com
Emil Bove (*pro hac vice*)
Emil.Bove@blanchelaw.com
Blanche Law PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

  /s/ Christopher M. Kise
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

  s/ Stanley E. Woodward, Jr.
Stanley E. Woodward, Jr. (*pro hac vice*)
BRAND WOODWARD LAW, LP
400 Fifth Street NW, Suite 350
Washington, DC 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

  /s Larry Donald Murrell, Jr.
Larry Donald Murrell, Jr.
Florida Bar No. 326641
400 Executive Center Drive
Suite 201—Executive Center Plaza
West Palm Beach, FL 33401
Telephone: 561.686.2700
Facsimile: 561.686.4567
Email: ldmpa@bellsouth.net

  /s John S. Irving, IV
John S. Irving, IV
D.C. Bar No. 460068 (*pro hac vice*)
E&W Law
1455 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20004
Telephone: 301-807-5670
Email: john.irving@earthandwatergroup.com

  s/ Sasha Dadan
Sasha Dadan (Fla. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 (telephone)
772.264.5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

*Counsel for Defendant Carlos De Oliveira*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2024, I electronically submitted the foregoing, via CM/ECF, to counsel of record.

        Respectfully submitted,

        *s/ Sasha Dadan*
        Sasha Dadan (Fla. Bar No. 109069)
        Dadan Law Firm, PLLC
        201 S. 2nd Street, Suite 202
        Fort Pierce, Florida 34950
        772.579.2771 (telephone)
        772.264.5766 (facsimile)
        sasha@dadanlawfirm.com

        *Counsel for Defendant Waltine Nauta*