# EXHIBIT A



FILED BY _____ D.C.

AUG 3 0 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO. 23-80101-CR-CANNON/REINHART

UNITED STATES OF AMERICA,    )
    )
    )
v.    )
    )
DONALD J. TRUMP, and    )
WALTINE NAUTA,    )
    )
    Defendant.    )
_____)

### DEFENDANT WALTINE NAUTA'S EX PARTE MOTION FOR LEAVE TO REFERENCE DISCOVERY

On or about August 1, 2023, defense counsel had an extensive discussion with the Special Counsel's Office concerning their desire to file a motion requesting a hearing pursuant to *Garcia v. United States*, 517 F.2d 272 (5th Cir. 1975). That conversation did not result in any agreement and further email communication followed (attached hereto as Exhibit A). The defense counsel advised that the prudent approach would simply be to advise the Court of potential conflicts associated with defense counsel's representation of Defendant Waltine Nauta and let the Court conduct an *ex parte* inquiry as to whether Mr. Nauta had been fully advised of his rights, including the right to conflict-free counsel.

On August 2, 2023, the Special Counsel's Office filed a motion requesting that this Court hold a *Garcia* hearing. In doing so, the Special Counsel's Office suggested – although did not specifically so state – that defense counsel improperly influenced his former client, Per. 54 Per. 54 March 23, 2023, testimony before the Grand Jury. To that end, the Special Counsel's Office unnecessarily highlighted its interactions with defense counsel to include advising the

Court, the public, and Mr. Nauta that, "upon advising defense counsel that his concurrent representation of Trump Employee 4 and Mr. Nauta raised a potential conflict of interest, that defense counsel advised that, 'he was unaware of any testimony that Trump Employee 4 would give that would incriminate Nauta and had advised Trump Employee 4 and Nauta of the Government's position about a possible conflict." Mot. at 3 (Aug. 2, 2023) (ECF No. 97). In its Reply, the government elaborated on its allegation, selectively quoting from defense counsel's submission under seal in the conflicts proceeding before the United States District Court in the District of Columbia. Reply at 4 (Aug. 22, 2023) (ECF No. 129). In summary, the Special Counsel's Office advised the Court: "On July 5, 2023, Trump Employee 4 informed Chief Judge Boasberg that he no longer wished to be represented by Mr. Woodward and that, going forward, he wished to be represented by the First Assistant Federal Defender. *Immediately* after receiving new counsel, Trump Employee 4 retracted his prior false testimony and provided information that implicated Nauta, De Oliveira, and Trump in efforts to delete security camera footage, as set forth in the superseding indictment." Reply at 4 (Aug. 22, 2023) (ECF No. 129) (emphasis added).

What the Special Counsel's Office failed to disclose to the Court is that Trump Employee 4 did not advise the Chief Judge of the District Court for the District of Columbia that he no longer wished to be represented by defense counsel, but rather that he desired the representation of the First Assistant Federal Defender for purposes of his negotiations with the Special Counsel's Office; that those negotiations ultimately culminated in the Special Counsel's Office offering Trump Employee 4 a Non-Prosecution Agreement in exchange for his "cooperation" with the Special Counsel's Investigation; and that when asked in his subsequent grand jury testimony, Trump Employee 4 confirmed that he,                          and that

2

███████████████████████████████████████████████████ Grand

Jury Testimony of [Per. 54], at 50 (July 20, 2023).

With respect to [Per. 54], new counsel, the following colloquy occurred:



Hr'ng T. at 3 (July 5, 2023) (Attached hereto as Exhibit B).[1]

With respect to [Per. 54] subsequent Grand Jury testimony, specifically, the following colloquy occurred:

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

*Id.*

Under the Court's Protective Order, defense counsel, "shall not disclose Discovery Material in any public filing or in open court without notice to, and agreement from, the United States, or prior approval from the Court." Protective Order at 3 (June 19, 2023) (ECF No. 27). Defense counsel notified the Special Counsel's Office of its desire to reference [Per. 54]

---

[1] On Monday, August 4, 2023, Chief Judge Boasberg of the United States District Court for the District of Columbia issued an Order permitting defense counsel to reference all proceedings before him related to this matter, including the transcripts of the hearings in that matter.

