**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-80101-CR-CANNON-REINHART**

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

DONALD J. TRUMP, et al.,

*Defendants.*

**MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT BY FORMER ATTORNEYS GENERAL EDWIN MEESE III AND MICHAEL B. MUKASEY, LAW PROFESSORS STEVEN CALABRESI AND GARY LAWSON, AND CITIZENS UNITED AS *AMICI CURIAE* IN SUPPORT OF DEFENDANT PRESIDENT TRUMP'S MOTION TO DISMISS [ECF NO. 326]**

*Amici Curiae* Former United States Attorneys General Edwin Meese III and Michael B. Mukasey, Professors of Law Steven Calabresi and Gary Lawson, and public-interest organizations Citizens United and Citizens United Foundation, respectfully submit this motion for leave to participate in oral argument on June 21, 2024, as *amici curiae* in support of President Trump's Motion to Dismiss the Indictment Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith [ECF No. 326].

This Court has inherent authority to determine the extent and manner of *amici* participation. *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1501 (S.D. Fla. 1991) (citations omitted). This includes the power to allow *amici* to participate in hearings. *Miami Herald Publ'g Co. v. Boire*, 209 F. Supp. 561, 563 (S.D. Fla. 1962). And one reason for this Court to grant leave is when *amici* have special expertise regarding the subject matter at issue. *See City of South Miami v. DeSantis*, No. 19-cv-22927-Bloom/Louis, 2019 WL 9514566, at *1 (S.D. Fla.

Dec. 10, 2019).  This Court has specifically granted leave to participate in hearings when *amici* are distinctively positioned to offer valuable insights.  *See, e.g.*, *Friends of Everglades, Inc. v. S. Fla. Water Mgmt. Dist.*, No. 02-80309-CIV-Altonaga/Turnoff, 2005 WL 8160352, at *1–2 (S.D. Fla. Nov. 1, 2005).

That is true here.  *Amicus* Former Attorney General Edwin Meese III has been a leading figure in American law for more than 40 years.  He served eight years in the Administration of President Ronald Reagan, first in the White House as Counselor to the President, then as the seventy-fifth Attorney General of the United States.  He is now the Ronald Reagan Distinguished Fellow Emeritus at the Heritage Foundation.  Attorney General Meese led the United States Department of Justice during the time that Independent Counsels were authorized by statute, and has a distinctive perspective on that position and how it differs from the position of Special Counsel held by Jack Smith.  This Court would benefit from Attorney General Meese's knowledge on Justice Department operations, legal authorities, and longstanding interpretations of the underlying relevant constitutional and statutory sources of the purported appointment authority at issue here.

Similarly, *Amicus* Former Attorney General Michael B. Mukasey served as the eighty-first Attorney General of the United States, serving in the Cabinet of President George W. Bush.  Prior to that, Attorney General Mukasey served as a Judge on the U.S. District Court for the Southern District of New York.  The Independent Counsel Act had expired before his tenure in office.  So the Reno Regulations under which Attorney General Merrick Garland appointed Jack Smith as Special Counsel were also the relevant source of purported authority for such positions during Attorney General Mukasey's time leading the Department of Justice.  This Court would benefit from Attorney General Mukasey's understanding of how the legal authority for appointing prosecutors like Smith under the Reno Regulations differs from the statutory regime in place

during Attorney General Meese's tenure, and what individuals are eligible for appointment as Special Counsel under the current legal regime. Attorney General Mukasey thus has a particularly valuable perspective as to why those sources of authority do not empower Attorney General Garland to specifically appoint Jack Smith to the position of Special Counsel.

For their part, *Amici* Professors Calabresi and Lawson are the most accomplished constitutional scholars on the question at issue in this Motion to Dismiss, ECF No. 326. They have studied the Appointments Clause issue here in greater depth than anyone else in academia to date, and their scholarship on this issue was published by one of the most prestigious legal journals in the Nation, *Notre Dame Law Review*. The research in that article was based in part upon their earlier scholarship found in previously published treatises and law review articles. Justices of the Supreme Court have cited their scholarship as helpful in informing the Court's deliberations. *See, e.g.*, *United States v. Vaello Madero*, 596 U.S. 159, 169 (2022) (Thomas, J., concurring) (citing Professor Calabresi); *id.* at 181, 185 n.1 (Gorsuch, J., concurring) (citing Professor Lawson). This Court would benefit from a detailed discussion answering questions on their scholarship on this issue.

Finally, *Amicus* Citizens United is a 501(c)(4) social welfare organization dedicated to restoring government to the American people through advocating federalism, free enterprise, individual liberty, and limited government. Similarly, *Amicus* Citizens United Foundation is a 501(c)(3) educational and legal organization that promotes those same principles through educating the public. For both organizations, their dedication to the rule of law under the Constitution of the United States has resulted in legal precedents to advance these constitutional principles, most prominently the landmark Supreme Court decision *Citizens United v. FEC*, 558 U.S. 310 (2010).

Lead counsel for *amici curiae*, Gene C. Schaerr, is also well qualified to present this material to assist the Court.  Mr. Schaerr served as law clerk to Chief Justice Warren Burger and Justice Antonin Scalia on the U.S. Supreme Court, later served as Associate Counsel to the President in the White House of President George H.W. Bush, and has argued seven cases before the Supreme Court, in addition to numerous cases in the courts of appeals and district courts.  He has presented versions of this material in *amicus* briefs filed in cases before the U.S. Supreme Court and the U.S. Court of Appeals for the D.C. Circuit.

There is also good reason to believe the Supreme Court will take a keen interest in this Court's resolution of the question to be addressed during the upcoming hearing on President Trump's Motion to Dismiss.  During oral argument at the Supreme Court on April 25, 2024, in President Trump's case arising there from Jack Smith's other prosecution of President Trump, Justice Thomas asked Trump's counsel, "Did you, in this litigation, challenge the appointment of special counsel?" Tr. of Oral Arg. at 33, *Trump v. United States*, No. 23-939 (U.S. Apr. 25, 2024), available at https://tinyurl.com/yn97zz2z.  Trump's counsel responded in relevant part, "We have done so in the Southern District of Florida case, and we totally agree with the analysis provided by Attorney General Meese and Attorney General Mukasey."  *Id.*

Those Attorneys General and their co-*amici* believe that their participation through counsel in the June 21, 2024, hearing would assist this Court in deciding this important question.

## CONCLUSION

For these reasons, *amici* respectfully ask leave to participate in the June 21, 2024, hearing on President Trump's Motion to Dismiss.

## CERTIFICATION OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 88.9(a), undersigned counsel certifies that on May 17, 2024, they conferred via email with counsel for the Government and counsel for Defendants regarding the relief requested in this motion.  Counsel for President Donald J. Trump consents to the filing of the brief, as do Counsel for Co-Defendant Waltine Nauta and Counsel for Co-Defendant Carlos de Oliveira. Counsel acting on behalf of United States take no position on this Motion.

June 3, 2024

Respectfully submitted,

*/s/ Edward H. Trent*
GENE C. SCHAERR *
EDWARD H. TRENT (FSB #957186)
 *Counsel of Record*
JUSTIN A. MILLER **
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
etrent@schaerr-jaffe.com
jmiller@schaerr-jaffe.com

*Counsel for Amici Curiae*

*Admitted *pro hac vice*

**Application for *pro hac vice*
admission forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June, 2024, I caused a true and correct copy of the

foregoing to be served via ECF on all parties and counsel of record in this matter.


*/s/ Edward H. Trent*
Edward H. Trent