# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

### CASE NO. 23-80101-CR-CANNON-REINHART

UNITED STATES OF AMERICA,

        *Plaintiff,*

v.

DONALD J. TRUMP, et al.,

        *Defendants*.

### MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT BY CONSTITUTIONAL LAWYERS, FORMER GOVERNMENT OFFICIALS, AND STATE DEMOCRACY DEFENDERS ACTION AS *AMICI CURIAE* IN OPPOSITION TO DEFENDANT DONALD J. TRUMP'S MOTION TO DISMISS THE INDICTMENT [ECF NO. 326]

The constitutional lawyers and former government officials listed in Exhibit A along with State Democracy Defenders Action respectfully submit this motion for leave to participate in oral argument on June 21, 2024, in opposition to Donald J. Trump's Motion to Dismiss the Indictment Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith [ECF No. 326]. In support, *amici curiae* state as follows:

### Introduction

*Amici curiae* are former prosecutors, elected officials, other government officials, constitutional lawyers, and an organization dedicated to the rule of law who have collectively spent decades defending the Constitution, the interests of the American people, and the rule of law. As such, *amici* have an interest in the proper scope of executive power and the faithful enforcement of criminal laws enacted by Congress. On April 3, 2024, *amici* submitted a brief to explain why the appointment of the Special Counsel is consistent with the Appointments Clause of the Constitution and the statutes Congress has enacted pursuant to that constitutional provision [ECF No. 429]. On May 7, 2024, the Court issued a scheduling order [ECF No. 530] setting a "Non-Evidentiary Hearing on Motion to Dismiss Indictment Based on Unlawful Appointment and

Funding of Special Counsel [ECF No. 326]" on June 21, 2024. The Court further stated that "[a]ny *amici* wishing to present oral argument during this hearing must seek leave of the Court to do so no later than June 3, 2024." *Id.* at 2 n.3.

### Memorandum of Law

1. "While the Federal Rules of Appellate Procedure and the Supreme Court Rules address the filing of *amicus curiae* briefs, the Federal Rules of Civil Procedure contain no provision regarding the involvement of *amici* at the trial court level. However, the district court possesses the inherent authority to appoint *amici* to assist in a proceeding." *Garcia v. Stillman*, Case No. 22-cv-24156-BLOOM/Otazo-Reyes, 2023 U.S. Dist. LEXIS 125406, *2-3 (S.D. Fla. July 20, 2023) (citing *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991)). "'Inasmuch as an *amicus* is not a party and does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus*.'" *Id.* (quoting *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 31 (S.D. Fla. 1988)). This Court has permitted *amicus curiae* participation where a case concerns issues in which the *amicus* is uniquely interested or where *amicus* expertise is positioned to add value to the Court's analysis of the case. *Id.* (citations omitted).

2. On April 3, 2024, *amici* constitutional lawyers, former government officials, and State Democracy Defenders Action filed a motion to file an *amicus* brief supporting the government in opposition to the Motion to Dismiss the Indictment Based on the Unlawful Appointment and Funding of the Special Counsel [ECF No. 429]. The Court granted the motion [ECF No. 430].

3. On May 7, 2024, the Court issued a scheduling order [ECF No. 530] setting a "Non-Evidentiary Hearing on Motion to Dismiss Indictment Based on Unlawful Appointment and Funding of Special Counsel [ECF No. 326]" on June 21, 2024. The Court further stated that "[a]ny *amici* wishing to present oral argument during this hearing must seek leave of the Court to do so no later than June 3, 2024." *Id.* at 2 n.3.

4. On May 31, 2024, *amici* Professor Seth Barrett Tillman and Landmark Legal Foundation filed a motion for leave to participate in the oral argument [ECF No. 590].

5. On June 3, 2024, *amici* Former Attorneys General Edwin Meese III and Michael B. Mukasey, Law Professors Steven Calabresi and Gary Lawson, Citizens United, and Citizens United Foundation filed a motion for leave to participate in the oral argument [ECF No. 598].

