UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

UNITED STATES OF AMERICA,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

         **Defendants.**
_____/

### NOTICE TO JOIN AND ADOPT

Defendant Waltine Nauta, by and through the undersigned counsel and pursuant to Rule 2 of the Federal Rules of Criminal Procedure, hereby respectfully requests this Court take notice of his joining and adopting former President Donald J. Trump's Motion to Dismiss the Superseding Indictment Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith (Feb. 22, 2024) (ECF No. 326) ("Motion"), as well as former President Trump's Reply Memorandum in Support thereof (Mar. 24, 2024) (ECF No. 414);[1] Brief of *Amicus Curiae* former Attorneys General Edwin Meese III and Michael B. Mukasey,[2] Professors of Law Steven Calabresi and Gary Lawson, Citizens United, and Citizens United Foundation (Mar. 5, 2024) (ECF No. 364)

---

[1] On March 7, 2024, the Special Counsel's Office filed a memorandum in opposition. (ECF No. 374). In addition, on April 3, 2024, a group of constitutional lawyers and former government officials sought leave to file a brief of *amicus curiae* in support of the opposing memorandum of the Special Counsel's Office. (ECF No. 429) (identifying *amici* in Exhibit B) ("Opp'n *Amici* Brief"). The Court granted leave for the brief to be docketed the same day. Paperless Order (Apr. 3, 2024) (ECF No. 430). On June 3, 2024, *amici* sought leave to participate in oral argument, Mot. (ECF No. 601), which the Court granted on June 4, 2024. Paperless Order (ECF No. 604).

[2] Attorney General Mukasey sought leave to join the brief on May 28, 2024 (ECF No. 586), which the Court granted the next day. Paperless Order (May 29, 2024) (ECF No. 587).

("Meese *Amici* Brief");[3] and Brief of *Amicus Curiae* Professor Seth Barrett Tillman and Landmark Legal Foundation (Mar. 21, 2024) (ECF No. 410) ("Tillman *Amici* Brief").[4]

Absent certain exceptions, the law-of-the-case doctrine generally provides that, "courts are 'bound by findings of fact and conclusions of law' previously made in the same case . . . .'" *Rodriguez v. United States*, No. 17-CR-157, 2020 U.S. Dist. LEXIS 73450, at *11-12 (N.D. Ga. Feb. 28, 2020) (citations omitted). *See also United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) ("[B]oth the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." (citing *United States v. Robinson,* 690 F.2d 869 (11th Cir. 1982)). Accordingly and as a general matter, the "'law of the case' doctrine generally refer to it as applying to decisions made by a court of appeals in a prior appeal of the same case." *United States v. Williams*, 728 F.2d 1402, 1406 (11th Cir. 1984) (citing *Robinson*, 690 F.2d at 872.). Although, "[t]here is some question as to whether the law of the case doctrine applies to conclusions of the trial court," *Stinson*, 97 F.3d at 469, but this Circuit has previously noted that, "the doctrine is flexible . . . as long as the case remains within the jurisdiction of the district court." *Williams*, 728 F.2d at 1406.

---

[3] On March 6, 2024, the Court granted leave for this *amicus* brief to be docketed. Paperless Order (ECF No. 367). On March 15, 2024, the Special Counsel's Office filed a brief in opposition. (ECF No. 405). On June 3, 2024, *amici* sought leave to participate in oral argument, Mot. (ECF No. 598), which this Court granted on June 4, 2024. Paperless Order (ECF No. 604).

[4] On March 21, 2024, the Court granted leave for this *Amicus* brief to be docketed. Paperless Order (ECF No. 411). On April 4, 2024, the Special Counsel's Office filed a brief in opposition. (ECF No. 432). On May 31, 2024, *amici* sought leave to participate in oral argument, Mot. (ECF No. 590), which this Court granted on June 4, 2024. Paperless Order (ECF No. 604).

At bottom, former President Trump and *amici* argue the appointment of Special Counsel Jack Smith was unconstitutional insofar as Smith is a "principal officer," whose appointment must come from the President alone with the advice and consent of the Senate. U.S. Const. art. II, § 2, cl. 2. Mot. at 2 (Feb. 22, 2024) (ECF No. 326); Meese *Amici* Brief at 13 (Mar. 5, 2024) (ECF No. 364). Nor is the dismissive pejorative of the Special Counsel's Office persuasive. *See* Opp'n at 7 n.1 (Mar. 7, 2024) (ECF No. 374). Contrary to the claim of the Special Counsel's Office and opposing *amici* that Special Counsel Smith is subject to the oversight of the Attorney General, *id.*; Opp'n *Amici* Brief at 17 (Apr. 3, 2024) (ECF No. 429), "the Special Counsel maintains a studied 'independence' from the Department of Justice, the Attorney General, and the President." *In re the Info. Stored at Premises Controlled By Twitter, Inc.*, No. 23-5044 at 10-11 n.3 (D.C. Cir. Jan. 16, 2024) (citing Press Release No. 22-1238, U.S. Dep't of Justice, Statement of Special Counsel Jack Smith (Nov. 18, 2022) (stating, "I intend to conduct the assigned investigations, and any prosecutions that may result from them, independently"); Press Release No. 22-1237, U.S. Dep't of Justice, Appointment of a Special Counsel (Nov. 18, 2022) ("[T]he Special Counsel will not be subject to the day-today supervision of any [DOJ] official."). And even if the statutory provisions cited by Reno Regulations were applicable, *see Office of Special Counsel*, 64 Fed. Reg. 37,038 (July 9, 1999) (codified at 28 C.F.R. §§ 600.1–600.10),[5] the Special Counsel's Office purported authority regarding the appointment of a special counsel by the Attorney General was neither nominated by the President nor confirmed with the advice and consent of the Senate. *See* Reply at 3 (Mar. 24, 2024) (ECF No. 414); Meese *Amici* Brief at 13-16 (March 5, 2024) (ECF No. 364). Alternatively, the appointment of Special Counsel Jack Smith,

---

[5] Notably, the Reno Regulations were never renewed. *See generally* Reply at 4-6 (Mar. 24, 2024) (ECF No. 414). *See also id.* at 5 ("[I]t seems appropriate that such personnel are called Special Counsels, since their designation as 'independent' counsels might be considered somewhat of a misnomer.") (citing CRS, RL31246, Independent Counsel Law Expiration and the Appointment of "Special Counsels" (Jan. 15, 2022)).

and the Reno Regulations pursuant to which he was appointed, violate the Appropriations Clause. Mot. at 9-12 (Feb. 22, 2024) (ECF No. 326); Reply at 6-9 (March 24, 2024) (ECF No. 414).

Accordingly, should the Court grant former President Trump's Motion, (Feb. 22, 2024) (ECF No. 326), the law-of-the-case doctrine requires this action be dismissed as against Mr. Nauta as well. *See Stinson*, 97 F.3d at 469.

Date: June 10, 2024

Respectfully submitted,

*s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (*pro hac vice*)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, D.C. 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

*s/ Sasha Dadan*
Sasha Dadan, Esq. (Fla. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 (telephone)
772.264.5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2024, I electronically submitted the foregoing via CM/ECF, to counsel of record.

*s/ Sasha Dadan*