UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

vs.

DONALD J. TRUMP, *et al.*,

Defendants.

Case No. 23-80101-CR
CANNON/REINHART

**PRESIDENT DONALD J. TRUMP'S SUPPLEMENTAL SUBMISSION IN FURTHER SUPPORT OF MOTION TO DISMISS UNDER THE APPROPRIATIONS CLAUSE**

President Donald J. Trump respectfully submits this supplemental brief in response to the Court's May 29, 2024 Order, ECF No. 588, soliciting supplemental briefing regarding the Supreme Court's decision in *CFPB v. Community Financial Services Association of America, Ltd.*, 601 U.S. 416 (2024).

*CFPB* further supports President Trump's motion to dismiss. First, under *CFPB*, DOJ's permanent indefinite appropriation is not available to fund Jack Smith's election-interference mission because the designated purpose of the appropriation does not encompass Smith's politically-motivated work. Second, although *CFPB* rejected the Association Respondents' separation-of-powers argument under the Appropriations Clause, the Supreme Court's analysis of that issue does not apply in the context of a motion brought by a criminal defendant with important constitutional rights that must be protected. Third, President Trump agrees with Your Honor's suggestion that the threshold issues in President Trump's motions based on the Appointments and Appropriations Clauses are purely legal questions. However, the argument by the Special Counsel's Office that DOJ "could have drawn on other appropriations" to fund Smith's Office

-1-

would require the Court to make fact findings supported by evidence from DOJ or the Special Counsel's Office if the Court found it necessary to reach that issue.

### I. The *CFPB* Decision Supports Dismissal

In *CFPB*, the Supreme Court held that the Appropriations Clause requires "a law that authorizes expenditures from a *specified source* of public money for *designated purposes*." 601 U.S. at 424 (emphasis added). Under that analysis, the question is whether the text of the pertinent law "contains the requisite features of a congressional appropriation." *Id.* at 435.

For purposes of President Trump's motion, the pertinent statutory text is the permanent indefinite appropriation that DOJ is using to fund sprawling politically motivated lawfare by the Special Counsel's Office:

> Provided further, That of the funds appropriated to the Department of Justice in this Act, not to exceed $1,000,000 may be transferred to this appropriation to pay expenses related to the activities of any <u>Independent Counsel appointed pursuant to 28 U.S.C. 591, et seq.</u>, upon notification by the Attorney General to the Committees on Appropriations of the House of Representatives and the Senate and approval under said Committees' policies concerning the reprogramming of funds: Provided further, "28 USC 591 note" That a permanent indefinite appropriation is established within the Department of Justice to pay all necessary expenses of investigations and prosecutions by <u>independent counsel appointed pursuant to</u> the provisions of 28 U.S.C. 591 et seq. or <u>other law</u>.

DOJ Appropriations Act, 1988, Pub. L. No. 100-202, 101 Stat. 1329 (Dec. 22, 1987) (emphasis added); *see also* ECF No. 326 at 13 n.9. Because there are no more Independent Counsel appointed pursuant to the lapsed Independent Counsel Act, President Trump's motion requires analysis of two phrases from this appropriation: "other law" and lower-case "independent counsel."

For the reasons set forth in President Trump's motion to dismiss based on the Appointments Clause, DOJ's permanent indefinite appropriation is not available to Jack Smith because he was not lawfully appointed pursuant to "other law." *See* ECF No. 326 at 5-8; *see also* Meese Amicus, ECF No. 364-1 at 12-19. The appropriation "specifies the objects for which [DOJ]

can use those funds." *CFPB*, 601 U.S. at 435. Smith's election-interference mission is not one of them. Thus, Smith's appointment does not satisfy the first textual requirement for accessing the funding at issue.

The fact that Smith is not an "independent counsel" under the permanent indefinite appropriation serves as a second, alternative basis to grant President Trump's motion. In this regard, the Special Counsel's Office is seeking to have it both ways by emphasizing the Attorney General's control over Smith for purposes of President Trump's Appointments Clause challenge, while eliding those authorities to support a flawed independence argument for purposes of the Appropriations Clause. Specifically, under the Appointments Clause, the Office argues that Smith is "subject to direction and supervision by a presidentially appointed and Senate-confirmed officer," *i.e.*, the Attorney General. ECF No. 405 at 4. The Office summarized the Attorney General's control as follows before devoting over a page to explaining it:

> [T]he Attorney General supervises the Special Counsel's work, may remove him from office, and may review and countermand his decisions. And, as an additional means of exercising control, the Attorney General can rescind the regulation at any time, or amend the appointment order, and exercise direct statutory supervision over the Special Counsel.

*Id.* at 6.

In another opposition brief, the Special Counsel's Office quoted the Final Rule from the Reno Regulations regarding the "'balance between independence and accountability in certain sensitive investigations.'" ECF No. 374 at 2 (quoting Office of Special Counsel, 64 Fed. Reg. at 37,038). The Final Rule confirms that the Reno Regulations eschewed what the Office describes as "significant statutory freedom from Department of Justice supervision" under the since-lapsed Independent Counsel Act. *Id.* Under the Reno Regulations, which are explicitly cited in the order appointing Smith, "ultimate responsibility for the matter and how it is handled will continue to rest with the Attorney General . . .; thus, the regulations explicitly acknowledge the possibility of

review of specific decisions reached by the Special Counsel." 64 Fed. Reg. at 37,038. Put simply, the Office has touted Smith's lack of independence in response to the Appointments Clause challenge.

