# EXHIBIT A



**Office of the Attorney General**
**Washington, D. C. 20530**

June 24, 2024

MEMORANDUM FOR ALL DEPARTMENT EMPLOYEES

FROM:   THE ATTORNEY GENERAL

SUBJECT:   ELECTION YEAR SENSITIVITIES

Department of Justice employees are entrusted with the authority to enforce the laws of the United States and with the responsibility to do so in a neutral and impartial manner. This is particularly important in an election year. Now that the 2024 election season is upon us, and as in prior election cycles, I am issuing this memorandum to remind you of the Department's existing policies with respect to political activities.

I.   **STATEMENTS, INVESTIGATIONS, AND CHARGING NEAR AN ELECTION**

The Department of Justice has a strong interest in the prosecution of election-related crimes, such as those involving federal and state campaign finance laws, federal patronage laws, and corruption of the election process. As Department employees, however, we must be particularly sensitive to safeguarding the Department's reputation for fairness, neutrality, and non-partisanship.

Simply put, partisan politics must play no role in the decisions of federal investigators or prosecutors regarding any investigations or criminal charges. Law enforcement officers and prosecutors may never select the timing of public statements (attributed or not), investigative steps, criminal charges, or any other action in any matter or case for the purpose of affecting any election, or for the purpose of giving an advantage or disadvantage to any candidate or political party. Such a purpose, or the appearance of such a purpose, is inconsistent with the Department's mission and with the Principles of Federal Prosecution.  *See* JM § 9-27.260 – Initiating and Declining Charges – Impermissible Considerations; JM § 9-85.500 – Actions that May Have an Impact on an Election.

If you face an issue, or the appearance of an issue, regarding the timing of statements, investigative steps, charges, or other actions near the time of a primary or general election, contact the Public Integrity Section of the Criminal Division ("PIN") for further guidance. Such consultation is also required at various stages of all criminal matters that focus on violations of federal and state campaign-finance laws, federal patronage crimes, and corruption of the election process. More detailed guidance is available in Sections 1-4 and 9-85 of the Justice Manual at https://www.justice.gov/jm/justice-manual.

Memorandum for All Department Employees
Subject: Election Year Sensitivities                                                                                                  Page 2

Finally, Department employees must also adhere to the additional requirements issued by the Attorney General on February 5, 2020, governing the opening of criminal and counterintelligence investigations by the Department, including its law enforcement agencies, related to politically sensitive individuals and entities. *See* Memorandum of Attorney General William Barr, Additional Requirements for the Opening of Certain Sensitive Investigations, February 5, 2020 ("February 2020 AG Memorandum"). Any questions regarding the scope or requirements of the February 2020 AG Memorandum should be directed to PIN.

## II.     HATCH ACT

As you are aware, the Hatch Act generally prohibits Department employees from engaging in partisan political activity while on duty, in a federal facility, or using federal property. Please note that this prohibition includes using the Internet at work for any political activities. The Act also prohibits us from using our authority for the purpose of affecting election results; soliciting (or discouraging) political participation; soliciting, accepting, or receiving political contributions; and generally from running as a candidate in a partisan election.

In addition to restrictions on what Department employees may and may not do while on duty, while using government property, and in off-duty activities, certain employees are further restricted from engaging in certain political activity even while not on duty. The degree to which an employee is restricted in his/her off duty activities depends on his/her position, with further restrictions applying to members of the career SES, administrative law judges, Criminal Investigators and Explosives Enforcement Officers of the Bureau of Alcohol, Tobacco and Firearms, non-career appointees in the Department, and employees of the Criminal Division, National Security Division, and the Federal Bureau of Investigation. If you are unclear on these restrictions or the classification of your position, please consult with your component's designated ethics official about the limits of permissible activity prior to engaging in any political activity. You can also visit the Justice Management Division's Ethics page at www.justice.gov/jmd/political-activities for more detailed information, which includes the most recent guidance issued by the Assistant Attorney General for Administration and links to memoranda issued to both career employees and non-career appointees dated August 30, 2022.

It is critical that each of us complies with the Hatch Act and the principles set out in this memorandum to ensure that the public retains its confidence that we are adhering to our responsibility to administer justice in a neutral manner. The Department's reputation for fairness and impartiality depends upon it.