# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Case No. 23-cr-80101- CANNON** |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| WALTINE NAUTA, and | ) | |
| CARLOS DE OLIVEIRA, | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANTS' MOTION FOR FURTHER STAY IN LIGHT OF ONGOING APPELLATE PROCEEDINGS

Stanley E. Woodward, Jr.
BRAND WOODWARD LAW, LP

Richard C. Klugh
KLUGH WILSON, LLC

*Counsel for Defendant*
*Waltine Nauta*

John S. Irving, IV
E&W LAW, LLC

Larry Donald Murrell, Jr.
L.D. MURRELL, P.A.

*Counsel for Defendant*
*Carlos De Oliveira*

Defendants, through undersigned counsel, hereby move for an order further providing that the Court's January 7, 2025 Order (DE:682), maintaining the status quo pending the resolution of proceedings on a separate appellate motion for emergency relief, continues in effect pending resolution of all appellate matters arising from such appellate litigation. Alternatively, Defendants request that this Court extend its present status quo order to such time as this Court resolves the Defendants' pending emergency request for injunctive relief. Defendants state the following grounds in support of this motion:

1. This Court on January 7, 2025, entered an order temporarily restraining Attorney General Garland, the Department of Justice, Special Counsel Smith, all of their officers, agents, and employees, and all persons acting in active concert or participation with such individuals from (a) releasing, sharing, or transmitting the Final Report or any drafts of such Report outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in the Final Report or in drafts thereof. DE:682 at 2.

2. This Court ordered that the stay would remain in effect until three (3) days after resolution by the Eleventh Circuit of a separate appellate motion for injunction, unless the Eleventh Circuit were to rule that the stay should not continue. *Id*.

3. In its response to the appellate emergency motion for relief that was filed in the government's pending direct appeal as to these Defendants in the Eleventh Circuit, the government proposed releasing Volume I of the Final Report[1] to the public, and Volume II of the Final Report, which contains confidential information regarding this pending

---

[1] The Government has not provided the defense with even limited access to Volume I of the Report. Court review of *both* Volumes is warranted in case. Volume I contains information that bears on this pending criminal case.

1

criminal matter, to the chairmen and ranking members of the House and Senate Judiciary Committees, subject to redactions *determined only by the Department of Justice*, without any court process by which the Defendants could lodge objections to: release of certain portions of the Report; the conditions under which the Report was released; and whether any version of the Report could be released in light of the unconstitutional nature of the Special Counsel appointment and the still-pending nature of the criminal case.

4. Defendants argued in reply as to the appellate motion that the dispute over release of the Final Report, and particularly the Government's proposed specialized release to Congress, has raised inherently fact-bound questions properly resolved by this Court, particularly because this Court will preside over any criminal trial in this matter and this Court has previously presided over significant related litigation addressing privilege, suppression, grand jury materials, discovery disclosure, protective orders, and admissibility of evidence at trial.  The Government's proposed course of action presents factual disputes including, but not limited to: whether the Special Counsel's investigation has, in fact, "concluded" and thereby triggered the notice requirement of 28 C.F.R. § 600.9(a)(3); the likelihood of public disclosure if the Report is shared with Congress; the appropriate level of redaction if the Report is shared; whether members of Congress who view the Report may say anything about the case or the Report publicly; whether members of Congress may disclose to their staff the contents of the Report or their reactions thereto; whether the Defendants are still bound by any protective order if the dissemination results in the Defendants' being tried in the court of public opinion; and whether there is any recourse if confidentiality is violated.

5. Indeed, as Defendants also pointed out in their Eleventh Circuit briefing, neither this Court nor the Executive Branch can bind Congress. Once the Report is disclosed to Congress, this Court will effectively lose its ability to control the flow of information related to privileged and confidential matters in a criminal proceeding. That makes delaying the issuance of the Final Report until this matter is resolved essential, as there will be no way to put the proverbial cat back into the bag after the Final Report is shared with Congress, and no way to control congressional speech regarding the pending criminal case.

6. The Eleventh Circuit on January 9, 2025, issued an order denying the Defendants' appellate request for injunctive relief *by that court*, and stated its reasoning as follows: "To the extent that Appellant [the Government] seeks relief from the district court's January 7, 2025, order temporarily enjoining Appellant, Appellant may file a notice of appeal from that order." App. Doc. 100-2. By so stating, the Eleventh Circuit clearly signaled that it views the questions raised by this dispute as properly before this Court in the first instance, and falling well within this Court's jurisdiction to enforce its own orders. The Government literally asked the Eleventh Circuit to vacate the January 7, 2025 Order, and the Eleventh Circuit refused to do so. For practical purposes, Defendants argument in the Eleventh Circuit that the matter belongs initially in this Court *prevailed*, notwithstanding the Government's mischaracterization of the Eleventh Circuit's Order. Indeed, Defendants argued in the Eleventh Circuit that this Court had jurisdiction over the emergency request for relief, and that this matter was properly left to the sound discretion of this Court. *See United States v. Ellsworth*, 814 F.3d 613, 614 (11th Cir. 1987). *See* Defendant's Reply Memorandum, Doc. 93 at 8-9.

3

The Eleventh Circuit's order is thus fairly read as denying the emergency relief because, as in *Ellsworth*, in its view it had "no jurisdiction to rule on its merits" of a question "which must be directed to the district court." *Ellsworth*, 814 F.2d at 614.

7. Because the Eleventh Circuit resolved Defendants' Emergency Motion, the clock on this Court's January 7, 2025, Order has begun to run. The temporary enjoinment imposed by this Court is set to expire on and the end of the day on Monday, January 13, 2025, pursuant Fed. R. Crim. Proc. 45(a).

8. Since the Eleventh Circuit's order was issued, the Government has filed an improper appeal of the temporary status quo order imposed by this Court, while recognizing in a notice filed with the Eleventh Circuit that appellate jurisdiction may be lacking. *See* App. Doc. 101 at 2 n. 1.

9. The Government has also filed a purported "notice" in the Eleventh Circuit on January 10, 2025, seeking relief in the nature of a motion requesting rehearing of the resolution of the appellate request for injunctive relief (albeit without complying with motion or rehearing rules). The Government's request for rehearing and the Government's notice of appeal reveal that the Government too reads the Eleventh Circuit's denial order as leaving the factual questions to this Court.

10. Defendants therefore request that this Court extend the temporary restraining order to allow this Court to order briefing on and to hold a hearing and to rule on the merits of Defendants' pending emergency request for injunctive relief, the motion for intervention, and any response by the Government. This Court presides over the criminal matter and is best suited to resolve the questions presented by Defendants' request for injunctive relief. Though an appeal of the Court's current Order is pending,

4

the questions presented by the emergency motion do not bear on the merits of the appeal—rather, the core issues are whether the Special Counsel actions in preparing the Final Report violated this Court's Order of Dismissal (from which no stay has been sought); whether that precludes the Attorney General from releasing the report to Congress; and whether confidential information (including privileged material, grand jury material, and other evidence in a criminal case) is permissibly released to Congress while this case is still pending.

11. Extension of the temporary enjoinment is warranted based on the Government's attempts to extend litigation in the Eleventh Circuit. Extension of the temporary stay is also warranted to allow this Court to hold a hearing and to rule on the emergency motion filed in this Court.

12. Based on the Eleventh Circuit's ruling, Defendants ask this Court to extend the stay, to give it time to hold a hearing and to rule on the defense request for injunctive relief.

13. Extension of the stay is essential to protect due process interests. Press reporting on the Eleventh Circuit's Order has already misreported the contents of that order, *see, e.g.,* Sareen Habeshian, *Smith's Final Report on Trump Cases Can Be Released, Appeals Court Says*, Axios.com (January 9, 2025), available at https://www.axios.com/2025/01/10/trump-appeals-court-jack-smith-report (last accessed January 10, 2025). If there is already a flow of misinformation about the propriety of release of report, it is certainly reasonable to expect a flow of misinformation if the Report is released to Congress. And that flow of information will violate Defendants' due process rights to a fair trial. This Court should thus act to preserve the status quo, and to ensure that *any* release of *any* information related to a

5

pending criminal trial—if it is permissible in the first instance—is only done pursuant to an orderly court process. The government's hailstorm of frantic filings seeks to release this Report as soon as possible, at any cost to the individual due process interests of these criminal defendants. But that approach risks lengthening and complicating judicial process by raising the substantial possibility that Defendants are back before this Court following an impermissible leak of material. Once highly privileged and highly confidential information enters the public domain—as a result of the politically motivated eleventh-hour haste of the Executive Branch and the disqualified Special Counsel—it will be impossible to cure the constitutional rights violation that results. This Court should therefore take steps to ensure an orderly process in the face of the Executive Branch and the unauthorized Special Counsel doing everything it can to disrupt order, disrupt process, and divert from this Court the responsibility to oversee the criminal trial.

WHEREFORE, Defendants Waltine Nauta and Carlos De Oliveira ask this Court to extend its temporary enjoinment restraining the DOJ from distributing, sharing or otherwise disclosing the Report until and at which time this Court has ruled on Defendants' request for injunctive relief.

Dated: January 10, 2025          Respectfully submitted:

| | |
|---|---|
| /s/ Stanley E. Woodward, Jr. | /s/ John S. Irving, IV |
| Stanley E. Woodward, Jr. (pro hac vice) | John S. Irving, IV (pro hac vice) |
| BRAND WOODWARD LAW, LP | E&W LAW, LLC |
| 400 Fifth Street NW, Ste 350 | 1455 Pennsylvania Ave NW, Ste 400 |
| Washington, DC 20001 | Washington, DC 20004 |
| (202) 996-7447 (telephone) | (301) 807-5670 (telephone) |
| stanley@brandwoodwardlaw.com | john.irving@earthandwatergroup.com |
| | |
| /s/ Richard C. Klugh | /s/ Larry Donald Murrell, Jr. |
| Richard C. Klugh | Larry Donald Murrell, Jr. |
| Fla. Bar No. 305294 | Fla. Bar No. 326641 |
| KLUGH WILSON, LLC | L.D. MURRELL, P.A. |
| 40 N.W. 3rd Street, PH1 | 400 Executive Center Drive, Ste 201 |
| Miami, FL 33128 | West Palm Beach, FL 33401 |
| (305) 536-1191 (telephone) | (561) 686-2700 (telephone) |
| klughlaw@gmail.com | ldmpa@bellsouth.net |
| | |
| *Counsel for Defendant Waltine Nauta* | *Counsel for Defendant Carlos De Oliveira* |