UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA,**

    Defendants.
_____/

**ORDER DENYING EMERGENCY MOTION AS TO VOLUME I OF SPECIAL COUNSEL'S REPORT; RESERVING RULING ON VOLUME II; SETTING HEARING ON UNITED STATES' REQUEST TO RELEASE VOLUME II; AND TEMPORARILY ENJOINING RELEASE OF VOLUME II PENDING RESOLUTION OF EMERGENCY MOTION AS TO VOLUME II**

**THIS CAUSE** comes before the Court upon the "Emergency Motion to Preclude the Government From Issuing a Purported Special Counsel Report Contravening This Court's Dismissal Order and Prejudicing Defendants' Pretrial Rights; and Defendants' Request for a Hearing on the Motion" ("Emergency Motion"), filed by Defendants Nauta and De Oliveira on January 6, 2025 [ECF No. 679]. The Emergency Motion seeks to enjoin release of the entirety of Special Counsel Smith's Final Report. As described by the United States in subsequent filings, Volume I of the Final Report concerns the "Election Interference Case" as to President-Elect Trump in the District Court for the District of Columbia, and Volume II concerns this case, the so-called "Classified Documents Case," which is the subject of a pending appeal of the Court's Order Granting Defendants' Motion to Dismiss Superseding Indictment Based on Appointments Clause Violation [ECF Nos. 672, 692]. The United States opposes any restriction on the release of Volume I; agrees that Volume II should not be released to the public because it concerns the continuing legal rights of Defendants Nauta and De Oliveira in this criminal proceeding; but

nevertheless seeks permission to make a limited release of Volume II to specified members of Congress, citing generalized congressional interest [ECF Nos. 692, 693].[1]

\*\*\*

Upon review of the Emergency Motion, it is **ORDERED AND ADJUDGED** as follows:

1. The Emergency Motion is **DENIED** as to Volume I.  The United States represents that it "believes that nothing in Volume One of the Final Report . . . directly or indirectly refers, relies, or bears in any respect upon any evidence or argument relevant to any of the charges alleged against Defendants Nauta and De Oliveira in this case" [ECF No. 692 pp. 1–2].  The United States further indicates in the same filing, and reiterates in a sealed addendum (portions of which are properly revealed herein), that Volume I makes two generalized references to this criminal case, but "[w]ithout referencing Defendants Nauta or De Oliveira, any conduct by them, any evidence against them, or the charges against them" [ECF No. 692 p. 2; *see* ECF No. 680 (affirming that only "[o]ne volume of the report pertains to this case"); 11th Cir. Appeal No. 24-12311 (Doc. 90 at 14) (describing Volume I as "unrelated" to this case)].  "Other than these two references," the United States adds, "there are no other references to the Classified Documents Case in Volume One of the Final Report" [ECF No. 693 p. 2].  Based on these representations, the Court sees an insufficient basis to grant emergency injunctive relief as to Volume I.  The Court's Order Granting Defendants' Motion to Dismiss Superseding Indictment Based on Appointments Clause Violation is "confined to this proceeding" [ECF No. 672 p. 1], and hence this

---

[1] In a letter submitted by the United States to this Court, Special Counsel Smith states as follows: "Because Volume Two discusses the conduct of Mr. Trump's alleged co-conspirators in the Classified Documents Case, Waltine Nauta and Carlos De Oliveira, consistent with Department policy, Volume Two should not be publicly released while their case remains pending" [ECF No. 693-1 p. 5].

Court's authority to enforce its own orders is similarly confined to this proceeding and to the remaining defendants in this proceeding.[2]

2. The Emergency Motion as to Volume II presents contested factual and legal issues that must be resolved in an orderly, expedited basis, following full briefing and a hearing.[3]  All parties agree that Volume II expressly and directly concerns this criminal proceeding.  All parties also appear to agree that public release of Volume II would be inconsistent with the fair trial rights of Defendants Nauta and De Oliveira and with Department of Justice Policy governing the release of information during the pendency of criminal proceedings.  Despite these concerns, the United States seeks permission to make a "limited disclosure" of Volume II to congressional leadership, citing "public interest in keeping congressional leadership apprised of a significant matter within the Department while safeguarding defendants' interests."  11th Cir. Appeal No. 24-12311 (Doc. 90 p. 14).   Defendants vigorously oppose this request, relying on their due process rights and S.D. Fla. Local Rule 77.2, among other arguments rooted in the threat of public dissemination.

3. In light of these contested issues, a hearing on the Emergency Motion (Volume II) is scheduled to take place on **January 17, 2025**, at **2 p.m.** in the Fort Pierce Division.[4]  Any

---

[2] To the extent counsel for the United States has any doubt about the representations made to this Court regarding the absence of any substantive connection between Volume I and the factual and legal issues pertinent to this case [*see* ECF No. 692 (referencing a "belief" that nothing in Volume I relates to this case); *see also* ECF No. 691 (Court order requiring specific clarifications regarding Volume I)], counsel are reminded of their obligation of full candor to this Court and their duty as officers of the Court to ensure complete accuracy and completeness in their representations [*see generally* ECF No. 694 pp. 9–10 (expressing concerns regarding the United States' "belief" as represented and the extent of understanding supporting the United States' assertions)].

[3] As a result of a similar emergency motion seeking injunctive relief from the Eleventh Circuit, filed on January 7, 2025, and summarily denied on January 9, 2025, *see* 11th Cir. Appeal No. 24-12311, the United States has not responded to the Emergency Motion in this Court, and no hearing has been scheduled in this Court.

[4] Portions of this hearing may need to be conducted under seal to avoid dissemination of the contents of Volume II.

3

response in opposition to the Emergency Motion (Volume II) [ECF No. 679] is due on or before **January 14**, **2025**. Any reply in support of the Emergency Motion (Volume II) is due on or before **January 16, 2025**. To the extent the parties, prior to the hearing, reach an agreement as to the release of Volume II, the parties shall promptly notify the Court via a properly filed Joint Notice.

4. The Court is next bound to consider Defendants' request in the Emergency Motion to immediately enjoin release of Volume II "pending the conclusion of any and all proceedings in this matter" [*see* ECF No. 679 p. 8]. On this point, as narrowed by this Order to Volume II only, the Court agrees with Defendants. Release of Volume II, even on a limited basis as promised by the United States, risks irreversibly and substantially impairing the legal rights of Defendants in this criminal proceeding. The Court is not willing to make that gamble on the basis of generalized interest by members of Congress, at least not without full briefing and a hearing on the subject. Nor has the United States presented any justification to support the suggestion that Volume II must be released to Congress now, as opposed to after a reasonable period for an expedited hearing and judicial deliberation on the subject. For these reasons, the Court must temporarily enjoin Attorney General Garland, the Department of Justice, its officers, agents, officials, and employees, and all persons acting in active concert or participation with such individuals, from (a) releasing, sharing, or transmitting Volume II of the Final Report or any drafts of Volume II outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in Volume II or in drafts thereof. **This Order remains in effect pending expedited consideration and resolution of the Emergency Motion, consistent with the briefing and hearing specified herein**.

5. A final word on this Court's jurisdiction to enter this Order. The Eleventh Circuit's January 9, 2025, summary denial of Defendants' similar motion for emergency injunctive relief as filed in the Eleventh Circuit contains no directive to this Court restricting its authority to adjudicate the properly filed Emergency Motion in this Court [11th Cir. Appeal No. 24-12311 (Doc. 100)]. Nor is the Court persuaded by the United States that it is divested of jurisdiction to consider the Emergency Motion, which concerns the release of information that directly implicates the fair trial rights of Defendants Nauta and De Oliveira and clearly activates this Court's obligation to preserve the integrity of this proceeding should the Eleventh Circuit find error in the Court's Order Dismissing Superseding Indictment Based on Appointments Clause Violation [ECF No. 672].[5]

6. In light of this Order, the Court **DENIES** the Emergency Motion [ECF No. 679] as to Volume I but **RESERVES RULING** on the Emergency Motion as to Volume II.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 13th day of January 2025.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

---

[5] This conclusion is not inconsistent with the United States' pending appeals in 11th Cir. Appeal Nos. 24-12311 or 25-10076. The principal appeal, Appeal No. 24-12311, challenges this Court's Order Granting Defendants' Motion to Dismiss Superseding Indictment Based on Appointments Clause Violation [ECF No. 672]. The recently initiated separate appeal, Appeal No. 25-10076, challenges this Court's January 7, 2025, Order, which did not resolve the merits of the Emergency Motion filed in this Court and did not implement any procedures for resolving or hearing argument on the Emergency Motion in this Court. Rather, the January 7, 2025, Order expressly deferred to the Eleventh Circuit and temporarily enjoined public release of the Final Report "[p]ending resolution of the Emergency Motion filed in the Eleventh Circuit and/or any further direction from the Eleventh Circuit" [ECF No. 682]. See 11th Cir. Appeal No. 25-10076. That temporary injunction expires starting at 12:00 a.m. tomorrow, three days after the Eleventh Circuit resolved the emergency motion filed in the Eleventh Circuit [ECF No. 682 ¶ 1]. Fed. R. Crim. P. 45(a)(1).