UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

vs.

WALTINE NAUTA, *et ano.*,

Defendants.

Case No. 23-80101-CR
CANNON/REINHART

## UNITED STATES' RESPONSE TO DECEMBER 22, 2025 ORDER

The United States respectfully submits this response to the Court's December 22, 2025 order, in which the Court announced that its order enjoining the release of Volume II of Jack Smith's Final Report outside the Department of Justice would expire on February 24, 2026. ECF 761.

The United States agrees with the former defendants in this case that Volume II should not be released outside of the Department of Justice. As this Court correctly determined in its July 15, 2024 dismissal order, Jack Smith's investigation was unlawful from its inception. Smith not only weaponized the Department of Justice against a leading presidential candidate in pursuit of an anti-democratic end, but he did so without legal authority and while targeting constitutionally protected activity. *See* ECF 672 at 1 (dismissing the Superseding Indictment because "Special Counsel Smith's appointment violates the Appointments Clause of the United States Constitution"); *id.* at 41 ("Mr. Smith is a private citizen exercising the full power of a United States Attorney, and with very little oversight or supervision."). Put simply, Smith's tenure was marked by illegality and impropriety, and under no circumstance should his work product be given the full weight and authority of this Department.

In addition to Attorney General Garland's unconstitutional appointment of Smith as Special Counsel, Attorney General Pam Bondi has determined that Volume II is an internal deliberative communication that is privileged and confidential and should not be released outside the Department of Justice. *See* 5 U.S.C. § 552(b)(5); *see also* ECF 738 at 2 (explaining that, in the absence of an order barring release, the decision to release Volume II outside the Department of Justice should "rest with the sound discretion of the Attorney General of the United States"). The Department of Justice further acknowledges that it cannot provide the Court with additional assurance regarding the scope and adequacy of Smith's proposed redactions of Rule 6(e) materials from Volume II. As the Court previously observed, current Department counsel has only secondhand information about the process by which Smith made redactions for Rule 6(e). ECF 714 at 6. Current Department counsel was not involved in Smith's investigation, and the Department does not believe that a line-by-line analysis of Smith's report, and the underlying discovery and grand jury materials, is warranted. *See* ECF 738 at 2-3.

**[THIS SECTION INTENTIONALLY LEFT BLANK]**

Especially when considering the extraordinary unfairness and prejudice that would fall to former defendants President Donald J. Trump, Waltine Nauta, and Carlos De Oliveira, including the release of information over which President Trump has assertions of attorney-client privilege, *see* ECF 566 at 1, 6, it is the position of the Attorney General and this Department that release of Volume II is unjustified. The illicit product of an unlawful investigation and prosecution belongs in the dustbin of history. The United States will leave it there.

Respectfully submitted,

JASON A. REDING QUIÑONES
United States Attorney

By:  */s/ Manolo Reboso*
Manolo Reboso
Assistant United States Attorney
Florida Bar No. 75397
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9091
Email: Manolo.Reboso@usdoj.gov