Grand Jury testimony transcript as well as exhibits thereto. The Special Counsel's Office, however, required defense counsel to advise specifically why so doing was relevant to the legal issues raised by the Special Counsel's Office *Garcia* motion and demanded to know which specific sections of the testimony and/or exhibits. Defense counsel feels it improper for the Special Counsel's Office to use the language it proposed for the Court's Protective Order as a means to probe defense strategy. Moreover, each time defense counsel has been forthcoming with the Special Counsel's Office, the Office has sought to undercut defense counsel by, for example, filing its own *ex parte* motions with the court (albeit not this Court). Accordingly, defense counsel files this *ex parte* request for leave to reference     Per. 54   grand jury testimony, as quoted above, as well as his Non-Prosecution agreement. The government's actions satisfy the Rule 16 requirement that the, "court may permit a party to show good cause by a written statement that the court will inspect ex parte."

Defense counsel will not make any reference to   Per. 54   identity in this or any other filing without leave of the Court. Alternatively, defense counsel requests leave to file an unredacted copy of Mr. Nauta's Sur-Reply under seal, redacting any reference to   Per. 54   grand jury testimony as well as his Non-Prosecution Agreement from his public filing.

In summary, Mr. Nauta intends to advise the Court in his Sur-Reply, again, that a *Garcia* hearing should be held and that he welcomes an *ex parte* inquiry by the Court as to whether he has been apprised of his rights, including the right to conflict-free counsel. The Court can then advise the Special Counsel's Office on the public record that it has conducted said inquiry and is satisfied that Mr. Nauta is voluntarily and knowingly proceeding with counsel who may not be conflict free. Nevertheless, defense counsel wishes to ensure a complete record concerning the circumstances that give rise to the potential for a conflict in this matter.   Per. 54   did not request new counsel

so that he could "cooperate" with the government.  The government threatened him with

prosecution in a far-away District; sought the appointment of "conflict counsel" to advise the Court

as to a potential conflict of interest in defense counsel's representation of both Messrs. Nauta and

Per. 54 and then negotiated a Non-Prosecution Agreement with conflict counsel to facilitate the

provision of revised incriminating testimony purportedly adverse to Mr. Nauta.  As both the Court

and Per. 75 acknowledged:



H'rng T. at 6 (June 30, 2023) (Attached hereto as Exhibit C).

[SIGNATURE ON NEXT PAGE]

Dated: August 30, 2023

Respectfully submitted,

_____ /s/ Stanley E. Woodward, Jr._____
Stanley E. Woodward, Jr. (*pro hac vice*)
400 Fifth Street Northwest, Suite 350
Washington, District of Columbia  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
stanley@brandwoodwardlaw.com

_____ /s/ Sasha Dadan_____
Sasha Dadan, Esq. (Fl. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida  34950
772-579-2771 (telephone)
772-264-5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

## Certificate of Conferral

Pursuant to Local Rule 88.9 of the Local Rules for the United States District Court of the Southern District of Florida, defense counsel has conferred with counsel for the government whom advise that they oppose the relief sought in the instant motion because defense counsel refused to tell government counsel precisely which portions of the record they sought to reference or why.

Respectfully submitted,

/s/ Sasha Dadan

Sasha Dadan, Esq. (Fl. Bar No. 109069)
DADAN LAW FIRM, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772-579-2771 (telephone)
772-264-5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

# EXHIBIT A

| | |
|---|---|
| **From:** | Stanley Woodward |
| **To:** | DVH (JSPT) |
| **Cc:** | JMP (JSPT); MET (JSPT); sasha@dadanlawfirm.com; Stan Brand; JIB (JSPT) |
| **Subject:** | Re: [EXTERNAL] RE: Position on motion in 23-cr-80101-AMC(s) |
| **Date:** | Tuesday, August 1, 2023 5:01:30 PM |

We take no position on the government's request to seal.

Sent from my iPhone

**Brand | Woodward**
www.brandwoodwardlaw.com
+1.202.996.7447 (o)
+1.202.302.7049 (m)
+1.202.996.0113 (f)


On Aug 1, 2023, at 3:17 PM, DVH (JSPT) <DVH@usdoj.gov> wrote:


Dear Stanley,

Thank you.  One more thing I don't think I got an answer to on our call: what position will you take on our motion to file a supplement to our motion under seal?  As I mentioned to you, the reason for the sealed supplement is Rule 6(e).  And as I said, we will be seeking an order permitting service on counsel, as the supplement is not intended to be ex parte.  Other counsel have taken no position on sealing.  Please let me know yours when you can, thanks.

Kind regards,
David

---

**From:** Stanley Woodward <stanley@brandwoodwardlaw.com>
**Sent:** Tuesday, August 1, 2023 2:44 PM
**To:** DVH (JSPT) ▇▇▇▇▇▇▇▇▇▇
**Cc:** JMP (JSPT) ▇▇▇▇▇▇▇▇ MET (JSPT) ▇▇▇▇▇▇▇▇;
sasha@dadanlawfirm.com; Stan Brand <stanleymbrand@gmail.com>; JIB (JSPT) <JIB@usdoj.gov>
**Subject:** Re: [EXTERNAL] RE: Position on motion in 23-cr-80101-AMC(s)

David - you are correct, and I did not mean to diminish the substance of our conversation and, again, appreciate your always taking the time to talk through things with me.

Sent from my iPhone

**Brand | Woodward**
www.brandwoodwardlaw.com
+1.202.996.7447 (o)
+1.202.302.7049 (m)
+1.202.996.0113 (f)


On Aug 1, 2023, at 2:42 PM, DVH (JSPT) ██████████wrote:

Dear Stanley,

I understand your position, although I'm compelled to clarify that in our conversation I did more than simply tell you what relief we seek and ask for your position. In particular, I explained the basis for the government's request at least twice, and both times emphasized that we were taking no position on the ultimate outcome of any hearing, but that we are obligated by the applicable caselaw to bring this matter to the Court's attention.  As for the necessity (or not) of a motion, we understand that Judge Cannon prefers any requests for relief to be made in the form of a motion, as opposed to via letter or other correspondence.  We will note in our motion your position, as well as your request to respond.

Kind regards,
David

---

**From:** Stanley Woodward <stanley@brandwoodwardlaw.com>
**Sent:** Tuesday, August 1, 2023 1:56 PM
**To:** JMP (JSPT) ██████████████
**Cc:** MET (JSPT) ██████████████; sasha@dadanlawfirm.com; Stan Brand <stanleymbrand@gmail.com>; JIB (JSPT) ██████████████ DVH (JSPT) ██████████████
**Subject:** Re: [EXTERNAL] RE: Position on motion in 23-cr-80101-AMC(s)

David - thanks for taking the time to speak earlier. Our position remains that without seeing the motion you intend to file we cannot consent.  Nor do we think simply telling us what relief you seek and asking for our position on the same satisfies your meet and confer obligations. Our concern is that the government may be making representations or otherwise disclosing information to the Court that it would not otherwise be privy to and that either is inaccurate or unnecessary for the relief you

seek - something that could be remedied in advance of filing. The government's unwillingness to share the motion with us in advance of filing it only exacerbates this concern. If the government is simply advising the Court of our representation of multiple witnesses in your investigation, why not share that with us? To that end, it's unclear to us that a motion is even necessary - we can simply write the Court and ask that it conduct a Garcia colloquy with Mr. Nauta at his next appearance.

If you do file a motion then we request an opportunity to respond to whatever representations are made in the same.

Sent from my iPhone

**Brand | Woodward**
www.brandwoodwardlaw.com
+1.202.996.7447 (o)
+1.202.302.7049 (m)
+1.202.996.0113 (f)

> On Jul 31, 2023, at 3:04 PM, JMP (JSPT) ██████████ wrote:
>
> Stanley,
>
> We understand that you are out of the office and want to be sure that you have sufficient time to consider your position on the motion. Accordingly, we will hold off on filing until COB on Tuesday (August 1), and we will make ourselves available today or tomorrow for a call at your convenience to discuss the *Garcia* motion and motion to seal the grand jury information. Please let us know what time you will be available for a call.
>
> While we have previously advised the court of potential conflicts, we have not previously requested a hearing to advise the witnesses and defendant, and that is all this motion is intended to do -- request a hearing. These motions are routinely filed in the Southern District of Florida. (We also note that "*Garcia* is binding precedent" in the

Eleventh Circuit and "has been followed consistently." *In re Paradyne Corp.*, 803 F.2d 604, 608 (11th Cir. 1986); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981)).

Relatedly, we also plan to file a similar motion for a hearing to inquire into potential conflicts that may arise from John Irving's concurrent representation of Carlos De Oliveira and witnesses who may be called to testify at trial. We'd like to get your position on that motion as well when we talk today or tomorrow.

Please let us know when you are available.

Thanks,

John

John M. Pellettieri
Special Counsel's Office
███████████

---

**From:** Stanley Woodward <stanley@brandwoodwardlaw.com>
**Sent:** Monday, July 31, 2023 11:49 AM
**To:** JMP (JSPT) ███████████
**Cc:** MET (JSPT) ███████████
sasha@dadanlawfirm.com; Stan Brand <stanleymbrand@gmail.com>
**Subject:** Re: [EXTERNAL] RE: Position on motion in 23-cr-80101-AMC(s)

Before providing a position we would like to see a copy of what the government intends to file, including what the government intends to request the court seal.

We would also note that the court is already aware of the conflicts issue given that the government previously called this to the court's attention - twice. Therefore, the government's position that filing today is necessary is simply untenable and nothing in Garcia, even if that were binding on this court, provides otherwise.

Finally, given the above, we do not believe the government

has complied with its obligation to meet and confer on their motion.

If you nevertheless intend to file, feel free to share out correspondence with the Court to apprise if of our position.

Sent from my iPhone

**Brand | Woodward**
www.brandwoodwardlaw.com
+1.202.996.7447 (o)
+1.202.302.7049 (m)
+1.202.996.0113 (f)

On Jul 31, 2023, at 11:34 AM, JMP (JSPT)
██████████████ wrote:

Stanley, Jay was referring to *Garcia*, which requires a hearing into potential conflicts. The government has an obligation to bring potential conflicts to the court's attention. And it is important that these matters be raised and handled expeditiously. Given the superseding indictment, it's appropriate to file the motion today.

Right now, all we ask is your position on the motion for a hearing and the motion to file the supplement under seal. You'll of course have an opportunity to respond or provide relevant information to the court as you deem appropriate.

Thanks

John

**From:** Stanley Woodward
<stanley@brandwoodwardlaw.com>
**Sent:** Monday, July 31, 2023 10:41 AM
**To:** JMP (JSPT) ███████████
**Cc:** MET (JSPT) ████████████
sasha@dadanlawfirm.com
**Subject:** Re: [EXTERNAL] RE: Position on motion
in 23-cr-80101-AMC(s)

In his email to all defense counsel on Friday, Jay
writes:

We intend to file soon, as 11th Circuit
precedent requires, a *Garcia* motion related to
Stanley's representation of multiple witnesses
in this matter.

Is Cruz the case to which he was referring? My
reading of Jay's email was that 11th circuit
precedent requires this to be an expedited
filing and so I'm trying to nail down just how
quickly this needs to happen given that I'm out
of the office.

Thanks,

Stanley

Sent from my iPhone


**Brand | Woodward**
www.brandwoodwardlaw.com
+1.202.996.7447 (o)
+1.202.302.7049 (m)
+1.202.996.0113 (f)

On Jul 31, 2023, at 10:24 AM, JMP
(JSPT) ███████████ wrote:

Stanley, thanks for taking time
from your family trip – I hope it's
cooler there in Michigan and you
don't face any 70 mph winds like
we did here on Saturday.

I think the case you're referring to
is *United States v. Garcia*, 517
F.2d 272 (5th Cir. 1975). Courts
within the Eleventh Circuit call
this type of proceeding a "*Garcia*
hearing." *E.g.*, *Cruz v. United
States*, 188 F. App'x 908, 911
(11th Cir. 2006). Under precedent
in the Eleventh Circuit and
elsewhere, the government has a
responsibility to apprise a court of
potential conflicts as early as
possible. *See, e.g.*, *In re Gopman*,
531 F.2d 262, 265-66 (5th Cir.
1976); *United States v. Malpiedi*,
62 F.3d 465, 470 (2d Cir. 1995).

We do not have a finalized motion
to share, but we're happy to
provide some more detail. The
motion will ask for a *Garcia*
hearing so that the court can
inform your clients of potential
risks and inquire into waivers. The
motion will further note that
information gathered at the
*Garcia* hearing will enable the
court to address any conflicts and
formulate an appropriate remedy,
and the government takes no
position at this time as to what
remedy may be appropriate.

Finally, we intend to file a

supplement that includes grand jury information and will move to file the supplement under seal to comport with grand jury secrecy requirements. Please also let us know your position on the motion to file the supplement under seal.

Thanks,

John

John M. Pellettieri
Special Counsel's Office
█████████████

---

**From:** stanley@brandwoodwardlaw.com <stanley@brandwoodwardlaw.com>
**Sent:** Monday, July 31, 2023 8:25 AM
**To:** MET (JSPT) ██████████████ sasha@dadanlawfirm.com
**Cc:** JMP (JSPT) ████████████
**Subject:** [EXTERNAL] RE: Position on motion in 23-cr-80101-AMC(s)

Sorry for the delayed response, you caught me on the eve of my annual 14 hour drive to Michigan with the family.  Can you send me a copy of what you intend to file as well as the citation to the 11th Circuit case Jay referenced in his email?

As a general matter, we of course do not oppose the Court's confirming our client is fully informed of his rights and/or that any necessary waivers are obtained, but we would like to see what relief you specifically seek.

Thanks,

Stanley

---

**From:** MET (JSPT)
███████████████
**Sent:** Friday, July 28, 2023 4:28
PM
**To:** sasha@dadanlawfirm.com
**Cc:** JMP (JSPT) ███████████████
Stanley Woodward
<stanley@brandwoodwardlaw.com>
**Subject:** FW: Position on motion
in 23-cr-80101-AMC(s)

Sasha,

I should have included you as well
on this email below. If either you
or Mr. Woodward could let us
know as soon as possible your
position as to the motion for
Garcia hearing we plan to file on
Monday, that would be much
appreciated.

Thank you,

Mike Thakur
Assistant Special Counsel

---

**From:** MET (JSPT)
**Sent:** Friday, July 28, 2023 4:15
PM
**To:** Stanley Woodward
<stanley@brandwoodwardlaw.com>
**Cc:** JMP (JSPT) ███████████████
**Subject:** Position on motion in 23-
cr-80101-AMC(s)

Stanley,

As I mentioned in the message I
left on your voicemail, we called
to meet and confer on a motion

that the government plans to file on Monday in 23-cr-80101-AMC(s). The motion will request a hearing to inquire into potential conflicts arising from your past or current representation of individuals who may be called to testify at Mr. Nauta's trial – specifically, ██Per. 54██, ██Per. 3██ ██Per. 3██, and ████Per. 69████. To be clear, we don't intend to request any relief other than a hearing into potential conflicts and possible waivers.

Could you let us know (1) your position on the motion for the hearing; and (2) your preference on whether we refer in our motion to your clients anonymously - for example, by referring to them as "Witness 1" and "Witness 2." We plan to file a motion and a sealed supplement, and our inclination is to refer to your clients anonymously in the publicly filed motion, but we'd like to know whether that is your preference or not.

Please let us know when you're available to speak – if not today, then over the weekend. If you're content to send us your position by email, that's fine with us as well.

Thanks,

Mike Thakur
Assistant Special Counsel

# EXHIBIT B
REDACTED AND
FILED UNDER SEAL
PURSUANT TO
COURT ORDER

# **EXHIBIT C**
REDACTED AND FILED UNDER SEAL PURSUANT TO COURT ORDER