6. *Amici* recognize that the participation of an *amicus curiae* in oral argument is uncommon. The Supreme Court permits such participation in that court only "in the most extraordinary circumstances." Sup. Ct. R. 28.7. Accordingly, participation in oral argument by *amici* who are not sovereign entities is exceptionally rare in the Supreme Court. *See* Darcy Covert & Annie J. Wang, *The Loudest Voice at the Supreme Court: The Solicitor General's Dominance of Amicus Oral Argument*, 74 VAND. L. REV. 681, 683 (2021) ("While many litigants file amicus *briefs* at the Court, amicus *oral argument* is a rare occurrence for every litigant except the [Office of the Solicitor General]."). Between 1980 and 2015, the Supreme Court permitted an *amicus curiae* to participate in 1,003 of 4,045 oral arguments. Adam Feldman, *Amicus Oral Argument Participation Over Time*, EMPIRICAL SCOTUS (Jan. 4, 2017), *available at* https://empiricalscotus.com/2017/01/04/amicus-oral-argument/. Of those 1,003 *amicus* arguments, 877 were on behalf of the United States by attorneys with the Office of the Solicitor General. *Id.* Of the remaining 126 *amicus* arguments, 117 were on behalf of other sovereign entities (including states, federal agencies, local governmental entities, and foreign countries). *Id.* In sum, only 9 of the 4,045 (0.222497%) oral arguments in the Supreme Court over that period included participation by a non-sovereign *amicus curiae*.

7. Nonetheless, *amici* believe that the equitable presentation of the arguments and positions before the Court require that they participate in the hearing on June 21, 2024, on the same terms as other *amici curiae* who filed briefs regarding Mr. Trump's Motion to Dismiss.

8. Accordingly, participation by *amici* could assist this Court in reaching its decision. *Amici* draw on their many decades of experience to address the following issues in their brief: (1) whether Special Counsel Smith is an inferior officer whose appointment Congress may vest in the Attorney General, and (2) whether Congress authorized the Attorney General to appoint the Special Counsel. Participation in oral argument could further assist this Court in evaluating the arguments as they are further developed by other *amici* who participate in oral argument.

9. Lead counsel for *amici curiae*, Matthew Seligman, is well-qualified to present this material to assist the Court. He clerked for the Honorable Douglas H. Ginsburg of the United States Court of Appeals for the District of Columbia Circuit. He has filed dozens of briefs in the Supreme Court of the United States, the courts of appeals, and numerous district courts.

## **Conclusion**

For these reasons, *amici curiae* respectfully ask leave of this Court to participate in the June 21, 2024, hearing on Donald J. Trump's Motion to Dismiss the Indictment Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith.

## LOCAL RULE 7.1 CERTIFICATION OF GOOD-FAITH CONFERRAL

In accordance with Local Rule 7.1(a)(3), S.D. Fla. L.R., undersigned counsel hereby certifies that he has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issue raised in the motion. Counsel for the government indicated that they take no position on the motion. Counsel for Defendant Donald J. Trump has not indicated his position on the motion. Undersigned counsel has made reasonable efforts to confer by sending his counsel an e-mail and leaving a voicemail for co-counsel Todd Blanche. Counsel for Co-Defendant Carlos De Oliveira indicated he takes no position on the motion. Counsel for Co-Defendant Waltine Nauta has not indicated his position on the motion. Undersigned counsel has made reasonable efforts to confer by sending his counsel an e-mail and speaking to co-counsel Sasha Dadan on the telephone.

June 3, 2024                                                Respectfully submitted,

By: /s/ *Matthew A. Seligman*

MATTHEW A. SELIGMAN
STRIS & MAHER LLP
777 S Figueroa St, Suite 3850
Los Angeles, CA 90017
(213) 995-6873
mseligman@stris.com

CRISTINA ALONSO
FLORIDA BAR NO. 327580
ALONSO APPEALS
15757 Pines Boulevard, Suite 222
Pembroke Pines, FL 33027
(954) 667-8675
alonso@alonsoappeals.com

*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June, 2024, I electronically filed or caused to be filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day via transmission of a Notice of Electronic Filing generated by CM/ECF on all parties and counsel of record.

By: */s/ Cristina Alonso*
CRISTINA ALONSO
ALONSO APPEALS
15757 Pines Boulevard, Suite 222
Pembroke Pines, FL 33027
(954) 667-8675
alonso@alonsoappeals.com