For purposes of the Appropriations Clause challenge, on the other hand, the Special Counsel's Office contends that Smith is "independent" and ignores the import of the Attorney General's "ultimate responsibility" for Jack Smith's work under the Reno Regulations. 64 Fed. Reg. at 37,038. Instead, the Office resorts to *Black's Law Dictionary* and contends that "independent counsel" are simply attorneys expected to "provide an unbiased opinion" or "conduct an impartial investigation." ECF No. 374 at 17. In an ideal world, those are hardly distinctive features for any attorney empowered to act on behalf of the U.S. government in any capacity. Prior to Smith's appointment and his politically-motivated lawfare campaign, most people would have expected DOJ attorneys and "independent counsel" alike to behave in that fashion. Thus, if the Office is correct that an expectation of "unbiased" and "impartial" behavior is all that the term "independent counsel" requires, DOJ's permanent indefinite appropriation lacks the "designated purpose[]" that the Appropriations Clause requires under *CFPB*. Indeed, under the Office's argument, the limiting phrase in the permanent indefinite appropriation would be devoid of any content—"independent" would simply mean "ethically oriented," as required by most State bars—which is a statutory instruction that is to be avoided under well-settled law. *See, e.g.*, *Washington Market Co. v. Hoffman*, 101 U.S. 112, 115 (1879) ("It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word.").

Contrary to the gamesmanship by the Special Counsel's Office, the term "independent" in DOJ's permanent indefinite appropriation should be interpreted in accordance with its plain meeting, which is entirely inconsistent with the Attorney General oversight of Smith mandated by

-4-

the Reno Regulations.  The GAO's analysis of Patrick Fitzgerald's funding made that clear.  *See* GAO, Special Counsel and Permanent Indefinite Appropriation, B302582, 2004 WL 2213560 (Comp. Gen. Sept. 30, 2004).  Fitzgerald's authority was "independent of the control of any officer of the Department."  *Id.* at *1.  In reaching that conclusion, the GAO looked for "indicia of independence."  *Id.* at *3.  Chief among those indicia, and in contrast to Smith, Fitzgerald operated under the "express exclusion . . . from the application" of the Reno Regulations, and the GAO found that he "need not follow the Department's practices and procedures."  *Id.*  Accordingly, because Smith was not appointed pursuant to "other law," and because he is not "independent," DOJ's funding mechanism via the permanent indefinite appropriation violates the Appropriations Clause reasoning in *CFPB*.

Finally, the separation-of-powers analysis in *CFPB* does no violence to President Trump's reliance on that doctrine.  In *CFPB*, the Court focused on the fact that "the Appropriations Clause presupposes Congress' powers over the purse," and the Respondent Associations "offer[ed] no defensible argument that the Appropriations Clause requires more than a law that authorizes the disbursement of specified funds for identified purposes."  601 U.S. at 438.  Here, President Trump's argument is that DOJ expressly promised Congress that, after the lapse of the Independent Counsel Act, attorneys acting as lower-case "independent counsel" "would be . . . part of the Department's budget."  ECF No. 326 at 11 (quoting 1999 Independent Counsel Hearing at 102).  As set forth in our opening brief, Congress chose not to renew or reinvent the Independent Counsel Act based in part on that representation, and DOJ itself created the separation-of-powers problem by failing to make good on its assurance at the hearing.  *See id.* at 11-12.

## II. Factual Development May Be Warranted

In response to Your Honor's second inquiry, President Trump agrees that the motions to dismiss based on the Appointments and Appropriations Clauses should not require factual development because the defense arguments raise legal questions. *See* ECF No. 588. Under either Clause, the legal questions presented require dismissal.

However, in response to President Trump's motion based on the Appropriations Clause, the Special Counsel's Office has contended that DOJ "could have drawn on other appropriations" to fund Smith's work. ECF No. 374 at 23. Contrary to the Office's claim, we very much dispute that point. *See id.* at 22. The Court should reject the series of attenuated "*Cf.*" cites and inapposite authorities that the Office has relied upon in a failed effort to suggest that President Trump has not been injured by the fact that the Attorney General unleashed Smith as a Biden campaign surrogate to try to harm President Trump's campaign by any means necessary. It is unlikely, at best, that there is any source of funding at DOJ that could have funded the sprawling, politically-motivated activities that Smith has undertaken as if President Biden handed him a blank check. As we have noted, and as with any government agency, the realities of bureaucratic resource limitations have constrained DOJ's work in the past. *See* ECF No. 414 at 9. Therefore, to the extent the Court reaches this issue, DOJ and the Office should be required to substantiate their position regarding alternative funding sources at an evidentiary hearing.

Dated: June 11, 2024                    Respectfully submitted,

*/s/ Todd Blanche / Emil Bove*
Todd Blanche (PHV)
toddblanche@blanchelaw.com
Emil Bove (PHV)
emil.bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250


*/s/ Christopher M. Kise*
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

## CERTIFICATE OF SERVICE

I, Christopher M. Kise, certify that on June 11, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise